UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

U.S. COURTS

FEB 16 2023

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

REBECCA SCOFIELD,

                Plaintiff,

          v.

ASHLEY GUILLARD,

                Defendant.

Case No.

3:22CV521REP

---

ASHLEY GUILLARD,

                Counterclaim-Plaintiff,

          v.

REBECCA SCOFIELD, AND ATTORNEY
WENDY J. OLSON, ATTORNEY ELIJAH M.
WATKINS AND ATTORNEY CORY M.
CARONE; OF STOEL RIVES LLP.,

                Counterclaim-Defendants.

## DEFENDANT-COUNTERCLAIMANT ASHLEY GUILLARD'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO COMPLAINT

**The Parties Filing This Answer to the Complaint**

    Ashley Guillard
    msashleyjt@gmail.com
    4100 Southwest Freeway Apt 368
    Houston, TX 77027
    Telephone:  337.372.3181

    Pro-Se

Defendant-Counterclaim-Plaintiff Ashley Guillard submits the following answer, affirmative defenses, and counterclaims to Plaintiff-Counterclaim Defendant Rebecca Scofield Complaint as follows:

## INTRODUCTION

1.      Paragraph 1 of the introduction of the complaint contains a narrative for which no answer is required: In November 2022, four students at the University of Idaho were murdered at a home near the campus. The tragedy has garnered attention, and inflicted great sorrow, throughout the University, the State, and the country. To the extent that an answer is required Ashley Guillard denies all allegations in the introduction of the Complaint.

## PARTIES

1.      Ashley Guillard partially denies the allegations in the first sentence of paragraph 1 of the parties' portion of the Complaint pertaining to the allegation that Rebecca Scofield is an "individual". Ashley Guillard admits the allegations in the second sentence of paragraph 1 of the parties' portion of the Complaint.

2.      Ashley Guillard admits the first sentence in paragraph 2 of the Complaint, and denies the remaining allegations contained in the second sentence.

## JURISDICTION AND VENUE

3.      Ashley Guillard denies all allegations in paragraph 3 of the Complaint.

4.      Ashley Guillard denies all allegations in paragraph 4 of the Complaint.

## FACTUAL ALLEGATIONS

5.      Paragraph 5 of the Complaint is a narrative for which no answer is required. To the extent that an answer is required Ashley Guillard denies all allegations.

6.      Ashley Guillard lacks sufficient knowledge to admit or deny the allegations in paragraph 6 of the Complaint.

7.      Ashley Guillard denies all allegations in paragraph 7 of the Complaint.

8.      Ashley Guillard lacks sufficient knowledge to admit or deny the allegations in paragraph 8 of the Complaint.

9.      Ashley Guillard lacks sufficient knowledge to admit or deny the allegations in the first sentence of paragraph 9 of the Complaint. Ashley Guillard denies the remaining allegations contained in the second sentence of paragraph 9 of the Complaint.

10.     Ashley Guillard admits the allegation in paragraph 10 of the Complaint.

11.     Ashley Guillard admits the allegation in paragraph 11 of the Complaint.

12.     Paragraph 12 of the Complaint is a narrative of TikTok. To which a response is required Ashley Guillard admits the allegations.

13.     Ashley Guillard admits the allegation in paragraph 13 of the Complaint.

14.     Ashley Guillard admits to the allegation that she's never been to Moscow Idaho and denies all further allegations in paragraph 14 of the Complaint.

15.     Ashley Guillard denies the allegations in paragraph 15 of the Complaint as is.

16.     Ashley Guillard denies the allegations in paragraph 16 of the Complaint.

17.     Ashley Guillard denies the allegations in paragraph 17 of the Complaint.

18.     Ashley Guillard denies the allegations in paragraph 18 of the Complaint.

19.     Ashley Guillard denies the allegations in paragraph 19 of the Complaint.

20.     Ashley Guillard denies the allegations in paragraph 20 of the Complaint.

21.     Ashley Guillard denies the allegations in paragraph 21 of the Complaint.

22.     Ashley Guillard denies the allegations in paragraph 22 of the Complaint.

23.     Ashley Guillard lacks sufficient knowledge to admit or deny the allegations and otherwise denies the allegations in paragraph 23 of the Complaint.

24.     Ashley Guillard denies the allegations in paragraph 24 of the Complaint.

25.     Ashley Guillard denies the allegations in paragraph 25 of the Complaint.

26.     Ashley Guillard denies the allegations in paragraph 26 of the Complaint.

27.     Ashley Guillard denies the allegations in paragraph 27 of the Complaint.

28.     To the extent an answer is required, Ashley Guillard denies the allegations in paragraph 28 of the Complaint.

29.     Ashley Guillard lacks sufficient knowledge to admit or deny the allegations in paragraph 29 of the Complaint.

30.     Ashley Guillard admits the allegation in paragraph 30 of the Complaint.

31.     Ashley Guillard admits the allegation in paragraph 31 of the Complaint.

32.     Ashley Guillard denies the allegations in paragraph 32 of the Complaint.

33.     Ashley Guillard denies the allegations in paragraph 33 of the Complaint.

34.     Ashley Guillard denies the allegations in paragraph 34 of the Complaint except for the first two sentences which Ashley Guillard admits.

35.     Ashley Guillard denies the allegations in first sentence, second sentence, third sentence, and fifth sentence of paragraph 35 of the Complaint. Ashley Guillard lacks sufficient knowledge to admit or deny the allegation in the fourth sentence of paragraph 35 of the Complaint.

