Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Elijah M. Watkins, ISB No. 8977
*elijah.watkins@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>　　　　　Defendant. | Case No. 3:22-cv-00521-REP<br><br>**RESPONSE TO DEFENDANT'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) [Dkt. 7]** |

After four students were tragically murdered near the University of Idaho, Defendant Ashley Guillard decided to trade on the community's pain to promote herself online. Guillard randomly targeted Plaintiff Rebecca Scofield and stated repeatedly to a broad audience that Professor Scofield had an inappropriate romantic affair with one of the victims and then ordered the murder of all four students. Rather than engage in an online feud with Guillard, bringing further attention to Guillard's specious assertions and distracting from the victims' memories, Professor Scofield took the responsible approach, sending two private cease and decease letters before asking the Court to intervene.

**RESPONSE TO DEFENDANT'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) - 1**
118522072.3 0079747-00001

In response, Guillard ignored the judicial process and defaulted. She now seeks to set aside that default, but this is the rare case where the Court should deny such relief. Guillard's default was intentional. She has known about this lawsuit since it was filed. She posted videos almost immediately after the complaint was filed, boasting about how excited she was for the litigation and continuing to defame Professor Scofield. She also posted a video acknowledging that she was served. Guillard has no meritorious defense. Since the complaint was filed, Bryan C. Kohberger has been charged with the murders and the Moscow Police Department has issued a statement that it does not believe Professor Scofield was involved with the murders. Guillard refuses to accept reality, instead posting fanciful statements that law enforcement is corruptly targeting Mr. Kohberger to protect Professor Scofield. Professor Scofield will be prejudiced by Guillard's untimely participation in this lawsuit. Guillard clearly intends to make this litigation a circus to bring more attention to herself, as she has posted about it constantly, accused Professor Scofield's counsel of witness tampering because Guillard is a "spiritual witness" to the murders, and seeks to assert claims against Professor Scofield and her counsel. These frivolous and untimely ploys will only bring more attention to Guillard, drive up litigation costs for Professor Scofield, and most unfortunately, distract from delivering justice and finality to the victims' families.

Guillard had a chance to defend herself in this litigation and chose self-promotion instead. The Court should not re-open this matter, but instead send a strong and clear message to Guillard that the madness must stop.

## I.  BACKGROUND

In November 2022, four students at the University of Idaho were murdered at a home near the campus. ECF 1, ¶ 5. Plaintiff Rebecca Scofield, a professor at the University of Idaho, had never met the students and she was not involved with their murders. *Id.* at ¶¶ 7, 9. Without any regard for the truth, Defendant Ashley Guillard began posting sensational TikTok videos about the

murders, including many videos stating that Professor Scofield had a romantic relationship with one of the victims and then ordered the murders. *Id.* at ¶¶ 15–26. Guillard's fame rose with each video, as her videos were widely reposted and viewed millions of times. *Id.* at ¶¶ 40–41.

Professor Scofield tried to resolve this matter without litigation to avoid drawing further attention to Guillard's specious statements at the expense of the victims' memories and their families' trauma—and her own reputation and family's safety. She sent cease and desist letters on November 29, 2022 and December 8, 2022. *Id.* at ¶¶ 25, 30. Guillard responded by posting more videos falsely stating that Professor Scofield had a romantic relationship with a student and then ordered the murders. *Id.* at ¶¶ 24–27, 31–33. Guillard also posted a video suggesting that she would use one of the cease and desist letters as toilet paper[1] and that Professor Scofield would need to "file actual legal documents in a federal court." *Id.* at ¶ 31.

Left with no other option to stop the posts, Professor Scofield filed her complaint. ECF 1. Since then, Guillard's online activity has been too prolific to fully document. At a high level, Guillard has two TikTok accounts (Ashleyisinthebookoflife and Ashisgodintheflesth) and a blog (ashisgod). Based on what is publicly available on those accounts, she has posted at least 100 videos and three blog posts. She also regularly interacts with her viewers in the comments sections. Further, Guillard has posted an approximately 40 minute video on YouTube[2] and had interviews with many news outlets.[3]

---

[1] The video is available at https://www.tiktok.com/@ashleyisinthebookoflife/video/7177814622328704298?lang=en.

[2] The video is available at https://www.youtube.com/watch?v=uZ-fo4F-q9w.

