# UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD, | Case No.: 3:22-cv-00521-REP |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER RE:** |
| vs. | **DEFENDANT'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO RULE 60(b) (Dkt. 7)** |
| ASHLEY GUILLARD, | |
| Defendant. | **DEFENDANT'S MOTION TO BE GRANTED CM/ECF E-FILE ACCESS PURSUANT TO DISTRICT LOCAL RULE CIV 5.1 (CIVIL) (Dkt. 8)** |
| | **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. 10)** |
| | **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO COMPLAINT (Dkt. 12)** |

Pending before the Court are four interrelated motions: (i) Defendant's Motion for Relief From a Judgment or Order Pursuant to Rule 60(b) ("Motion to Set Aside Entry of Default") (Dkt. 7); (ii) Defendant's Motion to Be Granted CM/ECF E-File Access Pursuant to District Local Rule Civ 5.1 (Civil) ("Motion for CM/ECF Access") (Dkt. 8); (iii) Plaintiff's Motion for Default Judgment (Dkt. 10); and (iv) Plaintiff's Motion to Strike Defendant's Answer, Affirmative Defenses, and Counterclaims to Complaint ("Motion to Strike") (Dkt. 12).  In the interest of avoiding delay, and because the Court conclusively finds the decisional process would

**MEMORANDUM DECISION AND ORDER - 1**

not be significantly aided by oral argument, these motions will be decided on the record and without oral argument. As discussed more fully below, the Court will grant Defendant's Motion to Set Aside Entry of Default, rendering Plaintiff's Motion for Default Judgment moot. The Court will also grant Defendant's Motion for CM/ECF Access and Plaintiff's Motion to Strike (with leave to re-file Defendant's responsive pleading).

## **BACKGROUND**

This case arises out of the tragic murder of four University of Idaho students in November 2022. Plaintiff Rebecca Scofield is a professor at the University of Idaho. She alleges that, despite never meeting the students or being involved with their murders in any way, Defendant Ashley Guillard posted sensational TikTok videos falsely claiming that Plaintiff had an inappropriate romantic affair with one of the victims and then ordered the murders. In turn, Plaintiff brings two defamation claims against Defendant – one premised upon false statements regarding Plaintiff's involvement with the murders themselves, the other premised upon false statements regarding Plaintiff's romantic relationship with one of the murdered students.

Relevant to the at-issue motions, Plaintiff filed her Complaint on December 21, 2022 (Dkt. 1). Six days later, Defendant was personally served in Houston, Texas (Dkt. 3). Defendant never responded to Plaintiff's Complaint by the January 17, 2023 deadline. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint . . . ."). As a result, pursuant to Rule 55(a), Plaintiff moved for an entry of default on January 19, 2023 (Dkt. 4). A Clerk's Entry of Default was then entered and mailed to Defendant on January 27, 2023 (Dkt. 5).

On February 16, 2023, Defendant filed her Motion to Set Aside Entry of Default (Dkt. 7). Apparently anticipating that the entry of default would be set aside, Defendant also filed her Answer, Affirmative Defenses, and Counterclaims (Dkt. 6) alongside her Motion for CM/ECF

**MEMORANDUM DECISION AND ORDER - 2**

Access (Dkt. 8).  Plaintiff responded the next day, opposing Defendant's efforts to set aside the entry of default (Dkt. 9) and filing a Motion for Default Judgment pursuant to Rule 55(b)(2) (Dkt. 10).  Plaintiff's Motion to Strike (Dkt. 12) followed on February 27, 2023.  Each of the pending motions is ripe for the Court's consideration and resolved below.

## ANALYSIS

**A.**   **Defendant's Motion to Set Aside Entry of Default (Dkt. 7) and Plaintiff's Motion for Default Judgment (Dkt. 10)**

1.   Legal Standard

"The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  An "entry of default" is a technical formality; a plaintiff must merely show, "by affidavit or otherwise," that "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," upon which showing "the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Therefore, setting aside an entry of default under Rule 55(c) is simpler and more straightforward than setting aside a default *judgment* under Rule 60(b).  *See U.S. v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085,1091 n.1 (9th Cir. 2010) ("[I]n the Rule 55 context there is no interest in the finality of the judgment with which to contend."); Fed. R. Civ. P. 55 Adv. Comm. Note (2015 Amendment) ("The demanding standards set by Rule 60(b) apply only in seeking relief from a final judgment.").

