Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Elijah M. Watkins, ISB No. 8977
*elijah.watkins@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>　　　　　Defendant. | Case No. 3:22-cv-00521-REP<br><br>**Memorandum in Support of Plaintiff's Motion to Dismiss Defendant's Counterclaims [Dkt. 20]** |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND .............................................................................................................. 1

III. LEGAL STANDARD ...................................................................................................... 3

IV. ARGUMENT .................................................................................................................... 3

    A.     The Court should dismiss Guillard's counterclaims because they are implausible and legally deficient. ............................................................................ 3

        1.     Guillard's claims all fail because they rely on implausible factual allegations and impermissible group pleading that lacks specificity. ......... 3

        2.     Guillard's defamation claims (counterclaims 1 and 2) fail because 28 U.S.C. § 4101 does not apply and filing a lawsuit cannot give rise to a defamation claim. .............................................................................. 6

        3.     Guillard's 42 U.S.C. § 1985(2) claims (counterclaims 3 and 8) fail for many reasons. ................................................................................... 7

        4.     Guillard's 42 U.S.C. § 1986 claims (counterclaims 4 and 9) fail because she has not alleged actionable conduct under 42 U.S.C. § 1985 .......................................................................................................... 9

        5.     Guillard's 42 U.S.C. § 1983 claim (counterclaim 5) fails because she has not alleged any state action. .......................................................... 9

        6.     Guillard's malicious prosecution claims (counterclaims 6 and 7) fail because Professor Scofield's defamation action against Guillard has not been terminated in Guillard's favor. ............................ 10

        7.     Guillard's intentional infliction of emotional distress claims (counterclaims 10 and 11) fail because filing a defamation action is not extreme or outrageous. ......................................................................... 10

    B.     The Court should exercise its inherent power to award Professor Scofield her attorney's fees. ................................................................................................. 11

V. CONCLUSION ............................................................................................................... 12

## I. INTRODUCTION

Defendant Ashley Guillard has received a second chance to participate in this litigation after defaulting, and she has abused that opportunity by filing 11 frivolous counterclaims that serve only to delay this matter and increase Plaintiff Rebecca Scofield's litigation expenses. In her Answer and Counterclaims, Guillard admits that the only basis for posting hundreds of videos online stating that Professor Scofield had an inappropriate affair and ordered the murder of four students is her "spiritual research," "intuition," and "insights." To put a finer point on it, Guillard has relentlessly attacked Professor Scofield's reputation and made a spectacle of the tragic loss of four young lives, and she cannot even allege, let alone provide, any actual facts to back it up. Professor Scofield has filed a legitimate defamation action. Guillard's frivolous federal civil rights claims show that Guillard, even as a pro se litigant, should not be afforded any more leniency. Professor Scofield moves the Court to dismiss Guillard's counterclaims and award Professor Scofield her attorney's fees.

## II. BACKGROUND

In November 2022, four students at the University of Idaho were murdered at a home near the campus. ECF 1, ¶ 5. As she has done since 2021 with other crimes, Guillard devised a scheme to leverage the tragedy in Moscow for her personal gain: use her "spiritual acuity" to post sensationalist content online to attract clicks and make money. ECF 20, p. 13, ¶ 32. The false story that she posted repeatedly is that Plaintiff Rebecca Scofield, a professor at the University of Idaho, had a same-sex affair with one of the victims and then ordered the murders to cover up the affair. ECF 1, ¶¶ 15–26. Guillard herself admits to posting "over one hundred TikTok videos" related to her "findings" about Professor Scofield. ECF 20, p. 14, ¶ 38.

Professor Scofield tried to resolve this matter without litigation to avoid drawing further attention to Guillard's specious statements at the expense of the victims' memories and their

families' trauma—and Professor Scofield's own reputation and family's safety. She sent cease and desist letters on November 29, 2022 and December 8, 2022. ECF 1, ¶¶ 25, 30. When Guillard responded by making more false statements, Professor Scofield sued her for defamation. ECF 1.

Instead of timely responding to Professor Scofield's claims, Guillard prolifically posted new videos and blog posts defaming Professor Scofield and accusing law enforcement of corruption for arresting and prosecuting Bryan C. Kohberger for the crimes. ECF 9, pp. 3–5. To end the spectacle, and to hold Guillard accountable for disregarding the Court's deadlines, Professor Scofield requested a default judgment. ECF 9, 10. The Court exercised its discretion to give Guillard, a pro se litigant who promised this Court she would be timely and responsive, a second chance. ECF 19.

