Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Elijah M. Watkins, ISB No. 8977
*elijah.watkins@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>                    Plaintiff,<br><br>       v.<br><br>ASHLEY GUILLARD,<br><br>                    Defendant. | Case No. 3:22-cv-00521-REP<br><br>**Motion to Quash Summonses for Wendy J. Olson, Elijah M. Watkins, and Cory M. Carone** |

## I.  INTRODUCTION

Defendant Ashley Guillard ("Guillard") has received a second chance to participate in this litigation after defaulting, and she has abused that opportunity by filing frivolous counterclaims not only against Plaintiff Rebecca Scofield ("Scofield" or "Professor Scofield"), ECF 22, but also against Professor Scofield's attorneys, Wendy J. Olson ("Olson"), Elijah M. Watkins ("Watkins"), and Cory M. Carone ("Carone"), for "[c]ollectively . . . conspir[ing] to deprive Ashley Guillard of her rights" by suing her for defamation, ECF 20, p. 8, ¶ 4. The "counterclaims" brought against non-parties Olson, Watkins, and Carone are procedurally deficient and brought for no other purpose than to delay the matter and harass the non-parties. Plaintiff brings this motion to dismiss the counterclaims against these non-parties and quash the summonses issued against them.

## II.  BACKGROUND

In November 2022, four students at the University of Idaho were murdered at a home near the campus. ECF 1, ¶ 5. As she has done since 2021 with other crimes, Guillard devised a scheme to leverage the tragedy in Moscow for her personal gain: using her "spiritual acuity" to post sensationalist content online to attract clicks and make money. ECF 20, p. 13, ¶ 32. The false story that she has posted repeatedly is that Plaintiff Scofield, a professor at the University of Idaho, had a same-sex affair with one of the victims and then ordered the murders to cover up the affair. ECF 1, ¶¶ 15–26. Guillard herself admits to posting "over one hundred TikTok videos" related to her "findings" about Professor Scofield. ECF 20, p. 14, ¶ 38.

After failed attempts to resolve the conflict outside of court, Professor Scofield sued Guillard for defamation. ECF 1. Instead of timely responding to Professor Scofield's claims, Guillard prolifically posted new videos and blog posts defaming Professor Scofield and accusing law enforcement of corruption for arresting and prosecuting Bryan C. Kohberger for the crimes. ECF 9, pp. 3–5. To end the spectacle, and to hold Guillard accountable for disregarding the Court's

deadlines, Professor Scofield requested a default judgment. ECFs 9, 10. The Court exercised its discretion to give Guillard, a pro se litigant who promised this Court she would be timely and responsive, a second chance. ECF 19.

Guillard has used her second chance to file frivolous counterclaims not only against Plaintiff Rebecca Scofield, ECF 22, but also against Professor Scofield's attorneys, Olson, Watkins, and Carone, for "[c]ollectively . . . conspir[ing] to deprive Ashley Guillard of her rights" by suing her for defamation, ECF 20, p. 8, ¶ 4. On June 8, 2023, the clerk of court issued summons for Olson, Watkins, and Carone, ECFs 24, 24-1, 24-2, but they have not yet been served.  Guillard's inappropriate attempt to join Olson, Watkins, and Carone as parties to this action is a violation of the Federal Rules of Civil Procedure. Professor Scofield now seeks to quash the summonses issued against these non-parties.

## III.  ARGUMENT

**A.  The Court should dismiss Guillard's counterclaims and quash the summonses issued against Olson, Watkins, and Carone because they are not proper parties to the action.**

Guillard's counterclaims against Olson, Watkins, and Carone are unfounded attempts to harass Professor Scofield and her counsel and to delay the proceedings of this case. These counterclaims were not brought in compliance with the Federal Rules of Civil Procedure as Professor Scofield's attorneys are not parties. Because the "counterclaims" against counsel are procedurally deficient, these counterclaims should be dismissed, and the summonses issued quashed.

**1.  Guillard's counterclaims fail because Olson, Watkins, and Carone are not opposing parties within the meaning of Fed. R. Civ. P. 13(a) or (b).**

Guillard's counterclaims cannot be brought against Olson, Watkins, and Carone under Fed. R. Civ. P. 13(a) or (b) because they are not opposing parties. Rule 13(a) and (b) outline the general

requirements for counterclaims. It is a fundamental requirement under these sections that the counterclaims be brought against "an opposing party." Fed. R. Civ. P. 13(a), (b). This action is a defamation suit brought by Scofield against Guillard. Olson, Watkins, and Carone are not parties to the suit, and thus the counterclaims brought by Guillard against them are improper under the rules.

### 2. Guillard's counterclaims fail under Fed. R. Civ. P. 14 because Olson, Watkins, and Carone are not liable to Guillard for the claims brought against her.

Guillard has not met the requirements of Fed. R. Civ. P. 14 for third-party practice. Rule 14 allows for a defending party to serve a summons on a nonparty only when the nonparty "is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). It is not enough that the third-party claim may have arisen from the same transaction or set of facts as the original claim. *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988). Finally, the deadline for a defending party to add third parties under Rule 14 without court order is 14 days after service of the original answer.

