UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Rebecca Scofield<br><br>      Plaintiff,<br><br>v.<br><br>Ashley Guillard<br><br>      Defendant. | Case No.  3:22-cv-00521-REP<br><br>**PLAINTIFF'S PROPOSED**<br><br>**DISCOVERY PLAN** |

The parties have been unable to reach an agreement on the Discovery Plan in part because Defendant Ashley Guillard insists that Plaintiff Rebecca Scofield must agree to waive the protections of the attorney-client privilege, waive the protections of the work product doctrine, and take responsibility for documents in the possession, custody, or control of non-party the University of Idaho. Plaintiff Rebecca Scofield does not agree to those demands, so she submits the below proposed Discovery Plan for the Court's consideration.

I. <u>Preservation</u>

    a. **<u>Preservation & Proportionality:</u>**  The parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

    b. **<u>Electronically Stored Information (ESI):</u>** With regard to ESI, the parties agree that:

i. **Date Range:**  Only ESI created or received between June 1, 2021 and the present will be preserved;

ii. **Scope of Preservation:**  The parties agree to:

   1. Preserve the Following Types of ESI

       a. All social media or other online content including without limitation TikTok videos, YouTube videos, and blog posts

       b. Instant messages

       c. Email communications

       d. Text messages

       e. Word documents

   2. From the Following Custodians or Job Titles:

       a. Rebecca Scofield

       b. Ashley Guillard

   3. From the Following Systems, Servers, or Databases

       a. All devices, systems, servers, or databases used by and under the control of Rebecca Scofield or Ashley Guillard

iii. **Preserved But Not Searched:**  These data sources are not reasonably accessible because of undue burden or cost pursuant to Rule 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced:

    1. None

  iv. **Not Preserved:**  Among the sources of data the parties agree are not reasonably accessible pursuant to Rule 26(b)(2)(B), and shall not be preserved, are the following:

    1. None

  v. **ESI Retention Protocols:**  The parties agree that there are no document and ESI retention/destruction protocols of that need to be modified.

  vi. **Cost Sharing:**

    ☒ The parties agree to bear their own costs for preservation of e-discovery

## II. Initial Disclosures

a. The parties agree to modify the deadlines in Rule 26(a) to allow initial disclosures to be provided on the dates below. All other provisions of Rule 26(a) shall remain in effect.

- Plaintiff: June 30, 2023
- Defendant: June 30, 2023

## III. Scope of Discovery

a. **Scope:**  Discovery is necessary on the following subjects/issues:

- For Plaintiff:

1. Defendant's false statements about Plaintiff's relationship with Kaylee Goncalves and involvement with the murders at the University of Idaho in November 2022;

2. The falsity of Defendant's statements;

3. Defendant's awareness of the falsity of her statements;

4. The damages Plaintiff incurred because of Defendant's false statements.

- For Defense:

    5. _____;

    6. _____;

    7. _____;

    8. _____;

    9. _____.

## IV.   Discovery Boundaries

a. **Limits:**  The parties agree to limit the number of discovery tools as follows:

☒Depositions:            As set in the FRCP

☒Interrogatories:        As set in the FRCP

☒Requests for Production:   As set in the FRCP

V. <u>ESI</u>

    a. **<u>Checklist:</u>**  The Court has attached the "Checklist" for ESI Discovery prepared by the Federal District Court for the Northern District of California to assist counsel in their meet-and-confer session. Counsel should refer also to Dist. Idaho L. Rule 16.1(b).

    b. **<u>Proportionality</u>**:  Although not a hard and fast rule, a party from whom ESI has been requested in the typical case will not be expected to search for responsive ESI:

- from more than 15 key custodians;
- that was created more than 5 years before the filing of the lawsuit;
- from sources that are not reasonably accessible without undue burden or cost; or
- for more than 160 hours, inclusive of time spent identifying potentially responsive ESI, collecting that ESI, searching that ESI, and reviewing that ESI for responsiveness, confidentiality, and for privilege or work product protection.  The producing party must be able to demonstrate that the search was effectively designed and efficiently conducted.

    c. **<u>ESI File Format:</u>**  The parties agree to produce documents in the following file format[s] *[check any that apply]*:

        ☒PDF;

   ☒TIFF;

   ☒Native; and/or

   ☐Paper.

 d. **ESI Production Format:** The parties agree that documents will be produced *[check any that apply]*:

   ☒with logical document breaks;

   ☒as searchable;

   ☒with load fields enabling review in common litigation databases such as Summation and Concordance;

   ☒with metadata, and, if so, in the following fields: author, recipients, file name, regarding/subject line, date created, and date edited/modified.

 e. **ESI Search Methodology**: The parties have agreed to use the following search methodology:

   ☐Predictive coding (or technology assisted review);

   ☒ Keyword search;

   ☐Other: _____.

## VI. Deadlines

 a. The deadline for the completion of fact discovery is: December 15, 2023.

b.  The deadline for completion of expert witness discovery is: January 5, 2024.

## VII. Documents Protected From Discovery

a.  **Clawback:**  Pursuant to Fed. R. Evid. 502(d), the parties must request the Court to enter an Order that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding. The Court will enter such an order in its CMO unless the parties object or otherwise request that no such order be issued during the telephone scheduling conference.

b.  **Quick Peek:**  The parties

☒ agree that a "quick peek" process pursuant to Fed.R.Civ.P. 26(b)(5) is not necessary in this case.

c.  **Post-Complaint Communications:**  Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

## VIII. Protective Order

a.  The parties do not anticipate needing a protective order, but they have agreed to submit a Protective Order for the Court's approval to protect personal information if necessary.

b. b. The parties understand that, even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain Court approval that the sealing meets the Ninth Circuit standards for sealing. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).