UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Rebecca Scofield<br><br>    Plaintiff,<br><br>v.<br><br>Ashley Guillard<br><br>    Defendant. | Case No.  3:22-cv-00521-REP<br><br>**DEFENDANT/**<br><br>**COUNTERCLAIMAINTS**<br><br>**DISCOVERY PLAN** |
| Ashley Guillard,<br><br>    Counterclaimant,<br><br>v.<br><br>Rebecca Scofield, Wendy J. Olson,<br>Elijah M. Watkins, Cory M. Carone<br><br>    Counter Defendants. | |

      The parties have been unable to reach an agreement on the Discovery Plan partly because Attorney Wendy Olson, speaking on behalf of herself, Attorney Cory Carone and Attorney Elijah Watkins, refused to be listed on the document as Counter Defendants; and refused to allow discovery topics related to the counter complaints against them. In her Countercomplaint (Docket 20) Ashley Guillard alleged that the attorney's violated Rule 11(b) of the Federal Rules of Civil Procedure (FRCP) by filing the frivolous claims against her without reasonable inquiries or regard into the truth or falsity of the allegations, and without reasonable inquiry that it didn't violate Rule 11 of the FRCP.

Discovery Plan Defendant & Counterclaimant Ashley Guillard

-1-

The attorneys did not exercise due diligence which led to the need for the multiple claims in Ashley Guillard's Counter Complaint (Docket 20). The attorneys continuously attempted to avoid accountability for their defamatory and perjurious actions against Ashley Guillard and for their lack of due diligence. This is exemplified by them refusing to waive service of the summons to Cory Carone, Elijah Watkins and Wendy Olson, filing a Motion to Quash the summons' (Docket 25) and refusing to add their names to the Discovery Plan as Counter Defendants after being served on 6/9/2023 (Docket 26-28). Due to the attorney's behavior Ashley Guillard proposes the Discovery Plan for the Court's consideration.

## I. Preservation

a. **Preservation & Proportionality:** The parties have applied the proportionality standard in Rule 26(b)(1) to determine what information should be preserved and what information should not be preserved.

b. **Electronically Stored Information (ESI):** With regard to ESI, the parties agree that:

   i. **Date Range:** Only ESI created or received between June 1, 2021, and the present will be preserved;

   ii. **Scope of Preservation:** The parties agree to:

      1. Preserve the Following Types of ESI

      a. All social media or other online content including without limitation TikTok videos, YouTube videos, and blog posts

      b. Instant messages

      c. Email communications

      d. Text messages

      e. Word documents

      f. Books

      g. Any creative products to include manuscripts, notes and drafts

2. From the Following Custodians or Job Titles:

      a. Rebecca Scofield

      b. Ashley Guillard

3. From the Following Systems, Servers, or Databases

      a. All devices, systems, servers, or databases used by and under the control of Rebecca Scofield or Ashley Guillard (to include University of Idaho devices, systems, servers, databases, and literary arts/creative arts devices in Rebecca Scofield's use and control)

   iii. **<u>Preserved But Not Searched:</u>** These data sources are not reasonably accessible because of undue burden or cost pursuant to

    Rule 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced:

    1. None

  iv. **Not Preserved:**  Among the sources of data the parties agree are not reasonably accessible pursuant to Rule 26(b)(2)(B), and shall not be preserved, are the following:

    1. None

  v. **ESI Retention Protocols:**  The parties agree that there are no document and ESI retention/destruction protocols of that need to be modified.

  vi. **Cost Sharing:**

    ☒ The parties agree to bear their own costs for preservation of e-discovery

    ☒ Respondents are responsible for discovery costs.

## II. Initial Disclosures

 a. The parties agree to modify the deadlines in Rule 26(a) to allow initial disclosures to be provided on the dates below. All other provisions of Rule 26(a) shall remain in effect.

- Plaintiff: June 30, 2023
- Defendant: June 30, 2023

## III. Scope of Discovery

Discovery Plan Defendant & Counterclaimant Ashley Guillard

-4-

a. **Scope:**  Discovery is necessary on the following subjects/issues:

- For Plaintiff:

    1. Defendant's false statements about Plaintiff's relationship with Kaylee Goncalves and involvement with the murders at the University of Idaho in November 2022;

    2. The falsity of Defendant's statements;

    3. Defendant's awareness of the falsity of her statements;

    4. The damages Plaintiff incurred because of Defendant's false statements.

- For Defense and Counterclaims:

    5. The substantial truth of Ashley Guillard's statements about Rebecca Scofield's role in the murders;

    6. The substantial truth of Ashley Guillard's statements about Rebecca Scofield's relationship with Kaylee Goncalves;

    7. Attorney Cory Carone, Attorney Elijah Watkins and Attorney Wendy Olson's lack of due diligence before filing the civil complaint and failure to abide by Rule 11;

    8. The full details of the press release that defamed Ashley Guillard, and all involved: who, what, when, where, why, and any payments related to it;

    9. All communication tools used by Rebecca Scofield personally and professionally to write and communicate with co-

conspirators and collaborators in the creative arts, manuscript and book writing process (to resolve the issue of her involvement in the planning of the murder of the Four University of Idaho Victims);

