UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

REBECCA SCOFIELD,

Plaintiff,

v.

ASHLEY GUILLARD,

Defendant.

ASHLEY GUILLARD,

Counterclaimant,

v.

REBECCA SCOFIELD, WENDY J. OLSON, ELIJAH M. WATKINS, CORY M. CARONE,

Counter Defendants.

Case No. 3:22-cv-00521-REP

**COUNTERCLAIMANT ASHLEY GUILLARD'S REPONSE TO COUNTER DEFENDANT REBECCA SCOFIELD'S MOTION TO DISMISS COUNTERCLAIMS (DKT. 22)**

**The Parties Filing This Motion**

Ashley Guillard
msashleyjt@gmail.com
3262 Westheimer Rd.
942
Houston, TX 77098
Telephone: 337.372.3181

Pro-Se

## I. INTRODUCTION

COMES NOW Counterclaimant Ashley Guillard in opposition to Counter Defendant Rebecca Scofield's Motion to Dismiss Counterclaims (Dkt. 22). Pursuant to Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986), cert. denied, 476 U.S. 1159 (1986) it is the standard that specifically, when deciding Federal Rule of Civil Procedure (FRCP) 12(b)(6) motions, the Court assumes all factual allegations contained in the complaint to be true, giving the claimant, to include counterclaimant Ashley Guillard, the full benefit of the doubt. Counterclaimant Ashley Guillard asserts that the statements she made in the factual allegations of the Countercomplaint are substantially true. Given the full benefit of the doubt the 11 counterclaims Ashley Guillard filed are merited, states claim for relief and are worthy of judication.

## II. BACKGROUND

Rebecca Scofield planned, initiated, ordered, and executed the murder of four University of Idaho Students who were killed in Moscow Idaho on November 13, 2022. Rebecca Scofield went undetected by the Moscow Police Department, Idaho State Police and FBI detectives who were assigned to the case. On November 24, 2022, Ashley Guillard used her psychic abilities, spiritual acuity, and investigative skills to uncover the motive and details that led to the murder of the students. She posted her findings on social media and reported it to the FBI tip-line. To stop Ashley Guillard's information from being taken seriously and to silence her Rebecca Scofield and her attorneys Wendy J. Olson, Elijah M. Watkins, and Cory M. Carone filed a lawsuit against Ashley Guillard with two frivolous claims for defamation. Rebecca Scofield initiated the lawsuit with full knowledge that she was responsible for the death of the four students and with the intent to harass, embarrass, humiliate, and discredit Ashley Guillard and

her spiritual practice. Attorney Wendy Olson, Attorney Elijah Watkins and Attorney Cory Carone worked concertedly on the lawsuit Scofield v. Guillard. Together they failed to exercise reasonable due diligence to ensure the truth of the claims against Ashley Guillard before filing under oath that the claims are true. Instead, they conspired with Rebecca Scofield to discriminate against Ashley Guillard for her spiritual beliefs and practices. They also harassed, embarrassed, humiliated, and discredited Ashley Guillard; and attempted to defraud her out of millions of dollars; under the color of the law, attorney, and judicial immunity.

As a result of their tactical strategy to destroy Ashley Guillard to prevent Rebecca Scofield from suspicion and investigation of quadruple murder they collectively violated a multitude of Ashley Guillard's rights that resulted in at least 11 merited claims for relief.

## III. LEGAL STANDARD

The counterclaim defendants FRCP 12(b)(6) motion to dismiss does not meet the legal requirements. Their argument is that spirituality, mediumship, psychic abilities, and intuitive acuity are implausible; and that the Court should use common sense and dismiss the counterclaims. Their request for the Court to draw a "common sense" conclusion on the plausibility of spiritual practice is barred by the First Amendment of the United States Constitution. The First Amendment provides that Congress makes no law respecting an establishment of religion or prohibiting its free exercise.

