UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>            Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>            Defendant.<br><hr><br>ASHLEY GUILLARD,<br><br>            Counterclaimant,<br><br>v.<br><br>REBECCA SCOFIELD, WENDY J. OLSON, ELIJAH M. WATKINS, CORY M. CARONE,<br><br>            Counter-Defendants.[1] | Case No. 3:22-cv-00521-REP<br><br>**SCHEDULING ORDER** |

      In accordance with the parties' stipulated Litigation Plan (Dkt. 29), and to further the just, speedy, and inexpensive determination of this matter,

---

    [1] The Court understands that these "Counter-Defendants" contend that they are not actually parties to this lawsuit. *See* Pl.'s Mem. ISO MTD at 6, n.3 (Dkt. 22-1); Mot. to Quash Summonses (Dkt. 22). Their reference here (and in this way on the caption) simply reflects Defendant's *claim* that these parties are properly before the Court. It is anticipated that this issue will be resolved via the Court's resolution of the currently-pending motions. For this reason, the Court will extend the consent deadline to a time following the Court's anticipated ruling on these motions.

**SCHEDULING ORDER - 1**

**NOW THEREFORE IT IS HEREBY ORDERED** that the following deadlines and procedures will govern this litigation:

1. Dispositive Motion Deadline: All dispositive motions, including motions for punitive damages, must be filed by **1/12/24**.[2]

2. Amendment of Pleadings and Joinder of Parties: Motions to amend pleadings and join parties, except for allegations of punitive damages, must be filed on or before **8/11/23**. This deadline will be extended only for good cause shown.[3]

3. Alternative Dispute Resolution: The parties do not believe that ADR would be beneficial at this time.

4. Discovery Plan: The parties have been unable to agree on all aspects of a Discovery Plan. Much of the discrepancy relates to the status of all the named parties – in particular, the alleged "Counter-Defendants." *See* Def.'s Discovery Plan at 1-2 (Dkt. 31); *see also supra* at n.1. Accordingly, in the absence of an agreement to the contrary, all discovery must be in accordance with the Federal Rules of Civil Procedure, the Local Civil Rules for the District of Idaho, and *Plaintiff's* Proposed Discovery Plan (Dkt. 30) until the Court resolves the currently-pending Motion to Dismiss (Dkt. 22) and Motion to

---

[2] It is this Court's policy to accept only one (1) motion to dismiss and one summary judgment motion per party. If it appears, due to the complexity or number of issues presented, that counsel/the parties are unable to address all issues within the twenty-page (20) limit for briefs, Dist. Idaho Loc. R. 7.1(b)(1), then it is appropriate to file a motion for permission to file an over-length brief, rather than filing separate motions for each issue. The Court prefers reviewing one over-length brief in support, one over-length brief in response, and one 10-page reply brief, if any, rather than the panoply of briefs that are generated when multiple motions are filed.

[3] The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed not by the liberal provisions of Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

**SCHEDULING ORDER - 2**

Quash (Dkt. 25), which will be set for a telephonic/Zoom hearing as soon as practicable. In the meantime, only discovery relating to Plaintiff Scofield's underlying claims, and Defendant's defenses relating thereto, are permitted. To the extent necessary, following the resolution of the above-referenced motions, either party may seek to amend this Scheduling Order to address any outstanding issues presented by the parties' respective Discovery Plans.

5. <u>Clawback</u>: Pursuant to Fed. R. Evid. 502(d) and the parties' mutual request in their proposed Discovery Plans, it is hereby **ORDERED** that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding.

6. <u>Completion of Fact Discovery</u>: All fact discovery must be completed by **12/15/23**. This is a deadline for the completion of all fact discovery; it is not a deadline for discovery requests. Discovery requests must be made far enough in advance of this deadline to allow completion of the discovery by the deadline date.

7. <u>Disclosure of Experts</u>:

   a. **Plaintiff** must disclose the experts intended to be called at trial on or before **11/6/23**.

   b. **Defendant** must disclose the experts intended to be called at trial on or before **12/6/23**.

   c. **Plaintiff** must disclose rebuttal experts intended to be called at trial on or before **12/20/23**.

   d. **ALL** discovery relevant to experts must be completed by: **1/5/24.**

**SCHEDULING ORDER - 3**

8. <u>Scheduling of Trial and Pretrial Conference</u>.  Plaintiff's counsel must contact courtroom deputy **Jackie Hildebrand** at (208) 334-9023 within one week following the entry of a decision on all pending dispositive motions to make arrangements for a telephonic trial setting conference with the Court to set pre-trial and trial deadlines. If no dispositive motion is filed, Plaintiff's counsel must immediately contact the courtroom deputy within one week of the dispositive motion filing deadline to set a telephonic trial setting conference.

9. <u>Law Clerk</u>: The law clerk assigned to this case is **Daniel Gordon**, and may be reached at (208) 334-1881.  If this case is later reassigned or referred to another judge, consult the [Judges' webpage][4] for the judges' staff directory.

10. <u>Discovery Disputes</u>:

    a. The parties will strictly comply with the meet and confer requirements of [Local Rule 37.1] prior to filing any discovery motions.

    b. The parties are to refer to the [Judge's web page][5] for specific instructions regarding how the Judge handles discovery disputes.

    c. Prior to filing any discovery motions, counsel/the parties must certify, not only that they have complied with [Local Rule 37.1], but that they have complied with the Judge's discovery dispute procedures.

11. The Court will conduct a **telephonic status conference** with the parties **on 10/5/23 at 10:00 a.m. Mountain Time** for the purpose of inquiring about the status of discovery. Counsel/the parties must initiate the conference call by calling the Court's conferencing

---

[4] http://id.uscourts.gov/district/judges/Welcome.cfm

[5] http://id.uscourts.gov/district/judges/Welcome.cfm

**SCHEDULING ORDER - 4**

line at 1-669-254-5252, Access Code 160 181 7143.  Additional status conferences may be set by the Court, as necessary, at a later time.

12. <u>Calendaring Clerk</u>:  Scheduling matters and calendar issues may be directed to **Jackie Hildebrand**, who may be reached at (208) 334-9023. If the case is later reassigned or referred, please consult the Judges' web page for a staff directory.

13. <u>Docketing Clerk</u>: If you have a docketing or filing question, please contact a docket clerk[6] at (208) 334-1361.

**IT IS FURTHER ORDERED** that the Telephonic Scheduling Conference scheduled for **7/6/23 at 1:30 p.m. (Mountain)** is **VACATED**.



DATED:  June 30, 2023

*Raymond Patricco*
_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

---

[6] The Clerk's office staff directory may be found on the Court's webpage: http://id.uscourts.gov/district/attorneys/DocketingCourtroom_Dep.cfm

**SCHEDULING ORDER - 5**