Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Elijah M. Watkins, ISB No. 8977
*elijah.watkins@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>   Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>   Defendant. | Case No. 3:22-cv-00521-REP<br><br>**Motion to Continue Deadline for Filing Responsive Pleadings** |

  The Court's docket sets a deadline for Plaintiff's attorneys Wendy J. Olson, Elijah M. Watkins, and Cory M. Carone to respond to putative counterclaims brought against them as nonparties. ECF 26, 27, 28. Plaintiff Rebecca Scofield seeks a continuance of that deadline because (1) Ms. Olson, Mr. Watkins, and Mr. Carone are not properly before the Court, and (2) judicial economy will be served by waiting for resolution of the currently pending motion to quash (ECF 25), the currently pending motion to dismiss (ECF 22), and a Rule 11 motion that has been

served on Defendant Ashley Guillard and will be filed with the Court after Rule 11's safe harbor period expires on July 12, 2023.[1]

Ms. Olson, Mr. Watkins, and Mr. Carone are not properly before the Court because the summonses directed to them are invalid and they have not been properly served. As described more fully in the pending motion to quash, ECF 25, Guillard has improperly tried to add Ms. Olson, Mr. Watkins, and Mr. Carone to this case by filing counterclaims. Federal Rule of Civil Procedure 13 permits counterclaims "against an opposing party"—not counsel to a lawsuit. To sue nonparties like Ms. Olson, Mr. Watkins, and Mr. Carone, Guillard needed to follow the procedures to file third-party claims under Federal Rule of Civil Procedure 14. Because Guillard did not follow those procedures, the summonses directed to Ms. Olson, Mr. Watkins, and Mr. Carone should not have been issued.

Even if the summonses were properly issued, they have not been served on Ms. Olson, Mr. Watkins, and Mr. Carone. Guillard claims to have served the summonses on a receptionist at Stoel Rives LLP. ECF 26, 27, 28. That purported "service" is ineffective. Guillard seeks to sue Ms. Olson, Mr. Watkins, and Mr. Carone as individuals. Stoel Rives LLP's receptionist is not an employee or agent of Ms. Olson, Mr. Watkins, or Mr. Carone, and she is not authorized to accept service on their behalf. *Arledge v. Boise City Att'y,* No. 1:20-CV-00466-DCN, 2021 WL 4443321, at *3 (D. Idaho Sept. 28, 2021) ("On October 28, 2020, a single summons was handed to a receptionist at the Ada County Prosecutor's Office, and another was delivered to the Ada County Public Defender's Office. Because the receptionists for those offices were not authorized to accept

---

[1] The Court's scheduling order, ECF 38, entered June 30, 2023, extended the deadline for nonparties Ms. Olson, Mr. Watkins, and Mr. Carone to consent to the jurisdiction of a Magistrate Judge until after the resolution of these currently pending motions to dismiss, ECF 22, and quash, ECF 25. This motion seeks similar relief.

Motion to Continue Deadline for Filing Responsive Pleadings - 2

service for any of the named individual defendants in this case, the service was ineffective."); *see also Woodworth v. Subprime Lenders, Inc.*, No. CV07-520-S-EJL, 2008 WL 5054687, at *4 (D. Idaho June 11, 2008).

Because Ms. Olson, Mr. Watkins, and Mr. Carone are not properly before the Court, they should not have to file responsive pleadings.

Even if Ms. Olson, Mr. Watkins, and Mr. Carone were properly before the Court, judicial economy would be served by waiting for resolution of other motions first. If Ms. Olson, Mr. Watkins, and Mr. Carone must file responsive pleadings, they intend to file a motion to dismiss along the lines of the motion filed by Professor Scofield (ECF 22). Pending before the Court is a motion to quash the summonses directed to Ms. Olson, Mr. Watkins, and Mr. Carone. ECF 25. If that motion is granted, then the parties need not incur the expense of briefing another motion and the Court need not incur the burden of deciding another issue.

Also pending before the Court is a motion to dismiss the counterclaims brought against Professor Scofield. ECF 22. The Court's decision on that order will likely affect the scope of any motion to dismiss filed by Ms. Olson, Mr. Watkins, and Mr. Carone. So again, the parties will incur less expense if Ms. Olson, Mr. Watkins, and Mr. Carone wait to brief a motion to dismiss the purported claims against them with a better understanding of the Court's views on the legal sufficiency of Guillard's claims. What's more, the Court will benefit from reviewing more tailored briefing, rather than reviewing stale briefing that does not account for any decision on the motion filed by Professor Scofield.

Finally, Guillard has been served with a Rule 11 motion that seeks as a sanction dismissal of the purported claims against Ms. Olson, Mr. Watkins, and Mr. Carone, as well as attorney's fees. Guillard's purported claims are factually and legally frivolous for the reasons provided in

Professor Scofield's motion to dismiss the counterclaims brought against her. ECF 22, 22-1. Professor Scofield, through counsel, filed a defamation action after Guillard admittedly posted hundreds of videos online stating that Professor Scofield had an inappropriate affair and ordered the murder of four students based only on Guillard's "spiritual research," "intuition," and "insights." Guillard has responded to counsel's legitimate legal work by alleging that counsel "conspired to deprive Ashley Guillard of her rights" in violation of a host of federal civil rights statutes designed to prevent obstruction of justice and witness tampering. ECF 20, p. 8, ¶ 4.

If Guillard withdraws her claims within Rule 11's safe harbor period, then the parties will not need to incur the expense of briefing a motion to dismiss Ms. Guillard's counterclaims and the Court will not need to incur the burden of adjudicating the motion. Or if Guillard does not withdraw her putative claims when the Rule 11 safe harbor expires on July 12, 2023, then the motion for sanctions can be filed with the Court. Because the motion for sanctions seeks dismissal of the claims against Ms. Olson, Mr. Watkins, and Mr. Carone, it would be duplicative to require briefing and adjudication of a motion to dismiss under Rule 12(b)(6) at this time.

For these reasons, Plaintiff seeks a continuance of any deadline for Ms. Olson, Mr. Watkins, and Mr. Carone to respond to the purported counterclaims against them until after the Court decides the currently pending motion to quash (ECF 25), the currently pending motion to dismiss (ECF 22), and a Rule 11 motion that has been served on Defendant Ashley Guillard (which will be filed with the Court after Rule 11's safe harbor period expires on July 12, 2023).

DATED: July 3, 2023.

STOEL RIVES LLP

/s/ Wendy J. Olson
Wendy J. Olson
Elijah M. Watkins
Cory M. Carone

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2023, I served a copy of the foregoing via CM/ECF on the Registered Participant as follows:

    Ashley Guillard
    msashleyjt@gmail.com

                                     /s/ Wendy J. Olson
                                     Wendy J. Olson