Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Elijah M. Watkins, ISB No. 8977
*elijah.watkins@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>          Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>          Defendant. | Case No. 3:22-cv-00521-REP<br><br>**Reply in Support of Motion to Quash Summonses for Wendy J. Olson, Elijah M. Watkins, and Cory M. Carone [Dkt. 25]** |

With each filing, Defendant Ashley Guillard further reveals the outrageousness of her statements about Plaintiff Rebecca Scofield and the harassing purpose behind her attempts to bring Professor Scofield's attorneys into this litigation. In her opposition to Professor Scofield's Motion to Quash Summonses, Guillard doubles down on her prior admissions that she has no facts to support her statements about Professor Scofield, stating instead that "Ashley Guillard used her spiritual practice, psychic abilities, metaphysical tools, and investigative skills to uncover the motive and details that led to the murder of the Four University of Idaho students that were killed in Moscow Idaho on November 13, 2022." ECF 36, p. 2. To be certain, Guillard has failed entirely

Reply in Support of Motion to Quash Summonses [Dkt. 25] - 1

to ever allege a single fact supporting her false statements. Guillard goes on to use this Court as a platform to further harass and defame Professor Scofield, writing that Guillard's "spiritual investigation revealed that Rebecca Scofield planned, initiated, ordered, and executed the murder of four University of Idaho Students." *Id.*

With her false and increasingly distasteful statements, Guillard also admits why the summonses directed to Wendy J. Olson, Elijah M. Watkins, and Cory M. Carone should be quashed. She now says that she "mistakenly" referred to Olson, Watkins, and Carone as counter-defendants, as she meant to add them as third-party defendants. ECF 36, p. 4. That shift makes sense because Olson, Watkins, and Carone are not parties subject to counterclaims under Federal Rule of Civil Procedure 13(a) or (b) and Guillard failed to seek leave to add non-parties under Rule 13(h). *See Casados v. Drury*, No. 13-00283 LEK, 2014 WL 2968179, at *3 n.8 (D. Haw. June 30, 2014).

But through that shift Guillard also has not properly brought third-party claims against Olson, Watkins, and Carone. As Guillard acknowledges, Rule 14(a)(1) states that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." ECF 36, p. 4. The third-party claim must direct the liability asserted by the original plaintiff against the original defendant; it is not enough that the third-party claim may have arisen from the same transaction or set of facts as the original claim. *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988).

Guillard attempts to assert liability against Olson, Watkins, and Carone based solely on her purported counterclaims filed with her answer on May 16, 2023. ECF 36, p. 4, 5. Nowhere in those counterclaims, and nowhere in the record, does Guillard claim that Olson, Watkins, and Carone are liable for defamation against Professor Scofield. *See* ECF 20. Nor did she seek the Court's

Reply in Support of Motion to Quash Summonses [Dkt. 25] - 2

leave to file the claims. Indeed, even if such an allegation were made, it would be absurd to accept that the attorneys Professor Scofield hired to pursue her defamation claim were the very parties responsible for defaming her. Therefore, Guillard cannot join Olson, Watkins, and Carone as third-party defendants under Rule 14.

Guillard's repeated disregard of the rules permeates each of her pleadings and indicates an intent to harass Professor Scofield, delay the proceedings of this case, and increase litigation costs. This is no exception. Professor Scofield is not claiming that all third-party complaints are harassment. ECF 36, p. 6. Rather, Professor Scofield asserts that Guillard's particular attempt to bring in Olson, Watkins, and Carone under a deficient third-party complaint shows a blatant disregard of the Rules and therefore constitutes harassment. Not only is the claim that Olson, Watkins, and Carone "mocked, denounced, and discriminated" against Guillard "in furtherance of a conspiracy to deprive [her] of her rights and property" unsupported by the facts, but the procedures Guillard employed to rope the attorneys in exemplify unprofessional and frivolous conduct. ECF 36, p. 3. Guillard is careful to note that "attorneys are not above the law." ECF 36, p. 6. Professor Scofield agrees, and further provides that Guillard is not above the law either. The law does not support Guillard's attempt at joining these non-parties to the action. Therefore, the summonses issued against non-parties Olson, Watkins, and Carone should be quashed and the purported claims should be dismissed.

For the foregoing reasons, Professor Scofield respectfully requests that the Court dismiss all of Guillard's counterclaims against Olson, Watkins, and Carone and quash the issued summonses.

DATED: July 10, 2023.

        STOEL RIVES LLP

        /s/ Wendy J. Olson
        Wendy J. Olson
        Elijah M. Watkins
        Cory M. Carone

        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

      I hereby certify that on July 10, 2023, I served a copy of the foregoing via CM/ECF on the Registered Participant as follows:

    Ashley Guillard
    msashleyjt@gmail.com

                                  /s/ Wendy J. Olson
                                  Wendy J. Olson