Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Elijah M. Watkins, ISB No. 8977
*elijah.watkins@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>           Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>           Defendant. | Case No. 3:22-cv-00521-REP<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS** |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1
II. BACKGROUND............................................................................................................ 1
III. LEGAL STANDARD................................................................................................... 3
IV. ARGUMENT................................................................................................................ 5
    A.    Guillard's claims are not supported by the facts....................................................... 5
    B.    Guillard's claims are not supported by the law. ....................................................... 7
V. CONCLUSION.............................................................................................................. 9

## I. INTRODUCTION

Defendant Ashley Guillard has received a second chance to participate in this litigation after defaulting, and she has abused that opportunity by attempting to file 11 frivolous "counterclaims" against Plaintiff Rebeca Scofield's attorneys Wendy J. Olson, Elijah M. Watkins, and Cory M. Carone. Guillard's claims are frivolous because Federal Rule of Civil Procedure 13 permits counterclaims "against an opposing party"—not counsel to lawsuit. To sue nonparties like Ms. Olson, Mr. Watkins, and Mr. Carone, Guillard needed to follow the procedures to file third-party claims under Federal Rule of Civil Procedure 14. Even if Guillard could correct those procedural infirmities, her claims are factually and legally frivolous for the reasons provided in Professor Scofield's motion to dismiss the counterclaims brought against her and summarized again here. Professor Scofield, through counsel, filed a defamation action after Guillard admittedly posted hundreds of videos online stating that Professor Scofield had an inappropriate affair and ordered the murder of four students based only on Guillard's "spiritual research," "intuition," and "insights." Guillard has responded to counsel's legitimate legal work by alleging that counsel "conspired to deprive Ashley Guillard of her rights" in violation of a host of federal civil rights statutes designed to prevent obstruction of justice and witness tampering. Even as a pro se litigant, this behavior cannot be tolerated. Counsel for Professor Scofield have made numerous attempts to resolve this issue with Ms. Guillard short of seeking sanctions. She has refused every time. Thus, under Rule 11, the Court should sanction Guillard for her attempted counterclaims against Ms. Olson, Mr. Watkins, and Mr. Carone by dismissing the claims and awarding the fees and costs incurred in bringing this motion.

## II. BACKGROUND

In November 2022, four students at the University of Idaho were murdered at a home near the campus. ECF 1, ¶ 5. As she has done since 2021 with other crimes about which there

has been much publicity, Guillard devised a scheme to leverage the tragedy in Moscow for her personal gain: use her "spiritual acuity" to post sensationalist content online to attract clicks and make money. ECF 20, p. 13, ¶ 32. The false story that she posted repeatedly is that Plaintiff Rebecca Scofield, a professor at the University of Idaho, had a same-sex affair with one of the victims and then ordered the murders to cover up the affair. ECF 1, ¶¶ 15–26. Guillard herself admits to posting "over one hundred TikTok videos" related to her "findings" about Professor Scofield. ECF 20, p. 14, ¶ 38.

Professor Scofield tried to resolve this matter without litigation to avoid drawing further attention to Guillard's specious statements at the expense of the victims' memories and their families' trauma—and Professor Scofield's own reputation and family's safety. She sent cease and desist letters on November 29, 2022 and December 8, 2022. ECF 1, ¶¶ 25, 30. Guillard acknowledged receiving these letters, even making disparaging TikToks about them. When Guillard responded by making more false statements, Professor Scofield sued her for defamation. ECF 1.

Instead of timely responding to Professor Scofield's claims, Guillard prolifically posted new videos and blog posts defaming Professor Scofield and accusing law enforcement of corruption for arresting and prosecuting Bryan C. Kohberger for the crimes. ECF 9, pp. 3–5. To end the spectacle, and to hold Guillard accountable for disregarding the Court's deadlines, Professor Scofield requested a default judgment. ECF 9, 10. The Court exercised its discretion to give Guillard, a pro se litigant who promised this Court she would be timely and responsive, a second chance. ECF 19.

