Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Elijah M. Watkins, ISB No. 8977
*elijah.watkins@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>           Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>           Defendant. | Case No. 3:22-cv-00521-REP<br><br>**Reply in Support of Plaintiff's Motion to Dismiss Defendant's Counterclaims [Dkt. 22]** |

Defendant Ashley Guillard's opposition brief further shows the legal and factual frivolousness of her claims. Guillard continues to defame Plaintiff Rebecca Scofield by saying that she "planned, initiated, ordered and executed the murder of four" students, ECF 35, p. 2, and in Guillard's stricken brief she goes even further to say that "Rebecca Scofield is a serial killer," ECF 32, p. 3. Guillard also reaffirms that she has no basis for her increasingly inflammatory statements, relying only on "psychic abilities, spiritual acuity, and investigative skills." ECF 35, p. 2.

Guillard is free to practice any "spirituality" that she likes, but that "spirituality" does not excuse attacking another person's reputation or warrant using this Court as a platform to harass

Reply in Support of Motion to Dismiss Counterclaims [Dkt. 22] - 1

Professor Scofield, drive up litigation expenses, and further Guillard's scheme to make "millions of dollars." *Id.* at 3. Through Rule 8 and its inherent power, the Court can and should police such abuse. That is, the Court can draw on its judicial experience and common sense to dismiss Guillard's counterclaims because they are fanciful, fantastic, delusional, and patently lacking in merit.

Although that finding alone is enough to resolve all of Guillard's counterclaims, Guillard has further proven why her claims fail legally even if the Court were willing to look past the frivolity of her factual allegations. To start, Guillard makes even clearer in her opposition brief that the basis for most, if not all, of her counterclaims is not something that Professor Scofield alone has allegedly done, but rather an alleged conspiracy between Professor Scofield and her attorneys to file a defamation lawsuit. "[I]t is axiomatic that an agent acting within the scope of his representation cannot conspire with his principal, and the relationship between an attorney and client is one of agency in which the client is the principal and the attorney is the agent." *Taylor v. McNichols*, 149 Idaho 826, 844, 243 P.3d 642, 660 (2010) (cleaned up). There is nothing more clearly within the scope of an attorney's representation than the drafting and filing of a pleading. Every claim against Professor Scofield that rests on vicarious liability through participation in a conspiracy with her attorneys is legally deficient and should be dismissed.

Looking to Guillard's individual claims, Professor Scofield's opening briefing explains the many legal flaws with Guillard's claims. In this reply, she will touch briefly on the major flaws that are further exposed by Guillard's opposition brief.

For the defamation counterclaims (counterclaims 1 and 2), Guillard offers no explanation of why 28 U.S.C. § 4101 applies here. But even if she is allowed to pivot to a state law defamation claim, her argument that the privilege against defamation for statements made during a judicial

Reply in Support of Motion to Dismiss Counterclaims [Dkt. 20] - 2

proceeding applies only to criminal cases is incorrect. The principle applies broadly, including to statements in civil complaints. *Dickinson Frozen Foods, Inc. v. J.R. Simplot Co.*, 164 Idaho 669, 682, 434 P.3d 1275, 1288 (2019), as amended (Apr. 22, 2019).

For the 42 U.S.C. § 1985 claims (counterclaims 3 and 8), Guillard acknowledges that that she "has not claimed to be a party to [Bryan] Kohberger's case." ECF 35, p. 13. That fact does not make Professor Scofield's argument moot; it makes her argument right. Since Guillard plays no role in any court proceedings related to the murders at the University of Idaho, there cannot be any obstruction or witness intimidation. And without a § 1985 claim, Guillard also does not have a § 1986 claim (counterclaims 4 and 9). Am. Jur. 2d *Civil Rights* § 183 (To bring a claim under 42 U.S.C § 1986, "[i]t is necessary . . . to show that an actionable claim existed under" 42 U.S.C § 1985.).

For the 42 U.S.C. § 1983 claim (counterclaim 5), Guillard says she has alleged a state action because defamation "cases are decided under state law." ECF 35, p. 15. Guillard misunderstands the meaning of under the color of state law in § 1983 actions. "An individual acts under color of state law when he or she exercises power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015) (internal quotation marks and citation omitted). "This test is generally satisfied when a state employee, like a deputy district attorney, wrongs someone while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* (internal quotation marks and citation omitted). Virtually every legal action is authorized under either federal or state law. If filing a cause of action authorized under law were enough to create liability under § 1983, then every litigant would fall under § 1983's purview. That of course is not the case. *Urenia v. Pub. Storage, No*. CV 13-01934 DDP AJWX, 2014 WL 5781250, at *3 (C.D.

Cal. Nov. 6, 2014) ("Nor does a private party's invocation of remedies provided by state law constitute state action." (citing *Harper v. Federal Land Bank of Spokane*, 878 F.2d 1172, 1178 (9th Cir. 1989)).

For the malicious prosecution claims (counterclaims 6 and 7), Guillard says Professor Scofield defamation claims "are likely to fail." ECF 35, p. 16. Professor Scofield disagrees, but more importantly, Idaho law requires more: that an action be "terminated in favor of plaintiff." *Howard v. Felton*, 85 Idaho 286, 290, 379 P.2d 414, 416 (1963). Professor Scofield's claims against Guillard have not been terminated. Guillard thus cannot bring a malicious prosecution claim.

For the intentional infliction of emotional distress claims (counterclaims 10 and 11), Guillard still does not allege anything outrageous. Professor Scofield filed a lawsuit to remedy damages to her reputation. That action is not unusual, let alone outrageous.

At bottom, more than half a year after starting her relentless attacks on Professor Scofield on the internet, Guillard is getting closer to facing the consequences in real life. She has responded by yelling louder and grasping at increasingly thinner air. Guillard's latest antics—filing claims that are factually and legally frivolous as a vehicle to keep attacking Professor Scofield—do not warrant any further expense or delay in this litigation.

For these reasons and the reasons provided in Professor Scofield's opening brief, the Court should dismiss Guillard's counterclaims and award Professor Scofield her attorney's fees.

DATED:  July 14, 2023.

                STOEL RIVES LLP

                /s/ Wendy J. Olson
                Wendy J. Olson
                Elijah M. Watkins
                Cory M. Carone

                Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2023, I served a copy of the foregoing via CM/ECF on the Registered Participant as follows:

Ashley Guillard
msashleyjt@gmail.com

/s/ Wendy J. Olson
Wendy J. Olson