Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Elijah M. Watkins, ISB No. 8977
*elijah.watkins@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: 208.389.9000
Facsimile: 208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>　　　　　Defendant. | Case No. 3:22-cv-00521-REP<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO QUASH OR MODIFY SUBPOENA TO META PLATFORMS, INC.** |

## I. INTRODUCTION

On July 13, 2023, Defendant Ashley Guillard served a notice of intent to serve a subpoena on Meta Platforms, Inc. ("Subpoena"). Declaration of Wendy J. Olson in Support of Motion to Quash ("Olson Decl."), Ex. A. Guillard's requests are not limited to the defenses to claims filed against her. She instead broadly requests "all messages" on Professor Scofield's social media accounts, all of Professor Scofield's social media connections, and all communications "between Rebecca Scofield and any University of Idaho Students." Those untailored requests are irrelevant and would unnecessarily invade Professor Scofield's privacy by revealing personal information

such as pictures of her children and private communications with friends unrelated to this litigation. Professor Scofield thus asks the Court to quash the Subpoena pursuant to Scheduling Order as it refers to Professor Scofield as counter defendant. The Court, in its scheduling order, specifically limited discovery "to Plaintiff Scofield's underlying claims, and Defendants' defenses relating thereto," pending the Court's ruling on Plaintiff's motion to dismiss. ECF 38, ¶4. In the alternative, and pursuant to Fed. R. Civ. P. 45(c), Plaintiff seeks a modification of the Subpoena to limit the requests to only information related to the truth that Professor Scofield did not have an affair with Kaylee Goncalves or participate in the murders at the University of Idaho.

## II. BACKGROUND

In November 2022, four students at the University of Idaho were murdered at a home near the campus. ECF 1, ¶ 5. As she has done since 2021 with other crimes about which there has been much publicity, Guillard devised a scheme to leverage the tragedy in Moscow for her personal gain: use her "spiritual acuity" to post sensationalist content online to attract clicks and make money. ECF 20, p. 13, ¶ 32. The false story that Guillard posted repeatedly has been described in detail in Professor Scofield's complaint. ECF 1, ¶¶ 15–26. Guillard herself admits to posting "over one hundred TikTok videos" related to her "findings" about Professor Scofield. ECF 20, p. 14, ¶ 38.

But Guillard offers not even allegations of real evidence in support of her story. Guillard says her "spiritual research . . . intuitively led to the University of Idaho History Department," she then "spiritually inquired into each person listed on the History Department's webpage," and her "insight for Rebecca Scofield" provided the basis for Guillard's false claims. *Id.* at ¶¶ 34–36.

Guillard now seeks to use the overbroad Subpoena to discover the facts she does not have and will not find. But in the process, she seeks to further invade Professor Scofield's privacy by

requesting personal information on social media that has nothing to do with the falsity of Guillard's statements.

### III. LEGAL STANDARD

Pursuant to F.R.C.P. 45(d), a court may quash or modify a subpoena if it is unreasonable, oppressive, fails to allow time for compliance, requires disclosure of privileged or other protected matter, or subjects a person to undue burden. When a subpoena to a third party impacts the interests of a party to the dispute, the party may properly seek to have the subpoena modified. *Adams v. United States*, No. CIV. 03-0049-E-BLW, 2010 WL 55550, at *3 (D. Idaho Jan. 5, 2010). The scope of discovery under a Rule 45 subpoena is the same as a scope of discovery under Rule 26. *Spencer v. Greenwald*, No. 4:20-CV-00440-DCN, 2022 WL 2180052, at *2 (D. Idaho June 15, 2022). As such, the scope of a subpoena is limited to discovery which is relevant to the parties claims or defenses or appears reasonably calculated to lead to the discovery of admissible evidence.

### IV. ARGUMENT

Social media accounts may be a source of relevant information that is discoverable. However, this discoverability does not grant parties "a generalized right to rummage at will through information that [an opposing party] has limited from public view," and the party seeking private social media information must still establish under Rule 26 that the requested discovery is relevant and proportional to the needs of the case. *Hidalgo Lopez v. CoreCivic*, No. CV1904332PHXROSCDB, 2021 WL 10384448, at *20 (D. Ariz. July 29, 2021). "Consequently, courts have denied blanket requests for the contents of social media accounts and instead required that parties bring narrowed requests for information related to the issues in the case." *Id.*; *Mackelprang v. Fidelity Nat'l Title Agency of Nevada, Inc.*, No. 2:06–cv–00788–JCM–GWF, 2007 WL 119149, at *7 (D. Nev. Jan. 9, 2007) ("Ordering . . . release of all of the private mail messages

on Plaintiff's Myspace.com internet account would allow Defendants to cast too wide a net for any information that might be relevant and discoverable.").

The Subpoena violates those limits. For example:

- The first request seeks "all messages" from the past two years on Professor Scofield's social media accounts.

- The second request seeks all of Professor Scofield's friends or connections on social media from the last two years.

- The third request seeks all communications from the past two years "between Rebecca Scofield and any University of Idaho Students."

- The fourth and fifth requests seeks information about all content Professor Scofield has hidden from her social media accounts in the last two years.

- The seventh request seeks information, for an unlimited amount of time, about Professor Scofield's "contact information, contact address and location."

In other words, Guillard seeks just about everything Professor Scofield has on her social media accounts, even if they have no relation to Guillard's false statements. Guillard's relentless posting of TikTok videos about Professor Scofield—and the social media circus they created—have violated Professor Scofield's privacy enough. Guillard should not be allowed to further invade Professor Scofield's privacy by obtaining pictures of her kids, her private messages with friends unrelated to this case, or all contact information and locations captured on her social media accounts. There is no proper use for that information as it relates to Guillard's defenses.

## V. CONCLUSION

Professor Scofield respectfully requests that the Court either quash the Subpoena entirely or modify it so that Guillard can seek only information relevant to her defenses.

DATED: July 27, 2023.

STOEL RIVES LLP

/s/ Wendy J. Olson
Wendy J. Olson
Elijah M. Watkins
Cory M. Carone

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2023, I served a copy of the foregoing via CM/ECF on the Registered Participant as follows:

    Ashley Guillard
    msashleyjt@gmail.com

                                    /s/ Wendy J. Olson
                                    Wendy J. Olson