UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD, | Case No. 3:22-cv-00521-REP |
| Plaintiff, | |
| v. | **MEMORANDUM IN SUPPORT OF ASHLEY GUILLARD'S MOTION TO SET ASIDE MEMORANDUM DECISION AND ORDER (DKT. 49) & CONCURRENT MOTION TO DISMISS (DKT. 1)** |
| ASHLEY GUILLARD, | |
| Defendant. | |
| | |
| ASHLEY GUILLARD, | |
| Counterclaimant, | |
| v. | |
| REBECCA SCOFIELD, WENDY J. OLSON, ELIJAH M. WATKINS & CORY M. CARONE | |
| Counter Defendants. | |

**The Parties Filing This Motion**

Ashley Guillard,
msashleyjt@gmail.com
3262 Westheimer Rd. 942
Houston, TX 77098
Telephone:  337.372.3181

Pro Se

## I.    INTRODUCTION

Plaintiff Rebecca Scofield and her attorneys Wendy J. Olson, Cory Carone, and Elijah

Watkins fraudulently filed a frivolous complaint, Scofield v. Guillard (Dkt. 1), in the improper

venue, Federal District Court for the District of Idaho, for the purpose of impeding upon due process for Ashley Guillard and for the purpose of harassment; in violation of Rule 11. Additionally, Plaintiff Rebecca Scofield falsely claimed an excess of $75,000 in damages to file frivolous complaint Scofield v. Guillard (Dkt. 1) in the improper jurisdiction, Federal District Court, under 28 U.S.C. § 1332. The Court allowed the action despite lacking personal jurisdiction over alleged defendant Ashley Guillard, a Texas resident, and instead attempted to enforce unenforceable orders to include Dkt. 49. The action is in violation of fundamental fairness and procedural due process for alleged "defendant" Ashley Guillard. The Fifth Amendment, in application to Federal civil cases, provides that nobody may be deprived of life, liberty, or property without due process of law. A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court. See Long v. Shorebank Development Corp., 182 F.3d 548 (7th Cir. 1999). Therefore, the law requires that the entire Complaint, Case No. 3:22-cv-00521-REP, be dismissed and all orders deemed void.

## II.     BACKGROUND

Beginning on November 24, 2022, at the request of a TikTok user, Ashley Guillard used her spiritual practice, psychic abilities, metaphysical tools to include Tarot Cards, and investigative skills to uncover the motive and details that led to the murder of the Four University of Idaho students that were killed in Moscow Idaho on November 13, 2022. Her spiritual investigation revealed that Rebecca Scofield planned, initiated, ordered, and executed the murder of four University of Idaho Students; and hired a man to carry out the murders.

Ashley Guillard promulgated her findings on TikTok and the FBI Tip-line.

On December 8, 2022, Tracy Horan, Practice Assistant for Stoel Rives LLP, emailed Ashley Guillard demand letters from Wendy J. Olson demanding Ashley Guillard to "cease making defamatory statements" about Rebecca Scofield and to remove the "defamatory TikTok videos." On December 12, 2022, Ashley Guillard responded to the demand letter (by posting another TikTok video) that she believed that she did not make any false statements about Rebecca Scofield and did not have to follow their demands; posting a document explaining the Substantial Truth Doctrine as a guide. Despite not having a legal defamation claim against Ashley Guillard; Rebecca Scofield and her attorneys filed frivolous defamation claims against Ashley Guillard in Federal District Court for the District of Idaho due to the diversity of citizenship and falsified damages of $75,000 or more. Together they conspired to deprive Ashley Guillard of the freedom of speech, the freedom of spiritual practice, and of two million dollars; through the filing of the fraudulent complaint.

The statements they published about Ashley Guillard in the lawsuit were false and defamatory. The entire Complaint is a lie. In nearly every filing Attorney Wendy Olson lied on Ashley Guillard by making false statements under oath; violating Rule 11 and committing several acts of perjury. In furtherance of the conspiracy to deprive Ashley Guillard of her rights and property, and to embarrass, humiliate, discredit, and harass her, Attorney Wendy J. Olson and Rebecca Scofield pushed a multi-national press release with multiple news media outlets publishing false statements about Ashley Guillard. Attorney Wendy Olson published false statements that "Ashley Guillard made false statements that Rebecca Scofield ordered the murder of the four students knowing they are false; for the purpose of using the community's pain and the tragic event for followers and for profit". The statements Attorney Wendy Olson published

were disseminated on multi-national news channels, social media, blog, and news websites. As a result, Ashley Guillard was harassed, targeted, and embarrassed publicly online, social media, through phone and email nearly every day to current. In furtherance of the conspiracy to deprive Ashley Guillard of her rights and property, and to embarrass, humiliate, discredit, and harass her, Attorney Wendy J. Olson, Attorney Elijah M. Watkins, and Attorney Cory M. Carone mocked, denounced, and discriminated against Ashley Guillard's spiritual practice; requesting the Court to join the discrimination of Ashley Guillard spiritual beliefs and practices by issuing orders deeming it implausible.

