Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Elijah M. Watkins, ISB No. 8977
*elijah.watkins@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>　　　　　Defendant. | Case No. 3:22-cv-00521-REP<br><br>**Memorandum in Opposition to Defendant's Motion to Set Aside and Motion to Dismiss [Dkt. 50]** |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ..................................................................................................................... 1

    A.     Guillard's arguments under Federal Rule of Civil Procedure 12(b) are untimely. ................................................................................................................ 1

    B.     If the Court looks past Guillard's untimeliness under Rule 12(b), her motion to dismiss still fails. ........................................................................... 2

        1.     The Court has subject matter jurisdiction. .................................................. 2

        2.     Guillard has waived or forfeited any challenge to personal jurisdiction. ................................................................................................ 4

        3.     On the merits, the Court has personal jurisdiction. .................................... 5

        4.     Professor Scofield selected a proper venue. ............................................... 7

        5.     Professor Scofield has stated a claim for defamation. ............................... 7

    C.     Guillard cannot seek relief under Rule 60(b) because the Court has not entered a final judgment or order. ........................................................................ 8

    D.     Guillard's arguments to set aside the dismissal of her counterclaims fail on the merits. ........................................................................................................... 9

    E.     The Court should award Professor Scofield her attorney's fees. ........................ 9

III. CONCLUSION ................................................................................................................ 10

## I. INTRODUCTION

Until now, Defendant Ashley Guillard has been happy to use this Court as a platform to inflict unnecessary delay and expense on Plaintiff Rebecca Scofield. She litigated her default here, filed and litigated counterclaims here, tried to drag Plaintiff's counsel into the litigation here, participated in a discovery conference here, and issued an overbroad subpoena to Facebook here. Professor Scofield has incurred great expense to beat back those often frivolous efforts. With the Court's decision on August 8, 2023 (ECF 49), Professor Scofield seemed to be finally past Guillard's roadblocks and could focus on moving forward with what is really at issue: her defamation claims against Guillard. But Guillard refuses to stop with the expensive distractions. Unhappy with how the litigation is going, she has pivoted to attacking the Court, wrongly accusing the Court of bias and seeking to void all her losses to date so that she can try again elsewhere. Guillard's assertions are too late, but also fail legally. The Court should deny Guillard's motion.

## II. ARGUMENT

Guillard's arguments are not always linear, but as best Professor Scofield can tell, Guillard seeks to (1) dismiss Professor Scofield's complaint for lack of subject matter jurisdiction because the amount in controversy does not exceed $75,000, (2) dismiss Professor Scofield's complaint for improper venue because Guillard lives in Texas, (3) dismiss Professor Scofield's complaint for lack of personal jurisdiction because Guillard lives in Texas, (4) dismiss Professor Scofield's complaint because it fails to state a claim, and (5) set aside the Court's order dismissing Guillard's counterclaims because the judicial officer assigned to this case is biased and the Court lacks jurisdiction. Guillard's first four arguments are untimely, and all five arguments fail legally.

A.   **Guillard's arguments under Federal Rule of Civil Procedure 12(b) are untimely.**

Guillard moves for dismissal under Federal Rule of Civil Procedure 12(b)(1), (2), and (6). ECF 50-1, p. 15. "A motion asserting any of [the defenses available under Rule 12(b)] must be

made *before pleading* if a responsive pleading is allowed." Fed. R. Civ. P. 12(b) (emphasis added). A responsive pleading includes an answer. Fed. R. Civ. P. 7(a)(2). Guillard has twice filed an answer. ECF 6; ECF 20. Her motion under Rule 12(b) is thus untimely and should be denied.

**B.      If the Court looks past Guillard's untimeliness under Rule 12(b), her motion to dismiss still fails.**

If the Court allows Guillard to assert an untimely Rule 12(b) motion or seek similar relief under a different rule, her arguments still fail. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between the parties and the amount in controversy is greater than $75,000. Guillard has waived or forfeited any challenges to the Court's personal jurisdiction by failing to assert those defenses in her answer and consenting to the Court's personal jurisdiction through her conduct during this litigation. In any event, Guillard's challenge to the Court's personal jurisdiction fails on the merits. Although Guillard has, at times, asserted that Professor Scofield filed in the wrong venue and failed to state a claim, those arguments also fail on the merits. Professor Scofield's venue selection is proper because she was injured in Idaho. She has also stated a claim by asserting that Guillard made false statements about Professor Scofield that were defamatory and caused injury.

