UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD<br><br>  Plaintiff,<br><br>  v.<br><br>ASHLEY GUILLARD<br><br>  Defendant. | Case No: 3:22-cv-00521 |

The Party Filing This Response:

Ashley Guillard

msashleyjt@gmail.com

3262 Westheimer Rd. 942

Houston, Texas 77098

337.372.3181

Pro-Se

### DEFENDANT ASHLEY GUILLARD'S RESPONSE TO MOTION TO QUASH OR MODIFY SUBPOENA TO META PLATFORMS, INC.

COMES NOW Defendant Ashley Guillard in opposition to Plaintiff Rebecca Scofield's Motion to Quash Subpoena to Meta Platforms, Inc (Dkt. 48). However, Defendant Ashley Guillard supports a modification to the subpoena to meet the requirements of the Federal Stored Communications Act, 18 U.S.C. §§ 2701(c)(3), 18 U.S. Code § 2703(b)(1)(B)(ii), 18 U.S. Code § 2703(b)(2)(A), 18 U.S. Code § 2518 and relevant case law. To meet Federal law requirements the Defendant seeks a Court Order to order Meta Platforms, Inc to produce the electronically stored messages current and deleted if available, friends' history, comment history, mutual connections history and all communication between Rebecca Scofield, Facebook Profile URL:

RESPONSE TO MOTION TO QUASH OR MODIFY SUBPOENA TO META                                                1

https://www.facebook.com/rebecca.scofield.73 and Kaylee Goncalves, Facebook Profile URL: https://www.facebook.com/kaylee.goncalves ; from June 2021 until current, and all messages from November 11, 2022 until November 14, 2022; as stated more fully in the Conclusion and Prayer Section of this response.

## I. NATURE OF THE COMPLAINT

Defendant Ashley Guillard believes Rebecca Scofield and co-conspirators to be responsible for the murder of the Four University of Idaho Students killed in Moscow Idaho on November 13, 2022 (State of Idaho Judicial Branch, Latah County District Court, Case No. CR29-22-2805). Her psychic abilities and spiritual practice (tarot readings) led her to that belief. Upon request from a TikTok user, the Defendant published her findings on TikTok social media platform. Plaintiff Rebecca Scofield through her legal counsel Attorney Wendy Olson, Attorney Elijah Watkins, and Attorney Cory Carone, worked concertedly to silence the Defendant. They sent demand letters, filed frivolous Civil Action 3:22-cv-00521 in Federal District Court, defamed the Defendant in the news media and used their community connections to harass the Defendant on social media. Due to the failure to properly investigate the allegations the Defendant made about Rebecca Scofield the Defendant was unfairly subjected to the frivolous filings, harassment, and false allegations the Plaintiff and her Attorney's made about her.

## II. RELEVANT BACKGROUND

The Defendant alleges that Rebecca Scofield hired men to murder Kaylee Goncalves and her friends out of fear that Kaylee Goncalves was moving on with her life, dating other women and would reveal the details regarding their (Rebecca Scofield and Kaylee Goncalves) romantic connection. Defendant Ashley Guillard received this information by conducting a "psychic investigation" using tarot readings and public information. The allegations were not investigated.

Rebecca Scofield went unscathed. Despite not being damaged by the allegations. The Plaintiff filed the Complaint, Scofield v. Guillard Civil Action 3:22-cv-00521, as a strategy to evade suspicion of her role in the murders and to harass Defendant Ashley Guillard into silence.

Through-out the duration of the Complaint, the Plaintiff and her attorney Wendy Olson mocked and disrespected Ashley Guillard's spiritual beliefs and practices as "unplausible" to manipulate the Court and the public into disregarding the important message that Ashley Guillard conveyed, that Rebecca Scofield was responsible for the murder of the four students. They also used "a lack of evidence" as an argument to refute the allegations. In a formal relationship, Psychics provide Criminal Investigators with information that can lead them to empirical and rational evidence. Due to the Rebecca Scofield and Attorney Wendy Olson's efforts to demean and defame the Defendant's character and integrity; and to delineate her testimony as "unreasonable" the Defendant's allegations were not investigated ergo evidence was not sought. Thus, making the opportunity for discovery for this Complaint a very important tool to discover the truth and to support the Defendant's Substantial Truth defense.

Additionally, Meta Platforms, Inc. requires a court order to produce the necessary information relevant to the Defense in this case; otherwise, they confer to the User to produce the contents of the subpoena. Due to the nature of the Complaint, the Plaintiff, will not provide the necessary information that would implicate her guilt in the murder of the four students nor will she willingly provide content that implicates her in the filing of the frivolous lawsuit. Therefore, it is necessary to obtain a Court Order to overcome evidentiary blockages.

