Wendy J. Olson, ISB No. 7634
wendy.olson@stoel.com
Elijah M. Watkins, ISB No. 8977
elijah.watkins@stoel.com
Cory M. Carone, ISB No. 11422
cory.carone@stoel.com
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>        Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>        Defendant. | Case No. 3:22-cv-00521-REP<br><br>**REPLY IN SUPPORT OF MOTION TO QUASH OR MODIFY SUBPOENA TO META PLATFORMS, INC.** |

The Court should grant Plaintiff's Motion to Quash or Modify Subpoena to Meta Platforms, Inc. [Dkt. 48] because Defendant Ashley Guillard's opposition is untimely and fails to explain why her request for just about everything on Professor Scofield's social media accounts is relevant to this litigation.

*First*, the Court should grant the motion and award Professor Scofield attorney's fees because Guillard's opposition is almost a month late. Professor Scofield filed her motion on July 27, 2023, ECF 48, making Guillard's opposition due August 17, 2023, Local Rule 7.1(c)(1). Guillard did not file her opposition until September 15, 2023. ECF 52. Local Rule 7.1(e)(1) says:

Reply in Support of Motion to Quash - 1

"[I]f an adverse party fails to timely file any response documents required to be filed under this rule, such failure may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application. In addition, the Court, upon motion or its own initiative, may impose sanctions in the form of reasonable expenses incurred, including attorney fees, upon the adverse party and/or counsel for failure to comply with this rule." The Court thus has the power to grant Professor Scofield's motion and award her attorney's fees because of Guillard's untimeliness.

The Court should exercise its power because Guillard has routinely disregarded court deadlines. As the Court is aware, the clerk entered default after Guillard failed to file timely responsive pleadings. ECF 5. When the Court set aside Guillard's default, it wrote: "Defendant represents that, going forward, she 'will prioritize court rules, orders and actions, and file timely actions.' The Court intends to keep Defendant to her word." ECF 18, p. 7 n.3 (citation omitted). Guillard has not kept her word. She represented to the Court on February 16, 2023, that she would prioritize submitting filings timely, but since then she failed to file timely responses to: (1) Plaintiff's Motion for Default Judgment, ECF 10; (2) Plaintiff's Motion to Strike Answer, ECF 12; (3) Plaintiff's Motion for Sanctions, ECF 45; and (4) Plaintiff's Motion to Quash, ECF 48.

*Second*, the Court should grant the motion because Guillard failed to explain why her request for just about everything on Professor Scofield's social media accounts—a substantial invasion of Professor Scofield's privacy—is relevant to this litigation. The full subpoena was included with Professor Scofield's motion (ECF 48-3), but as explained in Professor Scofield's opening brief, the subpoena seeks:

- All messages from the past two years on Professor Scofield's social media accounts.

Reply in Support of Motion to Quash - 2

- All of Professor Scofield's friends or connections on social media from the last two years.

- All of Professor Scofield's communications from the last two years with *any* student at the University of Idaho.

- All content that Professor Scofield has hidden from her social media accounts in the last two years.

- Professor Scofield's contact information, contact address, and location.

Guillard does not appear to dispute the breadth of her subpoena, but she says she needs to find evidence to support her false statements about Professor Scofield (none exists). All litigants need to find evidence in support of their claims or defenses, and Rule 26(b)(1) nonetheless sets limits: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Guillard does not explain how her request for nearly *everything* on Professor Scofield's social media accounts is tailored to discovery of information relevant to her defenses. Nor could she; there is simply no good reason for casting such a wide net. That is why "courts have denied blanket requests for the contents of social media accounts and instead required that parties bring narrowed requests for information related to the issues in the case." *Hidalgo Lopez v. CoreCivic*, No. CV 19-04332, 2021 WL 10384448, at *20 (D. Ariz. July 29, 2021) (citation omitted). This Court should do the same.

A final aside: Guillard's opposition brief asks the Court to order Meta Platforms, Inc. to produce documents to Guillard. The Court should ignore that request because it is procedurally improper. If Guillard wants to ask the Court for relief, she needs to file her own motion—not use an opposition brief to hijack Professor Scofield's motion. What's more, that motion presumably needs to be filed in the district where Meta Platforms, Inc. is located. Fed. R. Civ. P. 45(d)(2)(B)(i).

Reply in Support of Motion to Quash - 3

Procedure aside, Guillard's request is defective on the merits. Guillard seeks relief under 18 U.S.C. § 2703(d), which says: "A court order for disclosure under subsection (b) or (c) may be issued by any court that is a court of competent jurisdiction and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." Guillard is not a governmental entity, and this civil case is not a criminal investigation. The statute cited plainly does not apply. What's more, Guillard has not asked Professor Scofield to produce any documents—she should not be allowed to use a court order to end around the normal discovery procedures.

In conclusion, Professor Scofield asks the Court to grant her Motion to Quash or Modify Subpoena to Meta Platforms, Inc. and award her attorney's fees.

DATED:  September 29, 2023.

STOEL RIVES LLP

/s/ Wendy J. Olson
Wendy J. Olson
Elijah M. Watkins
Cory M. Carone

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 29, 2023, I served a copy of the foregoing via CM/ECF on the Registered Participant as follows:

    Ashley Guillard
    msashleyjt@gmail.com

                                        /s/ Wendy J. Olson
                                        Wendy J. Olson

Reply in Support of Motion to Quash - 5