UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>        Plaintiff,<br><br>vs.<br><br>ASHLEY GUILLARD,<br><br>        Defendant. | Case No.: 3:22-cv-00521-REP<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**PLAINTIFF'S MOTION FOR SANCTIONS (Dkt. 45)**<br><br>**PLAINITFF'S MOTION TO QUASH OR MODIFY SUBPOENA TO META PLATFORMS, INC. (Dkt. 48)** |

Pending before the Court are two motions: (i) Plaintiff's Motion for Sanctions (Dkt. 45), and (ii) Plaintiff's Motion to Quash or Modify Subpoena to Meta Platforms, Inc. ("Motion to Quash or Modify") (Dkt. 48). In the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, these motions will be decided on the record and without oral argument. As discussed more fully below, the Court denies Plaintiff's Motion for Sanctions but grants Plaintiff's Motion to Quash or Modify.

I. **DISCUSSION**

A.      **Plaintiff's Motion for Sanctions (Dkt. 45)**

On June 6, 2023, Plaintiff moved to dismiss Defendant's counterclaims against her. *See* MTD (Dkt. 22). Therein, Plaintiff also requested that the Court "exercise its inherent power to send a clear message to [Defendant] for the rest of this litigation and award [Plaintiff] her attorney's fees spent combatting these frivolous counterclaims." Mem. ISO MTD at 11 (Dkt. 22-1). On June 13, 2023, Plaintiff moved to quash the summonses for her counsel, claiming that their issuance was procedurally improper. *See* Mot. to Quash (Dkt. 25). Before the Court resolved those two motions, Plaintiff filed the at-issue Motion for Sanctions, arguing that the

**MEMORANDUM DECISION AND ORDER - 1**

Court should sanction Defendant under Rule 11 by dismissing the purported counterclaims against Plaintiff's counsel and awarding Plaintiff the costs and fees incurred to bring the motion. *See* Mot. for Sanctions at 1 (Dkt. 45).

On August 8, 2023, the Court granted Plaintiff's Motion to Dismiss insofar as it dismissed Defendant's counterclaims against Plaintiff. *See generally* 8/8/23 MDO (Dkt. 49). However, the Court expressly indicated that an attorney's fees award against Defendant was not warranted, stating:

> The Court has previously remarked that certain of Defendant's conduct after being served with Plaintiff's Complaint was "off-putting" and "ill-advised." Without commenting here on the merits of Plaintiff's Complaint, Defendant's Answer and Counterclaims unfortunately do nothing to allay these concerns. But it must be recognized that Defendant is not an attorney and, with that, cannot be held to the same standards as an attorney when assessing whether she has acted in bad faith before this Court. For this primary reason, the Court declines to levy sanctions against Defendant at this time. Additionally, the Court cannot conclude with any confidence that Defendant has purposely delayed or disrupted the litigation. Meritless counterclaims, asserted by a non-attorney, do not automatically rise to that level.
>
> But due to the very sensitive nature of this case and its impact to both litigants and non-litigants alike, the parties are on notice that the Court's tolerance for any disregard for court procedure or basic human decency is limited. With this in mind, the Court's current refusal to assess sanctions against Defendant does not foreclose the possibility that sanctions may be appropriate later. Until then, an attorney's fees award against Defendant is not warranted.

*Id*. at 20 (internal citation omitted). The Court separately granted Plaintiff's Motion to Quash and quashed the summonses issued for Plaintiff's counsel. *Id*. at 20-23.

Thus, the relief sought within Plaintiff's pending Motion for Sanctions has effectively been addressed by the Court's intervening Memorandum Decision and Order on August 8, 2023. Specifically, the Court has already decided against a monetary sanction relating to Defendant's counterclaims (the premise of Plaintiff's claim for sanctions in her Motion for Sanctions). The Court also has already dismissed Defendant's counterclaims against Plaintiff and quashed the

**MEMORANDUM DECISION AND ORDER - 2**

summonses issued for Plaintiff's counsel (precluding Defendant's ability to assert claims against Plaintiff's counsel as non-parties). Plaintiff's Motion for Sanctions is therefore denied as moot.

