# EXHIBIT A

Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Elijah M. Watkins, ISB No. 8977
*elijah.watkins@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>           Plaintiff,<br><br>   v.<br><br>ASHLEY GUILLARD,<br><br>           Defendant. | Case No. 3:22-cv-00521-REP<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO DEFENDANT** |

**TO:    Defendant Ashley Guillard**

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, Plaintiff

Rebecca Scofield ("Plaintiff") hereby submits the following Interrogatories, Requests for

Production of Documents, and Requests for Admission ("Discovery Requests") to Ashley Guillard

"Defendant"). These Discovery Requests must be answered in writing and under oath, within 30

days after service hereof and made available for inspection and copying of the documents

hereinafter designated at the offices of Stoel Rives LLP located at 101 S. Capitol Boulevard, Suite

1900, Boise, Idaho 83702. Inspection and copying will be conducted by counsel for Plaintiff or

her agents from time to time until completion. Documents or information that are electronically stored ("ESI") should be produced at such time and place by delivery in the format specified below.

This discovery is deemed continuing in nature and you are requested to promptly produce any documents and/or information responsive to these Discovery Requests located or obtained subsequent to your initial answers and/or responses.

The following definitions and instructions are incorporated by reference into each of the Discovery Requests.

## **DEFINITIONS**

The following terms shall have the meanings stated below:

1.      "Plaintiff," "Rebecca Scofield," or "Professor Scofield," for purposes of these requests, means Plaintiff Rebecca Scofield.

2.      "Ashley Guillard," "You," or "Your" means Defendant Ashley Guillard and all other person(s) acting or purporting to act on behalf of the foregoing Defendant.

3.      "Affair" means the alleged relationship between Plaintiff and Kaylee Goncalves.

4.      "Murders" means the murders of Ethan Chapin, Kaylee Goncalves, Xana Kernodle, and Madison Mogen at or near the University of Idaho on or about November 13, 2022.

5.      "Person" and "entity" mean any natural person, sole proprietorship, partnership, business, joint venture, limited liability company, corporate entity, association, subsidiary, trust, governmental body, or agency, and each of them, and all past and present officers, agents, employees, or other persons purporting to act on such person's or entity's behalf.

6.      "Describe" means a detailed description of all facts, relevant actions, or inactions, and the identity of all witnesses or documents that are responsive or utilized in responding to these Discovery Requests.

7.      "Complaint" shall mean and refer to the Complaint and Demand for Jury Trial filed by Plaintiff in this action on or about December 21, 2022.

8.      "Answer" shall mean and refer to the "Defendant-Counterclaimant Ashely Guillard's Answer, Affirmative Defenses and Counterclaims to Complaint" filed by you on or about May 16, 2023.

9.      "Communication" or "communications" shall mean any transmission of words, thoughts, or information between or among two or more persons, and includes, but is not limited to, spoken words, conversations, conferences, correspondence, discussions, talks, and reports, whether transmitted in person or by any electronic device such as a telephone, computer, or radio, and/or by Documents or ESI as defined below.

10.     The term "data" means any document or any oral or other type of communication of which you have knowledge.

11.     The term "date" means the exact day, month, and year if ascertainable or, if not, the best available approximation (including relationship to other events).

12.      "Documents" shall mean the original, all copies, and all translations of any writing, drawings, graphs, sound recordings, images, and other data or data compilations stored in any medium (paper or other tangible format, as well as any electronic format) from which information can be obtained. The phrase "Documents" includes, for example (and not by way of limitation), paper documents, photographs, microfilm, microfiche, email, text messages, computer tapes, computer printouts, spreadsheets, calendars, appointment books, lists, tabulations, surveys, all other records kept by electronic, photographic or mechanical means, and things similar to the foregoing, however denominated. "Document(s)" shall also mean any tape or audible recording; any photograph, motion picture, or videotape' and any non-identical copy of any document as

previously defined (e.g., any copy of a document as previously defined that differs from any other copy thereof either by virtue of other material appearing thereon, such as handwriting or typewriting, or otherwise). "Documents" also includes "ESI" (i.e., "Electronically Stored Information") such as, without limitation, email, text messages, voicemail, documents, spreadsheets, calendars, and any other information existing in any electronic format (e.g., Word, Excel, Outlook, .pdf, HTML, .tif, .jpeg, .wav).

13.    The term "identify" when used in reference to an individual person, means to state his or her full name, present or last known address, present or last known telephone number, and present or last known position and business affiliation.

