**EXHIBIT B**

# 3220 - Sexual Harassment

## Owner:

- **Position:** Interim Director of the Office of Civil Rights & Investigations
- **Name:** Lindsay Ewan
- **Email:** lewan@uidaho.edu

**Last updated:** January 01, 2019

**CONTENTS:**

A. Policy
B. Definition
C. Investigation of Complaints
D. Resolution of Complaints

**A. POLICY.**

> **A-1.** The university must maintain a learning and work environment for students and employees that is fair, humane, and responsible. Sexual discrimination, including sexual harassment, interferes with the educational process and with the productivity of the faculty and staff; thus, it is inimical to the university.
>
> **A-2.** Like discrimination on the basis of race, color, national origin, religion, sex, age, disability, or status as a Vietnam-era veteran, sexual harassment violates federal and state laws and the policies of the Board of Regents of the University of Idaho. It is, therefore, the policy of the University of Idaho to condemn sexual harassment.

**B. DEFINITION.**

> **B-1.** Sexual harassment of a student is defined as unwelcome sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature when: (a) submission to such conduct is made either explicitly or implicitly a term or condition of the student's grade, receipt of a grade, or status as a student; (b) the student's submission to or rejection of such conduct is used as a basis for a decision affecting that student; or (c)

such conduct has the purpose or effect of substantially interfering with the student's learning or learning performance, or creating an intimidating, hostile, or offensive learning environment. In addition, it includes behavior that overtly or covertly uses the power inherent in the status of a professor, teacher, or other officer to affect a student's educational experience or career opportunities by intimidating, threatening, or coercing the student to accept sexual advances or risk reprisal in terms of a grade, a recommendation, an opportunity for professional growth, or a job. Moreover, a student is deemed to be a victim of sexual harassment if he or she is denied educational benefit because someone else has received preferential treatment in return for sexual favors.

**B-2.** Sexual harassment of an employee or applicant for employment is defined as unwelcome sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature when: (a) submission to such conduct is made either explicitly or implicitly a term or condition of the person's employment, promotion, or status as an employee; (b) the person's submission to or rejection of such conduct is used as a basis for a decision affecting that person; or (c) such conduct has the purpose or effect of substantially interfering with the person's work or work performance, or creating an intimidating, hostile, or offensive environment. Moreover, an employee or applicant for employment is deemed to be a victim of sexual harassment if he or she is denied employment, promotion, or other employee benefit, for which he or she is fully qualified, because someone else received preferential treatment in return for sexual favors.

**B-3.** Sexual harassment of a recipient of UI services is defined as unwelcome sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature toward a recipient that prevents or impairs the recipient's full use of university services.

**C. INVESTIGATION OF COMPLAINTS.**

**C-1.** Pursuant to RGP I.T.G, all employees who learn of an allegation of sexual harassment, including sexual violence and gender-based harassment, (and are not required by law to maintain the confidentiality of the disclosure, such as licensed medical professionals or counselors) are required to report the matter to the UI's Title IX coordinator within 24 hours.

**C-2.** Because damage could result to the career and reputation of any person who is accused of sexual harassment falsely or not in good faith, all investigations of and hearings on such matters will be conducted insofar as

possible to protect the privacy of, and minimize suspicion toward, the accused as well as the complainant, until the matter is impartially resolved. Only those persons responsible for investigating and enforcing civil rights matters will have access to confidential communications.

**D. RESOLUTION OF COMPLAINTS.**

**D-1.** In determining whether the alleged conduct constitutes sexual harassment, the designated investigative authority (initially the Title IX Coordinator or their designee) will consider the record as a whole and all relevant circumstances. Determination of the legality of a particular action will be made on a case-by-case basis.

**D-2.** If the investigative authority determines that sexual harassment did occur, UI will take immediate and appropriate corrective measures, including disciplinary action commensurate with the scope and severity of the occurrence. Such disciplinary action may include, but is not limited to, warning, reprimand, demotion, suspension, or dismissal with notation in the personnel file. In addition, UI will make every effort to provide appropriate relief for the victim. A reiteration of the policy against sexual harassment may be an appropriate response in certain situations.

**D-3.** If there appears to be no foundation for the allegation other than the complaint:

> **a.** No record is made of the allegation in the personnel records either of the accused or of the accuser.
>
> **b.** Malicious or dishonest allegations may result in disciplinary action against the accuser.

# Version History

**Amended January 2019.** Revised to align with SBOE/Regents policies and federal law and to clarify language.

**Amended July 2009.** Editorial changes to C-1 and D-1.

**Amended January 2006.** Editorial changes to C-1 and D-1.

**Amended July 2002.** Editorial changes to C-1 and D-1.

**Amended July 2000.** Editorial changes.

**Amended July 1987.** This section was revised and greatly enlarged.

**Adopted 1981.**