UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>  Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>  Defendant. | Case No. 3:22-cv-00521-REP<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. 56)** |

**The Party Filing This Response**

    Ashley Guillard,
    msashleyjt@gmail.com
    3262 Westheimer Rd. 942
    Houston, TX 77098
    Telephone:  337.372.3181

    Pro Se

## I.   INTRODUCTION

COMES NOW, Defendant Ashley Guillard (Guillard) in opposition to Plaintiff Rebecca Scofield's Motion for Partial Summary Judgment (DKT. 56). This litigation is a matter of determining the truth of the matter: whether or not Rebecca Scofield (Scofield) caused the murder of the four University of Idaho Students found slain on November 13, 2022 (the four students).  It is also important to determine if the Court has subject matter jurisdiction over the plausibility of spiritual belief and practices which was brought into question by Dkt. 50 on August 21, 2023. Lastly, it is also important to determine if spiritual messages give rise to a cause of action for defamation. None of the above has been determined. Additionally, Defendant Ashley Guillard has never admitted to defaming Plaintiff Rebecca Scofield. Instead, she has continuously argued that this litigation was brought illegally in bad faith to avoid Rebecca

DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT (DKT. 56)    1

Scofield from being properly investigated for ordering the murder of victim Kaylee Goncalves and the remaining three students.

This litigation has been complicated by the Court's and the public's ignorance on the plausibility of tarot readings, spiritual connections, and spiritual beliefs. Defendant Ashley Guillard has evidence that she and her spiritual messages are reliable sources. For example, Ashley Guillard conducted an intuitive tarot reading for someone on March 8, 2023; it predicted the upcoming death of the person's husband who was otherwise healthy and young. Although the Defendant hoped it wouldn't come true, the husband died on October 24, 2023 (see exhibit A, ESI: https://youtu.be/qLq5YJ2LuYs that predicted the death of SSG(p) Kenyon White[1]). Thus, because Guillard has experienced confirmation of the reliability of her intuitive tarot readings for the past four years, she has reason to believe that the messages she received about Rebecca Scofield are also substantially true.

Scofield and her attorney's have continuously lied about Ashley Guillard in every legal document they filed in this civil complaint (explained more fully below). For example, in Dkt. 56, Plaintiffs Motion for Partial Summary Judgment, Attorney Wendy Olson made a false statement that Defendant Ashley Guillard posted content about the murder of the students to "make money".  Attorney Wendy Olson published that lie about Ashley Guillard knowing it was false because she has documents from TikTok provided to her after a subpoena dated June 20, 2023, proving that Defendant Ashley Guillard did not make any money by posting content on TikTok. Attorney Wendy Olson also promulgated several lies about Ashley Guillard in multi-national news media. Additionally, Guillard has reason to believe this entire Complaint was filed fraudulently and frivolously. As a matter of law, and as punishment for continuous judicial

---

[1] https://www.facebook.com/Kenyon.Warmachine.White
https://www.facebook.com/search/top?q=kenyon%20white

DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT (DKT. 56)              2

misconduct, and several perjurious statements and documents, Defendant Ashley Guillard requests the Court to DENY the Plaintiff's Motion for Summary Judgment and to heavily punish the Plaintiff and her legal counsel with sanctions.

## II. RELEVANT BACKGROUND

A.   **Factual History.**

On November 13, 2022, four students at the University of Idaho were murdered at a home near campus (referred to as the four students). On November 23, 2022, upon request of a TikTok user Ashley Guillard began conducting intuitive tarot readings to get answers on who, what, why, and how the four students were murdered. The intuitive reading revealed that Rebecca Scofield hired a male student to murder the four students. During the evening of the murders she sent another male to make sure the murders were committed. Ultimately one of the men left because the original male took control over the situation and committed the murders. Scofield hired the men to kill the students to protect her reputation. She feared she'd be exposed for having an affair with one of the female victims. On November 28, 2022, Guillard received a demand letter by email demanding that she cease posting videos about Scofield. Guillard refused to follow the demands because she believed that she was telling the truth and that she was protected by the Substantial Truth Doctrine of the First Amendment of the United States Constitution. Notwithstanding the fact that Guillard was telling the truth, on December 21, 2022, Scofield and her Attorney Wendy Olson illegally filed frivolous complaint Scofield vs. Guillard Case No. 3:22-cv-00521-REP in Federal District Court for the District of Idaho. They subsequently lied on Ashley Guillard in every legal document they filed in the Complaint to prevent Scofield from being suspected and investigated for the murder of the four students.

