Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Elijah M. Watkins, ISB No. 8977
*elijah.watkins@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ASHLEY GUILLARD,<br><br>　　　　　Defendant. | Case No. 3:22-cv-00521-REP<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

### I.  INTRODUCTION

In her opening brief, Professor Scofield established the facts necessary to prove that Ms. Guillard defamed Professor Scofield when Ms. Guillard stated that Professor Scofield had an affair with a student and then orchestrated four horrific murders. In her opposition, Ms. Guillard did not submit a single fact to support the validity of her false statements or to dispute the facts presented by Professor Scofield. She instead seeks to excuse her failure to respond to discovery and asserts that her false statements fall under the judicial privilege. Both arguments fail: Ms. Guillard consented to electronic service, which is how Professor Scofield served her

discovery, and the judicial privilege does not apply to statements made on TikTok. This case has been pending for nearly a year. It is time to end Ms. Guillard's baseless assertions and to begin to repair Professor Scofield's reputation. Professor Scofield requests that the Court enter judgment in her favor as to Ms. Guillard's liability and set this matter for a jury trial to determine Professor Scofield's award of damages.

## II.  ARGUMENT

### A.  Professor Scofield served the Requests for Admission on Ms. Guillard.

Ms. Guillard does not dispute that she failed to respond to Professor Scofield's Requests for Admission; she excuses her failure by saying she was not served. Like her statements about Professor Scofield, Ms. Guillard's excuse is false. On June 20, 2023, Professor Scofield served her First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission to Defendant on Ms. Guillard using the email address "msashleyjt@gmail.com" (the email address Ms. Guillard listed on all her filings and her CM/ECF registration). Second Declaration of Wendy J. Olson in Support of Plaintiff's Motion for Partial Summary J. ("Second Olson Decl."), Ex. A.

Professor Scofield properly served her discovery requests via email. Ms. Guillard asked the Court to let her use CM/ECF, and the Court granted her request on the condition that she must "follow all applicable procedures for electronic case filing, including but not limited to the District of Idaho's Local Civil Rules and Electronic Case Filing Procedures." ECF 18 at p. 10. The latter states that registration to use the e-filing system constitutes consent to electronic service. United States District and Bankruptcy Court, District of Idaho, Electronic Case Filing Procedures, § 3.A.3 (stating that registering to use the Court's e-filing system constitutes consent to electronic service). As a result, Professor Scofield properly served her discovery requests on Ms. Guillard when Professor Scofield sent them to the email address that Ms. Guillard provided to the Court. Fed. R. Civ. P. 5(b)(2)(E) (stating that a paper is served when it is sent by electronic means to a person

that consented to electronic service). Any argument to contrary is disingenuous. Ms. Guillard herself has used email to serve a notice of intent to serve subpoena, her initial disclosures, and a request to waive service. Second Olson Decl., Exs. B, C, & D.

**B.   Ms. Guillard's failure to respond to Professor Scofield's Requests for Admission establishes the facts needed to grant summary judgment for Professor Scofield.**

Ms. Guillard does not dispute that she failed to timely respond to Professor Scofield's discovery requests. *See generally* ECF 57. In fact, Ms. Guillard has not responded to Professor Scofield's discovery requests at all—even after Professor Scofield filed this motion. Ms. Guillard's failure to timely respond to Professor Scofield's Requests for Admission constitutes an admission to each such request, Fed. R. Civ. P. 36(a)(3); ECF 56-1 at pp. 5–7, and "[a] matter admitted under [Fed. R. Civ. P. 36] is conclusively established," Fed. R. Civ. P. 36(b). It is thus established that:

- Ms. Guillard stated publicly that Professor Scofield was involved with the murders of K.G., M.M., X.K., and E.C. ECF 56-2 at ¶¶ 12–17.

- Professor Scofield was not involved with the murders of K.G., M.M., X.K., and E.C. *Id.* at ¶¶ 10, 18, 32.

- The only basis for Ms. Guillard's public statements that Professor Scofield participated in the murders is Ms. Guillard's "spiritual research, intuition, and instincts." *Id.* at ¶ 20.

- Ms. Guillard is unaware of any physical evidence linking Professor Scofield to the murders. *Id.* at ¶ 21.

- Ms. Guillard has no written information and has not received any information orally from another human being, showing that Professor Scofield ever met X.K., M.M., or E.C. *Id.* at ¶ 22.

Reply in Support of Plaintiff's Motion for Partial Summary Judgment - 3

- Ms. Guillard knew that the Moscow Police Department issued a press release on December 27, 2022, stating that it did not believe that "the female associate professor and chair of the history department who is suing a TikTok user for defamation is involved in this crime." *Id.* at ¶ 43.

- Ms. Guillard publicly stated that Professor Scofield had an affair with K.G. *Id.* at ¶¶ 24-28.