**FIRST CLAIM FOR RELIEF (DEFAMATION- FALSE STATEMENTS REGARDING MURDERS)**

36.     Ashley Guillard incorporates by reference her responses to all prior paragraph of this Complaint as if set forth in full herein.

37.     Ashley Guillard denies the allegations in paragraph 37 of the Complaint.

38.     Ashley Guillard denies the allegations in paragraph 38 of the Complaint.

39.     Ashley Guillard denies the allegations in paragraph 39 of the Complaint.

40.     Ashley Guillard denies the allegations in paragraph 40 of the Complaint.

41.     Ashley Guillard denies the allegations in paragraph 41 of the Complaint.

42.     Ashley Guillard denies the allegations in paragraph 42 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (DEFAMATION – FALSE STATEMENTS REGARDING RELATIONSHIP)

43.     Ashley Guillard incorporates by reference her responses to all prior paragraph of this Complaint as if set forth in full herein.

44.     Ashley Guillard denies the allegations in paragraph 44 of the Complaint.

45.     Ashley Guillard denies the allegations in paragraph 45 of the Complaint.

46.     Ashley Guillard denies the allegations in paragraph 46 of the Complaint.

47.     Ashley Guillard denies the allegations in paragraph 47 of the Complaint.

48.     Ashley Guillard denies the allegations in paragraph 48 of the Complaint.

## AFFIRMATIVE DEFENSES

Ashley Guillard, for her affirmative defenses states as follows:

1.     The venue is improper for this case because it impedes upon the interest of justice under 28 U.S.C. § 1404. Ashley Guillard is a resident of Texas.

2.     The venue is improper for this case because the events giving rise to the claims of defamation took place on Ashley Guillard's social media pages. There is no district in which this action may otherwise be brought except United States District Court for the Southern District of Texas pursuant to U.S.C. § 1391 and 28 U.S.C. § 1404.

3.     The complaint fails to state a claim upon which relief can be granted.

4.     Plaintiff's claims are barred by the Substantial Truth Doctrine pursuant to Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 517 (1991).

5.     Plaintiff's claims are barred by qualified privilege. The 4 University of Idaho Students were brutally murdered. Without the arrest of the murderers there's a presumption of

danger to the public, University of Idaho constituents and Idaho residents. Discovering and revealing the murderers with the intent to get them investigated and arrested is an act to warn others about harm or danger and to bring resolution to the problem. The statements were made in the best interest of public safety. Ashley Guillard made the statements without actual malice. Therefore, qualified privilege permits Ashley Guillard to make the statements that in a different circumstance would typically be considered defamatory.

6.      Plaintiff's claims are barred by the parameters of the broad freedom of expression guaranteed by the First Amendment of the Constitution of the United States of America.

7.      Plaintiff's claims are barred by fraud because they're false, perjurious, frivolous, and claimed with malice; to get away unethical conduct, adultery, and murder.

8.      Plaintiff's claims are barred by comparative negligence. The plaintiff Rebecca Scofield committed the allegations that the defendant Ashley Guillard alleged as they are substantially true. The plaintiff Rebecca Scofield is at least 51% at fault for being accused of the allegations. Therefore, the plaintiff Rebecca Scofield may not recover damages.

9.      Plaintiff's claims are barred by illegality because they are perjurious pursuant to 18 U.S.C. §1621.

10.      Plaintiff's claims are barred by illegality because they're claimed with the intent to obstruct civil justice and with the intent to obstruct criminal justice pursuant to 18 U.S.C. §1503.

## COUNTERCLAIMS

Counterclaim-Plaintiff Ashley Guillard bring these counterclaims against Counterclaim-Defendant Rebecca Scofield, and Counterclaim-Defendant Attorney Wendy J. Olson, Counterclaim-Defendant Attorney Elijah M. Watkins, and Counterclaim-Defendant Attorney Cory M. Carone; Attorney's with Stoel Rives LLP in Boise Idaho and allege as follows:

# I. NATURE OF THE COUNTERCLAIMS

1.      As set forth more fully below on December 21, 2022, Rebecca Scofield, and

Attorney's with Stoel Rives LLP in Boise Idaho: Attorney Wendy J. Olson, Attorney Elijah M.

Watkins, and Attorney Cory M. Carone filed a Complaint against Ashley Guillard

notwithstanding the fact that the claims are false, defamatory and with the intent to obstruct

justice for the case of the murder of the four University of Idaho Students: Ethan Chapin, Kaylee

Goncalves, Xana Kernodle and Madison Mogen. Ashley Guillard was the only person aware of

Rebecca Scofield's role in the murder of the four University of Idaho Students who spoke up

about it. To stop Ashley Guillard from promulgating her testimony of Rebecca Scofield's role in

the murders and to get away with murder, Rebecca Scofield and her attorneys Attorney Wendy J.

Olson, Attorney Elijah M. Watkins, and Attorney Cory M. Carone filed a frivolous, perjurious,

and defamatory Complaint against Ashley Guillard.

2.      Attorney Wendy J. Olson and Rebecca Scofield collectively executed a strategy to

discredit, embarrass, humiliate, and assassinate Ashley Guillard's character; by disseminating

false statements in a press release that was disseminated world-wide and to most of the major

news outlets across America beginning late December 2022 and continuing into January 2023.