[3] Some examples are available at https://www.newsnationnow.com/crime/idaho-college-killings/tiktoker-standing-by-idaho-murder-accusation-despite-lawsuit/; https://lawandcrime.com/crime/texas-tiktoker-insists-a-jury-will-take-her-side-in-defamation-case-by-idaho-professor-over-stabbing-deaths-of-university-students/; https://www.independent.co.uk/news/world/americas/crime/idaho-murders-tiktok-ashley-guillard-rebecca-scofield-b2253156.html;

**RESPONSE TO DEFENDANT'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)** - 3
118522072.3 0079747-00001

To provide some specific examples, Guillard almost immediately began posting about the lawsuit, boasting about how she was excited about the lawsuit and continuing to defame Professor Scofield.[4] Guillard was served on December 27, 2022. ECF 3. That same day, Guillard posted a TikTok video acknowledging service[5] and the Moscow Police Department issued a press release stating that it did not believe Professor Scofield was involved with the murders.[6] Three days later, law enforcement arrested Bryan C. Kohberger for allegedly committing the murders.[7] The criminal court later published the probable cause affidavit supporting Mr. Kohberger's arrest, and it makes no mention of Professor Scofield.[8]

Despite this new evidence that Professor Scofield was not responsible for the murders (and despite clear facts showing Professor Scofield was not involved and that Guillard had made no effort to discover the facts), Guillard continued to post videos making false statements about Professor Scofield. She asserted that Professor Scofield worked with Mr. Kohberger and even questioned the integrity of the Moscow Police Department, stating that corruption led to the arrest

---

https://www.washingtonpost.com/nation/2022/12/24/idaho-killings-rebecca-scofield-ashley-guillard-/.

[4] Examples are available at
https://www.tiktok.com/@ashleyisinthebookoflife/video/7180201073292938538?lang=en;
https://www.tiktok.com/@ashleyisinthebookoflife/video/7180210785665240362?lang=en;
https://www.tiktok.com/@ashleyisinthebookoflife/video/7180211735104884014?lang=en.

[5] The video is available at https://www.tiktok.com/@ashisgodintheflesh/video/7182014857145781547?lang=en.

[6] The press release is available at www.ci.moscow.id.us/DocumentCenter/View/24989/12-27-22-Moscow-Homicide-Update.

[7] A press release announcing the arrest is available at
https://www.ci.moscow.id.us/DocumentCenter/View/24998/12-30-22-Arrest-Made-In-Moscow-Homicides.

[8] The probable cause affidavit is available at https://coi.isc.idaho.gov/docs/case/CR29-22-2805/122922%20Affidavit%20-%20Exhibit%20A%20-%20Statement%20of%20Brett-Payne.pdf.

**RESPONSE TO DEFENDANT'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) - 4**
118522072.3 0079747-00001

of Mr. Kohberger instead of Professor Scofield.[9] Guillard also posted videos explaining how she would win this case in court and accusing Professor Scofield's counsel of witness tampering.[10] Despite her bluster and having plenty of time to post these videos, Guillard never timely appeared or filed responsive pleadings. The Clerk of the Court thus filed an entry of default on January 27, 2023. ECF 5.

## II.  LEGAL STANDARD

"The court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). "Courts have broad discretion in determining when the defaulting party has demonstrated sufficient 'good cause' to set aside entry of default[.]" *Kingvision Pay-Per-View Ltd. v. Corona*, No. CV-04-361-E-BLW, 2005 WL 8165920, at *1 (D. Idaho May 9, 2005). "The good cause analysis considers three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant has a meritorious defense; or (3) whether reopening the case would prejudice the plaintiff." *Id.* "The factors are disjunctive, so the Court may deny relief if any of the three factors are met." *Rafferty v. Keypoint Gov't Sols., Inc.*, No. 4:16-CV-00210-BLW, 2016 WL 7340281, at *2 (D. Idaho Dec. 19, 2016).

## III.  ARGUMENT

Professor Scofield recognizes that courts favor setting aside defaults, but this is the rare case where the Court should exercise its discretion to stop, once and for all, Guillard's shameless

---

[9] Guillard's videos are too prolific to list exhaustively, but some examples are available at
https://ashisgod.com/f/solving-the-mystery-of-the-murder-of-the-4-uofidaho-students-1;
https://www.tiktok.com/@ashisgodintheflesh/video/7183150289443261742?lang=en;
https://www.tiktok.com/@ashisgodintheflesh/video/7183138572847910186?lang=en;
https://www.tiktok.com/@ashisgodintheflesh/video/7185270061702204715?lang=en;
https://www.youtube.com/watch?v=uZ-fo4F-q9w.

[10] https://www.tiktok.com/@ashisgodintheflesh/video/7184279405689064746?lang=en;
https://www.tiktok.com/@ashleyisinthebookoflife/video/7180210785665240362?lang=en;
https://www.tiktok.com/@ashleyisinthebookoflife/video/7180879297211551022?lang=en.

**RESPONSE TO DEFENDANT'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)** - 5
118522072.3 0079747-00001

self-promotion at the expense of Professor Scofield's reputation and the memories of four students who were senselessly murdered. Guillard's default was culpable, as she knew about the lawsuit and chose to post videos about how she would win in court instead of preparing responsive pleadings. Guillard has no meritorious defense, as she offers not a shred of plausible evidence that Professor Scofield ordered the murders while law enforcement, based on real evidence, have charged Bryan C. Kohberger and issued a statement that they do not believe Professor Scofield was involved. Professor Scofield will be prejudiced if the default is set aside. Guillard intends to make a mockery of the judicial process, posting constantly about the lawsuit, continually defaming Professor Scofield, and driving up costs with frivolous claims against Professor Scofield and her counsel. Professor Scofield should not have to endure more damage to her reputation and spend more financial resources because Guillard chose to spend her time posting videos instead of preparing responsive pleadings.