Whether to set aside an entry of default is a matter of discretion.  *In re Bernal*, 223 B.R. 542, 546 (B.A.P. 9th Cir. 1998); *see also* Wright, Miller & Kane Federal Practice and Procedure: 3d § 2694 ("The different treatment in Rule 55(c) of the default entry and default judgment frees a court considering a motion to set aside a default entry from the restraints of Rule 60(b) and entrusts the determination to the discretion of the court.").  In determining whether good cause

**MEMORANDUM DECISION AND ORDER - 3**

exists to set aside an entry of default, a court must consider three factors: (i) whether the defendant engaged in culpable conduct that led to the default; (ii) whether the defendant had no meritorious defense; or (iii) whether setting aside the entry of default would prejudice the opposing party. *Mesle*, 615 F.3d at 1091. The standard is disjunctive, such that a finding that any one of these factors is true is sufficient reason for a court to refuse to set aside an entry of default. *Id*.

The defendant, as the party seeking relief from the entry of default, bears the burden of showing that these factors favor such relief. *Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). "Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091.

2.   Good Cause Exists to Set Aside the January 27, 2023 Clerk's Entry of Default

a.   *Culpable Conduct*

There are two lines of cases within the Ninth Circuit regarding the standard for "culpable conduct." *Rafferty v. Keypoint Gov't Sols., Inc.*, 2016 WL 7340281, at *2 (D. Idaho 2016) (citing *Garner v. Wells Fargo Home Mortg., Inc.*, 2011 WL 2413841, at *2 (D. Idaho 2011)). One line of cases holds that "a defendant's conduct is culpable if [s]he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original) (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)). "[I]n this context, the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process.'" *Mesle* 615 F.3d at

**MEMORANDUM DECISION AND ORDER - 4**

1092 (quoting *TCI Group*, 244 F.3d at 697).  Courts have "'typically held that a defendant's conduct was culpable for purposes of the [good cause] factors when there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith *failure to respond*.'"  *Id.* (emphasis added) (quoting *TCI Group*, 244 F.3d at 698).

A second line of cases suggests that, if a defendant has received actual or constructive notice of an action and fails to answer, that conduct alone indicates culpability.  *Rafferty*, 2016 WL 7340281, at *3 (citing *Franchise Holding II*, 375 F.3d at 926; *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 690 (9th Cir. 1988)).  Application of this more lenient standard for finding culpability hinges on the legal sophistication of the defendant. *Mesle,* 615 F.3d at 1093 (holding that "[i]t is possible to reconcile the language in *Franchise Holding II* with the standard in *TCI Group*. When considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality.").

Here, the Defendant is representing herself *pro se* and is not a lawyer.  So, the *TCI Group* standard applies.  *Mesle* at 1093 ("It is sufficient to observe that Mesle is not a lawyer and that he was unrepresented at the time of the default; accordingly, the proper standard to apply was that of *TCI Group*.").

Defendant's explanation for failing to timely respond to Plaintiff's Complaint is that she has been "overwhelmed with multiple civil actions and responsibilities."  Def.'s Mem. ISO Mot. to Set Aside Entry of Default at 2 (Dkt. 7).  Defendant specifically references how she (i) is contemporaneously representing herself *pro se* in a Texas state court action; (ii) is the custodial parent to a child whose father is away on military orders; (iii) is the local next of kin to a family member who was in the hospital and on life support; (iv) recently feared for her and her family's safety following multiple attempts by someone trying to enter her apartment illegally; (v) suffers

**MEMORANDUM DECISION AND ORDER - 5**

from emotional distress as a result of Plaintiff's claims against her; and (vi) suffers from combat-related post-traumatic stress disorder which impacts her ability to finish tasks when under stress. *Id*. at 2-3.  According to Defendant, these circumstances "collectively diminished her ability to efficiently handle all the responsibilities," including timely responding to Plaintiff's Complaint. *Id*. at 3.