Guillard has used her second chance to file frivolous counterclaims that serve only to delay adjudication of Professor Scofield's claims and drive up her litigation costs—and as an attempt to drag Professor Scofield's counsel in as parties, which they are not.[1] In her counterclaims, Guillard offers not even allegations of real evidence that Professor Scofield knew any of the victims, had an inappropriate affair, or ordered the murders. Guillard instead admits that she has "used her spiritual acuity and investigative skills to get insight into the murders." ECF 20, p. 13, ¶ 33. In other words, she made it up. Guillard says her "spiritual research . . . intuitively led to the University of Idaho History Department," she then "spiritually inquired into each person listed on the History Department's webpage," and her "insight for Rebecca Scofield revealed that she was in a relationship with Kaylee Goncalves that broke up and that she initiated the murders, planned the murders, and hired help to carry the plan out." *Id.* at ¶¶ 34–36. Based on these preposterous

---

[1] Guillard purports to bring counterclaims against Professor Scofield's counsel. The counterclaims against Professor Scofield's counsel are not operative and not addressed here as counsel is not an "opposing party." *See* Fed. R. Civ. P. 13.

allegations, and still no actual facts, Guillard seeks to sue Professor Scofield and her attorneys primarily under civil rights statutes for conspiring "to silence Ashley Guillard to evade suspicion, obstruct justice, and to avoid criminal investigation." *Id.* at p. 14, ¶ 39.

### III.  LEGAL STANDARD

A court may dismiss a counterclaim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Hong v. Recreational Equip., Inc.*, No. 4:19-CV-00435-BLW, 2020 WL 4227388, at *2 (D. Idaho July 23, 2020) (cleaned up).

### IV.  ARGUMENT

**A.    The Court should dismiss Guillard's counterclaims because they are implausible and legally deficient.**

Guillard alleges that Professor Scofield's lawsuit against her is actionable defamation (counterclaims 1 and 2), obstruction under federal civil rights statutes (counterclaims 3, 4, 5, 8, 9), malicious prosecution (counterclaims 6 and 7), and intentional infliction of emotional distress (counterclaims 10 and 11). The claims all fail because they rely on implausible and factually deficient allegations that Professor Scofield had an inappropriate affair and ordered four murders and impermissible group pleading that lacks the required specificity. The claims also fail to properly allege the pertinent legal elements. The Court should thus dismiss all Guillard's counterclaims.

  **1.    Guillard's claims all fail because they rely on implausible factual allegations and impermissible group pleading that lacks specificity.**

Guillard's 11 counterclaims all rely on two premises. The first is that Professor Scofield ordered the murder of four students at the University of Idaho to cover up an affair she had with

one of the victims. *E.g.*, ECF 20, p. 10, ¶¶ 13, 15. The second is that Professor Scofield and her counsel "[c]ollectively] . . . conspired to deprive Ashley Guillard of her rights" by suing her for defamation. *Id.* at p. 8, ¶ 4. Both premises are improperly pled, and thus Guillard's counterclaims should all be dismissed.

Guillard's allegations about the murders fail because they are implausible and lack any basis in actual facts. Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." Even under Rule 8(a)(2)'s lenient pleading standard, however, Guillard still must state a *plausible* claim for relief, and the Court still must "draw on its judicial experience and common sense," *Hong*, 2020 WL 4227388, at *2, to determine whether her claims are plausible. Drawing on that common sense, "[a] court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless—that is, if they are fanciful, fantastic, or delusional." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1989) (cleaned up)). Related to this application of Rule 8 "is the rule that a district court has the inherent power to dismiss an action that is so patently lacking in merit as to be frivolous." *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (cleaned up).

Whether the Court applies Rule 8 or exercises its inherent power, Guillard's claims should be dismissed because they are fanciful, fantastic, delusional, and patently lacking in merit. Guillard does not allege a single shred of direct or circumstantial evidence, or an actual fact, suggesting Professor Scofield had an affair with a student or ordered the murders. Guillard merely says her "spiritual research . . . intuitively led to the University of Idaho History Department," she then "spiritually inquired into each person listed on the History Department's webpage," and her "insight for Rebecca Scofield revealed that she was in a relationship with Kaylee Goncalves that

broke up and that she initiated the murders, planned the murders, and hired help to carry the plan out." ECF 20, p. 13, ¶¶ 34–36. Spiritual research, intuition, and insight are not enough to plausibly allege anything, let alone something as serious as a teacher's inappropriate affair with a student followed by the ordering of four murders. Even as a pro se litigant, Guillard should not be allowed to use this Court as a platform to make frivolous allegations to continue her shameless self-promotion at the expense of Professor Scofield's reputation and peace of mind and the victims' memories. Because Guillard's allegations are implausible and lack any basis in fact, her counterclaims should all be dismissed.