Olson, Watkins, and Carone are not liable for any of the claim against Guillard. The claim against Guillard is that she defamed Professor Scofield by posting false and defamatory videos about Professor Scofield. Guillard alone is responsible for that conduct, and Professor Scofield hired counsel and filed her complaint only after Guillard initially acted and then refused to stop. Guillard's counterclaims do not seek to direct liability for the defamation claim asserted by Scofield against her. Instead, Guillard's counterclaims are entirely separate claims against third parties. In addition, Guillard filed her answer on May 16, 2023. Thus, the deadline for Guillard to add third parties without court order was May 30, 2023. Therefore, Guillard cannot maintain her counterclaims against Olson, Watkins, and Carone based on Rule 14.

3.     **Guillard's frivolous and harassing counterclaims fail because she cannot unilaterally join non-parties to the action.**

Guillard improperly named Olson, Watkins, and Carone as counterclaim defendants for multiple reasons. First, as set out in Fed. R. Civ. P. 13(h), adding a person to a counterclaim is governed by Rules 19 and 20. Second, the addition of parties upon counterclaim is up to the discretion of the court. It cannot be decided unilaterally by the defending party. Third, Guillard's joining of Professor Scofield's attorneys to the counterclaims is harassment and frivolous conduct.

Federal Rules of Civil Procedure 19 and 20 contain specific requirements for the joinder of additional parties. Considering these requirements, the Ninth Circuit has adopted a stringent test for district courts to apply in determining whether to allow a third party to be joined by counterclaim. *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). As a threshold matter, joinder of new parties requires that (1) a right to relief must be asserted against each new party relating to or arising out of the same transaction or occurrence as the original claim; and (2) a common question of law or fact between all parties must arise. *Id.* Additionally, the trial court must consider the prejudice that may result to any of the parties, the delay of the moving party in adding the new parties, the moving party's motive, the relationship between the original and new parties, the new parties' effect on the court's jurisdiction, and the fundamental fairness in adding the new parties. *Id.*

Given the strict requirements for joinder of new parties, multiple district courts have held that it is the general practice to obtain leave of court to join an additional party to a counterclaim. *Mountain States Sports, Inc. v. Sharman*, 353 F. Supp. 613, 618 (D. Utah 1972), *aff'd sub nom. Eckles v. Sharman*, 548 F.2d 905 (10th Cir. 1977); *Golden Valley Nutrition, LLC v. ImmunoNutrient Labarotories, Inc.*, No. 2:18-CV-235, 2018 WL 7341677, at *3 n.8 (E.D. Va.

Sept. 28, 2018); *See Bonumose Biochem LLC v. Zhang*, No. 3:17-CV-00033, 2018 WL 3733651, at *10 (W.D. Va. Aug. 6, 2018).

The court plays an essential gatekeeping function in determining whether non-parties should be added to a counterclaim. *Desert Empire Bank*, 623 F.2d at 1375; *Golden Valley Nutrition, LLC*, 2018 WL 7341677, at *3. Whether to allow non-parties to be joined to a counterclaim either with or without leave of the court is therefore left to the discretion of the court. *Casados v. Drury*, No. CIV. 13-00283 LEK, 2014 WL 2968179, at *4 n.8 (D. Haw. June 30, 2014). Even where a party does not seek leave of court to add a party to a counterclaim, the court must still decide whether the party should be added, not the unilateral pleading of the parties. *See Ignite Spirits, Inc. v. Consulting by AR, LLC*, No. 2:21-cv-01590-JCM-EJY, 2022 WL 993985, at *7 (D. Nev. Jan. 24, 2022) (holding that the court will still decide the propriety of adding non-parties under Rule 13(h), even absent parties' contention).

Guillard has provided no basis for this Court to exercise its discretion to allow Guillard to add Olson, Watkins, and Carone as parties to her counterclaim. She has not sought leave of the Court, and for the reasons set forth in Professor Scofield's motion to dismiss filed June 6, 2023 (ECF Nos. 22, 22-1), the frivolous assertions in her counterclaim make clear that it is improper, serves only to increase litigation costs, and is filed for purposes of harassment.  Guillard says her "spiritual research . . . intuitively led to the University of Idaho History Department," she then "spiritually inquired into each person listed on the History Department's webpage," and her "insight for Rebecca Scofield revealed that she was in a relationship with Kaylee Goncalves that broke up and that she initiated the murders, planned the murders, and hired help to carry the plan out." *Id.* at ¶¶ 34–36. Based on these preposterous allegations, and still no actual facts, Guillard seeks to sue Professor Scofield and her attorneys primarily under civil rights statutes for conspiring

"to silence Ashley Guillard to evade suspicion, obstruct justice, and to avoid criminal investigation." *Id.* at p. 14, ¶ 39. Rather than allow Guillard to drive up litigation expenses and use this Court as a platform to continue her spectacle, the Court should dismiss Guillard's counterclaims against non-parties Olson, Watkins, and Carone and quash the issued summonses.

## IV. CONCLUSION

For the foregoing reasons, Professor Scofield respectfully requests that the Court dismiss all of Guillard's counterclaims against Olson, Watkins, and Carone and quash the issued summonses.

DATED: June 13, 2023.

STOEL RIVES LLP

 /s/ Wendy J. Olson
Wendy J. Olson
Elijah M. Watkins
Cory M. Carone

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2023, I served a copy of the foregoing via CM/ECF on the

Registered Participant as follows:

Ashley Guillard
msashleyjt@gmail.com

/s/ Wendy J. Olson
Wendy J. Olson