10. All social media accounts created by Rebecca Scofield and her I.P. address on TikTok and Facebook (to establish her connection to the creation of accounts on social media to continuously harass Ashley Guillard);

11. All communication and financial accounts Rebecca Scofield use at the University of Idaho: to establish a communicative and financial connection to the Four University of Idaho Students;

12. Rebecca Scofield personal and business financial records to establish a financial connection to the Four University of Idaho Victims and co-conspirators, and to establish payments to co-conspirators to harass Ashley Guillard;

13. Rebecca Scofield's cell phone, tablet, computer, electronic device records to establish a connection to Kaylee Goncalves, and co-conspirators in the murder of the Four University of Idaho Students;

14. Communications, documents, emails, personal and business phone records, between Rebecca Scofield and Wendy Olson

pre and post filing of the lawsuit to establish a personal prior relationship between the two prior to the filing of the lawsuit Scofield v. Guillard 3:22-cv-00521-REP;

15. All work products between Rebecca Scofield and Stoel Rives LLP Attorney's Wendy Olson, Elijah Watkins, Cory Carone, Tracy Horan, and assistants to establish the lack of due diligence and adherence to FRCP Rule 11 before the filing the frivolous claims against Ashley Guillard;

16. Travel documents, arrangements, modes of transportation, rental cars, hotels and lodging for Rebecca Scofield and immediate family members for the months of October and November 2022 to establish the substantial truth of Ashley Guillard's statements regarding Rebecca Scofield's role in the murder of the Four University of Idaho Victims;

17. Travel documents, arrangements, modes of transportation, hotels and lodging for Rebecca Scofield for the past two years to establish a connection to Kaylee Goncalves and friends;

18. Rebecca Scofield's alibi for the day prior to, the day of, the night of and the next day following the murder of the Four University of Idaho Victims.

## IV. Discovery Boundaries

   a. **Limits:**  The parties agree to limit the number of discovery tools as follows: No limits:

      ☐ Depositions:        As set in the FRCP

      ☐ Interrogatories:     As set in the FRCP

      ☒ Requests for Production:   As set in the FRCP

      ☒ Admissions:       As set in the FRCP

      ☒ Examinations of persons: As set in the FRCP

      ☒ Subpoenas duces tecum:  As set in the FRCP

## V. ESI

   a. **Checklist:**  The Court has attached the "Checklist" for ESI Discovery prepared by the Federal District Court for the Northern District of California to assist counsel in their meet-and-confer session. Counsel should refer also to Dist. Idaho L. Rule 16.1(b).

   b. **Proportionality**:  Although not a hard and fast rule, a party from whom ESI has been requested in the typical case will not be expected to search for responsive ESI:

- from more than 15 key custodians;
- that was created more than 5 years before the filing of the lawsuit;
- from sources that are not reasonably accessible without undue burden or cost; or

- for more than 300 hours, inclusive of time spent identifying potentially responsive ESI, collecting that ESI, searching that ESI, and reviewing that ESI for responsiveness, and confidentiality. The producing party must be able to demonstrate that the search was effectively designed and efficiently conducted.

c. **ESI File Format:**  The parties agree to produce documents in the following file format[s] *[check any that apply]*:

☒PDF;

☐TIFF;

☒Native; and/or

☐Paper.

d. **ESI Production Format:**  The parties agree that documents will be produced *[check any that apply]*:

☒with logical document breaks;

☒as searchable;

☒with load fields enabling review in common litigation databases such as Summation and Concordance;

☒with metadata, and, if so, in the following fields: author, recipients, file name, regarding/subject line, date created, and date edited/modified.

Discovery Plan Defendant & Counterclaimant Ashley Guillard

    e. **ESI Search Methodology**:  The parties have agreed to use the following search methodology:

        ☐ Predictive coding (or technology assisted review);

        ☒ Keyword search;

        ☐ Other: _____.

## VI. Deadlines

    a. The deadline for the completion of fact discovery is December 15, 2023.

    b. The deadline for completion of expert witness discovery is January 5, 2024.

## VII. Documents Protected From Discovery

    a. **Clawback:**  Pursuant to Fed. R. Evid. 502(d), the parties must request the Court to enter an Order that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding. The Court will enter such an order in its CMO unless the parties object or otherwise request that no such order be issued during the telephone scheduling conference.

    b. **Quick Peek:**  The parties

        ☒ agree that a "quick peek" process pursuant to Fed.R.Civ.P. 26(b)(5) is not necessary in this case.

    c. **<u>Post-Complaint Communications:</u>**  Communications involving trial counsel that post-date the filing of the complaint shall be placed on a privilege log. Communications may be identified on a privilege log individually, if appropriate.

## VIII. <u>Protective Order</u>

    a. The parties do not anticipate needing a protective order, but they have agreed to submit a Protective Order for the Court's approval to protect personal information if necessary.

    b. The parties understand that, even if they agree to seal material filed with the Court, they must still file a motion to seal and obtain Court approval that the sealing meets the Ninth Circuit standards for sealing. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).