## IV. ARGUMENT

Ashley Guillard argues that her claims are legally merited, pleaded with particularity, and meet the required legal intent and elements of each claim.

### A. COUNTERCLAIMS

Counterclaimant Ashley Guillard incorporates by reference Docket 20 in Scofield v. Guillard Case No. 3:22-cv-00521-REP, paragraphs 12-279 of the counterclaim.

**FIRST & SECOND COUNTERCLAIMS FOR RELIEF: DEFAMATION**

Counterclaimant Ashley Guillard alleges that Counter Defendants Rebecca Scofield and Attorney Wendy Olson, defamed her by publishing false statements of fact about her in the news media. Counterclaimant Ashley Guillard alleges that Counter Defendants Rebecca Scofield, Attorney Wendy J. Olson, Attorney Elijah M. Watkins, and Attorney Cory M. Carone defamed her by publishing false statements of fact about her in the frivolous lawsuit Scofield v. Guillard Case No. 3:22-cv-00521-REP under oath. Counter defendants reject Guillard's defamation claims because "28 U.S.C. § 4101 does not apply and filing a lawsuit cannot give rise to a defamation claim". For the reasons above and below, Ashley Guillard disagrees.

**Argument Against Legal Deficiency**

Pursuant to Carver v. Ketchum, 53 Idaho 595, 26 P.2d 139; Klam v. Koppel, 63 Idaho 171, 118 P.2d 729; and Adair v. Freeman, 92 Idaho 773, 451 P.2d 519 the general elements of defamation are that "the claimant must prove that the defendant communicated information concerning the claimant to others; and the information impugned the honesty, integrity, virtue or reputation of the claimant or exposed the claimant to public hatred, contempt or ridicule; and the information was false; and the defendant knew it was false, or reasonably should have known that it was false; and the claimant suffered actual injury because of the defamation; and the amount of damages the claimant suffered."

**The Counter Defendants Communicated Information Concerning Ashley Guillard to Others**

It is a fact that is backed by evidence that Rebecca Scofield and Attorney Wendy Olson issued a multi-national press release to news organizations that reach billions of people world-wide; and published or caused to be published false statements of fact about Ashley Guillard. Attorney Wendy Olson has been quoted stating that Ashley Guillard revictimized the families of the slain students, that Ashley Guillard damaged Rebecca Scofield's reputation, that Ms. Guillard has continued to make false statements, knowing they are false, that Ashley Guillard used the horrific tragedy of the murder of the four University of Idaho students for personal gain; and more. Rebecca Scofield also made direct false statements about Ashley Guillard in her interview with the Spokesman Review claiming that Ashley Guillard made false statements about her that has no grounding in truth. The statements were taken as fact and massively disseminated.

**The Information Impugned the Honesty, Integrity, Virtue, and Reputation of The Counterclaimant; and Exposed her to Public Hatred, Contempt, Or Ridicule**

The false statements made about Ashley Guillard caused her spiritual practice, integrity, intuition, mental health, honesty, and virtue to be unfairly judged, ridiculed, and denounced. She received death threats on email and social media. She was continuously harassed online receiving thousands of negative comments.

**The Counter Defendant Knew It Was False, Or Reasonably Should Have Known That It Was False**

Rebecca Scofield intentionally made false allegations about Ashley Guillard to protect her own self interests. The Counter Defendants did not conduct a reasonable inquiry into the truth or falsity of the allegations Rebecca Scofield made about Ashley Guillard; they accepted the statements as facts without reasonable due diligence as professionally required by The Model

Rules of Professional Conduct and by FRCP Rule 11b. It was their job to ensure the pleadings were not made for an improper purpose, were warranted by existing law, and would have evidentiary support before filing the complaint. The attorneys failed this duty. Olson issued false statements about Ashley Guillard to the news media without regard to the truth or falsity of the statements. She published the false statements about Ashley Guillard as direct quotes from herself; not quotes from Rebecca Scofield.