Guillard has used her second chance to file frivolous "counterclaims" that serve only to delay adjudication of Professor Scofield's claims, further harm her reputation, and drive up her

litigation costs. She has also used her second chance to attempt to drag Professor Scofield's counsel in as parties, which they are not. In her claims, Guillard offers not even allegations of real evidence that Professor Scofield knew any of the victims, had an inappropriate affair, or ordered the murders. Guillard instead admits that she has "used her spiritual acuity and investigative skills to get insight into the murders." ECF 20, p. 13, ¶ 33. In other words, she made it up. Guillard says her "spiritual research . . . intuitively led to the University of Idaho History Department," she then "spiritually inquired into each person listed on the History Department's webpage," and her "insight for Rebecca Scofield revealed that she was in a relationship with Kaylee Goncalves that broke up and that she initiated the murders, planned the murders, and hired help to carry the plan out." *Id.* at ¶¶ 34–36. Based on these preposterous allegations, and still no actual facts, Guillard seeks to sue Professor Scofield and her attorneys primarily under civil rights statutes for conspiring "to silence Ashley Guillard to evade suspicion, obstruct justice, and to avoid criminal investigation." *Id.* at p. 14, ¶ 39. Guillard's counterclaims are equally devoid of facts. They are nothing but speculative allegations.

### III.  LEGAL STANDARD

Rule 11 makes every signature on a pleading, motion, or other paper a certification of the merits of the documents signed and authorizes sanctions for a violation of the certification. Fed. R. Civ. P. 11. Specifically, Rule 11 requires an attorney or unrepresented party to certify regarding any pleading, written motion, or paper presented to the court that

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(1)–(4). The sanctions available for violation of these standards include "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

Rule 11 places an affirmative duty on litigants to make a reasonable investigation of the facts and the law before signing and submitting any paper. *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). A reasonable investigation requires litigants to seek credible information rather than proceed on mere suspicions or supposition. Credible information may consist either of direct evidence or reasonable inferences from other evidence. *Calif. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir. 1987).

Under Rule 11, a court may impose sanctions upon unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. *McGill v. Pac. Bell Tel. Co.*, 139 F. Supp. 3d 1109 (C.D. Cal. 2015). A party's pro se status does not shield them from Rule 11 sanctions for pursuing claims that are neither warranted by existing law nor based upon a good-faith argument for modification or reversal of existing law. *Ivy v. Mason*, 30 F. Supp. 2d 1273, 1275 (D. Idaho 1998).

Memorandum in Support of Motion for Sanctions - 4

A pleading is frivolous if it is both baseless and made without a reasonable and competent inquiry under the circumstances. *Business Guides, Inc. v. Chromatic Commc'ns Ents., Inc.*, 111 S. Ct. 922, 933 (1991). Subjective bad faith is not necessary to impose sanctions under Rule 11. *Orange Prod. Credit Ass'n v. Frontline Ventures Ltd.*, 792 F.2d 797, 800 (9th Cir. 1986). When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of the complaint's factual allegations," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional,'" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 328).

## IV. ARGUMENT

Guillard alleges that by filing a defamation action on behalf of Professor Scofield, Ms. Olson, Mr. Watkins, and Mr. Carone are personally liable to Guillard for defamation (counterclaims 1 and 2), obstruction under federal civil rights statutes (counterclaims 3, 4, 5, 8, and 9), malicious prosecution (counterclaims 6 and 7), and intentional infliction of emotional distress (counterclaims 10 and 11). Rule 11 allows sanctions if a filing is legally frivolous or factually misleading. Guillard's pleadings suffer from both defects, as explained in detail in Professor Scofield Motion to Dismiss, ECF 22, 22-1, and as summarized again here. The Court should thus sanction Guillard.