Ashley Guillard filed eleven counterclaims in her Answer to Complaint (Dkt. 20) adding Attorney Wendy J. Olson, Attorney Elijah M. Watkins, and Attorney Cory M. Carone as defendants to the counter-complaint. The Court, under the tutelage of Chief U.S. Magistrate Judge Raymond E. Patricco, dismissed all eleven counterclaims, falsely claiming that Ashley Guillard's spiritual practice is a "philosophy" and erroneously claiming that Attorney Wendy J. Olson, Attorney Elijah M. Watkins, and Attorney Cory M. Carone are privileged to make defamatory statements about Ashley Guillard in the news media during the course of the litigation. The entire order (Dkt. 49) is completely one-sided, favorably biased towards Plaintiff Rebecca Scofield and an obvious impediment to tribunal impartiality for Defendant Ashley Guillard. However, an appeal is not an appropriate action to overcome the obvious lack of impartiality because the order is void due to fraud, lack of subject matter jurisdiction, and lack of personal jurisdiction over Defendant Ashley Guillard.

### III.    LEGAL AUTHORITIES & ARGUMENT

Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed. Rules

Civ. Proc., Rule 60(b)(4), 28 U.S.C.A., U.S.C.A. Const. Amend. 5 —Klugh v. U.S., 620 F.Süpp.

892 (D.S.C. 1985). Additionally, A void judgment may be attacked at any time by a person whose

rights are affected; pursuant to El-Kareh v Texas Alcoholic Beverage Comm'n, 874 S W

2d 192, 194 (Tex App —Houston [14th Dist.] 1994, no writ); see also Evans v. C. Woods, Inc.,

No. 12-99-00153-CV, 1999 WL 787399, at *1 (Tex. App.—Tyler Aug. 30, 1999, no pet. H.). "A

void judgment which includes judgment entered by a court which lacks jurisdiction over the

parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order

procured by fraud, can be attacked at any time, in any court, either directly or collaterally,

provided that the party is properly before the court." See Long v. Shorebank Development Corp.,

182 F.3d 548 (C.A. 7 Ill. 1999). A party affected by void judicial action need not appeal pursuant

to State ex rel. Latty, 907 S.W.2d at 486. It is entitled to no respect whatsoever because it does

not affect, impair, or create legal rights pursuant to Ex-parte Spaulding, 687 S.W.2d at 745

(Teague, J. concurring).

### A.     Order, Dkt. 49, Is Void Because The Court, Federal District Court for the District of Idaho Does Not Have Subject Matter Jurisdiction Over The Action Due to No Damages

In Dkt. 10 the Plaintiff falsely claimed damages equitable to $1,863,304 for "jeopardizing

Rebecca Scofield's employment and advancement at the University of Idaho, limiting Scofield's

ability to perform new studies and produce new work, and severe mental distress for worries that

an unknown made up person may 'take violent action'." They also motioned for the Court *"to*

*compensate Professor Scofield for these harms, she asks the Court to award her at least*

*$863,304 for damages to her personal and professional reputation (the equivalent of 10 years of*

*her current compensation at the University of Idaho). She also asks the Court to award her at*

*least $1 million for pain and suffering related to her mental distress."* Attorney Wendy Olson

lied. The  motion was in bad faith. Rebecca Scofield had not suffered any damages.

At the time of the Complaint Rebecca Scofield's employment and advancement at the University of Idaho was not negatively impacted by Defendant Ashley Guillard. Professor Scofield did not lose her job. Defendant Ashley Guillard did not prevent Rebecca Scofield from conducting any studies and did not prevent her from producing new work. Defendant Ashley Guillard did not harm Rebecca Scofield's reputation. In fact, Rebecca Scofield's reputation increased positively as proven by news media, social media and her Go Fund Me fundraising campaign. In Hall v. Earthlink Network, Inc., the Second Circuit considered events that occurred after the complaint was filed where the amount-in-controversy alleged was "made in bad faith." 396 F.3d 500 (2d Cir. 2005). Although the Go Fund Me was made after the filing of the Complaint, it is relevant because Rebecca Scofield and Attorneys claimed falsified damages that were made in bad faith.