      1.      **The Court has subject matter jurisdiction.**

Professor Scofield invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332. ECF 1, ¶ 3. Diversity jurisdiction is proper when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Guillard does not contest that the parties are citizens of different states (Texas and Idaho). But she appears to argue that the amount in controversy does not exceed $75,000 because she does not believe that Professor Scofield was damaged by Guillard repeatedly stating that Professor Scofield had an affair with a student and ordered the murder of four students.

Opposition to Motion to Set Aside and Motion to Dismiss [Dkt. 50] - 2

When a plaintiff originally files in federal court, the court determines the amount in controversy from the face of the pleadings. *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). The plaintiff's alleged amount in controversy "controls so long as the claim is made in good faith." *Id.* When a defendant challenges the plaintiff's alleged amount in controversy, courts in the Ninth Circuit "use the legal certainty test to determine whether the complaint meets § 1332(a)'s amount in controversy requirement." *Naffe v. Frey*, 789 F.3d 1030, 1039–40 (9th Cir. 2015) (internal quotation marks and citation omitted). Under the legal certainty test, "a federal court has subject matter jurisdiction unless upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount." *Geographic Expeditions*, 599 F.3d at 1106 (internal quotation marks and citation omitted).

Applying the legal certainty test here, Plaintiff has properly invoked the Court's diversity jurisdiction. Guillard admits to posting over 100 hundred TikTok videos stating that Professor Scofield had an affair with a student and ordered the murders of four students. ECF 20, p. 14. As the Court knows, Guillard has continued to make those statements during hearings and in her filings. It should go without saying that accusing an educator of having an improper affair with a student and ordering the murder of four students: (1) places the educator's job in jeopardy, (2) deters students from wanting to take classes taught by the educator, (3) deters publishers and co-authors from wanting to work with the educator, (4) deters individuals from attending the educator's presentations, and (5) causes the educator extreme emotional distress, as the many years dedicated to their education and professional reputation goes down the drain. In the internet era, a person's reputation is often dictated by Google results when searching their name. During the height of Guillard's war against Professor Scofield's reputation—particularly before TikTok

Opposition to Motion to Set Aside and Motion to Dismiss [Dkt. 50] - 3

apparently removed her accounts—a person Googling Professor Scofield typically learned about Guillard's statements about her and nothing else.

And this all occurred *before* Bryan Kohberger was arrested. It can be difficult to remember now that the public's focus is on Mr. Kohberger's trial, but when Professor Scofield filed her complaint, the public had little, if any, information about the murders at the University of Idaho. Many people in Idaho were traumatized by the murders and terrified that the murderer was unknown and at large. The public (especially those active on the internet) obsessed over the smallest details or "leads," with many convinced that missed phone calls meant an ex-boyfriend was responsible or that video footage meant a man wearing a hooded sweatshirt near a food truck was to blame. That was the environment when Guillard made many of her statements about Professor Scofield, and statements made in that environment put her life, her career, and her mental health in peril.

The value of Professor Scofield's life, career, and mental health far exceeds $75,000. She properly invoked the Court's diversity jurisdiction.

**2.      Guillard has waived or forfeited any challenge to personal jurisdiction.**

Unlike challenges to the court's subject matter jurisdiction, challenges to the court's personal jurisdiction can be waived or forfeited. A party waives a challenge to the court exercising personal jurisdiction by failing to "include it in a responsive pleading." Fed. R. Civ. P. 12(h)(1)(B)(ii). Guillard's responsive pleading is her answer, Fed. R. Civ. P. 7(a)(2), and it does not assert lack of personal jurisdiction as an affirmative defense. ECF 20, pp. 5–7. She has thus waived the defense. *Buhler v. Audio Leasing Corp.*, 841 F.2d 1128 (9th Cir. 1988) (unpublished) ("Lack of personal jurisdiction must be argued in a defendant's first appearance to the court, whether that be an answer or a motion, or it is deemed waived."); *SEC v. Eurobond Exch., Ltd.*,

13 F.3d 1334, 1337 (9th Cir. 1994) ("In civil cases, Federal Rule of Civil Procedure 12(h)(1) mandates a waiver of the defense of lack of personal jurisdiction unless it is raised in the answer.").