### III. LEGAL AUTHORITIES AND ARGUMENT

Pursuant to 18 U.S. Code § 2703 (d) A court order for disclosure under subsection (b) or (c) may be issued by any court that is a court of competent jurisdiction and shall issue only if the

governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation. The court order is necessary for the litigation of the Complaint Scofield v. Guillard Civil Action 3:22-cv-00521 and is relevant to the ongoing criminal investigation of the murder of the Four University of Idaho students Latah County District Court, Case No. CR29-22-2805. Additionally, pursuant to Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 2010, the Stored Communications Act, (SCA) prohibits only the voluntary disclosure of information by electronic communication service (ECS) providers, not disclosure compelled by subpoena. Pursuant to The Supreme Court of California, in Facebook v. The Superior Court of San Diego County, 2017 …these records are necessary to ensure the full and fair expression of his rights to confrontation, cross examination, and compulsory process…

A.     Argument:  The Content is Needed to Support the Defendant's Substantial Truth Defense

The Court allowed the Complaint to be filed based on the contents of the Defendant's spiritual practice (tarot reading). Therefore, the Court should reasonably allow the Defendant to argue and produce evidence that the contents of the tarot reading is accurate. If the Court limits the discovery process for the Defendant based on a lack of respect for the legitimacy of her spiritual practice, it causes an impediment to judicial fairness, impartiality, and due process for the Defendant. The Court should work with all parties of the Complaint to ensure the goal is to get the truth of the matter; not to continue the illegal use of the civil judicial system to harass a whistleblower. The Defendant believes there is evidence available on Facebook that is hidden by the Plaintiff that proves Rebecca Scofield's connection with Kaylee Goncalves, her friends and

connection to the murderers; the content helps to prove her Substantial Truth Defense against both frivolous counts of defamation.

The Plaintiff's fear that the content will reveal "baby pictures" is an ingenuine tactic to prevent the Defendant from the discovery of relevant evidence. Each of the requests for production of content is related to the Complaint and relevant to prove that the Defendant is telling the truth. The Court must allow the subpoena to Meta Platforms, Inc and to issue an Order from the Court ordering the production of the electronically stored content to the Defendant. The requested Order meets the requirements of Rule 26 because all the requested discovery is relevant and proportional to the needs of the Complaint, which requires the Defendant to prove that she is telling the substantial truth about Rebecca Scofield's connection to the students, relationship with Kaylee Goncalves and her role in the murders.

      B.      Argument:  The Content is Relevant to A Criminal Investigation

The relevant case law permits the issuance of an Order and subpoena to compel Meta Platforms, Inc. to produce electronic communication from its users, especially in criminal cases. The Complaint is a civil case, but the nature of the Complaint is based on criminal activity, specifically quadruple murder. The case law is very clear in compelling the production of social media content relevant to criminal investigations and cases. The Defendant and this Complaint meets the criteria established in case law and Federal authorities. 18 U.S. Code § 2703 (d) only requires that the requested content is relevant and material to an ongoing criminal investigation. In this case, the content is relevant to the ongoing criminal case of the King Road Homicides, the Complaint (Dkt. 1), and proves the criminal filing of the Complaint. The issuance of the Court Order compels Meta Platforms, Inc. to provide the content that is conducive to justice for both

cases. It is in the best interest of justice for the Court to issue an Order, as stated more fully below, to provide the necessary content requested in the subpoena.

## IV.    CONCLUSION AND PRAYER

Defendant Ashley Guillard requests that the Court issue an Order to Meta Platforms, Inc. to produce to Ashley Guillard at msashleyjt@gmail.com or to 3262 Westheimer Rd. Unit 942, Houston TX 77098, the electronically stored messages current and deleted if available, friends' history, comment history, mutual connections history and all communication between Rebecca Scofield, Facebook Profile URL: https://www.facebook.com/rebecca.scofield.73 and Kaylee Goncalves, Facebook Profile URL: https://www.facebook.com/kaylee.goncalves; from June 2021 until December 2022, and between Rebecca Scofield, Facebook Profile URL: https://www.facebook.com/rebecca.scofield.73 and victim Madison Mogen Facebook URL: https://www.facebook.com/maddie.mogen.1?mibextid=7cd5pb ; to prove her connection and alleged relationship with the murder victim Kaylee Goncalves. Additionally order Meta Platforms, Inc. to produce all the electronically stored messages from and to Rebecca Scofield, Facebook Profile URL: https://www.facebook.com/rebecca.scofield.73 from November 11, 2022, until November 14, 2022; to establish her alleged role with co-conspirators in the murder of the four University of Idaho students. See Exhibit A for additional relevant requests for production.

**DATED: SEPTEMBER 15, 2023**

<u>/s/ Ashley J. Guillard</u>
Ashley J. Guillard
Defendant
Pro-Se

## CERTIFICATE OF SERVICE

      I hereby certify that on this 15th day of September 2023, I served the Defendant's and the Defendant's attorneys in accordance with the Federal Rules of Civil Procedure, via ECM/Pacer, email, and/or certified mail, return receipt requested as follows:

Cory M. Carone: cory.carone@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

Elijah M. Watkins: elijah.watkins@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

Wendy J. Olson: wendy.olson@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com.

/s/ Ashley J. Guillard

Ashley J. Guillard

Pro-Se Litigant