**B.      Plaintiff's Motion to Quash or Modify Subpoena to Meta Platforms, Inc. (Dkt. 48)**

Consistent with Rule 45(a)(1)(D)(4), Defendant served Plaintiff with a notice and copy of a subpoena she intends to serve upon Meta Platforms, Inc. *See* Ex. A to Mot. to Quash (Dkt. 48-3). Plaintiff moves to quash or modify the subpoena because it seeks information "not limited to the defenses to claims filed against [Defendant]," and instead "broadly requests 'all messages' on Professor Scofield's social media accounts, all of Professor Scofield's social media connections, and all communications 'between Rebecca Scofield and any University of Idaho Students.'" Mem. ISO Mot. to Quash at 1 (Dkt. 48-1). According to Plaintiff, "[t]hose untailored requests are irrelevant and would unnecessarily invade Professor Scofield's privacy by revealing personal information such as pictures of her children and private communications with friends unrelated to this litigation." *Id*. at 1-2; *see also id*. at 4 ("Guillard should not be allowed to further invade Professor Scofield's privacy by obtaining pictures of her kids, her private messages with friends unrelated to this case, or all contact information and locations captured on her social media accounts. There is no proper use for that information as it relates to Guillard's defenses.").

Defendant did not respond to Plaintiff's Motion to Quash or Modify by the Court-imposed August 17, 2023 deadline to do so. *See* Dist. Idaho Loc. Civ. R. 7.1(c) ("The responding party must serve and file a response brief . . . within twenty-one (21) days after service upon the party of the memorandum of points and authorities of the moving party."). She instead submitted a response nearly a month later, on September 15, 2023. *See* Resp. to Mot. to Quash (Dkt. 52). That response endorsed "a modification to the subpoena to meet the requirements of the Federal Stored Communications Act," yet requested that the Court *now order* Meta Platforms, Inc. to produce the sought-after information. *Id*. at 1 & 6.

**MEMORANDUM DECISION AND ORDER - 3**

Given the uncertainty surrounding the state of Defendant's current efforts to secure information from Meta Platforms, Inc. and, likewise, Plaintiff's objections thereto, the Court will re-orient the procedural landscape to promote a systematic approach to addressing the parties' respective arguments. First, the Court grants Plaintiff's Motion to Quash or Modify and quashes Defendant's original subpoena. Under Local Civil Rule 7.1, Defendant's failure to timely respond to Plaintiff's Motion to Quash or Modify "constitute[s] a consent to the sustaining of . . . said motion . . . ." Dist. Idaho Loc. Civ. R. 7.1(e)(1). Regardless, Defendant no longer appears to be pursuing a subpoena, but rather an order from the Court pursuant to the Stored Communications Act. *Supra*. Second, to the extent Defendant seeks an order from the Court, she is instructed to formally file a motion to that end.[1] Plaintiff is then permitted to respond to any such motion pursuant to the Federal Rules of Civil Procedure and the District's Local Civil Rules.

## II. ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that: (i) Plaintiff's Motion for Sanctions (Dkt. 45) is DENIED; and (ii) Plaintiff's Motion to Quash or Modify subpoena to Meta Platforms, Inc. (Dkt. 48) is GRANTED.



DATED: October 6, 2023

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

---

[1] Defendant is advised to attempt to first secure any requested information from Plaintiff herself – through specific requests for production of documents and/or a request to consent to the production of content directly from a producing social media site. Defendant is reminded, however, that "only discovery relating to Plaintiff Scofield's underlying claims, and Defendant's defenses thereto, are permitted." Sched. Order at ¶ 4 (Dkt. 38). Discovery extending beyond these contours, to include requests that are vague, overbroad, or disconnected from pertinent timeframes, will not be permitted.

**MEMORANDUM DECISION AND ORDER - 4**