14.    The terms "identify," "describe," "explain," or "state," when used in reference to any fact, act, occurrence, transaction, statement, communication, or other matter, mean to describe and identify with particularity the facts constituting such matter.

15.    The term "identify," when used with reference to an entity, means to state the full name, present or last known address, and present or last known telephone number of such entity.

16.    The term "identify" when used in reference to Documents and/or ESI, other than those under claim of privilege, means to identify the Documents and/or ESI by each author, sender, addressee, date, subject, recipient, place of recording, and custodian.

17.    The term "including" is used to emphasize the type of communications, correspondence, and information requested and should not be construed as limiting the Discovery Requests in any way.

18.    The terms "refer to," "reflect(s)," or "relate(s) to" shall mean constituting, comprising, containing, consisting of, evidencing, setting forth, proposing, showing, disclosing, describing, discussing, explaining, summarizing, concerning, reflecting, referring to, relating to,

authorizing, regarding, in regard to, or being in any way pertinent to the specified subject matter, either directly or indirectly.

## INSTRUCTIONS AND GENERAL INFORMATION

1.     Unless otherwise specified, when asked in these Discovery Requests to "identify" a document, please state with respect to each such document:  the date, title, and subject matter thereof; the parties preparing, sending, and receiving it; the name, address, and telephone number of the authority or other person(s) responsible for its preparation; and the name, address, and telephone number of the person(s) presently having custody of the document.

2.     Unless otherwise specified, when asked in these Discovery Requests to "identify" a communication, statement, representation, or occurrence, please state with respect to each such statement, representation, communication, or occurrence:  the date, location, and substance of, and all parties to, each such statement, representation, communication, or occurrence.

3.     Unless otherwise specified, when asked in these Discovery Requests to "identify" a person or individual, please state his or her name, last known home and business addresses, present business affiliation, and business affiliation during the time to which the Interrogatory refers.  If the person is a corporation, partnership, or other entity, please state its name and business address, and the name of the individual or individuals with whom you dealt regarding the substance of the Discovery Requests.

4.     If you cannot answer any of the following discovery questions or requests in full after exercising due diligence to secure the information to do so, so state and answer that portion of the Discovery Request you are in a position to answer.

5.     These Discovery Requests require supplementation pursuant to Rule 26(e) of the Idaho Rules of Civil Procedure and are continuing in nature. Accordingly, after your initial answers are served please advise counsel, by way of supplemental answers, of any additional

information or documents within the scope of these Discovery Requests that you acquire or become aware of subsequent to your initial answer. Moreover, at such time as you receive information that renders the previously provided answers to any Discovery Requests incomplete, inaccurate, or in any way misleading, you are requested to supplement the answers accordingly.

**General Production Format**

6.      Plaintiff requests production of ESI in single-page TIFF image format provided that the documents do not become illegible or unusable when converted to TIFF image format. Documents that become illegible or unusable when converted to TIFF image format (e.g., Microsoft Excel files) will be produced in native format. The parties reserve the right to reasonably see additional electronic documents in their native format for good cause shown.

7.      All ESI and documents will be produced with image load files, the data fields provided in Table 1, below, and either extracted text or text generated using OCR that render documents searchable.

**Table 1:  Data Field List**

| Relativity Field Name | Description |
| --- | --- |
| DOCID_BEG | First Bates number of each document being produced |
| DOCID_END | Last Bates number of each document being produced |
| DOCID_BEGATT | First Bates number of attachment range |
| DOCID_ENDATT | Last Bates number of attachment range |
| CUSTODIAN | Email:  User mailbox where the email resided |
| | Application File:  Individual from whom the document originated |
| Email - From | Email:  Send of an email |
| | Application File:  (empty) |
| Email - To | Recipient(s) of an email |
| Email - CC | Recipient(s) copied on an email |
| Email - BCC | Recipients blind copied on an email |
| Email - Subject | Email:  Subject line of the email |
| | Email:  Date the email was sent |
| Email - Date Time Sent | Application File:  (empty) |

PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO DEFENDANT - 6

|  | Email:  (empty) |
| --- | --- |
| eDoc -  Author | Application File:  Author of document |
| eDoc - Title | The text in the "Title" field of an application file |
|  | Email:  (empty) |
| eDoc - Date Created | Application File:  Date the document was created |
|  | Email: (empty) |
| eDoc - Time Created | Application File:  Time the document was created |
|  | Email:  (empty) |
| eDoc - Date Last Modified | Application File:  Date the document was last modified |
|  | Email:  (empty) |
| eDoc - Date Time Last Mod | Application File:  Time the document was last modified |
| File Size | Size of application file document/email in KB |
| Document Class | Email, attachment, or loose application file |
| Email - Folder Path | Email:  Full file path where original email was stored |
| eDoc - Original File Path | Application File:  Full file path where application file was stored, including original file name |
| File Extension | The file extension of the native file |
| eDoc - File Name | The name of the application file, including file extension |
| PAGECOUNT | The number of pages of each individual document |
| Designation | The confidentiality designation assigned to the document pursuant to any confidentiality/protective order in the case |
| Document Type | The name of the application that generated the native file |
| Native Link | Link to the native email or application file |
| Email - Conversation | Email or conversation index number generated by Outlook to identify email conversations |
| PARENTID | The document number of the document identified as an attachment's parent email |
| Child ID | The family group identifier used to group emails with their attachments |
| MD5HASH | Hash value of each email or application file |
| Extracted Text | The extracted text or OCR text of the application file or email (assuming text files are not delivered separately) |

PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF
DOCUMENTS, AND REQUESTS FOR ADMISSION TO DEFENDANT - 7

      a.   The data file for scanned paper documents will, at a minimum contain the BATESBEG, BATESEND, CUSTODIAN, and TEXT fields.

**Native Files**

8.     Native file documents, emails, or attachments may be included in the production using the below criteria:

      a.   Documents produced in native file format will have the file name named the same as the BATESBEG number;

      b.   The full path of the native file will be provided in the data file for the NATIVE_FILE field;

      c.   When native files are produced because rendering the file to TIFF would not result in viewable images, a TIFF image slip sheet placeholder will be produced endorsed with the file name and the legend "Document Produced in Native Format" (or something similar); and

      d.   The confidentiality designation applied to any document under a protective order entered in this action will be produced in the load file in the DESIGNATION field.

9.     If anything is added to or deleted from a document produced in response to any Discovery Requests, please state in each instance:

      a.   the date of the addition or deletion;

      b.   the reason for the addition or deletion;

      c.   the subject matter of the addition or deletion; and

      d.   the identity of any person participating in or making such addition or deletion.

10.    Any denial of a Request for Admission shall fairly meet the substance of the Request for Admission.

11.    If you cannot answer a Request for Admission after exercising due diligence to secure the information to do so:  (a) answer to the extent possible; (b) state the basis for your inability to answer the remainder; (c) state whatever information or knowledge you have

concerning the unanswered portion; and (d) specify the type of information that you contend is not available, the reason the information is not available to you, and what you have done to obtain such information.

12.     If good faith requires that you deny only a part, or requires a qualification, of a matter that is the subject of a Request for Admission, you shall admit so much of the Request for Admission as is true and deny only the remainder.

13.     If you decline to answer all or part of a Request for Admission based on a claim of privilege or immunity:  (a) answer to the extent possible; and (b) state the specific grounds for not answering in full and the facts you contend support your assertion of a privilege or immunity, providing sufficient information to enable the claim of privilege or immunity to be adjudicated.

14.     If you claim that any Request for Admission is objectionable, then identify the portion of such Request for Admission claimed to be objectionable, state the nature and basis of the objection, and answer any portion of such Request for Admission that is not claimed to be objectionable.

15.     If written objections to a Request for Admission, or any part thereof, are made by you, the remainder of the Request for Admission shall be answered.

## INTERROGATORIES

**INTERROGATORY NO. 1**:  Please identify the name, address, and telephone number of each person known to you that has any knowledge of, or that purports to have any knowledge of, the facts related to the matters alleged in the Complaint or Answer and describe the knowledge you believe each such person possesses.

**INTERROGATORY NO. 2**:  Please identify every person you expect to call as a lay or fact witness at the trial of this matter, and for each such person state the substance of the facts to which each person may testify.

**INTERROGATORY NO. 3**:  Please identify every statement you have made that Plaintiff had an affair with Kaylee Goncalves, including without limitation the date of the statement, the audience, and the medium used to make the statement.

**INTERROGATORY NO. 4**:  Please identify every statement you have made that Plaintiff was involved with the Murders, including without limitation the date of the statement, the audience, and the medium used to make the statement.

**INTERROGATORY NO. 5**:  Please identify the number of times somebody has viewed a TikTok or YouTube video where in the video you state that Plaintiff had an affair with Kaylee Goncalves.