B.     **Recent History.**

It is the discovery phase of the litigation (Dkt. 29 and Dkt. 30). To prevent Defendant Ashley Guillard from obtaining physical evidence the Plaintiff and Attorney Wendy Olson filed a Motion to Quash the summons Guillard served to Meta Platforms (Facebook) Dkt. 48. Additionally, a Motion to Dismiss the Complaint due to fraud, lack of subject matter jurisdiction, and lack of personal jurisdiction is pending (Dkt. 50). The Motion for Partial Summary Judgment (Dkt. 56) was inappropriately filed while the Defendant sought evidence and due process. The motion was filed with the intent to impede upon due process for Ashley Guillard.

### III.     LEGAL STANDARDS & ARGUMENT

A.     **Substantial truth is a defense.**

Scofield has not proven that the statements Guillard made about her were false. The Complaint and subsequent filings by the Plaintiff relied on the Court to ignorantly deem Guillard's spiritual practice as implausible. However, as proven by exhibit A: ESI: https://youtu.be/qLq5YJ2LuYs that was mentioned in the introduction, Guillard's intuitive messages are reliable. Exhibit A is an intuitive tarot reading conducted by Guillard by request of a concerned wife. She wanted insight on her marriage and potential threat of divorce. Even though we did not ask, the reading revealed the husband was about to die and that the wife would not expect it. Unfortunately, seven months later her husband SSG(p) Kenyon White died by suicide[2]. Guillard received confirmation of the reading from the wife as she was seeking more answers pertaining to her husband's death. Guillard has evidence of the accuracy of her intuitive tarot readings. They cannot be deemed as implausible on its face. Therefore, it is possible that

---

[2]https://www.facebook.com/Kenyon.Warmachine.White
https://www.facebook.com/search/top?q=kenyon%20white

DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT (DKT. 56)     4

the message Guillard received about Scofield is likely to be true. Because criminals are likely to lie about their crimes; the truth is a matter of time, resources, and discovery.

In alignment with typical criminal behavior and intent to hide their involvement in crimes, the Plaintiff and Attorney Olson has blocked discovery attempts to get evidence regarding the connection Scofield had with the victims and with the alleged co-conspirators of the murders (see Dkt. 48 Motion to Quash Summons). They also omitted information from the University of Idaho subpoena (Dkt. 56). Attorney Wendy Olson strategically omitted requests for all communication between Professor Scofield, the four students and alleged co-conspirators. Instead, she only sought communication that Scofield taught a class that the students were enrolled in (Guillard has not alleged that), and communication regarding an investigation (Guillard has not alleged that). Due to the strategic lies, omissions, misinformation and manipulation by Scofield and Olson, the Defendant must subpoena the University of Idaho for the correct information. It is still a matter of discovery and investigation to expose the communication between Professor Scofield, the four students and alleged co-conspirators. The document provided by the University of Idaho admits they never investigated the claims (Dkt. 56-17).

Scofield has not proven that the statements Guillard made are false. Furthermore, she and Attorney Wendy Olson strategically blocked Guillard from evidence that the statements she made are true. Therefore, the Plaintiff fails to prove defamation which requires a false statement to be made.

B.   **Scofield fails to meet elements 2 & 3 of a defamation claim.**

*The elements of a defamation claim applicable here are as follows: He must prove that (1) Garner communicated information about him to others; (2) the information was defamatory;*

DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT (DKT. 56)    5

*and (3) he was damaged because of the communication* Clark v. The Spokesman–Review,144 Idaho 427, 163 P.3d 216 (2007) citing Gough v. Tribune–Journal Co.,73 Idaho 173, 249 P.2d 192, 194 (1952). See Sadid v. Vailas, 943 F. Supp. 2d 1125, 1132 (D. Idaho 2013). Scofield and Attorney Wendy Olson failed to prove that Guillard made false statements. Therefore, they have not proven defamation required by the second element. Additionally, Scofield admits to not being investigated by the University of Idaho nor Moscow Police Department (see Dkt. 56-7). Nor has she proven any damages to her reputation (see Dkt. 50 Exhibit A). She has not lost any wages, employment, or opportunities. Instead, she gained in popularity (see Dkt. 50 Exhibit A). Thus, Scofield fails to meet the third element which requires reputational harm and damages. Therefore, her request for a summary judgment must fail.

**C.     The complaint is barred by qualified privilege.**

Guillard conducted the psychic investigation and exposed the results online because she wanted to help solve the murders. An intuitive reading revealed that Scofield would get away with murder if Guillard did not get involved. Therefore, Guillard posted the information she gathered from the intuitive tarot readings online for exposure. Guillard did not know how she could make a positive impact on the case of the murder of the four students as an outsider. She posted the content with the intent to gain exposure so that she could get the attention of the investigators and help solve the case.