- Professor Scofield did not have an affair with K.G. *Id.* at ¶¶ 29-30.

- The only basis for Ms. Guillard's statement that Professor Scofield had an affair with K.G. was Ms. Guillard's "spiritual research, intuition, and instincts." *Id.* at ¶ 31.

- Ms. Guillard is unaware of any physical evidence that Professor Scofield had an affair with K.G. *Id.* at ¶ 32.

Ms. Guillard has offered no admissible evidence to raise any dispute, let alone a genuine dispute, about these facts. Even if Ms. Guillard could produce any evidence to the contrary—she cannot—such evidence is inadmissible to contradict her admissions. *999 v. C.I.T. Corp.*, 776 F.2d 866, 869–70 (9th Cir. 1985) ("Evidence inconsistent with a Rule 36 admission is properly excluded."); Fed. R. Civ. P. 36(b) advisory committee note to 1970 amendment ("In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party."); *GTE Directories Corp. v. McCartney*, 11 F. App'x 735, 737 (9th Cir. 2001) (unpublished) ("[I]ntroduction of allegedly contradictory evidence cannot serve as an 'implied' motion to withdraw [admissions].").

Simply put, there is no genuine dispute that Ms. Guillard falsely stated that: (1) Professor Scofield had an inappropriate sexual relationship with K.G., and (2) Professor Scofield

orchestrated the murders of K.G., M.M., X.K., and E.C. ECF 56-2 at ¶¶ 12–18, 24–28, 29. Those statements are defamatory per se because they (1) impute to Professor Scofield "conduct constituting a criminal offense" that "would be . . . punishable by imprisonment in a state or federal institution," *Siercke v. Siercke*, 167 Idaho 709, 719–20, 476 P.3d 376, 386–87 (Idaho 2020); (2) ascribe to Professor Scofield "conduct . . . incompatible with the proper conduct of [Professor Scofield's] lawful business, trade, (or) profession," *Barlow v. Int'l Harvester Co.*, 95 Idaho 881, 890, 522 P.2d 1102, 1111 (Idaho 1974) (citation omitted) (abrogated on other grounds); and (3) "impute[] . . . serious sexual misconduct" to Professor Scofield, *Yoakum v. Hartford Fire Ins. Co.*, 129 Idaho 171, 180, 923 P.2d 416, 425 (1996). Because Ms. Guillard's false statements were defamatory per se, she need not prove special damages. *Siercke*, 167 Idaho at 718, 476 P.3d at 385. Ms. Guillard does not appear to argue otherwise, nor can she. Professor Scofield is thus entitled to summary judgment in her favor on liability.

**C.     The judicial privilege does not apply.**

Ms. Guillard argues the judicial privilege protects her from liability for her false statements about Professor Scofield because the murders were under investigation at the time Ms. Guillard defamed Professor Scofield. ECF 57 at pp. 6–7.  This, too, is incorrect. "Idaho has long recognized that defamatory statements made in the course of a judicial proceeding are absolutely privileged, even if made with malicious intent or knowledge of their falsity." *Berian v. Berberian*, 168 Idaho 394, 483 P.3d 937, 946 (2020). "The term judicial proceeding is not restricted to trials, but includes every proceeding of a judicial nature before a court or official clothed with judicial or quasi-judicial power." *Id.* (quoting *Richeson v. Kessler*, 73 Idaho 548, 551-52, 255 P.2d 707, 709 (1953)). "Accordingly, . . . defamatory statements made by private individuals to law enforcement officials prior to the institution of criminal charges are entitled to a qualified privilege, not an

absolute privilege, and this qualified privilege will not apply when the defamatory statements are made with malice." *Id.*, 438 P.3d at 948.

Ms. Guillard's defamatory statements were not made during a trial or other similar judicial proceeding; they were made on TikTok. *See* ECF 56-2 at ¶¶ 12–17, 24–28. And Ms. Guillard's defamatory statements were not made "to law enforcement officials prior to the institution of criminal charges," *Berian*, 438 P.3d at 948; they were made on TikTok, *see* ECF 56-2 at ¶¶ 12-17, 24-28. Accordingly, because Ms. Guillard's defamatory statements were not made in a judicial proceeding of any kind, the judicial privilege does not apply. *See Berian*, 438 P.3d at 948.

### III.  CONCLUSION

Professor Scofield requests that the Court grant her Motion for Partial Summary Judgment.

DATED:  November 13, 2023.

        STOEL RIVES LLP

        /s/ Wendy J. Olson
        Wendy J. Olson
        Elijah M. Watkins
        Cory M. Carone

        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2023, I served a copy of the foregoing via CM/ECF on the Registered Participant as follows:

    Ashley Guillard
    msashleyjt@gmail.com

                                    /s/ Wendy J. Olson
                                    Wendy J. Olson