The false statements made by Wendy J. Olson and Rebecca Scofield include: A false statement

that Ashley Guillard decided to use the community's pain for her online self-promotion, A false

statement that Ashley Guillard made false statements about Rebecca Scofield knowing they were

false, A false statement that Ashley Guillard had no basis to make factual statements regarding

any of the events that occurred in Idaho, A false statement that Ashley Guillard made false

statements regarding Rebecca Scofield's involvement in the murder of the four University of

Idaho students that were not based in substantial truth, A false statement that Ashley Guillard

damaged Rebecca Scofield's reputation, A false statement that Ashley Guillard undermined law

enforcement efforts, and A false statement that Ashley Guillard compounded the trauma that the families of the victims are experiencing.

3.      The false statements were spread by way of news media and social media to include ABC Universal News, New York Post, CBS News, Time Magazine, CNN, 20/20 Inside Edition, Good Morning America, Baller Alert, Washington Post, TMZ, NBC News, MSN, FOX, Rolling Stone, Black Enterprise, Yahoo News, Daily Nation Pakistan, ABC7 Chicago, ABC 7 News, ABC 8 News, Houston Chronicle, Inside Edition, The Daily Beast, Insider.com, The Argonaut University of Idaho Student Newspaper, News Nation, The Independent UK, True Crime Network, Law & Crime, multiple YouTube Channels, Apple Podcasts, multiple TikTok pages, Twitter, Facebook user posts, Instagram user posts, Reddit User articles, and other social media videos, MEA WorldWide, The Wenatchee World, Sportskeeda, Mamas Uncut, Find Law, Daily Mail, King 5 News, 4 News Now, The Tab, Similar Worlds Website, FOX 5 San Diego, NBC New York, 6ABC, Pedestrian TV, Techno Trenz, Perez Hilton Website, Oregon Live, The Associated Press, The Guardian, New York Daily News, Sandra Rose Website, E News, AOL, Moscow-Pullman Daily News, The SPORTSGRAIL website, Blavity News, Newsweek, 247newsaroundtheworld, The Hill, The U.S. Sun, Reason website, PIX11 News, NBC Right Now, WREG News Channel 3, WREG News Website, KTLA 5 NewsChannel, DC News Now, Ground News, Idaho Mountain Express, Trillmag website and many more. The false statements on the frivolous lawsuit and press releases initiated by Rebecca Scofield, Attorney Wendy J. Olson, Attorney Elijah M. Watkins, and Attorney Cory M. Carone influenced and incited an online riot against Ashley Guillard with over twenty thousand negative comments across social media platforms, a massive amount of cyber bullying, death threats, harassment to Ashley Guillard, harassment to Ashley Guillard's family and friends by way of messages from strangers

seeking to have Ashley Guillard's son taken from her, to have her committed to a psychiatric facility and to have her arrested.

4.     The misleading press release, frivolous claim, and false statements about Ashley Guillard that Attorney Wendy J. Olson and Rebecca Scofield publicly published encouraged further defamation against Ashley Guillard. YouTube Personality iNabber who has over 933,000 subscribers stated in a video he published titled TikTok's Worst Psychic Ruined The Life of An Innocent Woman (The Idaho Murders) diagnosed Ashley Guillard's mental state as "nutty" and falsely accused her of ruining an innocent woman's (assumingly Rebecca Scofield's) life and suggested Ashley Guillard lose her freedom of speech. MEA WorldWide an independent digital media company that claims to be one of the world's fastest growing entertainment news publishers with offices in the US and India, and that reaches hundreds of millions of people globally wrote an article titled *"Who is Ashley Guillard? Meet the Internet's 'Tarot Tubbs' who falsely accused professor for Idaho murders"*. The article further defamed Ashley Guillard as a liar who made demeaning baseless claims that endangered Rebecca Scofield's life. The article portrays Rebecca Scofield as an *"innocent history professor"*[1]. Dr. Grande a YouTube personality with over 1.26 million subscribers, who also claims to be a licensed professional counselor of mental health, a licensed chemical dependency professional, and have a Ph.D. in counselor education and supervision, published a video on YouTube titled *"TikTok Psychic Uses Idaho Murders to Falsely Accuse Professor | Ashley Guillard Case Analysis"*, published in the description that Ashley Guillard made false claims she made about the 2022 Moscow, Idaho quadruple murder case, suggested Ashley Guillard doesn't put any thought into her videos, lacks critical thinking skills, makes bizarre statements, idiocy, and doesn't understand; suggesting mental health issues.  Law&Crime Network published to a network of 4.29 million subscribers

---

[1] https://meaww.com/who-is-ashley-guillard-a-tiktoker-faces-law-defamation-charges-in-idaho-murder-case

suggesting Ashley Guillard has mental health issues in a video titled *TikTok Sleuth Slammed with Lawsuit from Idaho Professor Over Student Murders Conspiracy*. Youtuber Markie published a video on YouTube to his network of 376 thousand subscribers titled *TikTok "Psychic" Lies About Innocent Woman To Ruin Her Life*. Ashley with WREG News published that Ashley Guillard's actions are "appalling" in a news coverage regarding the lawsuit. Ashley with WREG News also stated she hoped to hear more about Moscow Police Department following through on pressing criminal charges against "cyber-sleuths" but more specifically Ashley Guillard. In the same video another correspondent referred to Rebecca Scofield as "an innocent person"[2]. There are plenty more defamatory videos posted to social media, the internet, podcasts, and television media spreading the false statements Rebecca Scofield and Attorney Wendy J. Olson made about Ashley Guillard. Many of the media outlets wrote several articles, posted several YouTube videos, and aired several televised news coverages spreading the false claims and statements that Rebecca Scofield and her attorney Wendy J. Olson made about Ashley Guillard to multimillions of viewers across the United States and world.