In short, all three factors weigh in favor of keeping the entry of default in place. But even if only one factor favors Professor Scofield, the Court can and should exercise its discretion to deny Guillard's motion and put this case to rest.

**A.     Guillard engaged in culpable conduct.**

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Callister v. Owen*, No. 1:16-CV-00474-CWD, 2017 WL 1499224, at *3 (D. Idaho Apr. 25, 2017) (citation omitted). Here, Guillard's own posts show that she knew about the lawsuit on December 22, 2022[11] and was served on December

---

[11] The videos are available at
https://www.tiktok.com/@ashleyisinthebookoflife/video/7180201073292938538?lang=en;
https://www.tiktok.com/@ashleyisinthebookoflife/video/7180210785665240362?lang=en;
https://www.tiktok.com/@ashleyisinthebookoflife/video/7180211735104884014?lang=en.

**RESPONSE TO DEFENDANT'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) - 6**
118522072.3 0079747-00001

27, 2022.[12] While she offers a litany of excuses for why she did not file responsive pleadings—most of which are not supported by proper evidentiary support—the reality is she spent her time posting at least 100 videos on TikTok, writing three blog posts, talking to reporters, recording a 40-minute YouTube video, and interacting with viewers in the comments sections. Many of those publications talk about this lawsuit, particularly how excited Guillard is to win in court. If she had spent that time putting those defenses into an answer instead of boasting online to get more clicks, she could have filed a timely response. But she chose self-promotion over respect for the judicial process. That was her decision to make. Guillard intentionally chose not to file a timely answer. She should have to live with the consequences.

**B.     Guillard has not presented a meritorious defense.**

Nowhere in her motion does Guillard offer even a hint of a defense to the claims filed against her, even though she carries the burden to show that the entry of default should be set aside. The reality is Guillard cannot offer any even remotely plausible evidence to defend her false statements that Professor Scofield had an inappropriate relationship with a student and ordered the murders at the University of Idaho. Guillard has made no suggestion that she has ever been to the University of Idaho, spoken to any witnesses, or seen any real evidence. The folks that have done so charged Bryan Kohberger with murder and issued a press statement that they do not believe Professor Scofield was involved. Guillard has offered nothing to the contrary, other than to post baseless accusations online, claiming that the Moscow Police Department is corrupt and is covering up for Professor Scofield.[13] "To permit reopening of the case in the absence of some

---

[12] The video is available at https://www.tiktok.com/@ashisgodintheflesh/video/7182014857145781547?lang=en.

[13] Guillard's videos are too prolific to list exhaustively, but some examples are available at https://ashisgod.com/f/solving-the-mystery-of-the-murder-of-the-4-uofidaho-students-1; https://www.tiktok.com/@ashisgodintheflesh/video/7183150289443261742?lang=en;

**RESPONSE TO DEFENDANT'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) - 7**
118522072.3 0079747-00001

showing of a meritorious defense would cause needless delay and expense to the parties and court system." *SEC v. Burnett Grey & Co.*, 8 F.3d 29, 1993 WL 378756, at *2 (9th Cir. 1993) (unpublished) (citation omitted).

**C.     Professor Scofield will be prejudiced if the default is set aside.**

Professor Scofield has suffered enough harm from Guillard's antics. ECF 10-2. She tried to end the madness by filing her complaint, and Guillard took that as an opportunity to draw more attention to herself, defame Professor Scofield further, accuse Professor Scofield's counsel of witness tampering, and accuse the Moscow Police Department of corruption. While Professor Scofield understood the risks of litigation, she deserves the finality of Guillard's decision not to assert timely defenses. The Court should not excuse Guillard's delay and give her more opportunities to harm Professor Scofield. The Court should also not allow Guillard to make a mockery of the judicial process by disregarding deadlines to increase her public profile and then turn the litigation into a circus with frivolous claims against Professor Scofield and her counsel that will only drive up the costs of litigation for Professor Scofield.

## IV.  CONCLUSION

Professor Scofield requests that the Court deny Guillard's motion to set aside the clerk's entry of default.

---

https://www.tiktok.com/@ashisgodintheflesh/video/7183138572847910186?lang=en;
https://www.tiktok.com/@ashisgodintheflesh/video/7185270061702204715?lang=en;
https://www.youtube.com/watch?v=uZ-fo4F-q9w.

**RESPONSE TO DEFENDANT'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)** - 8
118522072.3 0079747-00001

DATED: February 17, 2023.

                                      STOEL RIVES LLP

                                      /s/ Wendy J. Olson
                                      Wendy J. Olson
                                      Elijah M. Watkins
                                      Cory Carone

                                      Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

  I hereby certify that on February 17, 2023, I served a copy of the foregoing **RESPONSE TO DEFENDANT'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)** via overnight mail as follows:

Ashley Guillard
4100 Southwest Parkway, Apt. 368
Houston, TX  77207

            /s/ Wendy J. Olson
            Wendy J. Olson