The Court takes no position on the genuineness of these claims, but acknowledges Plaintiff's counterargument thereto that Defendant continued her publicity-seeking commentary about Plaintiff's alleged involvement with the murders *even after* being served with Plaintiff's Complaint.  Pl.'s Resp. to Mot. to Set Aside Entry of Default at 7 (Dkt. 9)  ("[T]he reality is [Defendant] spent her time posting at least 100 videos on TikTok, writing three blog posts, talking to reporters, recording a 40-minute YouTube video, and interacting with viewers in the comments section. . . .  If she had spent that time putting those defenses into an answer instead of boasting online to get more clicks, she could have filed a timely response.").[1]  Instead, the Court accepts Defendant's account for the limited purposes presented here.  *See, e.g.*, *Gargoyle Granite & Marble, Inc. v. Opustone, LLC*, 2022 WL 557615, at *3 (D. Idaho 2022) ("'On a Rule 60(b) motion [to vacate a default judgment], this court will accept the allegations of the movant's factual statement.'  *In the less-strict Rule 55(c) posture, therefore, this court will do likewise*.") (emphasis added) (quoting *Falk v. Allen*, 739 F.2d 461, 464 (9th Cir. 1984)).  Doing so reveals that Defendant's admitted failure to timely respond to Plaintiff's Complaint was most likely an unintentional oversight caused by self-serving carelessness – explained by Defendant's *pro se* status and confirmed by her relatively prompt attempt to set aside the Clerk's Entry of Default

---

[1]  The Court has reviewed the available postings referenced in Plaintiff's briefing. Though off-putting and ill-advised, they reflect Defendant's intention to defend the case.

once alerted to it.[2]  Although the Court does not condone such conduct,[3] without more, it does

not amount to "bad faith [with] an intention to take advantage of the opposing party, interfere

with the judicial decision making, or otherwise manipulate the legal process." *Mesle*, 615 F.3d

at 1091.  As a result, it cannot be said that Defendant engaged in culpable conduct that led to her

default.  This factor therefore weighs in favor of setting aside the entry of default.

> b.    *Meritorious Defense*

A party "seeking to [set aside entry of default] must present specific facts that would

constitute a defense." *Mesle*, 615 F.3d at 1094.  But that burden is "not extraordinarily heavy."

*Id*. (noting "the minimal nature of the burden" that the moving party is "supposed to carry").

"All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts

that, if true, would constitute a defense: the question whether the factual allegation is true is not

be determined by the court when it decides the motion to set aside the default." *Id*. (punctuation

modified).  "Rather, that question would be the subject of the later litigation." *Id*.

Here, the very nature of Plaintiff's claims against Defendant presumes the existence of

certain possible defenses.  That is, to prevail on a defamation claim in Idaho, a plaintiff must

prove that (i) the defendant communicated information concerning the plaintiff to others; (ii) the

information was defamatory; and (iii) the plaintiff was damaged because of the communication.

---

[2]  The Court mailed a copy of the Clerk's Entry of Default to Defendant on January 27, 2023; Defendant, however, states that she was only made aware of Plaintiff's Motion for Entry of Default on February 10, 2023 in a telephone call with Court staff.  Def.'s Mem. ISO Mot. to Set Aside Entry of Default at 3 (Dkt. 7).  Defendant then mailed her Motion to Set Aside Entry of Default on or around February 14, 2023.  To the extent Defendant complains that she was not originally served with Plaintiff's Motion for Entry of Default, she is incorrect.  Rule 5 provides an explicit exception to the service requirement in such instances: "No service is required on a party who is in default for failing to appear." Fed. R. Civ. P. 5(a)(2).

[3]  Defendant represents that, going forward, she "will prioritize court rules, orders and actions, and file timely actions." Def.'s Mem. ISO Mot. to Set Aside Entry of Default at 4 (Dkt. 7).  The Court intends to keep Defendant to her word.