Guillard's counterclaims also fail because they rely on group pleading that lacks the specificity needed to allege a conspiracy. Guillard alleges that "[c]ollectively Attorney Wendy J. Olson, Attorney Elijah M. Watkins, Attorney Cory M. Carone and Rebecca Scofield conspired to deprive Ashley Guillard of her rights as an American Citizen to free speech guaranteed by the First Amendment of the United States Constitution, and of an impartial tribunal guaranteed by the Fourteenth Amendment of the United State Constitution[.]" *Id.*, pp. 8–9, ¶ 4. Guillard appears to allege that Professor Scofield and her attorneys conspired by suing Guillard for defamation and then responding to press inquiries about the lawsuit. Guillard fails to allege which actions any individual took in the formation and execution of this alleged conspiracy. She instead offers mostly conclusory allegations that Professor Scofield and her attorneys Wendy Olson, Elijah Watkins, and Cory Carone conspired to harm her.[2] That is what is known as group pleading or shotgun pleading: "the concept of listing a group of people as defendants and generically claiming they violated [Guillard's] rights." *Dana v. Tewalt*, No. 1:18-CV-00298-DCN, 2022 WL 3598311, at *5 (D. Idaho Aug. 23, 2022). That form of pleadings is deficient for any type of claim, but it is

---

[2] *E.g.*, ECF 20, ¶¶ 2, 4, 42–43, 47, 60, 62–63, 89, 96, 98, 107, 113, 109, 118, 167–169, 205.

Memorandum in Support of Motion to Dismiss Counterclaims [Dkt. 20] - 5

particularly deficient for a claim of conspiracy that requires specificity. *Id.*; *see also Taylor v. Babcock*, No. 90-35632, 1992 WL 60464, at *1 (9th Cir. Mar. 30, 1992) ("Vague and conclusory allegations of participation in civil rights violations are not sufficient to withstand a motion to dismiss.") (citation omitted). Guillard's counterclaims should thus all be dismissed.

    **2.**    **Guillard's defamation claims (counterclaims 1 and 2) fail because 28 U.S.C. § 4101 does not apply and filing a lawsuit cannot give rise to a defamation claim.**

Guillard alleges defamation under 28 U.S.C § 4101. Section 4101 is the definition section of a statute on recognition of foreign defamation judgments. It plainly does not apply here.

Even if Guillard had alleged a state-law defamation claim, her claims fail legally. Professor Scofield's complaint and the statements made in the complaint are part of a judicial proceeding. They are privileged and do not give rise to a defamation claim. *Berian v. Berberian*, 168 Idaho 394, 483 P.3d 937, 946 (2020) ("Idaho has long recognized that defamatory statements made in the course of a judicial proceeding are absolutely privileged, even if made with malicious intent or knowledge of their falsity."); *Dickinson Frozen Foods, Inc. v. J.R. Simplot Co.*, 164 Idaho 669, 678, 434 P.3d 1275, 1284 (2019), *as amended* (Apr. 22, 2019) ("We have also stated that the term judicial proceeding is not restricted to trials, but includes every proceeding of a judicial nature before a court or official clothed with judicial or quasi judicial power." (cleaned up)). As to the media's coverage of the lawsuit, Professor Scofield is not responsible for statements made by the press. She likewise cannot be held liable for statements that Wendy Olson made in response to press inquiries that Ms. Olson received.[3]

The Court should thus dismiss counterclaims 1 and 2.

---

[3] This motion is filed only on behalf of Professor Scofield. Her attorneys, Wendy Olson, Elijah Watkins, and Cory Carone, are not parties to this lawsuit, and thus Guillard's putative counterclaims against them are improper and inoperative. *See* Fed. R. Civ. P. 13.

Memorandum in Support of Motion to Dismiss Counterclaims [Dkt. 20] - 6

### 3.  Guillard's 42 U.S.C. § 1985(2) claims (counterclaims 3 and 8) fail for many reasons.

Guillard next alleges claims under 42 U.S.C. § 1985(2), asserting that Professor Scofield has conspired with her attorneys to interfere with Guillard's right to due process and freedom of speech by suing Guillard for defamation in what she believes is the wrong venue. Section 1985(2) is a federal civil rights statute that prohibits "conspiracies to obstruct justice by intimidating a juror, party, or witness." 15 Am. Jur. 2d Civil Rights § 176. Guillard's claims fail for many reasons, each of which requires dismissal of these claims.