**The Counterclaimant Suffered Actual Injury Because Of The Defamation; And the Amount of Damages Counterclaimant Ashley Guillard Suffered**

Counterclaimant Ashley Guillard's personal life was negatively impacted by the defamatory statements. She missed time with family and friends; and lost friendships. Her spiritual practice was negatively impacted by the defamatory statements. Her first amendment rights were threatened; under the color of the law. She lost current and potential customers. Her social media pages were unfairly targeted which led to her TikTok user account being temporarily banned multiple times and then permanently banned; after six years of building an audience. Her damaged reputation could potentially cause rejection of business and employment opportunities. She suffered multi-millions in damages in current and potential damages.

**The First and Second Counterclaims for Relief Meet All Legal Elements of Defamation**

The first and second counterclaims for relief, defamation, meets all elements as required by Idaho state law. The counter defendant's argument against the plausibility of metaphysical spiritual practices like tarot readings and psychic readings is not proper, nor is it Constitutional to seek the Courts legal opinion on the accuracy of a religion or spiritual practice.

The counter defendant's allegation that counterclaimant Ashley Guillard's claims should be dismissed because she did not use the correct state law is not legally supported. Rule 9 of the

FRCP does not require technical terminology. A general concise, direct allegation or claim for defamation that meets the elements is all that is legally required.

The counter defendant's allegation that counterclaimant Ashley Guillard's claims should be dismissed because they do not have direct or circumstantial evidence is not legally sufficient. Rule 11(b)(3) of the FRCP allows pleadings that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. During the opportunity for discovery Ashley Guillard plans to seek and provide evidence for all 11 counterclaims and defenses to the complaint.

**Argument Against Absolute Privilege**

The counterclaim defendants claim that absolute privilege allowed them to file the frivolous claims and to publish false statements of fact about Ashley Guillard. They claim that pursuant to Berian v. Berberian, 168 Idaho 394, 483 P.3d 937, 946 (2020) "Idaho has long recognized that defamatory statements made in the course of a judicial proceeding are absolutely privileged, even if made with malicious intent or knowledge of their falsity.". The counterclaim defendants failed to mention that Berian v. Berberian's defamation claim was the result of a state criminal judicial proceedings, criminal arrest, and police report; not a Federal civil lawsuit seeking damages under false pretense, false allegations, and a frivolous claim. Federal civil cases are governed by the FRCP. Rule 11(b) of the FRCP bars frivolous claims presented for an improper purpose and that are illegal.

Pursuant to The Supreme Court of Texas, NO. 19-0036, Landry's, Inc. et al. v. Animal Legal Defense Fund et al, argued (2021) the intent of judicial privilege is to "facilitate the administration of justice by promoting 'full and free disclosure of information . . . by participants in judicial proceedings'"; and it protects statements made in the due course of a judicial

proceeding. As so, there are two elements required for judicial privilege to apply, due course of justice and the facilitation of the administration of justice. The due course of justice refers to the process of legal proceedings that follow established rules and principles to protect and enforce rights. Justice refers to the fair and proper administration of law. In Federal civil Court, the filing of a frivolous claim, falsifying factual allegations to meet the requirements of a cause of action, and presenting a claim for an improper purpose, is not within the intent of the due course of justice nor does it facilitate the administration of justice; it hinders it. It is also punishable (FRCP Rule 11(b)).

For these reasons counterclaimant Ashley Guillard to deny the counter defendant's motion to dismiss the first and second counterclaims for defamation.

**THIRD & EIGHTH COUNTERCLAIMS FOR RELIEF: 42 U.S. CODE § 1985**

Counterclaimant Ashley Guillard alleges that the Counter Defendants conspired to interfere with Ashley Guillard's Constitutional rights to due process and the freedom of speech resulting in a cause of action under 42 U.S. Code § 1985. Counter Defendants argue against Ashley Guillard's counterclaims.