**A.     Guillard's claims are not supported by the facts.**

Guillard's 11 claims all rely on two premises. The first is that Professor Scofield ordered the murder of four students at the University of Idaho to cover up an affair she had with one of the victims. *E.g.*, ECF 20, p. 10, ¶¶ 13, 15. The second is that "[c]ollectively Attorney Wendy J. Olson, Attorney Elijah M. Watkins, Attorney Cory M. Carone and Rebecca Scofield conspired to deprive Ashley Guillard of her rights as an American Citizen to free speech guaranteed by the

First Amendment of the United States Constitution, and of an impartial tribunal guaranteed by the Fourteenth Amendment of the United State Constitution[.]" *Id.* at p. 8, ¶ 4.

Guillard's "factual" allegations are fanciful, fantastic, delusional, and patently lacking in merit. Guillard does not allege a single shred of direct or circumstantial evidence, or an actual fact, suggesting Professor Scofield had an affair with a student or ordered the murders. Guillard merely says her "spiritual research . . . intuitively led to the University of Idaho History Department," she then "spiritually inquired into each person listed on the History Department's webpage," and her "insight for Rebecca Scofield revealed that she was in a relationship with Kaylee Goncalves that broke up and that she initiated the murders, planned the murders, and hired help to carry the plan out." *Id.* at p. 13, ¶¶ 34–36. Guillard also does not allege anything sufficient to allege a conspiracy to violate federal civil rights statutes. The only basis for the claims against Ms. Olson, Mr. Watkins, and Mr. Carone is that they did their jobs: file a legitimate defamation lawsuit and respond to press inquiries about the lawsuit. Even as a pro se litigant, Guillard should not be allowed to use this Court as a platform to make frivolous allegations to continue her shameless self-promotion at the expense of Professor Scofield's reputation and peace of mind and the victims' memories.

Rule 11 requires that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Guillard's delusional and conclusory allegations confirm that she never performed a factual investigation to support her assertions, beyond the information she discovered through her "spiritual acuity," and she fails to allege that she will be able to collect further evidentiary support after further investigation.

B. **Guillard's claims are not supported by the law.**

Guillard's claims purport to allege defamation (counterclaims 1 and 2), obstruction under federal civil rights statutes (counterclaims 3, 4, 5, 8, and 9), malicious prosecution (counterclaims 6 and 7), and intentional infliction of emotional distress (counterclaims 10 and 11). Each of these claims is frivolous as a matter of law:

- Guillard does not and cannot allege any plausible facts to support her allegations, as required under Federal Rule of Civil Procedure 8(a)(2). *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011); *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015); *see also* ECF 22-1, pp. 3–5.

- Guillard's claims fail as a matter of law because they rely on group pleading that lacks the specificity needed to allege a conspiracy. *Dana v. Tewalt*, No. 1:18-CV-00298-DCN, 2022 WL 3598311, at *5 (D. Idaho Aug. 23, 2022); *see also Taylor v. Babcock*, No. 90-35632, 1992 WL 60464, at *1 (9th Cir. Mar. 30, 1992); ECF 22-1, pp. 5–6.

- Ms. Olson, Mr. Watkins, and Mr. Carone are not parties to this lawsuit, and thus Guillard's putative counterclaims against them are improper and inoperative. Fed. R. Civ. P. 13. To sue nonparties, Guillard needs to follow the procedures for filing third-party claims.

- Guillard alleges defamation under 28 U.S.C § 4101. Section 4101 is the definitions section of a statute on recognition of foreign defamation judgments. It plainly does not apply here. Even if Guillard had alleged a state-law defamation claim, her claims would fail legally. Professor Scofield's complaint and the statements made in the complaint are part of a judicial proceeding. They are privileged and do not give rise to a defamation claim. *Berian v. Berberian*, 168 Idaho 394, 483 P.3d 937, 946 (2020); *Dickinson Frozen*

Memorandum in Support of Motion for Sanctions - 7

*Foods, Inc. v. J.R. Simplot Co.*, 164 Idaho 669, 678, 434 P.3d 1275, 1284 (2019), as amended (Apr. 22, 2019).