Scofield did not experience any financial or reputational damages. Her Go Fund Me campaign (Exhibit A) raised nearly $20,000 with over three hundred donations. Jamal Lyksett donated $100 commenting "we are all with you." Cynthia Prescott, claiming to be Scofield's colleague donated $100 commenting "I stand with my colleague and friend Becca and her family." Sean Collins donated $10 commenting "From one of your former students I'm sorry to see you go through this. Good luck!". Eric Ntege "Random guy from Belgium" donated $10 commenting "I don't have much, but I hope you get the justice you deserve." Amanada Johnston "Uidaho alumn" donated $25 commenting "I am so sorry you are experiencing this." Celeste Miller donated $50 commenting "The professor's case enhances justice for us all." Arthur Patton-Hock donated $175 commenting "Becca: you're a hero in so many ways." As exemplified by her Go Fund Me fundraiser Scofield's personal and professional reputation has not been damaged. Nor was she at threat to lose her job.

Scofield falsely claimed that Ashley Guillard caused her "severe mental distress" and that she "cannot sleep", "cries often" and "must take sleep aids" like melatonin. Ashley Guillard does not know Rebecca Scofield, is not a colleague, is not a part of her social circles and does not live in Idaho. She was a random stranger on the internet that conducted a tarot reading and psychic investigation. Rebecca Scofield is lying. Additionally, Scofield lacks sufficient evidence that Ashley Guillard, a random stranger, caused her severe mental distress; and not the fact that she, Scofield, killed the four University of Idaho students. Additionally, because there are no damages and no reputational harm there is no valid claim for defamation; ergo no valid reason for pain and suffering. In the Plaintiff's own admission in Dkt. 10:

> "In a defamation action, a plaintiff must prove that the defendant: (1) communicated information concerning the plaintiff to others; (2) that the information was defamatory; and (3) that the plaintiff was damaged because of the communication." Elliott v. Murdock, 161 Idaho 281, 287, 385 P.3d 459, 465 (2016) (citation omitted). "A defamatory statement is one that tends to harm a person's reputation, usually by subjecting the person to public contempt, disgrace, or ridicule, or by adversely affecting the person's business." Siercke v. Siercke, 167 Idaho 709, 718, 476 P.3d 376, 385 (2020) (citation omitted)."

The Plaintiff's reputation was not damaged by Ashley Guillard's tarot reading due to a lack of belief in the power of the tarot and Ashley Guillard's psychic abilities. The statements Ashley Guillard made were not believed by anyone who impacted Scofield's personal and professional life. Scofield was supported by strangers, personal connections, and professional connections; and increased in popularity. Even the Court fraudulently ruled (Dkt. 49) that the accusations

Ashley Guillard made about Scofield based on the tarot reading was "in this context... clearly baseless (and ) are likewise not facially plausible under Twombly and Iqbal. Supra.". The Second Circuit noted that plaintiffs deserved at minimum an "appropriate and reasonable opportunity to show good faith [belief]" that the alleged damages were "reasonably possible." 344 F.2d 842, 846 (2d Cir. 1965). The Court ordered that Defendant Ashley Guillard's statements about Rebecca Scofield's role in the murders and relationship with one of the victims were "clearly baseless (and ) are likewise not facially plausible". Therefore, if the statements were "clearly implausible" there is no reason for the Court to order that the alleged damages were reasonably possible. Therefore, there is no legal cause of action for defamation, no damages and no award for pain and suffering.

    In bad faith the Plaintiff conferred to Belcalis Marlenis Almanzar v. Latasha Transrina Kebe, et al (2022) in argument for the Plaintiff to get $1,000,000 for pain and suffering. That precedent is inapplicable because it requires actual damages, reputational injury, and medical expenses. Scofield's twenty dollars for an over-the-counter melatonin does not meet the criteria established in Almanzar v. Kebe, et al (2022). Nor does it meet the threshold for a Federal District Court filing. To determine whether the amount in controversy is met, "[t]he rule…is that… the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938). The court looks at the circumstances "at the time the complaint is filed." Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004). At the time of the complaint and post complaint Plaintiff Rebecca Scofield did not suffer any damages. The purchase of a $20 sleep aide does not amount to the required $75,000 in damages for jurisdiction under 28 U.S.C. § 1332. Thus, the

Complaint (Dkt. 1) must be dismissed for lack of subject matter jurisdiction.