Even if the Court looks past Guillard's waiver under Rule 12(h)(1)(B)(ii), she has forfeited the challenge through her conduct during this litigation. When a defendant initially preserves a challenge to personal jurisdiction, she can forfeit that challenge through her conduct during the litigation. *Argonaut Ins. Co. v. St. Francis Med. Ctr.*, 17 F.4th 1276, 1283 (9th Cir. 2021). Guillard's conduct here departs from challenging the Court's personal jurisdiction. This case started in December 2022. ECF 1. Since then, Guillard has appeared, challenged the clerk's entry of default, filed an answer, filed counterclaims against Plaintiff, attempted to add Plaintiff's counsel as parties, participated in the Rule 26(f) conference, and sought discovery on the merits from Facebook by issuing a subpoena under this Court's authority. ECF 6, 7, 20, 26, 27, 28, 29, 30, 31, 48. In short, for months, Guillard happily litigated before this Court. She asserted a lack of personal jurisdiction *only after* the Court dismissed her counterclaims. ECF 49, 50. A party cannot test the waters with one court and then challenge personal jurisdiction after the court issues an unfavorable decision. Guillard has forfeited any challenge to the Court exercising personal jurisdiction.

   3.   **On the merits, the Court has personal jurisdiction.**

Personal jurisdiction takes two forms: general jurisdiction and specific jurisdiction. Guillard resides in Texas, so the Court cannot exercise general jurisdiction over Guillard. But the Court can exercise specific jurisdiction here.

The Court's exercise of personal jurisdiction must satisfy Idaho's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Floyd v. W. Oilfields Supply Co.*, No. 2:19-CV-00464-DWM, 2020 WL 1696668, at *2 (D. Idaho Apr. 7, 2020) ("In Idaho, personal jurisdiction is governed by the Idaho long-arm statute, Idaho Code § 5-514, and the Due Process

Clause of the Fourteenth Amendment."). Specific jurisdiction exists under Idaho's long-arm statute (specifically, Idaho Code § 5-514(b)), and the Due Process Clause for the same reason: Guillard's defamatory statements targeted Idaho and caused damage in Idaho.

Idaho's long-arm statute is satisfied "if the alleged tortious activity was directed at an Idaho resident and the injury was felt within the state." *Floyd*, 2020 WL 1696668, at *2. Similarly for the Due Process Clause, when a plaintiff sues an out-of-state defendant for conduct that occurred over the internet, courts in the Ninth Circuit apply the "effects test . . . when the harm allegedly suffered by plaintiff sounds in tort." *Nw. Healthcare All. Inc. v. Healthgrades.Com, Inc.*, 50 F. App'x 339, 340 (9th Cir. 2002) (unpublished); *see also Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998) ("In tort cases, jurisdiction may attach if the defendant's conduct is aimed at or has an effect in the forum state."); *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) ("In tort cases, we typically inquire whether a defendant 'purposefully direct[s] his activities' at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum.").

The effects test has three requirements: "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc.*, 433 F.3d at 1206 (citation omitted).

The allegations here meet all three requirements. Guillard intentionally created and posted over 100 videos falsely stating that Professor Scofield had an affair with a student and ordered the murder of four students. ECF 20, p. 14. Guillard's statements were aimed at Idaho: Professor Scofield lives in Idaho, the alleged affair would have occurred in Idaho, the murders (that Professor Scofield did not commit) occurred in Idaho, and the main community affected by the murders and

Guillard's false statements (the University of Idaho) is in Idaho. Finally, Guillard knew her false statements would cause harm in Idaho. From her research online and her receipt of two cease and desist letters, Guillard knew the target of her defamatory statements—Professor Scofield—lived in Idaho, taught at the University of Idaho, and was suffering damages in Idaho.

4. **Professor Scofield selected a proper venue.**

A civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). "The Ninth Circuit has ruled that when determining where a substantial part of the events or omissions giving rise to the claim occurred in a tort action, the locus of the injury is a relevant factor." *Rodgers v. Color St. LLC*, No. 2:22-CV-00397-DCN, 2023 WL 4627909, at *5 (D. Idaho July 19, 2023) (quoting *Myers v. Bennett L. Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001)). In *Rodger*s, a different judicial officer in this District recognized that a plaintiff alleging defamation "felt the harm of the allegedly defamatory statements in Idaho, where she was residing when the statements were made" and "[t]his would mean that a substantial part of the acts, events, or omissions that gave rise to the defamation . . . occurred in Idaho, and venue in Idaho is appropriate." *Id.* Venue is proper here for the same reasons. Professor Scofield lives and works in Idaho. The damage to her reputation, career, and mental health all occurred in Idaho. And Guillard intentionally made statements about an alleged affair in Idaho and murders that occurred in Idaho.