**INTERROGATORY NO. 6**:  Please identify the number of times somebody has viewed a TikTok or YouTube video where in the video you state that Plaintiff was involved with the Murders.

**INTERROGATORY NO. 7**:  Please identify all email addresses, TikTok accounts, YouTube accounts, social media accounts, or account on other online platforms you have used to make statements about Plaintiff.

PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO DEFENDANT - 10

**INTERROGATORY NO. 8:**  Please identify the factual basis for your contention that Plaintiff had an affair with Kaylee Goncalves.

**INTERROGATORY NO. 9:**  Please identify the factual basis for your contention that Plaintiff was involved with the Murders.

**INTERROGATORY NO. 10:**  Please identify the date when you first said Plaintiff communicated with Bryan C. Kohberger about the Murders.

**INTERROGATORY NO. 11:**  Please identify the content of the communications you contend occurred between Plaintiff and Bryan C. Kohberger related to the Murders.

**INTERROGATORY NO. 12:**  Please identify the date when you first said Plaintiff had access to a white Hyundai Elantra.

**INTERROGATORY NO. 13:**  Please identify all reporters that you made a statement to about Plaintiff.

**INTERROGATORY NO. 14:**  Please identify how much money you have made related to your statements about the Affair or the Murders, including without limitation monies you have received from sponsorships or advertisements on your TikTok, YouTube, blogs, or other online accounts, tarot card or other spiritual readings for new clients, payments for interviews with the media, bloggers, or other content creators, or the sale of any other services or products.

**INTERROGATORY NO. 15:**  If you deny any of the Requests for Admission propounded herein, or if your response to any of said requests is anything but an unqualified admission, for each denial and/or partial denial, set forth in full detail the factual basis of each denial and/or partial denial and identify each witness, fact, and/or Document and/or ESI which you contend supports each denial and/or partial denial.

PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO DEFENDANT - 11

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**   Please produce all exhibits you intend to introduce at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 2:**   Please produce all Documents and Communications related to any matters alleged in the Complaint or Answer.

**REQUEST FOR PRODUCTION NO. 3:**   Please produce all Documents and Communications (including without limitation TikTok videos, YouTube videos, blog posts, social media posts, or other online content) containing or related to statements you made about the Affair or the Murders.

**REQUEST FOR PRODUCTION NO. 4:**   Please produce all Documents and Communications that you contend prove Plaintiff had an affair with Kaylee Goncalves.

**REQUEST FOR PRODUCTION NO. 5:**   Please produce all Documents and Communications that you contend prove that Plaintiff was involved with the Murders.

**REQUEST FOR PRODUCTION NO. 6:**   Please produce all Documents and Communications that show how much money you have received related to statements you have made about the Affair or the Murders.

**REQUEST FOR PRODUCTION NO. 7:**  Please produce all Communications about this litigation that you have sent or received.

**REQUEST FOR PRODUCTION NO. 8:**   Please produce all Documents and Communications that you reviewed or relied on to answer any Interrogatory or Request for Admission in this litigation.

**<u>REQUEST FOR PRODUCTION NO. 9</u>:** Please produce all Documents and Communications that you have received from any third party in connection with this litigation, whether by informal request, subpoena, or otherwise.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**  Admit that you have stated publicly that Rebecca Scofield had an affair with Kaylee Goncalves.

**REQUEST FOR ADMISSION NO. 2:**  Admit that you have stated publicly that Rebecca Scofield was involved with the murders of Kaylee Goncalves, Xana Kernodle, Madison Mogen, and Ethan Chapin.

**REQUEST FOR ADMISSION NO. 3:**  Admit that Plaintiff did not have an affair with Kaylee Goncalves.

**REQUEST FOR ADMISSION NO. 4:**  Admit that Plaintiff was not involved with the murders of Kaylee Goncalves, Xana Kernodle, Madison Mogen, and Ethan Chapin.

**REQUEST FOR ADMISSION NO. 5:**  Admit that the only basis for your statement that Plaintiff had an affair with Kaylee Goncalves is your spiritual research, intuition, and instincts.

**REQUEST FOR ADMISSION NO. 6:**  Admit that the only basis for your statement that Plaintiff was involved with the murders of Kaylee Goncalves, Xana Kernodle, Madison Mogen, and Ethan Chapin is your spiritual research, intuition, and instincts.