The judicial privilege immunizes a party from civil liability for statements made during judicial proceedings. See Berian v. Berberian, 483 P.3d 937, 946 (Idaho 2020) *("Idaho has long recognized that defamatory statements made during a judicial proceeding are absolutely privileged... The purpose of the judicial privilege is to keep the paths leading to the ascertainment of truth as free and unobstructed as possible")* (internal quotation marks and

DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT (DKT. 56)      6

citations omitted). *This privilege sets a low bar, requiring only that the defamatory statement (i) be made during a proceeding, and (ii) have "a reasonable relation to the cause of action of that proceeding."* Dickinson Frozen Foods, Inc. v. J.R. Simplot Co., 434 P.3d 1275, 1284 (Idaho 2019). Defendant Ashley Guillard's statements about Rebecca Scofield's alleged involvement in the murder of the four University of Idaho students were made during judicial proceedings; specifically, during the investigation of the murders. Although Ashley Guillard is not a party in the criminal case, she sent her findings to the FBI tip line, as a witness to help solve the case. Therein, her statements easily meet the standard of judicial privilege, and the Plaintiff fails to state a defamation claim. Additionally pursuant to Berian v. Berberian, 483 P.3d 937, 946 (Idaho 2020) *statements to law enforcement for the purpose of initiating criminal proceedings are entitled to a qualified privilege for all torts except malicious prosecution*. Therefore, the Defendant Ashley Guillard's statements on social media are also privileged due to the reasonable relation to the pending criminal case of the murder of the four University of Idaho students pursuant to Berian v. Berberian, 483 P.3d 937, 946 (Idaho 2020). Thus, the Complaint, fails to state a claim for relief and must fail. It is also in the interest of justice to dismiss the Complaint.

**D.     Fraudulent litigations are not entitled to respect.**

The Plaintiff's argument that Guillard's lack of response to the request for admission conclusively establishes the material facts. However, Guillard has not received the requests. To date, she is not sure if it was sent by email or mail. Allegedly it was sent June 20, 2023, when Guillard was in New York, but where? The Plaintiff likely failed at properly communicating with Guillard at an attempt to get a default judgment.

Guillard believes the Complaint (Dkt. 1) and subsequent filings are fraudulently filed. She also believes the judicial proceedings have lacked in due process and judicial impartiality

(see Dkt. 50) and are entitled to no respect whatsoever. In Griffen v. Griffen, 327 U.S. 220, 66 S. Ct. 556, 90 L. Ed. 635 a pro se litigant won his case in the Supreme Court who stated: *"A void judgment is a nullity from the beginning and is attended by none of the consequences of a valid judgment. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights."* Ex parte Seidel, 39 S.W.3d 221, 225 (Tex. Crim. App. 2001), Ex-parte Spaulding, 687 S.W.2d at 745 (Teague, J., concurring). Guillard believes Scofield ordered the murder of the four students and filed this illegal Complaint (Dkt. 1) against Guillard to avoid suspicion. Scofield and her Attorney subsequently used the Court and news media to humiliate Guillard, mock her spiritual beliefs and to lie on her in every filing (see the Complaint (Dkt. 1), Motion for Entry of Default (Dkt. 4), Response to Motion (Dkt. 9), Motion for Default Judgment (Dkt. 10), Motion to Strike (Dkt. 12), Motion to Dismiss (Dkt. 22), Motion to Quash (Dkt. 25), Motion to Continue (Dkt. 41), Motion for Sanctions (Dkt. 45), Reply to Response (Dkt. 46), Motion to Quash (Dkt. 48), Response to Motion (Dkt. 52), Reply to Response (Dkt. 53)). In the Complaint (Dkt. 1) Olson made a false statement that Ashley Guillard decided to use the community's pain for her online self-promotion. The truth is Guillard used her talent to find out what happened to the four students and others. Scofield and Olson made a false statement that Scofield "had never met any of the victims, let alone entered a romantic relationship with them." This is not an undisputed fact; it is a matter of discovery. However, Attorney Wendy Olson did not ask the University of Idaho to investigate or to provide the communication proving this to be true. In Dkt. 49 the Court joined in the disrespect of Guillard spiritual practice and beliefs erroneously calling it "implausible". During the hearing (Dkt. 47) Judge Raymond E. Patricco empathized with Scofield and asked Guillard to consider how Scofield felt notwithstanding the fact that Guillard believed Scofield to be a quadruple murderer. The frivolous Complaint, perjurious

filings, the lack of judicial impartiality coupled with the Courts lack of jurisdiction (see Dkt. 50) deems the entire Complaint void. Therefore, Guillard was not legally required to participate in the Plaintiffs fraudulent attempt to harass her. The Plaintiffs argument for a summary judgement must fail unless the order is for a complete dismissal of the Complaint.