## II. PARTIES

5.     Counterclaim Plaintiff: Ashley Guillard is an individual residing in Texas. She is an Author, Entrepreneur and United States Army Combat Veteran.

6.     Counterclaim Defendant: Rebecca Scofield is a public figure residing in Idaho. She is an Associate Professor and Chair of the History Department at the University of Idaho in Moscow, Idaho.

7.     Counterclaim Defendant: Wendy J. Olson (ISB No. 7634) is an Attorney, Former U.S. Attorney for the District of Idaho, and Partner of Stoel Rives LLP in Boise, ID.

---

[2] https://wreg.com/news/nation-and-world/idaho-stabbings-professor-sues-tiktoker-who-accused-her/

8.    Counterclaim Defendant: Elijah M. Watkins (ISB No. 8977) is a Trial Attorney, and Partner of Stoel Rives LLP in Boise, ID.

9.    Counterclaim Defendant: Cory M. Carone (ISB No. 11422) is an Attorney, Former Deputy Attorney General for the State of Idaho, and Associate of Stoel Rives LLP in Boise, ID; located at 101 S. Capitol Boulevard, Suite 1900 Boise, ID 83702.

### III. JURISDICTION AND VENUE

10.    Jurisdiction is proper under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000.

11.    Venue is appropriate under 28 U.S.C. § 1391 for the counterclaim because Rebecca Scofield is a resident of Idaho and Attorney Wendy J. Olson, Attorney, Elijah M. Watkins, and Attorney Cory M. Carone of Stoel Rives LLP operate in Boise, ID under 28 U.S.C. § 1391.

### IV. FACTUAL ALLEGATIONS

12.    Counterclaim Plaintiff Ashley Guillard incorporates by reference her responses to all prior paragraph of this Complaint as if set forth in full herein.

13.    December 21, 2022 Rebecca Scofield filed a frivolous, perjurious claim alleging that Ashley Guillard defamed her with full knowledge that the statements Ashley Guillard made about her are substantially true; with the intent to evade suspicion and to obstruct justice pursuant to 18 U.S.C. § 1510 by preventing suspicion, and to avoid criminal investigation into her role in the murders of the four University of Idaho Students: Ethan Chapin, Kaylee Goncalves, Xana Kernodle and Madison Mogen.

14.    December 21, 2022, Attorney Wendy J. Olson, Attorney Elijah M. Watkins, and Attorney Cory M. Carone filed a perjurious claim alleging that Ashley Guillard defamed Rebecca Scofield with full knowledge of the potential that the statements Ashley Guillard made

about Rebecca Scofield's role in the murder of the four University of Idaho Students: Ethan Chapin, Kaylee Goncalves, Xana Kernodle and Madison Mogen could be true. The claims against Ashley Guillard are in bad faith, lacking in fact and with the intent to harass, delay and embarrass Ashley Guillard; and is frivolous pursuant to Neitze v. Williams, 490 U.S. 319, 325 (1989).

15.    Rebecca Scofield, Attorney Wendy J. Olson, Attorney Elijah M. Watkins, and Attorney Cory M. Carone filed a perjurious claim to discredit Ashley Guillard statements about Rebecca Scofield's role in the murder of the of the four University of Idaho Students: Ethan Chapin, Kaylee Goncalves, Xana Kernodle and Madison Mogen.  The claim was filed with the intent to obstruct justice pursuant to 18 U.S.C. § 1510 by preventing suspicion of Rebecca Scofield, and to avoid criminal investigation into her role in the murders by discrediting Ashley Guillard's statements.

16.    Rebecca Scofield and Attorney Wendy J. Olson published false statements that Ashley Guillard compounded the trauma that the families of the victims are experiencing. Wendy J. Olson published false statements that Ashley Guillard revictimized the families of the slain students. Rebecca Scofield, Attorney Wendy J. Olson, Attorney Elijah M. Watkins, and Attorney Cory M. Carone A false statement that Ashley Guillard decided to use the community's pain for her online self-promotion.  Rebecca Scofield, Attorney Wendy J. Olson, Attorney Elijah M. Watkins, and Attorney Cory M. Carone published those false statements with malice, without proof and without regard to the truth or falsity of the statements, with the purpose of defaming and embarrassing Ashley Guillard, evading suspicion and criminal investigation of Rebecca Scofield's role in the murder of the of the four University of Idaho Students: Ethan Chapin, Kaylee Goncalves, Xana Kernodle and Madison Mogen.

17.     Yahoo News quoted Wendy Olson statement, "Ms. Guillard has continued to make false statements, knowing they are false." Wendy J. Olson made a statement on Fox News Digital and was subsequently quoted on other media outlets stating, "The statements Ashley Guillard made about Professor Scofield are false, plain and simple." Attorney Wendy J. Olson told Fox News Digital in a statement. "What's even worse is that these untrue statements create safety issues for the Professor and her family." Attorney Wendy J. Olson published those false statements with malice, without proof and without regard to the truth or falsity of the statements, with the purpose of defaming and embarrassing Ashley Guillard, evading suspicion and criminal investigation of Rebecca Scofield's role in the murder of the of the four University of Idaho Students: Ethan Chapin, Kaylee Goncalves, Xana Kernodle and Madison Mogen.