**MEMORANDUM DECISION AND ORDER - 7**

*Clark v. The Spokesman-Review*, 163 P.3d 216, 219 (Idaho 2007).  But truthful statements and personal opinions (in certain situations) are not defamatory in the first instance.  *See Sadid v. Vailas*, 943 F. Supp. 2d 1125, 1133-34 (D. Idaho 2013).  Defendant unsurprisingly takes this position in her *proposed* Answer, Affirmative Defenses, and Counterclaims (Dkt. 6).[4]  There, Defendant generally submits that Plaintiff's Complaint fails to state a claim upon which relief can be granted, while also indicating that her allegedly defamatory statements are true or otherwise not actionable.  *Id*. at 5-24.

Importantly, Defendant need not conclusively establish the validity of these defenses right now.  At this stage of the proceedings, the Court only determines whether Defendant has alleged defenses that, if true, should be decided on the merits; again, not whether those defenses are once-and-for-all meritorious as a matter of law.  On this record, the Court finds that Defendant has satisfied the "meritorious defense" requirement, keeping in the mind the admonition that "a case should, whenever possible, be decided on the merits."  *Mesle*, 615 F.3d at 1091.  This factor therefore weighs in favor of setting aside the entry of default.

### c.  *Prejudice to Plaintiff*

To be prejudicial, the setting aside of an entry of default must hinder a plaintiff's ability to pursue her claim.  *TCI Group*, 244 F.3d at 701.  Delay alone is not enough.  *Id*. ("To be

---

[4]  Defendant filed her Answer, Affirmative Defenses, and Counterclaims (Dkt. 6) *after* the Clerk's Entry of Default.  Entry of default technically cuts off Defendant's right to appear.  *See* Schwarzer, Tashima, and Wagstaffe, *Federal Civil Procedure Before Trial* § 6:43 (Rutter Group 2021) (providing the following example: "Defendant fails to answer or otherwise respond within the requisite time period.  Plaintiff requests entry of default and entry is made.  Defendant then seeks to file an answer.  It is too late.  The court will not accept the answer for filing.  Should the clerk do so, the court will order it stricken.  The only procedure available to the defendant is to file a motion to set aside the default (under Rule 55(c) . . .) or seek a stipulation from plaintiff's counsel to set it aside.").  Nonetheless, Defendant's filing, though premature (*see infra*), is instructive on the instant issue.  *See Brooks v. Fast Park & Relax*, 2022 WL 954845, at *3 (D. Ariz. 2022) (considering a defendant's proposed Answer to resolve whether that defendant has sufficiently shown a meritorious defense).

prejudicial, the setting aside . . . must result in greater harm than simply delaying resolution of

the case or being forced to litigate on the merits.").  Prejudicial delay "must result in tangible

harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for

fraud or collusion."  *Id*. (quoting *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th

Cir. 1996)).

Plaintiff states that she "has suffered enough harm from [Defendant's] antics," "deserves

the finality of [Defendant's] decision not to assert timely defenses," and expresses frustration

over Defendant's disregard for procedure and deadlines.  Pl.'s Resp. to Mot. to Set Aside Entry

of Default at 8 (Dkt. 9).  These are understandable reactions under the circumstances, but

Plaintiff does not actually explain how she would be hindered if the entry of default were set

aside.  To be sure, other than now being forced to litigate on the merits, there is no prejudice,

especially when the action remains positioned in the very early stages of litigation.  This factor

therefore weighs in favor of setting aside the entry of default.

Having found that (i) Defendant has not engaged in culpable conduct that led to her

default, (ii) Defendant has alleged meritorious defenses, and (iii) setting aside the entry of default

would not prejudice Plaintiff, good cause exists pursuant to Rule 55(c) to set aside the January

27, 2023 Clerk's Entry of Default.  Accordingly, Defendant's Motion to Set Aside Entry of

Default (Dkt. 7) is granted.