First, Guillard's 42 U.S.C. § 1985(2) claims fail because she does not plausibly allege a race-based motive for Professor Scofield's lawsuit against Guillard, which is required for claims alleging interference in state court proceedings—here the prosecution of Mr. Kohberger. 15 Am. Jur. 2d Civil Rights § 176 (Claims of "conspiracies to obstruct justice in state courts require[] a showing that the conspiracy was motivated by a racial or otherwise class-based discriminatory animus[.]"); *see also Jones v. Norton*, 809 F.3d 564, 578–79 (10th Cir. 2015) (recognizing that an action under 42 U.S.C. § 1985(2) requires "a showing of some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." (cleaned up)); *Limehouse v. Delaware*, 144 F. App'x 921, 923 (3d Cir. 2005) ("With respect to the § 1985(2) and (3) conspiracy claims, we find no evidence sufficient to raise an inference of a race-based motive for the defendants' alleged actions under § 1985(2) or (3), and thus [plaintiff] failed to state a claim upon which relief can be granted."). Because Guillard has failed to allege that Professor Scofield had a race-based motive to sue Guillard to interfere with Mr. Kohberger's case, Guillard's claims fail.

Second, Guillard cannot allege a conspiracy based on Professor Scofield's interactions with her attorney nor has she alleged such a conspiracy with specificity. A claim under 42 U.S.C

§ 1985(2) arises "if two or more persons conspire" to obstruct justice. "[A]s long as an attorney's conduct falls within the scope of the representation of his client, such conduct is immune from an allegation of a § 1985 conspiracy." *Farese v. Scherer*, 342 F.3d 1223, 1232 (11th Cir. 2003). Here, Guillard alleges a conspiracy because Professor Scofield, in conjunction with her attorneys, sued Guillard for defamation and because Professor Scofield's attorney, Wendy Olson, responded to press inquiries about the lawsuit. Because filing a complaint and responding to press inquiries about the complaint fall within the scope of Professor Scofield's attorneys' representation of her, Guillard has failed to allege a conspiracy that is actionable under 42 U.S.C § 1985(2). Further, as described previously, Guillard has failed to allege sufficient details of the conspiracy to meet the specificity requirements.

Third, Guillard is not a party to Mr. Kohberger's case. Mr. Kohberger's case is between him and the State of Idaho. She is also not a witness. "For the purpose of the statute, the word 'witnesses' means not only persons who have actually taken the witness stand in court, or who are under subpoena, but also to persons whom a party to litigation intends to call as witnesses." 15 Am. Jur. 2d Civil Rights § 176. Guillard does not allege that she has been or will be called as a witness at Mr. Kohberger's case. Because she is neither a party nor a witness to the case that Professor Scofield is allegedly interfering with by suing Guillard for defamation, Guillard has failed to state a claim.

Fourth, Guillard has not alleged the right type of harm. 42 U.S.C. § 1985(2) prohibits actions that impede "the due course of justice" in a state proceeding or to injure the plaintiff's "property" for attempting to enforce the right of a person to the equal protection of the laws. Guillard alleges harms to her freedom of speech and due process rights. The former has nothing to do with the "due course of justice." To the extent the latter does, the alleged interference is that in

Guillard's view this action was brought in the wrong venue or that the jury pool in this action will be biased against Guillard. Neither has any effect on Mr. Kohberger's case. And Guillard has potential remedies—a motion to change venue, probing voir dire, a delay of trial, etc.—which she has either opted not to pursue or could try to pursue in the future. Sitting on potential remedies does not give rise to a cause of action under 42 U.S.C § 1985(2). Finally, to the extent that Guillard alleges property damage, she does not allege that Professor Scofield sued Guillard for defamation to interfere with Mr. Kohberger's right to "the equal protection of the laws," 42 U.S.C § 1985(2).

The Court should dismiss counterclaims 3 and 8.

4.  **Guillard's 42 U.S.C. § 1986 claims (counterclaims 4 and 9) fail because she has not alleged actionable conduct under 42 U.S.C. § 1985.**

Guillard next alleges claims under 42 U.S.C § 1986. Section 1986 creates a cause of action for neglecting or refusing to prevent an actionable conspiracy under 42 U.S.C § 1985. To bring a claim under 42 U.S.C § 1986, "[i]t is necessary . . . to show that an actionable claim existed under" 42 U.S.C § 1985. 15 Am. Jur. 2d Civil Rights § 183. For the reasons provided, Guillard has failed to state a claim under 42 U.S.C § 1985. She thus has also failed to state a claim under 42 U.S.C § 1985.

The Court should dismiss counterclaims 4 and 9.