**Argument Against 42 U.S. Code 1985 Implausibility Due to A Lack of Race Based Motives**

As the statute states in plain language the main premise and intent of 42 U.S. Code § 1985 is to allow for a cause of action against conspirators conspiring to interfere with civil rights. The statute does not include race as a required element. Counter Defendants quote *Jones v. Norton*, 809 F.3d 564, 578–79 (10th Cir. 2015), a civil rights case arising from Ute Tribe member Todd R. Murray being killed by police for not following an order, in which a 42 U.S.C. § 1985 claim was denied because the Court decided that an action under 42 U.S.C. § 1985(2) requires "a showing of some racial, or perhaps otherwise class based invidiously discriminatory

animus behind the conspirators' action.". That decision reflects the ideology of the United States Court of Appeals Tenth Circuit. Ashley Guillard disagrees with the counter defendant's references as unpersuasive because the Constitution clearly and plainly states the intent behind 42 U.S.C. § 1985 claims is *to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws*. The statute clearly states any person or class of persons. Race is a class of persons that is included in the population of any person governed by the United States Constitution.

The counter defendant's argument that U.S. District Court for the District of Idaho should adopt a rule from the Tenth Circuit is because they think the decision, to add race as an element to 42 U.S.C. § 1985 claims, is more beneficial to the Counter Defendants' Motion to Dismiss. However, it is not. The case decision also includes, "otherwise class based invidiously discriminatory animus" as an alternative to the element of race. Ashley Guillard spiritual practice was denounced and targeted by the defendants and improperly shamed as "implausible", "fantasy based" and dishonest. The counter defendants vehemently asked the Court to decide that spiritual practices as in tarot readings, and spiritual connections as in mediumship and psychic intuition, are implausible. Ergo seeking that the Court discriminate against Ashley Guillard based on her spiritual practices.

For understanding the inclusivity of spiritual practices in First Amendment religious protection and freedom; Ashley Guillard confers to Title VII of the Civil Rights Act of 1964. It recognizes not only traditional, organized religions, such as Christianity, Judaism, Islam, Hinduism, and Buddhism; but also, religious beliefs that are modern, like the broad parameters of spirituality; uncommon, not part of a formal church or sect, like Paganism; only subscribed to

by a small number of people, or that seem illogical or unreasonable to others. The First Amendment of the U.S. Constitution and Title VII of the Civil Rights Act of 1964 protects all aspects of religious observance, practices as well as beliefs. The counter defendants discriminated against Ashley Guillard based on her spiritual beliefs and practices. Therefore, the 42 U.S.C. § 1985 counterclaims meet the element of "showing of some racial, or perhaps otherwise class based invidiously discriminatory animus behind the conspirators" as required by the Tenth Circuit.

The U.S. District Court for the District of Idaho is one of 15 districts within the Federal judiciary of the Ninth Circuit. It is the Courts discretion to adopt ideological based case decisions made in other jurisdictions. Counterclaimant Ashley Guillard respectfully request that the Court decline the invitation to adopt the Tenth Circuit's added element of race to 42 U.S.C. § 1985 claims simply because it is not based on the Statute as plainly stated in the U.S. Constitution.

The Supreme Court used a Ninth Circuit decision in part as a decision-making reference in a 42 U.S.C. § 1985 claim. The Supreme Court, in Haddle V. Garrison 132 F. 3d 46, reversed and remanded; No. 97–1472 (1998), conferred to the 42 U.S.C. § 1985 Statute to decide on the requirements of 42 U.S.C. § 1985 claims; stating that the language, or purpose of the proscriptions and its attendant remedial provisions are what establishes the requirements of the cause of action. Race is not an element as written in the Statutes plain language. The purpose of its proscriptions is to protect United States Citizens from the deprivation of Federal rights. Counterclaimant Ashley Guillard respectfully request that the Court align with the decision of the Supreme Court in Haddle v. Garrison.