- Guillard does not and cannot plausibly allege a race-based motive for Professor Scofield's lawsuit against Guillard, as required by 42 U.S.C. § 1985(2). *See* ECF 22-1, pp. 7.

- Guillard cannot establish a conspiracy in violation of 42 U.S.C. § 1985(2) based on the conduct of counsel within the scope of representation of a client. *Farese v. Scherer*, 342 F.3d 1223, 1232 (11th Cir. 2003); ECF 22-1, pp. 7–8.

- Guillard does not allege a conspiracy that is actionable under 42 U.S.C § 1985(2) because she is not a witness to the prosecution of Bryan C. Kohberger. 15 Am. Jur. 2d *Civil Rights* § 176, Westlaw (database updated May 2023); *see also* ECF 22-1, p. 8.

- Guillard has not alleged the right type of harm to bring a claim under 42 U.S.C § 1985(2). *See* ECF 22-1, pp. 8–9.

- Guillard's 42 U.S.C. § 1986 claims fails because she has not alleged actionable conduct under 42 U.S.C. § 1985. ECF 22-1, p. 9.

- Guillard's 42 U.S.C. § 1983 claim fails because she has not alleged any state action, as Professor Scofield, Ms. Olson, Mr. Watkins, and Mr. Carone are all private actors. *Scott v. Thompson*, No. 1:20-CV-00346-BLW, 2020 WL 6047754, at *2 (D. Idaho Oct. 13, 2020). ECF 22-1, p. 9.

- Guillard's malicious prosecution claims fail because Professor Scofield's defamation action against Guillard has not been terminated in Guillard's favor, a required prerequisite. *Howard v. Felton*, 85 Idaho 286, 290, 379 P.2d 414, 416 (1963); *see also* ECF 22-1, p. 10.

Memorandum in Support of Motion for Sanctions - 8

- Filing a defamation action is not "extreme or outrageous," as required for a claim for intentional infliction of emotional distress. *Est. of Becker v. Callahan*, 140 Idaho 522, 527, 96 P.3d 623, 628 (2004); *Edmondson v. Shearer Lumber Prods.*, 139 Idaho 172, 180, 75 P.3d 733, 741 (2003); *see also* ECF 22-1, p. 10.

Each of these flaws in Guillard's claims demonstrate that this is a classic example of the type of reckless and harassing pleading that is subject to Rule 11 sanctions. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (finding Rule 11 sanctions appropriate where a complaint for conspiracy to violate 42 U.S.C. § 1985(3) failed to allege any act in furtherance of the conspiracy or allege that plaintiffs belonged to a racial group or other protected class); *see also Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 201 (9th Cir. 1989) (finding that, where claim was clearly without legal foundation the action was an abuse of the judicial process). The Court should thus sanction Guillard by dismissing her claims and awarding the costs and fees incurred to bring this motion.

## V. CONCLUSION

No reasonable party, pro se or otherwise, could make the certifications required by Rule 11 with respect to Guillard's putative claims against lawyers who did nothing more than advise and represent their client regarding the proper response to Guillard's malicious and unfounded attacks on Professor Scofield. The Court should sanction Guillard by dismissing her claims and awarding the costs and fees incurred to bring this motion.

DATED:  July 13, 2023.

          STOEL RIVES LLP

/s/ Wendy J. Olson
Wendy J. Olson
Elijah M. Watkins
Cory Carone

Attorneys for Plaintiff

Memorandum in Support of Motion for Sanctions - 10

CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2023, I served a copy of the foregoing via CM/ECF on the Registered Participant as follows:

Ashley Guillard
msashleyjt@gmail.com

/s/ Wendy J. Olson
Wendy J. Olson

Memorandum in Support of Motion for Sanctions - 11