**B.      The Court Does Not Have Personal Jurisdiction Over Ashley Guillard: Venue is Improper**

At the commencement of the filing of the Complaint Ashley Guillard was a Houston resident residing at 4100 Southwest Fwy., Apt. 368, Houston, TX 77027. Plaintiff Rebecca Scofield, through Attorney Wendy Olson, served Ashley Guillard at her home (see Summons Dkt. 2).  The Plaintiff falsely claimed that the venue is appropriate under 28 U.S.C. § 1391 because Professor Scofield is an Idaho resident and a substantial part of the events giving rise to the claims occurred in Idaho. The Plaintiff contradicted herself. She claims that she did not order the murder of the four University of Idaho students who were killed on November 13, 2022. Yet she claims that her civil complaint (Dkt. 1) is a result of the event of the murders. Since Rebecca Scofield claims to not have killed the students, the only event that gave rise to the civil action is the alleged defamation that occurred on social media; published mostly in Texas and accessed in several states.

Pursuant to 28 U.S. Code § 1391(b)(1) and 28 U.S. Code § 1391(b)(3) the proper venue would have been Federal District Court for the Southern District of Texas except the Plaintiff does not have damages exceeding $75,000. Thus, jurisdiction is improper and so is the venue. Pursuant to 28 U.S. Code § 1406(a): "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." For as long as the objection to the venue is interposed "timely and sufficiently" 28 U.S. Code § 1406(b). By objecting to the venue in her Answer and Counterclaims (Dkt. 20) Defendant Ashley Guillard

met the time and sufficient objection requirements of 28 U.S. Code § 1406(b). Additionally, A

void judgment may be attacked at any time by a person whose rights are affected. See El-Kareh

v. Texas Alcoholic Beverage Comm'n, 874 S.W.2d 192, 194 (Tex. App.—Houston [14th Dist.]

1994, no writ); see also Evans v. C. Woods, Inc., No. 12-99-00153-CV, 1999 WL 787399, at *1

(Tex. App.—Tyler Aug. 30, 1999, no pet. H.). As the Court ordered in Dkt.49 When venue is

improper, "the case must be dismissed or transferred under 28 U.S.C. § 1406(a).

### C.     The Order and Entire Complaint Is Void Due to A Lack of Judicial Impartiality Pursuant to Rule 60(b)(6)

In Ashley Guillard's Answer, Affirmative Defenses and Counterclaims (Dkt. 20) she

promulgated that the Complaint (Dkt. 1) was filed in Federal District Court for The District of

Idaho for the purpose of impeding upon judicial fairness and impartiality for her. The Court in

Dkt. 49 proved her allegation to be true. The Order is obviously biased, one-sided, lacks in

impartiality and likely maliciously motivated.

First the Court violated the First Amendment of the United States Constitution by ruling

on the plausibility of Ashley Guillard's tarot reading and psychic abilities. The Court under the

tutelage of Chief U.S. Magistrate Judge Raymond E. Patricco called Ashley Guillard's spiritual

practice "arguably so outrageous as to be clearly baseless and, thus, implausible... and lack any

basis in fact." The first two provisions of the First Amendment, known as the Religion Clauses,

state that Congress shall make no law respecting (or disrespecting) an establishment of religion

or prohibiting the free exercise thereof. Federal law restricts the ability of the government,

including courts, to judge the legitimacy of religious beliefs. See United States v. Seeger, 380

U.S. 163, 184 (1965); United States v. Ballard, 322 U.S. 78, 88 (1944); Amdt1.4.2 Laws

Regulating Religious Belief. "The test of religious belief within the meaning of the exemption in § 6 (j) is whether it is a sincere and meaningful belief occupying in the life of its possessor." To disqualify the discrimination of Ashley Guillard's spiritual beliefs and practices as class-based animus Chief U.S. Magistrate Judge Raymond E. Patricco falsely claimed it as a "philosophy" without any evidence suggesting so and with all the dockets, at least one hundred times, suggesting that it is her spiritual belief and practice.