5. **Professor Scofield has stated a claim for defamation.**

When a party moves to dismiss a complaint for failure to state a claim, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party." *C & S Hamilton Hay, LLC v. CNH Am. LLC*, No. CV-07-31-E-EJL, 2008 WL 504031, at *1 (D. Idaho Feb. 21, 2008), as amended (Feb. 26, 2008). The motion should be denied

Opposition to Motion to Set Aside and Motion to Dismiss [Dkt. 50] - 7

"unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* (citation omitted).

Accepting all of Professor Scofield's allegations as true, she has stated a claim for defamation. A defamation claim under Idaho law has three elements: "that the defendant: (1) communicated information concerning the plaintiff to others; (2) that the information was defamatory; and (3) that the plaintiff was damaged because of the communication." *Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, No. 1:17-CV-00519-DCN, 2018 WL 3097014, at *2 (D. Idaho June 22, 2018) (internal quotation marks and citation omitted). Professor Scofield has alleged that Guillard falsely stated in videos that she published to the public on TikTok that Professor Scofield had an affair with a student and ordered the murder of four students, and that those statements have damaged Professor Scofield's reputation and caused her extreme emotional distress. *E.g.*, ECF 1, ¶¶ 15–26, 37, 42, 44, and 48. Those allegations satisfy all three elements: Guillard made her statements about Professor Scofield to everybody that viewed her TikTok videos, the statements were defamatory as they asserted that Professor Scofield had committed a crime and acts of moral turpitude, and Professor Scofield was damaged because her reputation was tarnished and she suffered extreme emotional distress. Professor Scofield has thus stated a claim.

C.  **Guillard cannot seek relief under Rule 60(b) because the Court has not entered a final judgment or order.**

Guillard seeks to set aside the order dismissing her "counterclaims" against Professor Scofield and her counsel under Federal Rule of Civil Procedure 60(b)(4) and (6). Rule 60(b) provides grounds for relief from a "*final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). The Court's order dismissing Guillard's counterclaims is not a final judgment or order because Professor Scofield's claims still need to be adjudicated. *See* Fed. R. Civ. P. 54(b).

Guillard thus cannot seek relief under Rule 60(b). *Wolf v. Otter*, No. 1:12-CV-00526-BLW, 2017 WL 888303, at *2 (D. Idaho Mar. 6, 2017) ("Plaintiffs rely on Federal Rule of Civil Procedure 60(b) to support their motions to reconsider. That rule does not apply here because this Court has not entered a final judgment." (internal citations omitted)), *aff'd sub nom. Wolf v. Idaho State Bd. of Corr.*, 772 F. App'x 557 (9th Cir. 2019).

**D.     Guillard's arguments to set aside the dismissal of her counterclaims fail on the merits.**

If the Court looks past the procedural deficiencies of Guillard's motion to set aside, it should still deny her motion because it fails on the merits. Guillard appears to argue that the Court's order is void because the Court lacks jurisdiction, the Court wrongly rejected her legal arguments, and the Court is biased for rejecting Guillard's legal arguments. The Court has jurisdiction for the reasons already discussed. Guillard's other arguments fail because rehashing the same legal arguments that the Court rejected are not proper grounds for reconsideration or establishing judicial bias. *Hanigan v. OpSec Sec., Inc.*, No. 1:22-CV-00064-DCN, 2023 WL 4847241, at *2 (D. Idaho July 27, 2023) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." (citation omitted)); *Mertens v. United States*, No. 2:09-CV-00503-EJL, 2011 WL 2559826, at *2 (D. Idaho June 28, 2011) ("The Supreme Court has recognized that judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Something other than rulings, opinions formed or statements made by the judge during the course of trial is required." (internal quotation marks and citations omitted)).

**E.     The Court should award Professor Scofield her attorney's fees.**

Guillard has again forced Professor Scofield to incur attorney's fees litigating issues that are procedurally improper and meritless. Professor Scofield understands the Court's leniency with

Guillard as a pro se litigant, but to defray the financial burden on Professor Scofield and to deter more frivolous filings, Professor Scofield again respectfully requests that the Court exercise its inherent power and award attorney's fees to Professor Scofield.

### III.  CONCLUSION

Professor Scofield requests that the Court deny Guillard's motion and award attorney's fees to Professor Scofield.

DATED:  September 11, 2023.

STOEL RIVES LLP

/s/ Wendy J. Olson
Wendy J. Olson
Elijah M. Watkins
Cory M. Carone

Attorneys for Plaintiff

Opposition to Motion to Set Aside and Motion to Dismiss [Dkt. 50] - 10

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2023, I served a copy of the foregoing via CM/ECF on the Registered Participant as follows:

Ashley Guillard
msashleyjt@gmail.com

/s/ Wendy J. Olson
Wendy J. Olson