**REQUEST FOR ADMISSION NO. 7:**  Admit that you have never been to Moscow, Idaho.

**REQUEST FOR ADMISSION NO. 8:**  Admit that you have never been to the State of Idaho.

**REQUEST FOR ADMISSION NO. 9:**  Admit that you are not aware of any physical evidence linking Plaintiff to the Murders.

**REQUEST FOR ADMISSION NO. 10:**  Admit that you are not aware of any physical evidence showing that Plaintiff had an affair with Kaylee Goncalves.

**REQUEST  FOR  ADMISSION  NO.  11:**    Admit  that  you  never  said  Plaintiff communicated with Bryan C. Kohberger about the murders until after Mr. Kohberger was arrested on or about December 30, 2022.

**REQUEST FOR ADMISSION NO. 12:**  Admit that you never said Plaintiff had access to a white Hyundai Elantra until after law enforcement publicly stated they were looking for information about a white Hyundai Elantra in relation to the Murders on or about December 7, 2022.

**REQUEST FOR ADMISSION NO. 13:**  Admit that you have never communicated with Jack DeCoeur.

**REQUEST FOR ADMISSION NO. 14:**  Admit that you have never communicated with Bryan C. Kohberger.

**REQUEST FOR ADMISSION NO. 15:**  Admit that you have no written information showing that Plaintiff ever met Xana Kernodle.

**REQUEST  FOR  ADMISSION  NO.  16:**   Admit  that  you  have  not  received  any information orally from another human being showing that Plaintiff ever met Xana Kernodle.

**REQUEST FOR ADMISSION NO. 17:**  Admit that you have no written information showing that Plaintiff ever met Madison Mogen.

**REQUEST  FOR  ADMISSION  NO.  18:**   Admit  that  you  have  not  received  any information orally from another human being showing that Plaintiff ever met Madison Mogen.

**REQUEST FOR ADMISSION NO. 19:**  Admit that you have no written information showing that Plaintiff ever met Ethan Chapin.

**REQUEST  FOR  ADMISSION  NO.  20:**   Admit  that  you  have  not  received  any information orally from another human being showing that Plaintiff ever met Ethan Chapin.

**REQUEST FOR ADMISSION NO. 21**:  Admit that you have no written information showing that Plaintiff ever met Jack DeCoeur.

**REQUEST FOR ADMISSION NO. 22**:  Admit that you have not received any information orally from another human being showing that Plaintiff ever met Jack DeCoeur.

**REQUEST FOR ADMISSION NO. 23**:  Admit that you received and read a cease and desist letter from Stoel Rives LLP dated November 29, 2022.

**REQUEST FOR ADMISSION NO. 24**:  Admit that after you received and read that cease and desist letter dated November 29, 2022 you continued to state publicly that Rebecca Scofield had an affair with Kaylee Goncalves.

**REQUEST FOR ADMISSION NO. 25**:  Admit that after you received and read that cease and desist letter dated November 29, 2022 you continued to state publicly that Rebecca Scofield was involved with the murders of Kaylee Goncalves, Xana Kernodle, Madison Mogen, and Ethan Chapin.

**REQUEST FOR ADMISSION NO. 26**:  Admit that you received and read a cease and desist letter from Stoel Rives LLP dated December 8, 2022.

**REQUEST FOR ADMISSION NO. 27**:  Admit that after you received and read that cease and desist letter dated December 8, 2022 you continued to state publicly that Rebecca Scofield had an affair with Kaylee Goncalves.

**REQUEST FOR ADMISSION NO. 28**:  Admit that after you received and read that cease and desist letter dated December 8, 2022 you continued to state publicly that Rebecca Scofield was involved with the murders of Kaylee Goncalves, Xana Kernodle, Madison Mogen, and Ethan Chapin.

**REQUEST FOR ADMISSION NO. 29:**  Admit that you are aware that on or about December 27, 2022, the Moscow Police Department issued a press release related to the Murders stating: "At this time in the investigation, detectives do not believe the female associate professor and chair of the history department at the University of Idaho suing a TikTok user for defamation is involved in this crime."

**REQUEST FOR ADMISSION NO. 30:**  Admit that after you became aware of the press release described in Request for Admission No. 29, you continued to state that Plaintiff was involved with the Murders.


DATED:  June 20, 2023.

STOEL RIVES LLP


/s/ Wendy J. Olson
Wendy J. Olson
Elijah M. Watkins
Cory Carone

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2023, I served a copy of the foregoing via email as follows:

Ashley Guillard
msashleyjt@gmail.com

/s/ Wendy J. Olson
Wendy J. Olson