E.     **The complaint does not meet the standard for a summary judgment.**

The Plaintiff Rebecca Scofield and Attorney Wendy Olson have blocked discovery attempts for Guillard to gather physical evidence. Ergo, the litigation is at an impasse and is not at an appropriate time for a decision. Additionally, Guillard alleges Scofield and Olson lied in every docket they filed with the Court. Guillard also believes that the statements she made regarding Scofield's relationship with one of the four students (Goncalves) and regarding Scofield's involvement with the four murders are substantially true. Therefore, the Plaintiff fails to meet the requirements of the law. In agreement with the Plaintiff: *"Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact."* Zetwick v. County of Yolo, 850 F.3d 436, 440 (9th Cir. 2017) (internal quotation marks and citation omitted); Fed. R. Civ. P. 56(a) (*"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."*). *"'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial,' and summary judgment is appropriate."* Zetwick, 850 F.3d at 441 (quoting Ricci v. DeStefano, 557 U.S. 557, 586 (2009)). *"The district court must not only properly consider the record on summary judgment but must consider that record in light of the 'governing law.'"* Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The

Plaintiffs Complaint, subsequent filings and Dkt. 56 do not meet this standard. The Court must DENY the request for Summary Judgement.

## IV.   CONCLUSION

If Guillard's statements are read favorably to the Defendant, it would read that she is believed to be telling the truth about Rebecca Scofield's role in the murder of the four University of Idaho students and Scofield's affair with Goncalves. Additionally, the Plaintiff has not provided any evidence that Guillard is not telling the substantial truth.

Scofield and Attorney Wendy Olson has continuously abused the judicial system. They filed the frivolous Complaint, disrespected spirituality, Ashley Guillard, and her spiritual beliefs. They've lied in every docket they filed in the Complaint to manipulate the Court to believe lies about Ashley Guillard. They have blocked Guillard's attempts at obtaining evidence to prove she is telling the truth about Rebecca Scofield's role in the murders and relationship with the victims and conspirators. Now, they've filed a frivolous request for Summary Judgment.

Whether or not the Court has jurisdiction and if the Court impeded upon Guillard's right to judicial impartiality is pending (Dkt. 50). Discovery is still ongoing. For the aforementioned reasons the request for Summary Judgment is inappropriate and must be swiftly denied. The Court must deny the request for summary judgment unless it is for a complete dismissal of the Complaint and punish Scofield and her Attorneys with sanctions. Anything less is an impediment to judicial impartiality for Guillard.

## V.   PRAYER FOR RELIEF

1.   Award Ashley Guillard all court related fees and sanctions pursuant to Rule 11(c) in the amount of $1,000,000 pursuant to B. Chambers v. NASCO, 501 U.S. 32 (1991)[3].

---

[3]Sanctions totaling nearly one million were upheld by the Supreme Court for the petitioner's (1) attempt to manipulate the court of jurisdiction by acts of fraud, (2) filing false and frivolous pleadings, and (3) attempting, by

DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT (DKT. 56)            10

      2.      Dismiss The Action with prejudice due to failure to state a claim for relief pursuant to Rule 12(b)(6).

      3.      Set Aside Order, Dkt. 49, pursuant to Rule 60(b)(4) and Rule 60(b)(6).

DATED: October 31, 2023

<u>/s/ Ashley J. Guillard</u>
Defendant
Ashley J. Guillard
Pro-Se Litigant

---

other tactics of delay, oppression, harassment, and massive expense to reduce the respondent to exhausted compliance.

DEFENDANT'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT (DKT. 56)    11

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2023, I served a copy of the foregoing via CM/ECF on the Registered Participant as follows:

Cory M. Carone: cory.carone@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

Elijah M. Watkins: elijah.watkins@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

Wendy J. Olson: wendy.olson@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com.

/s/ Ashley J. Guillard

Ashley J. Guillard

Pro-Se Litigant

# EXHIBIT A

Tarot reading that predicted the death of a soldier Kenyon White:

ESI: https://youtu.be/qLq5YJ2LuYs

https://www.facebook.com/Kenyon.Warmachine.White

https://www.facebook.com/search/top?q=kenyon%20white