18.     Wendy J. Olson and Rebecca Scofield published several false statements about Ashley Guillard and disseminated them in a nationwide press release that was subsequently disseminated to other countries. The statements include but are not limited to: A false statement that Ashley Guillard decided to use the community's pain for her online self-promotion, A false statement that Ashley Guillard made false statements about Rebecca Scofield knowing they were false, A false statement that Ashley Guillard had no basis to make factual statements regarding any of the events that occurred in Idaho, A false statement that Ashley Guillard made false statements regarding Rebecca Scofield's involvement in the murder of the four University of Idaho students that were not based in substantial truth, A false statement that Ashley Guillard damaged Rebecca Scofield's reputation, and a false statement that Ashley Guillard undermined law enforcements efforts to solve the murder of the four University of Idaho Students.

19.     Wendy J. Olson and Rebecca Scofield false statements about Ashley Guillard were disseminated through media channels with multi-million viewers and readers to include ABC Universal News, New York Post, CBS News, Time Magazine, CNN, 20/20 Inside Edition,

Good Morning America, Baller Alert, Washington Post, TMZ, NBC News, MSN, FOX, Rolling

Stone, Black Enterprise, Yahoo News, Daily Nation Pakistan, ABC7 Chicago, ABC 7 News,

ABC 8 News, Houston Chronicle, Inside Edition, The Daily Beast, Insider.com, The Argonaut

University of Idaho Student Newspaper, News Nation, The Independent UK, True Crime

Network, Law & Crime, multiple YouTube Channels, Apple Podcasts, multiple TikTok pages,

Twitter, Facebook user posts, Instagram user posts, Reddit User articles, and other social media

videos, MEA WorldWide, The Wenatchee World, Sportskeeda, Mamas Uncut, Find Law, Daily

Mail, King 5 News, 4 News Now, The Tab, Similar Worlds Website, FOX 5 San Diego, NBC

New York, 6ABC, Pedestrian TV, Techno Trenz, Perez Hilton Website, Oregon Live, The

Associated Press, The Guardian, New York Daily News, Sandra Rose Website, E News, AOL,

Moscow-Pullman Daily News, The SPORTSGRAIL website, Blavity News, Newsweek,

247newsaroundtheworld, The Hill, The U.S. Sun, Reason website, PIX11 News, NBC Right

Now, WREG News Channel 3, WREG News Website, KTLA 5 NewsChannel, DC News Now,

TikTok, Instagram and many more

     20.     Attorney Wendy J. Olson, Attorney Elijah M. Watkins and Attorney Cory M.

Carone Filed this claim in the wrong venue with the intention of obstructing justice for Ashley

Guillard by creating judicial conditions for Rebecca Scofield.

     21.     Rebecca Scofield, Attorney Wendy J. Olson, Attorney Elijah M. Watkins, and

Attorney Cory M. Carone filed false claims against Ashley Guillard and made false statements

about Ashley Guillard as a tactic to intimidate Ashley Guillard from making statements about

Rebecca Scofield.

**V.**

**FIRST COUNTERCLAIM FOR RELIEF**

**(DEFAMATION 28 U.S. CODE § 4101 - PRESS RELEASES, STATEMENTS AND LAWSUIT ALLEGING THAT ASHLEY GUILLARD MADE FALSE STATEMENTS REGARDING REBECCA SCOFIELD AND THE MURDERS KNOWING THEY ARE FALSE)**

22.    Counterclaim Plaintiff Ashley Guillard incorporates by reference her responses to all prior paragraph of this Complaint as if set forth in full herein.

23.    Attorney Wendy Olson made a statement on news media outlets, "Ms. Guillard has continued to make false statements, knowing they are false." Wendy J. Olson made a statement on news media outlets that was subsequently quoted on other media outlets stating, "The statements Ashley Guillard made about Professor Scofield are false, plain and simple." Attorney Wendy J. Olson made a statement on news media outlets about Ashley Guillard stating: "What's even worse is that these untrue statements create safety issues for the Professor and her family."

24.    Attorney Wendy Olson published those false statements about Ashley Guillard with actual malice. Ashley Guillard strongly stated that she believed her statements about Rebecca Scofield were true. She did not make any efforts to ask Ashley Guillard whether she thought the statements she made about Rebecca Scofield were true or not. Attorney Wendy Olson could not speak with certainty that the statements Ashley Guillard made about Rebecca Scofield were false. Attorney Wendy Olson published statements defaming Ashley Guillard as statements of fact without regard to their falsity or not.

25.    Attorney Wendy Olson published false defamatory statements about Ashley Guillard in a strategic attack to prevent Rebecca Scofield from being suspected or investigated for the murder of the four University of Idaho students.

26.     Defamation to a defendant's character in the news media is not a legal remedy for alleged defamation to a plaintiff. Attorney Wendy Olson, with over 16 years of experience as a United States Attorney, published those defamatory statements to the news media about Ashley Guillard with full knowledge that they were defamatory.  Making public defamatory statements about a defendant and spreading false information on news media about a defendant is not an attorney duty prescribed by law that is protected by immunity or absolute privilege. Attorney Wendy Olson made those statements with malice outside the setting of litigation with the sole purpose of defaming, harassing, discrediting, and intimidating Ashley Guillard nationally and internationally.