3. <u>Because the January 27, 2023 Clerk's Entry of Default Is Set Aside, There Is No
Basis for a Default Judgment</u>

A clerk's entry of default against a party is the first of two steps required to seek an

enforceable default judgment against the party that failed to plead or respond.  10 Moore's

Federal Practice – Civil § 55.10[1] (2022) ("The entry of default must be distinguished from a

default judgment. Rule 55 requires a two-step process.  The first step, entry of default, is a

ministerial matter performed by the clerk and is a prerequisite to a later default judgment.").

Because the Court has set aside the January 27, 2023 Clerk's Entry of Default against Defendant,

it accordingly denies Plaintiff's Motion for Default Judgment (Dkt. 10) as moot.  *Super Mario*

*Plumbing v. Belodedov*, 2018 WL 5994121, at *3 (E.D. Cal. 2018).

**B.      Defendant's Motion for CM/ECF Access (Dkt. 8)**

Defendant requests access to the Court's Case Management and Electronic Case Files

(CM/ECF) Program for the purposes of this action.  Def.'s Mot. for CM/ECF Access at 2 (Dkt.

8).  Plaintiff does not oppose Defendant's request.  Therefore, good cause appearing,

Defendant's Motion for CM/ECF Access (Dkt. 8) is granted.  Defendant is permitted to enroll as

a "Registered Participant in the Electronic Filing System" solely for purposes of this action.

Defendant is ordered to follow all applicable procedures for electronic case filing, including but

not limited to the District of Idaho's Local Civil Rules and Electronic Case Filing Procedures.

Permission to file electronically may be revoked for failure to do so.

**C.      Plaintiff's Motion to Strike (Dkt. 12)**

Following the January 27, 2023 Clerk's Entry of Default, Defendant filed her Answer,

Affirmative Defenses, and Counterclaims (Dkt. 6) on February 16, 2023 (alongside her Motion

to Set Aside Entry of Default (Dkt. 7) and Motion for CM/ECF Access (Dkt. 8)).  Plaintiff

moves to strike these pleadings as both untimely and procedurally improper because the Clerk's

Entry of Default had not been set aside.  Pl.'s Mot. to Strike at 1-2 (Dkt. 12).  As stated above,

the Court cannot accept and consider Defendant's pleadings because they were filed after the

Clerk's Entry of Default.  *See supra*; *see also Great Am. Inc. Co. v. M.J. Menefee Const., Inc.*,

2006 WL 2522408, at *2 (E.D. Cal. 2006) (noting that entry of default cuts off a defendant's

right to appear in the action).  Plaintiff's Motion to Strike (Dkt. 12) is therefore granted and

**MEMORANDUM DECISION AND ORDER - 10**

Defendant's Answer, Affirmative Defenses, and Counterclaims are stricken.[5]  With the Clerk's Entry of Default now set aside, Defendant shall formally respond to Plaintiff's Complaint within 21 days of this Memorandum Decision and Order.

<u>**ORDER**</u>

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Defendant's Motion to Set Aside Entry of Default (Dkt. 7) is GRANTED;

2.      Plaintiff's Motion for Default Judgment (Dkt. 10) is DENIED AS MOOT.

3.      Defendant's Motion for CM/ECF Access (Dkt. 8) is GRANTED.  Defendant is permitted to electronically file and receive materials via the Court's CM/ECF Program for the purposes of this action only.  Defendant shall follow all applicable procedures for electronic case filing, including but not limited to Local Civil Rule 5.1 and the Court's Electronic Case Filing Procedures.  **Defendant shall immediately contact the Clerk's Office for instructions on how to request a CM/ECF account within the District of Idaho.**

4.      Plaintiff's Motion to Strike (Dkt. 12) is GRANTED.  **Defendant shall formally respond to Plaintiff's Complaint within 21 days of this Memorandum Decision and Order, unless otherwise ordered by the Court.**



DATED:  April 26, 2023

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

---

[5]  In a hypertechnical sense, Defendant's Motion for CM/ECF Access (Dkt. 8) arguably should be rejected for the same reasons.  But considering the unopposed nature of the relief sought therein, coupled with Rule 1's direction to construe and administer the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding," allowing Defendant to utilize the Court's CM/ECF Program makes practical sense given its procedural, rather than substantive, implications.

**MEMORANDUM DECISION AND ORDER - 11**