5.  **Guillard's 42 U.S.C. § 1983 claim (counterclaim 5) fails because she has not alleged any state action.**

Guillard next alleges a claim under 42 U.S.C. § 1983. Section 1983 is the civil rights statute that allows citizens to recover for deprivation of their rights under the color of state law. "Section 1983 actions can be asserted only against state actors, or, in very particular circumstances, against private actors acting under color of law." *Scott v. Thompson*, No. 1:20-CV-00346-BLW, 2020 WL 6047754, at *2 (D. Idaho Oct. 13, 2020). Professor Scofield is a private citizen acting in a private capacity to sue Guillard for defamation. Guillard's § 1983 claim thus fails.

The Court should dismiss counterclaim 5.

**6.     Guillard's malicious prosecution claims (counterclaims 6 and 7) fail because Professor Scofield's defamation action against Guillard has not been terminated in Guillard's favor.**

Guillard next alleges claims for malicious prosecution. An action for malicious prosecution "requires proof of the following requisites: (1) that there was a prosecution, (2) that it terminated in favor of plaintiff, (3) that the defendant was the prosecutor, (4) that the defendant was actuated by malice, (5) that there was want of probable cause, and (6) that damages were sustained." *Howard v. Felton*, 85 Idaho 286, 379 P.2d 414, 416 (1963). Professor Scofield's defamation claims against Guillard have not been terminated in Guillard's favor. Guillard's malicious prosecution claims thus fail.

The Court should dismiss counterclaims 6 and 7.

**7.     Guillard's intentional infliction of emotional distress claims (counterclaims 10 and 11) fail because filing a defamation action is not extreme or outrageous.**

Guillard's final claims are for intentional infliction of emotional distress. "[F]our elements are necessary to establish a claim of intentional infliction of emotional distress: (1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe." *Est. of Becker v. Callahan*, 140 Idaho 522, 527, 96 P.3d 623, 628 (2004) (citation omitted). Suing somebody for defamation is not "extreme and outrageous." It is a quite common way to assert one's rights to defend their reputation. "Where the defendant has done no more than to insist upon his rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress, liability for intentional infliction of emotional distress does not lie." *Edmondson v. Shearer Lumber Prods.*, 139 Idaho 172, 180, 75 P.3d 733, 741 (2003). Guillard's intentional infliction of emotional distress claims thus fail.

The Court should dismiss counterclaims 10 and 11.

**B.     The Court should exercise its inherent power to award Professor Scofield her attorney's fees.**

Guillard's conduct throughout this case shows a clear desire to delay the proceedings, to ignore reasonable requests from Professor Scofield's attorneys to cease and desist defaming Professor Scofield, and to increase the litigation costs for Professor Scofield. The Court has the inherent power to correct such bad faith misconduct. *Mark Indus., Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 732 (9th Cir. 1995) ("The district court had discretion to discipline Bertram pursuant to its inherent powers for willful abuse of the judicial process or bad faith conduct.").

As the Court is aware, Guillard found time to post numerous posts about this lawsuit online yet could not find the time to file timely responsive pleadings. ECF 9, pp. 3–5. Then when the Court showed leniency to Guillard by giving her a second chance to participate in the litigation, she responded by filing 11 frivolous counterclaims and making spurious accusations about Professor Scofield and her attorneys. As a result of Guillard's conduct, this litigation has been pending for almost six months and discovery has not even begun. Moreover, Professor Scofield has incurred significant legal fees on the mere preliminary stages of litigation in a case where the defendant's only defense is that "spiritual research" led her to post sensationalist and defamatory content online. Professor Scofield's annual salary is under $90,000 a year, ECF 10-2, ¶ 2, and at the current pace she will need to choose between letting Guillard continue to shamelessly defame her online or put her family in financial jeopardy to vindicate her reputation. In the interest of justice, Professor Scofield urges the Court to exercise its inherent power to send a clear message to Guillard for the rest of this litigation and award Professor Scofield her attorney's fees spent combatting these frivolous counterclaims and attempting to hold Guillard accountable for not complying with the Court's deadlines.

## V.  CONCLUSION

Professor Scofield requests that the Court dismiss with prejudice all of Guillard's counterclaims and award Professor Scofield her attorney's fees.

DATED:  June 6, 2023.

                                                  STOEL RIVES LLP

                                                  /s/ Wendy J. Olson
                                                  Wendy J. Olson
                                                  Elijah M. Watkins
                                                  Cory M. Carone

                                                  Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2023, I served a copy of the foregoing via CM/ECF on the Registered Participant as follows:

    Ashley Guillard
    msashleyjt@gmail.com

                                             /s/ Wendy J. Olson
                                             Wendy J. Olson