**Argument Against the Allegation of a Lack of Specificity and Group Pleadings**

Counterclaimant Ashley Guillard claims joint and several liability for all counter-defendants for each counterclaim. Joint and several liability is supported by Rule 11(c)(1): In general, if after notice and a reasonable opportunity to respond, the Court determines that Rule 11(b) has been violated, the Court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee. Like Rule 11(c)(1), co-conspirators to a civil offense may be held jointly liable.

Joint and several liability is supported by 42 U.S. Code § 1985 (3):...if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Joint and several liability is supported by the Joint Action Test: A plaintiff can show joint action either "by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1140 (9th Cir. 2012).

Ashley Guillard pleaded the counterclaim with particularity. The frivolous claim was filed and signed by Attorney Wendy Olson listing Rebecca Scofield as the plaintiff and Attorney Wendy J. Olson, Attorney Elijah M. Watkins, and Cory M. Carone as joint legal counsel responsible for the lawsuit. Therefore, in this counterclaim, joint liability is appropriate pursuant to 42 U.S. Code § 1985 (3) and is particular because they all engaged, acting as one unit, in the

conspiracy to deprive Ashley Guillard of her Constitutional rights. Rebecca Scofield and Attorney Wendy Olson caused acts in furtherance of the object of such conspiracy to include pushing out press releases regarding the lawsuit, publishing the false statements about Ashley Guillard and filing further motions and pleadings including the motion seeking 2 million dollars in falsified damages (Dkt. 10).

**Argument Against Attorney Immunity**

The counter defendants allege that a claim under 42 U.S.C § 1985(2) arises "if two or more persons conspire" to obstruct justice. Quoting Farese v. Scherer, 342 F.3d 1223, 1232 (11th Cir. 2003) "[A]s long as an attorney's conduct falls within the scope of the representation of his client, such conduct is immune from an allegation of a § 1985 conspiracy."

Filing a frivolous Federal civil complaint against a U. S. Citizen for exercising a Constitutional right; fabricating the allegations to conjure up a cause of action; conspiring to harass, demean, embarrass, publicly humiliate, and discredit a United States Citizen for exercising a Federal right; filing a frivolous civil complaint against a whistleblower in Federal Court to prevent your client from criminal investigations from law enforcement agencies; filing a frivolous complaint in Federal civil Court against a whistleblower to prevent your client from overall suspicion of murder; is illegal, unethical, not within the legal scope of the representation of the client and not protected by an extreme remedy like absolute immunity. Absolute immunity "is an extreme remedy, and it is justified only where 'any lesser degree of immunity could impair the judicial process itself.'" Lacey v. Maricopa Cty., 693 F.3d 896, 912 (9th Cir. 2012) (en banc) (quoting Kalina, 522 U.S. at 127). The "official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." Burns v. Reed, 500 U.S. 478, 486 (1991) (citing Forrester, 484 U.S. at 224). It is not within the mission and functions of

an attorney to commit criminal offenses, like perjury, by filing Federal claims in Federal Court under false pretense and false allegations for the purpose of harassment and of depriving a U.S. citizen of a Constitutional right and property. Allowing immunity for illegal, perjurious filings allows for attorneys to commit fraud on behalf of their clients under the color of absolute immunity. It also compromises the integrity of the judicial system.

**Response to the Kohberger Argument**

Counterclaimant Ashley Guillard has not claimed to be a party to Mr. Kohberger's case. The counter defendant's argument is moot.

**Argument Against the Allegation That Ashley Guillard Did Not Specify the Right Kind of Harm**

The pertinent aspect of 42 U.S. Code § 1985 (2) allows for a cause of action if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory. Counterclaimant Ashley Guillard emailed tips to the FBI tip line about Rebecca Scofield's motive and role in the murders. Proper investigation of information and tips is a part of the due course of justice in criminal proceedings. The counter defendants conspired for the purpose of hindering, obstructing, and defeating investigative efforts in the case of the murder of the four University of Idaho students to avoid Rebecca Scofield from being investigated. The counter defendants conspired to hinder the investigation of the information Ashley Guillard gave to Moscow Police, Idaho State Police and Federal Detectives by discrediting the legitimacy of Ashley Guillard and her information.