Secondly, Chief U.S. Magistrate Judge Raymond E. Patricco, conveniently contradicts his opinions based on what is favorable to Plaintiff Scofield. In Dkt. 49 he refers to Defendant Ashley Guillard's statements as "lacking in any basis in fact" and "implausible" as it pertains to favoring the dismissal of her counterclaims. Yet, the same statements are then used to justify the Plaintiff's complaint and are suddenly "statements of fact". Patricco conveniently changes his viewpoint when it is convenient for Scofield and her legal counsel. Additionally, Patricco assumes that Rebecca Scofield, without any evidence or proof, did not cause the murder of the four University of Idaho students. The fact is that Judge Raymond E. Patricco cannot order or rule that Rebecca Scofield did not order the murder of the four University of Idaho students. The murder investigation is not within his control or jurisdiction. He does not know for a fact, nor does he have evidence that Rebecca Scofield did not order the murder of the four University of Idaho students. Therefore, he cannot decide on the plausibility of the message of Ashley Guillard's tarot reading. Patricco overstepped his authority. He does not have subject matter jurisdiction over the case murder of the four University of Idaho students; which is being handled by the State of Idaho Judicial Branch, Latah County District Court, Case No. CR29-22-2805. Nor does the Courts have jurisdiction over the plausibility of Tarot Readings which is a spiritual practice.

Third, in the same Order, Chief U.S. Magistrate Judge Raymond E. Patricco lightly promised sanctions in the future. Stating "With this in mind, the Court's current refusal to assess sanctions against Defendant does not foreclose the possibility that sanctions may be appropriate later." Sanctions against Ashley Guillard were never appropriate and there was no indication or evidence that sanctions were to be appropriate in the future. Patricco is inappropriately biased and his behavior impedes upon due process for Ashley Guillard.

Lastly, after the Order, Chief U.S. Magistrate Judge Raymond E. Patricco, ordered a subordinate to email the parties seeking settlement negotiations after the filing of his biased Order (Exhibit B). Without the opportunity for discovery and due process, the Court suggested that Defendant Ashley Guillard concede; again, unconstitutionally assuming that the statements made about Scofield are false. This is after the parties established that alternative dispute resolution is not useful in this case (Dkt. 38).

**D.      Order, Dkt. 49, Is Void Because The Court, Federal District Court for the District of Idaho Does Not Have Subject Matter Jurisdiction Over The Plausibility of Spiritual Practices**

Federal law restricts the ability of the government, including courts, to judge the legitimacy of religious beliefs. See United States v. Seeger, 380 U.S. 163, 184 (1965); United States v. Ballard, 322 U.S. 78, 88 (1944); Amdt1.4.2 Laws Regulating Religious Belief. "The test of religious belief within the meaning of the exemption in § 6 (j) is whether it is a sincere and meaningful belief occupying in the life of its possessor." In all relevant dockets Ashley Guillard has vehemently defended her spiritual beliefs and spiritual practice, to include Tarot Readings, her psychic abilities and spiritual connection. In all relevant dockets and the hearing Ashley Guillard continued to defend her beliefs. Judge Raymond E. Patricco had no evidence to suggest that Ashley Guillard's spiritual practices were "secular" or "philosophical". The Court

intentionally erred in denouncing tarot readings and Ashley Guillard's spiritual connection as a spiritual practice for the purpose of overstepping the separation of  the Church and State as required by Federal laws and the First Amendment of the United States Constitution.

## IV.    CONCLUSION

Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process. Margoles v. Johns, 660 F.2d 291 (7th Cir. 1981) cert. denied; Klugh v. U.S., 620 F. Süpp. 892 (D.S.C. 1985); Fed. Rules Civ. Proc., Rule 60(b)(4) and 28 U.S.C... A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. FRCP Rule 60(b)(4) provides that the court may relieve a party from a final judgment or order and relief may be granted for circumstances under which a judgment is void. "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgements and orders are regarded as nullities; they are not voidable, but simply void, and this even prior to reversal." Williamson V. Berry, 8 How. 945, 540 12 L. Ed. 1170, 1189 (1850). A party affected by void judicial action need not appeal pursuant to State ex rel. Latty, 907 S.W.2d at 486. "A void order can be challenged in any court" Old Wayne Mut. L. Assoc. V. Mcdonough, 204 U. S. 8,27 S. Ct. 236 (1907). "It is not necessary to take any steps to have a void judgment reversed, vacated, or set aside, It may be impeached in any action direct or collateral.' Holder v. Scott, 396 S.W.2d 906, (Tex. Civ. App., Texarkana, 1965, writ ref., n.r.e.). In Griffen v. Griffen, 327 U.S. 220, 66 S. Ct. 556, 90 L. Ed. 635 a pro se litigant won his case in the Supreme Court who stated: "A void judgment is a nullity from the beginning and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." Ex parte Seidel, 39