27.     Rebecca Scofield made statements, initiated the press release, and initiated the filing of the lawsuit claiming the statements Ashley Guillard made were false with full knowledge and experience that the statements Ashley Guillard made were substantially true.

28.     Ashley Guillard's reputation was severely damaged across the United States and social media due to the false statement's spread by Rebecca Scofield and Attorney Wendy Olson.

## SECOND COUNTERCLAIM FOR RELIEF

## (DEFAMATION 28 U.S. CODE § 4101 -PRESS RELEASES, STATEMENTS MADE BY ATTORNEY WENDY J. OLSON ALLEGING THAT ASHLEY GUILLARD UNDERMINED LAW ENFORCEMENT EFFORTS)

29.     Counterclaim Plaintiff Ashley Guillard incorporates by reference her responses to all prior paragraph of this Complaint as if set forth in full herein.

30.     Attorney Wendy J. Olson made a false defamatory statement against Ashley Guillard on several national news media televised and articles on the world-wide-web that "Ashley Guillard *undermine law enforcement efforts to find the people responsible in order to*

*provide answers to the families and the public.*"[3]   Wendy J. Olson made that false defamatory statement about Ashley Guillard knowing it was false and regardless of its falsity or not. The truth is the inverse, Ashley Guillard was trying to help the investigation as requested by Moscow Police Department.

31.     On November 23, 2022, The Moscow Police Department made a public statement: TIPS: *Detectives are looking for context to the events and people involved in these murders. Anyone who observed notable behavior, has video surveillance, or can provide relevant information is asked to call the Tip Line (208-883-7180), email (tipline@ci.moscow.id.us), or upload digital media (fbi.gov/moscowidaho).*[4] Ashley Guillard's videos and statements regarding the murder of the four students and potential murderers were made after this statement.

32.     On December 7, 2022, The Moscow Police Department made a public statement seeking more information: *Your information, whether you believe it is significant or not, might be the piece of the puzzle that helps investigators solve these murders.*[5] Ashley Guillard's videos and statements regarding the murder of the four students and potential murderers were made to help provide information. On December 27, 2022, The Moscow Police Department made public statements saying "*Investigators believe someone has information that adds context to what occurred on the night of the murders and continue requesting additional pictures, video, and social media content,*[6]"; after the lawsuit was filed. Law enforcement did not make a statement to Ashley Guillard or otherwise that Ashley Guillard undermined their efforts. The videos and statements Ashley Guillard made regarding the murder of the four students was to help law

---

[3] https://www.independent.co.uk/news/world/americas/crime/idaho-murders-professor-ashley-guillard-tiktok-b2252428.html
[4] https://www.ci.moscow.id.us/DocumentCenter/View/24752/11-23-22-Moscow-Homicide-Update
[5] https://www.ci.moscow.id.us/DocumentCenter/View/24894/12-07-22-Moscow-Police-Ask-for-Communitys-Help
[6] https://www.ci.moscow.id.us/DocumentCenter/View/24989/12-27-22-Moscow-Homicide-Update

enforcement get answers, to find the murderers so that they can be legally tried for their alleged crimes and to provide answers and potential relief to the public and victims' families.

33.     Attorney Wendy J. Olson provided those false defamatory statements about Ashley Guillard with knowledge of the statements from The Moscow Police Department requesting more information. Attorney Wendy J. Olson published false defamatory statements about Ashley Guillard to a plethora of news outlets with malice, knowing they were false with the intent to prevent Ashley Guillard from providing more information about Rebecca Scofield to the Moscow Police Department and to the public.

34.     Attorney Wendy J. Olson's false defamatory statements about Ashley Guillard incited further news coverage spreading the defamation, incited online rage on social media further defaming Ashley Guillard's character, incited the spread of false statements that Ashley Guillard was "insane", has "mental health issues", "suffers from psychosis", "has schizophrenia", "posting videos for clout", "harming the victims' families", "insane", "causing harm to Rebecca Scofield and her family" and more. Many people, to include people who were following Ashley Guillard on social media believed those statements without any thought or research into their truth or falsity.

35.     Attorney Wendy Olson's defamatory statements about Ashley Guillard stifled her work performance, damaged her reputation, and resulted in a loss of service and revenue. Prior to the allegations Ashley Guillard was helping a mother get details regarding the rape and sexual harassment of her six year old daughter by a close family member, helping a sister get details regarding the unsolved murder of her brother, helping a woman decide on a course of action to get justice for a sexual assault in her past, helping a daughter get details on the murder of her father, helping a wife perceive the ramifications of a divorce or continued marriage and more. After the defamatory allegations Ashley Guillard was unable to focus on serving others and

received less inquiries due to the damage to her reputation. If the truth was told, Ashley Guillard would have been able to serve more people to include helping to solve the murders of musician Kirshnik Khari Ball (a.k.a. Takeoff), Shanquella Robinson, Tiffany Valiante, Kevin Samuels, and Tamla Horsford.

36.     Attorney Wendy Olson's defamatory allegation to the media about Ashley Guillard undermining law enforcement efforts was made without evidence, with malice, and without regard to its falsity or not. It was made for publicity purposes to defame Ashley Guillard's character and so that the information she provided about Rebecca Scofield is not taken seriously by the public. Making public defamatory statements against a defendant and spreading false information on news media about a defendant is not an attorney duty prescribed by law that is protected by immunity or absolute privilege. Attorney Wendy Olson made those statements with malice outside the setting of litigation with the purpose of defaming Ashley Guillard nationally and internationally.