The pertinent aspect of 42 U.S. Code § 1985 (2) allows for a cause of action if ...two or more persons conspire with intent to deny to any citizen the equal protection of the laws. To

discredit Ashley Guillard and her information about the murder of the four University of Idaho students, the counter defendants conspired to deprive Ashley Guillard of the First Amendment right to free speech and the free exercise of her spiritual practice.

The entire claim, Scofield v. Guillard case no. 3:22-cv-00521-REP, is a falsehood. Ashley Guillard did not defame Rebecca Scofield. Her statements are substantially true and protected by the Substantial Truth Doctrine. The false allegations in the complaint were taken as true, as legally required. By nature, the tribunal is not impartial because the claim is founded on false allegations. The state tort claims in the original complaint meet the elements of Idaho defamation law under false pretense, it positions the Federal judicial system to allow for a cause of action in error; positioning Ashley Guillard to be deprived of Rule 12(b)(6) of the FRCP protection. Fairness, due course of justice and equal protection of the laws permits a dismissal of claims for failure of the complaint to state a claim on which relief can be granted.

The pertinent aspect of 42 U.S. Code § 1985 (2) allows for a cause of action if ...the party so injured or deprived is damaged and seeks the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators. Ashley Guillard's reputation was ruined. She lost business income. The integrity of her spiritual practices was debunked. Her social media page on the TikTok application was permanently banned. She was routinely harassed. She's forced, by law, to spend time and resources to fight for her right to the freedom of speech. Under the pressure of meeting deadlines, filing answers and responses to frivolous pleadings; she was forced to spend less time with family to include her cousin, Julius Marshall, who was in intensive care and subsequently died at Memorial Hermann-Greater Heights medical rehabilitation center in Houston Texas on February 19, 2023. Additionally, she's forced to use

her own time, energy, and resources to prove she's telling the truth. Ergo, positioning her to do the job of Moscow Idaho law enforcement without the resources.

Specifically, regarding the eighth counterclaim the counter defendants add that Guillard has potential remedies: "a motion to change venue, probing voir dire, a delay of trial, etc.—which she has either opted not to pursue or could try to pursue in the future. Sitting on potential remedies does not give rise to a cause of action under 42 U.S.C § 1985(2)." Ashley Guillard disagrees. 42 U.S.C § 1985 does not require the party injured to self-remedy (outside of the filing of a civil action) the damages or injuries caused by the co-conspirators. Instead, 42 U.S.C § 1985(3) places the liability of damage remedy on any one or more of the conspirators that conspired against the person that was injured or deprived. For all the reasons above, Ashley Guillard disagrees with the counter-defendants allegation that Ashley Guillard did not specify the right kind of harm.

**FOURTH & NINTH COUNTERCLAIM FOR RELIEF: 42 U.S. CODE 1986**

As quoted by the counter defendants, pursuant to 15 Am. Jur. 2d Civil Rights § 183 to bring a claim under 42 U.S.C § 1986, it is necessary to show that an actionable claim existed under 42 U.S.C § 1985. The third counter claim for relief meets the elements of 42 U.S.C § 1985. Therefore, the counter defendant's argument for dismissal of the 42 U.S.C § 1986 counterclaim, for failure to state a claim under 42 U.S.C § 1985, is moot.