S.W.3d 221, 225 (Tex. Crim. App. 2001), Ex parte Spaulding, 687 S.W.2d at 745 (Teague, J., concurring). Thus, the Court must void the Order, Dkt. 49. Additionally the Court must dismiss the Complaint (Dkt. 1), due to a lack of jurisdiction of the subject matter, of the parties, and due to the impediment of due process for Defendant Ashley Guillard.

**Dismiss the Complaint (Dkt. 1) with Prejudice**

Pursuant to 28 U.S. Code § 1406(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. It is not in the best interest of justice to transfer the Complaint, Dkt. 1, to any Court because it is not a valid cause of action. Pursuant to the Court in Dkt. 49:

> The judicial privilege Immunizes a party from civil liability for statements made during judicial proceedings. See Berian v. Berberian, 483 P.3d 937, 946 (Idaho 2020) ("Idaho has long recognized that defamatory statements made during a judicial proceeding are absolutely privileged, even if made with malicious intent or knowledge of their falsity. The purpose of the judicial privilege is to keep the paths leading to the ascertainment of truth as free and unobstructed as possible.") (internal quotation marks and citations omitted). This privilege sets a low bar, requiring only that the defamatory statement (i) be made during a proceeding, and (ii) have "a reasonable relation to the cause of action of that proceeding." Dickinson Frozen Foods, Inc. v. J.R. Simplot Co., 434 P.3d 1275, 1284 (Idaho 2019).

Defendant Ashley Guillard's statements about Rebecca Scofield's alleged involvement in the murder of the four University of Idaho students were made during judicial proceedings;

specifically, during the investigation of the murders. Although Ashley Guillard is not a party in

the criminal case, she sent her findings to the FBI tip line, as a witness to help solve the case.

Therein, her statements easily meet the standard of judicial privilege, and the Plaintiff fails to

state a defamation claim. Additionally pursuant to Berian v. Berberian, 483 P.3d 937, 946 (Idaho

2020) statements to law enforcement for the purpose of initiating criminal proceedings are

entitled to a qualified privilege for all torts except malicious prosecution. Therefore, the

Defendant Ashley Guillard's statements on social media are also privileged due to the reasonable

relation to the pending criminal case of the murder of the four University of Idaho students

pursuant to Berian v. Berberian, 483 P.3d 937, 946 (Idaho 2020). Additionally, Rebecca Scofield

has not proven that the statement that she ordered the murder of the four University of Idaho

students to hide the relationship she had with one of the victims, is false. Thus, the Complaint,

fails to state a claim for relief and must fail; and it is in the interest of justice to dismiss the

Complaint in lieu of a transfer.

## V.     PRAYER FOR RELIEF

1.      Rule 12(b)(1) Dismiss The Action Due to Lack of Subject Matter Jurisdiction.

2.      Dismiss The Action (Dkt. 1) Due to Lack of Personal Jurisdiction pursuant to

Rule 12(b)(2).

3.      Dismiss The Action With Prejudice Due to Failure To State A Claim For Relief

pursuant to Rule 12(b)(6).

4.      Set Aside Order, Dkt. 49, pursuant to Rule 60(b)(4) and Rule 60(b)(6).

5.      Award Ashley Guillard all court related fees and sanctions pursuant to Rule 11(c)

in the amount of $1,000,000 pursuant to B. Chambers v. NASCO, 501 U.S. 32 (1991)[1].

DATED: August 21, 2023


                                                            /s/ Ashley J. Guillard
                                                            Defendant
                                                            Ashley J. Guillard

                                                            Pro-Se Litigant

---

[1] Sanctions totaling nearly one million were upheld by the Supreme Court for the petitioner's (1) attempt to manipulate the court of jurisdiction by acts of fraud, (2) filing false and frivolous pleadings, and (3) attempting, by other tactics of delay, oppression, harassment, and massive expense to reduce the respondent to exhausted compliance.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2023, I served a copy of the foregoing via CM/ECF on

the Registered Participant as follows:

Cory M. Carone: cory.carone@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

Elijah M. Watkins: elijah.watkins@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

Wendy J. Olson: wendy.olson@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com.