37.     Providing a public statement on behalf of her client, Rebecca Scofield, is a lawyerly duty prescribed by law. Defaming the defendant, Ashley Guillard, with malice, disseminating false statements to the national and international public is not Attorney Wendy Olson's duties prescribed by law. Attorney Wendy Olson is fully accountable for the defamatory allegations she made about Ashley Guillard.

38.     Including defamatory statements made by attorneys outside of a legal proceeding in immunity and absolute privilege would unreasonably shield attorneys from liability for defamatory statements that would be otherwise be actionable if uttered by anyone other than an attorney. Allowing such actions would permit attorneys to defend their clients by any means without repercussion for illegal or punishable actions. The intent of attorney immunity is to protect attorneys from suit when they, in good faith, are performing duties on behalf of or in

defense of their client during legal proceedings and duties. Actions committed in bad faith by attorneys that are illegal or that are not permitted by civil or criminal law is not within the scope of attorney immunity. Attorney Wendy Olson in bad faith and malice made defamatory statements to a worldwide audience of multi-millions of people about defendant Ashley Guillard. That caused hardship and severe damage to Ashley Guillard's character.

### THIRD COUNTERCLAIM FOR RELIEF

### (DEFAMATION 28 U.S. CODE § 4101 - PRESS RELEASES, STATEMENTS AND LAWSUIT ALLEGING THAT ASHLEY GUILLARD COMPOUNDED THE TRAUMA THAT THE FAMILIES OF THE VICTIMS ARE EXPERIENCING AND REVICTIMIZED THE FAMILIES OF THE SLAIN STUDENTS)

39.     Counterclaim Plaintiff Ashley Guillard incorporates by reference her responses to all prior paragraph of this Complaint as if set forth in full herein.

40.     Rebecca Scofield and Attorney Wendy J. Olson published false statements that Ashley Guillard compounded the trauma that the families of the victims are experiencing. Wendy J. Olson published false statements that Ashley Guillard revictimized the families of the slain students. Rebecca Scofield and Wendy J. Olson published those false statements without proof and without regard to the truth or falsity of the statement, with the sole purpose of defaming, harassing, intimidating, and embarrassing Ashley Guillard.

41.     The truth is the inverse, Ashley Guillard worked tirelessly, passionately and without pay to help the victims' families' get justice. The false statements that Rebecca Scofield and Attorney Wendy J. Olson published about Ashley Guillard caused a mass shift in public opinion. Instead of acknowledging Ashley Guillard for her help Ashley Guillard was ridiculed, harassed, shamed, humiliated, and falsely accused of lying.

### FOURTH COUNTERCLAIM FOR RELIEF

**(FRIVULOUS CLAIM NEITZE V. WILLIAMS, 490 U.S. 319, 325 (1989)- FRAUD-**
**18 U.S.C. § 1001)**

42.     Counterclaim Plaintiff Ashley Guillard incorporates by reference her responses to all prior paragraph of this Complaint as if set forth in full herein.

43.     Rebecca Scofield, Attorney Wendy J. Olson, Attorney Elijah M. Watkins, and Attorney Cory M. Carone filed false claims against Ashley Guillard. Rebecca Scofield and Attorney Wendy J. Olson made false statements about Ashley Guillard in press releases as a tactic to intimidate Ashley Guillard from her testimony on social media and to the FBI tip line about Rebecca Scofield's alleged role in the murder of the four University of Idaho Students: Ethan Chapin, Kaylee Goncalves, Xana Kernodle and Madison Mogen. According to F.R.O.E. Rule 611, Mode and Order of Examining Witnesses and Presenting Evidence: (a) Control by the Court; Purposes. The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment. Anyone who provides relevant information to the police and investigators are potential witnesses and should be protected from harassment or undue embarrassment in and out of court. The press release and filing of false claims is a violation of Rule 611 because it prevents witnesses from providing information that could be helpful to investigators for fear of being sued and for fear of being nationally embarrassed and defamed.

44.     Ashley Guillard no longer feels legally protected enough to use her knowledge to help with anymore cases to include the case of the murder of the four University of Idaho Students for fear of more harassment and frivolous claims against her.

45.     Attorney Wendy J. Olson, Attorney Elijah M. Watkins and Attorney Cory M. Carone Filed this claim in the wrong venue with the intention of obstructing justice for Ashley

Guillard by creating judicial conditions favorable for Rebecca Scofield and prejudiced for Ashley Guillard. Attorney Wendy J. Olson, Attorney Elijah M. Watkins, and Attorney Cory M. Carone have over 40 years of experience as United States Attorneys. They have enough knowledge and experience to properly interpret 28 U.S.C. § 1391 to choose the correct venue. The events giving rise to the civil claims for defamation took place on Ashley Guillard's social media channel on the internet and Ashley Guillard's location. There is no district in which this action may otherwise be brought except United States District Court for the Southern District of Texas pursuant to U.S.C. § 1391. Attorney Wendy J. Olson, Attorney Elijah M. Watkins, and Attorney Cory M. Carone with knowledge that Ashley Guillard is a resident of Houston Texas, filed this claim in the wrong venue, United States District Court for The District of Idaho with the malicious intent to create unfair judicial circumstances for Ashley Guillard.