**FIFTH COUNTERCLAIM FOR RELIEF: 42 U.S.C § 1983**

**Argument Against a Lack of State Action**

42 U.S. Code § 1983 in part applies to every person under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory. Libel is a state law tort. Defamation cases are decided under state law. Carver v. Ketchum, 53 Idaho 595, 26 P.2d 139; Klam v. Koppel, 63

Idaho 171, 118 P.2d 729; Adair v. Freeman, 92 Idaho 773, 451 P.2d 519 allows for a civil claim of defamation in Idaho. The counter defendants filed a frivolous Idaho State Law civil defamation claim against Ashley Guillard; in Federal district Court due to diversity of citizenship. Rebecca Scofield also claims to have filed a police report for defamation against Ashley Guillard pursuant to ID Code § 18-4802 (2022).

**SIXTH & SEVENTH COUNTERCLAIM FOR RELIEF: MALICIOUS PROSECUTION & FRIVOLOUS CLAIM**

**Argument Against Failure Because the Plaintiff's Defamation Action Has Not Been Terminated The Defendant's Favor**

Rule 18(a) of the FRCP "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Rule 18(b) of the FRCP "A party may join two claims even though one of them is contingent on the disposition of the other; but the Court may grant relief only in accordance with the parties' relative substantive rights. A plaintiff may state a claim for money and a claim to set aside a conveyance that is fraudulent as to that plaintiff, without first obtaining a judgment for the money." Rule 18 of the FRCP allows for counter defendant Ashley Guillard's sixth and seventh counterclaim for malicious prosecution on the grounds of disposition of Rebecca Scofield's defamation claim.

The plaintiff's claims for defamation are likely to fail on the grounds that it fails to meet all the elements of libel as required by Carver v. Ketchum, 53 Idaho 595, 26 P.2d 139; Klam v. Koppel, 63 Idaho 171, 118 P.2d 729; and Adair v. Freeman, 92 Idaho 773, 451 P.2d 519. The plaintiff must prove that the defendant knew the statements were false, or reasonably should have known. Defendant Ashley Guillard has an unbreakable faith in her spirit, spiritual acuity,

and spiritual practice. She has strongly held that she believes that everything she said about Rebecca Scofield is substantially true; not once faltering despite circumstances. For that reason, the plaintiff's defamation claims does not meet the required elements.

The counter defendant's tactic so far is for the Court to discriminate against spiritual practices and beliefs and deem it implausible; to meet the "or reasonably should have known that it was false" element required for a libel claim. Their tactic is unconstitutional as it requires that an entire spiritual practice as defined in the Title VII of the Civil Rights Act of 1964 and protected by The First Amendment of the U.S. Constitution, be determined as unreasonably by the Court. They will not win this argument. For those reasons counterclaimant Ashley Guillard's sixth and seventh counterclaims for relief for malicious prosecution should not be dismissed.

**TENTH & ELEVENTH COUNTERCLAIM FOR RELIEF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

The counter defendants argue for the dismissal of the tenth and eleventh counterclaims Intentional Infliction of Emotional Distress because they claim the defamation action is not extreme or outrageous. Counterclaimant Ashley Guillard disagrees.

The tenth and eleventh counterclaims for intentional infliction of emotional distress, meet the extreme element. To understand this, it is vital to include every fact that could in any way be relevant to give the Court as complete a picture as possible. To evade suspicion, obstruct justice, and to avoid criminal investigation Rebecca Scofield with the help of Attorney Wendy J. Olson, Attorney Elijah M. Watkins, and Attorney Cory M. Carone executed a strategy to discredit, embarrass, defame, humiliate, harass, silence, and destroy Ashley Guillard and her spiritual practice. To accomplish this, they conspired to deprive Ashley Guillard of the first amendment right to the freedom of speech, of the right to an impartial tribunal, of the first amendment right

to the free exercise of her spiritual practice and of approximately two million dollars; by filing a frivolous defamation claim with malicious intent and falsified allegations; under the color of the law.