/s/ Ashley J. Guillard
Ashley J. Guillard
Pro-Se Litigant

# EXHIBIT A

Search    How it works    Start a GoFundMe    gofundme    Sign in    **Share**    **Donate**



# Support Dr. Rebecca Scofield

**$19,513** raised of $100,000 goal • **307** donations

**Share**

**Donate now**



Anonymous
**$250** • 4 hrs

Andrew Hudak
**$100** • 2 d

Anonymous
**$25** • 3 d

Anonymous
**$25** • 4 d

Anonymous
**$20** • 5 d

See all

☆ See top donationsSee top

 S Ramirez is organizing this fundraiser on behalf of Rebecca Scofield.

Support Dr. Rebecca Scofield
Over the past six months, our dear friend and colleague, Dr. Rebecca Scofield, has been relentlessly and persistently targeted by a TikTok user who is making false claims linking her to the November murders of four University of Idaho students. Her case, like many others, shows how easily and quickly anyone can become the target of online abuse from the spread of unfounded accusations.

In November 2022, her attorneys sent two cease and desist notices in an attempt to end the harmful statements and protect Dr. Scofield, her husband, and two young children. The TikTok user mocked these attempts. Thus, in December 2022, Dr. Scofield filed a federal defamation lawsuit to fight these unwarranted online attacks. Despite her attempts to resolve the case quickly, her legal fees have far outpaced her resources. As her lawyers estimate it could be another year before the case is resolved, it will cost a substantial amount of money to continue to contest these baseless claims and address counterclaims. Throughout the case, the TikTok user has continued to make new false statements.

Online rumors and suppositions can ruin innocent people's lives, causing emotional distress, loss of reputation, and significant financial damage. Defamation lawsuits are necessary to deter these attacks. Unfortunately, without additional support, Dr. Scofield may be forced to drop the case in order to protect her family's financial well-being.

Dr. Scofield is a dedicated member of the University of Idaho faculty and a beloved member of the Moscow community. Dr. Scofield's goal continues to be to resolve the suit and end the spread of false online statements as quickly as possible. Any donation to help support her and her family will be deeply appreciated.

Any excess funds will be donated to the scholarship funds set up in the victims' names at the University of Idaho.

For more about the case, see these articles from:

- The Idaho Statesman (https://idahonews.com/news/local/university-of-idaho-professor-sues-tiktok-charlatan) and
- The Guardian (https://www.theguardian.com/us-news/2022/dec/25/tiktok-sleuth-ashley-guillard-rebecca-scofield-defamation-idaho-murders).



| Donate | Share |

## Organizer and beneficiary

**S Ramirez** →
Organizer
Moscow, ID

**Contact**

**Rebecca Scofield**
Beneficiary

# Words of support (20)

Please donate to share words of support.

 **Michelle Embry**

$5  •  7 d

This professor needs our help

 **Jamal Lyksett**

$100  •  13 d

We are all with you!

 **Cynthia Prescott**

$100  •  14 d

I stand with my colleague and friend Becca and her family. The public humanities are so important in the face of misinformation and such brutal personal attacks.

 **Sean Collins**

$10  •  19 d

From one of your former students I'm sorry to see you go through this. Good luck!

 **Anthony Marker**

$50  •  20 d

Counter suit appears to be a transparent stalling attempt and seemingly without merit.



**Sydney Freeman, Jr.**

$100   •   23 d

We have young back Becca! Sydney Freeman, Jr. & Lynda Freeman



**Andrew Goldman**

$25   •   23 d

From a fellow historian, to let you know what we're all supporting you on this.



**Eric Ntege**

$10   •   23 d

Random guy from Belgium here! I just found out about your situation through a YouTube video "Our obsession with true crime is weird" by Leeja Miller. I don't have much, but I hope you get the justice you deserve.



**Amanada Johnston**

$25   •   25 d

Dr. Scofield, I was disgusted to hear you have been treated in such an abusive, unethical, inhumane way. As a UIdaho alumn, my educational experience was deeply impacted by caring and dedicated faculty like you. I am so sorry you are experiencing this horrible abuse.



**Kalin Gibbons**

$20   •   25 d

This could have happened to any of us, and this influencer needs to be held accountable.



**Celeste Miller**

$50   •   26 d

The professor's case enhances justice for us all.