**FIFTH COUNTERCLAIM FOR RELIEF**

**(HARRASSMENT 18 USC § 1514, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS & LOSS OF ENJOYMENT OF LIFE)**

46.     Counterclaim Plaintiff Ashley Guillard incorporates by reference her responses to all prior paragraph of this Complaint as if set forth in full herein.

47.     The filing of the frivolous claims against Ashley Guillard by Rebecca Scofield, Attorney Wendy J. Olson, Attorney Elijah M. Watkins, and Attorney Cory M. Carone and the mass disseminated press release by Rebecca Scofield and Attorney Wendy J. Olson with false statements aboutt Ashley Guillard encouraged mass harassment against her pursuant to Idaho statute 18-6710 and 18 USC § 1514. Ashley Guillard received harassing phone calls, emails, text messages, comments and messages on Instagram, messages and comments on Facebook, messages and comments on TikTok, messages and comments on YouTube, messages on Ashley Guillard's website www.ashisgod.com; threating to inflict harm against Ashley Guillard, signing

her up for pornography websites, expressing wishes that she'd kill herself, maliciously misdiagnosing her as insane, maliciously misdiagnosing her as crazy, maliciously misdiagnosing her with schizophrenia, maliciously misdiagnosing her with psychosis, expressing the desire to have her arrested for her allegations about Rebecca Scofield, and sending her indecent videos of body parts to include male genitals.

48.    The filing of the frivolous claims against Ashley Guillard by Rebecca Scofield, Attorney Wendy J. Olson, Attorney Elijah M. Watkins, and Attorney Cory M. Carone and the mass disseminated press release by Rebecca Scofield and Attorney Wendy J. Olson caused harassment against Ashley Guillard pursuant to Idaho statute 18-6710 and 18 USC § 1514 by the initiation of a petition to have her arrested that was signed by over 10,000 people on change.org.

49.    The filing of the frivolous claims against Ashley Guillard by Rebecca Scofield, Attorney Wendy J. Olson, Attorney Elijah M. Watkins and Attorney Cory M. Carone and the mass disseminated press release by Rebecca Scofield and Attorney Wendy J. Olson instigated harassment pursuant to Idaho statute 18-6710 and 18 USC § 1514 against Ashley Guillard by sending messages to her family and friends seeking to have her committed and held in a psychiatric facility and to get her personal address to allegedly have her arrested by Idaho law enforcement.

50.    The filing of the frivolous claims against Ashley Guillard by Rebecca Scofield, Attorney Wendy J. Olson, Attorney Elijah M. Watkins, and Attorney Cory M. Carone and the mass disseminated press release by Rebecca Scofield and Attorney Wendy J. Olson and harassment caused her substantial emotional distress, mental distress, suffering, or anguish, including depression, shame, humiliation, shock, embarrassment, grief, anxiety, and fear. Ashley Guillard suffered a loss of enjoyment of life. Ashley Guillard typically travels on New Year's Eve (NYE) as she did NYE 2021. Instead, NYE 2022, she chose to stay inside for fear of her

life, arguments, and embarrassment. Ashley Guillard suffered mental anguish due to the potential harm caused by the continuous threats to kill her or hopes that she'd die. Ashley Guillard suffered mental anguish, depression, shame, humiliation, shock, embarrassment grief, anxiety, and fear from the false statements about her that was widely disseminated nationally on news media and social media; causing her to stay home and isolate herself more than usual.

51.     The filing of the frivolous claims against Ashley Guillard by Rebecca Scofield, Attorney Wendy J. Olson, Attorney Elijah M. Watkins, and Attorney Cory M. Carone and the mass disseminated press release by Rebecca Scofield and Attorney Wendy J. Olson influenced a massive amount of news media, and social media, articles, and videos, that further disseminated the false statements causing Ashley Guillard to be publicly ridiculed, humiliated, shamed and threatened.

## VI. PRAYER FOR RELIEF

1.     Mass press release with a statement, that Ashley Guillard approves, to every news outlet that this lawsuit was covered and to social media outlets Facebook, Twitter, TikTok, Instagram, Reddit, and all others that it was covered on, correcting the false claims made against Ashley Guillard.

2.     Mass press release in every news outlet that this lawsuit was covered and to social media outlets Facebook, Twitter, TikTok, Instagram, Reddit, and others with an apology to Ashley Guillard, that she approves, for all the accusations made against her.

3.     Compensatory and punitive damages in an amount determined by the judge. Attorney and court fees that may arise now or in the future for any action related to this case.

4.     For judgement dismissing the plaintiffs claim for improper venue pursuant to FRCP Rule 12 (b)(3) with prejudice.

5.     For Summary Judgement for the counterclaim.

6.    Pre-judgement and post-judgement interest; and

7.    All such other relief as the court deems just and equitable.

## VII. REQUEST FOR SUMMARY JUDGEMENT F.R.C.P. RULE 56

8.    Ashley Guillard requests a summary judgement for the counterclaim.

Date of signing: February 14, 2023
Signature of Defendant/Counterclaim Plaintiff:

Printed Name of Defendant/Counterclaim Plaintiff: ASHLEY GUILLARD

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of February 2023, I mailed the foregoing to the defendants

last known address 101 S. Capitol Boulevard, Suite 1900 Boise, ID 83702 by certified mail

pursuant to F.R.C.P. Rule 5.