Their actions are extreme, illegal, fraudulent, and unnecessary. They had a choice to simply allow the due course of justice in the criminal investigative process. If counter defendant Rebecca Scofield was innocent and had no connection to the students, the criminal investigation process would not be a threat; nor would Ashley Guillard's statements. Instead, they chose to hinder the investigative process by ruining Ashley Guillard's spiritual practice, damaging her reputation, and depriving her of Constitutional rights. For these reasons the tenth and eleventh counterclaims for relief should not be dismissed.

## B. ARGUMENT AGAINST THE REQUEST FOR THE COURT TO EXERCISE ITS INHERENT POWER TO AWARD PROFESSOR SCOFIELD HER ATTORNEY'S FEES.

The counter defendants request for the Court to exercise its inherent power to award Professor Scofield her attorney's fees because they allege "Guillard's conduct throughout this case shows a clear desire to delay the proceedings, to ignore reasonable requests from Professor Scofield's attorneys to cease and desist defaming Professor Scofield, and to increase the litigation costs for Professor Scofield." The allegations about Ashley Guillard are false.

The counter defendants confer to Mark Indus., Ltd. v. Sea Captain's Choice, Inc., 50 F.3d 730, 732 (9th Cir. 1995): "The Court has the inherent power to correct such bad faith misconduct. ("The district Court had discretion to discipline Bertram pursuant to its inherent powers for willful abuse of the judicial process or bad faith conduct.")." Ashley Guillard has not operated in bad faith or misconduct. Defending herself against a frivolous complaint and

asserting countercomplaints is within her rights as a United States Citizen. Exercising Federal rights is not misconduct or bad faith.

Defendant and Counterclaimant Ashley Guillard has not desired to, nor does she intend to delay the proceedings. The issue of the 30-day late answer has been resolved by the Court, (Dkt. 18 Memorandum Decision and Order). Ashley Guillard has not knowingly or intentionally filed any late pleadings, responses, or motions since then. She is doing the best she can as a pro-se litigant to stand her ground against the frivolous, malicious, and fraudulent claims.

Defendant Ashley Guillard did not ignore Attorney Wendy Olson's cease and desist letters. Before the filings she denied ceasing communication about Rebecca Scofield because she is protected by the Substantial Truth Doctrine and the broad parameters of the First Amendment of the U.S. Constitution. Counterclaimant Ashley Guillard did not comply with Wendy Olson's letter threatening sanctions "if she didn't remove the attorneys as counter defendants" because she is within her rights to file counterclaims arising from the same events as the claim.

Defendant Ashley Guillard does not know if and how much Rebecca Scofield has paid for a group of three attorneys. It was Rebecca Scofield's decision to hire three attorneys. The plaintiff and her attorneys decided to file a frivolous complaint against Ashley Guillard that does not meet the State of Idaho elements for libel. It was the attorneys' job to discuss costs with their client. It is the initial phases of the litigation process. If the plaintiff and counter defendant cannot afford legal fees there are remedies, like dropping the case. Rule 41(2) of the FRCP permits a dismissal of a case by court order: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the Court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim

can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

Ashley Guillard decided to litigate her own defense and counterclaims. She has not intended to increase the cost of litigation for Rebecca Scofield nor for herself. She is simply standing her ground within the parameters of the law. For these reasons, and for the reasons stated in this entire response, Ashley Guillard requests the Court to deny the counter defendants request for attorney's fees.

## V. CONCLUSION

Counterclaimant Ashley Guillard requests that the Court deny the Counter Defendants entire Motion to Dismiss and deny the request to award Rebecca Scofield her attorney's fees.

Date: June 29, 2023

/s/ Ashley J. Guillard

Defendant/Counterclaim Plaintiff
Date of signing: June 29, 2023
Ashley J. Guillard

Pro-Se Litigant

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2023, I served a copy of the foregoing via CM/ECF on the Registered Participant as follows: Cory Michael Carone: cory.carone@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com; Elijah Martin Watkins: elijah.watkins@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com; Wendy Olson: wendy.olson@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com.