**Veronica Neisler**

$150  •  1 mo

Good luck Rebecca! I have faith that justice will be served for you and your family



**Christine Berven**

$100  •  1 mo

Happy to help. This shouldn't happen to anyone.



**Caroline Evans**

$5  •  1 mo

Shutting down slander/libel the legal way is a good cause.



**Michelle Leach**

$25  •  1 mo

PLUNDER sent me here. Fight the good fight, Rebecca!! God bless you and your family.



**Daniel Peralto**

$20  •  1 mo

How is this not a crime to manufacture an accusation for likes. This is not freedom of speech. Please help Rebecca.



**Marina Mendez**

$50  •  1 mo

Sending my prayers and support. Truth will prevail!



**Amberly Beckman**

$40 • 1 mo

Rooting for you, Becca!



**Tom Kerr**

$50 • 1 mo

No one should have to go through this process and have their bank account depleted to defend themselves. It happened to me and I will be more than happy to help someone against a kook. Good luck, Prof, and I hope my small donation helps.



**Arthur Patton-Hock**

$175 • 1 mo

Becca: you're a hero in so many ways. APH

---

July 1st, 2023 • [tag] <u>Community</u>

---

[flag] Report fundraiser

# Your easy, powerful, and trusted home for help



**Easy**
Donate quickly and easily.



**Powerful**
Send help right to the people and causes you care about.



**Trusted**
Your donation is protected by the GoFundMe Giving Guarantee.



## Fundraise for

Medical

Emergency

Memorial

Education

Nonprofit

Support COVID-19 fundraisers

Crisis Relief

## Learn more

How GoFundMe Works

Why GoFundMe

Common questions

Success stories

Supported countries

Charity fundraising

Pricing

## Resources

Help center

Blog

GoFundMe Stories

Press center

Careers

About

More resources ⌄



United States · English

     

Fundraiser for Rebecca Scofield by S Ramirez : Support Dr Rebecca Scofield                                    8/14/23, 10:21 PM

United States     English

© 2010-2023 GoFundMe     Terms     Privacy Notice

Legal     Accessibility Statement





# EXHIBIT B

 Gmail

Ash Is God <msashleyjt@gmail.com>

---

## Scofield v. Guillard 22-521

2 messages

---

**Daniel Gordon** <Daniel_Gordon@id.uscourts.gov>                    Wed, Aug 9, 2023 at 7:10 PM
To: "wendy.olson@stoel.com" <wendy.olson@stoel.com>, Ash Is God <msashleyjt@gmail.com>

Counsel/Ms. Guillard:

My name is Dan Gordon – a staff attorney with Judge Patricco.

Regarding the above-referenced case, you likely saw that, within the Scheduling Order (Dkt. 38), the Court adopted the parties' position about Alternative Dispute Resolution ("ADR") -- the parties believed at the time that ADR would not be beneficial. Given that the scheduling conference was vacated, and following the Court's recent Memorandum Decision and Order (Dkt. 49), Judge Patricco wanted me to reach out informally via email to see if there is any opportunity to reconsider these positions.

As with any case with many moving parts, the time, expense, and associated angst litigating the matter to conclusion can be significant. Which is why, where an opportunity for an early resolution via a judicially-supervised settlement conference potentially exists, the parties may benefit from thoughtfully exploring such an option. Judicially-supervised settlement conferences are conducted by the Court (not the presiding judge), are confidential, and done at no cost to the parties.

This in no way is the Court ordering (or even asking) you to participate in any ADR at this time – indeed, there may be legitimate reasons not to do so. This correspondence simply reflects what the Court would have said in any similar case had a telephonic scheduling conference taken place.

With this in mind, despite the parties' previously-stated positions in their stipulated Litigation Plan, Judge Patricco is asking that you revisit whether a judicially-supervised settlement conference might make sense under the circumstances. Only if both sides agree, will the Court order that one take place.

Therefore, by the end of the day on August 14, 2023, please respond to this email **without cc'ing the other side** with your position – this will maintain the confidentiality of each party's response. Again, unless both parties agree to participate in a judicially-supervised settlement conference, one will not be ordered.

Thank you,

DG

**Ash Is God** <msashleyjt@gmail.com>                                    Thu, Aug 10, 2023 at 12:48 AM
To: Daniel Gordon <Daniel_Gordon@id.uscourts.gov>

Hello Mr. Gordon,

No thank you.

[Quoted text hidden]