## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD, | Case No.: 3:22-cv-00521-REP |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER RE: DEFENDANT'S MOTION TO SET ASIDE AND MOTION TO DIMSISS** |
| vs. | |
| ASHLEY GUILLARD, | **(Dkt. 50)** |
| Defendant. | |

Pending before the Court is Defendant Ashley Guillard's Motion to Set Aside and Motion to Dismiss (collectively the "Motion") (Dkt. 50). In the interest of avoiding delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the Motion will be decided on the record and without oral argument. As discussed more fully below, the Motion is denied.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of the tragic murder of four University of Idaho students in November 2022. Plaintiff Rebecca Scofield is a professor at the University of Idaho. She alleges that she never met the students and was not involved with their murders in any way. Notwithstanding, Plaintiff alleges Defendant Ashley Guillard posted over 100 sensational TikTok videos falsely claiming that she had an inappropriate romantic affair with one of the victims and then ordered the murders to prevent the affair from coming to light. In turn, Plaintiff initiated this action on December 21, 2022 (Dkt. 1), asserting two defamation claims against Defendant. One is premised upon false statements regarding Plaintiff's involvement with the murders themselves. The other is premised upon false statements regarding Plaintiff's romantic relationship with one of the murdered students.

**MEMORANDUM DECISION AND ORDER - 1**

Defendant, representing herself, did not immediately respond to Plaintiff's Complaint by the January 17, 2023 deadline.  *See* Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint . . . .").  As a result, pursuant to Rule 55(a), Plaintiff moved for an entry of default on January 19, 2023 (Dkt. 4).  A Clerk's Entry of Default was then entered and mailed to Defendant on January 27, 2023 (Dkt. 5).

On February 16, 2023, Defendant moved to set aside the entry of default (Dkt. 7).  Plaintiff responded the next day, opposing Defendant's efforts to set aside the entry of default (Dkt. 9) and filing a Motion for Default Judgment pursuant to Rule 55(b)(2) (Dkt. 10).  On April 24, 2023, the parties consented to the undersigned's jurisdiction (Dkt. 17).  Thereafter, on April 26, 2023, the Court granted Defendant's Motion to Set Aside Entry of Default, denied Plaintiff's Motion for Default Judgment as moot, and ordered Defendant to respond to Plaintiff's Complaint within 21 days (Dkt. 18).

On May 16, 2023, Defendant filed her Answer, Affirmative Defenses, and Counterclaims to Complaint ("Answer and Counterclaims") (Dkt. 20).  Within her Answer and Counterclaims, Defendant denied that she defamed Plaintiff because the accusations made against Plaintiff in Defendant's TikTok videos are "substantially true."  *Id*. at 6, ¶ 4.  Defendant maintained that she "used her spiritual brain, intuition, spiritual practice, and investigative skills to uncover the truth regarding the murder of the four University of Idaho students; and published her findings on her TikTok social media platform."  *Id*. at 7, ¶ 6.  Defendant also affirmatively asserted 11 counterclaims against both Plaintiff and her legal counsel.  *Id*. at 7-59, ¶¶ 1-279.

On June 6, 2023, Plaintiff moved to dismiss Defendant's counterclaims against her. MTD (Dkt. 22).  A week later, Plaintiff moved to quash the summonses for her counsel, arguing that their issuance was procedurally improper.  Mot. to Quash (Dkt. 25).  Defendant opposed each of these motions.  Resp. to MTD (Dkt. 35); Resp. to Mot. to Quash (Dkt. 36).  In an August

8, 2023 Memorandum Decision and Order, the Court (i) granted Plaintiff's Motion to Dismiss (insofar as it dismissed Defendant's counterclaims against Plaintiff),[1] and (ii) granted Plaintiff's Motion to Quash.  *See generally* 8/8/23 MDO (Dkt. 49).

Now, via the pending Motion, Defendant requests that the August 8, 2023 Memorandum Decision and Order be set aside under Rules 60(b)(4) & (6) because (i) this Court does not have subject matter jurisdiction over the action; (ii) this Court does not have personal jurisdiction over her; (iii) venue is improper in Idaho; (iv) the Court lacks judicial impartiality; and (v) the Court does not have subject matter jurisdiction over the "plausibility of spiritual practices."  Mem. ISO MTD at 4-14 (Dkt. 50-1).  According to Defendant, these same reasons similarly warrant the dismissal of Plaintiff's Complaint under Rules 12(b)(1), (2), and (6) .  *Id*. at 14-15.  Plaintiff opposes Defendant's Motion in its entirety and requests the reimbursement of her attorney's fees. *See generally* Opp. to MTD (Dkt. 51).

## II. <u>LEGAL STANDARDS</u>

### A.  **Rule 60(b)**

Under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding for the following reasons: (i) "mistake, inadvertence, surprise, or excusable neglect;" (ii) "newly discovered evidence that, with reasonable diligence, could not have been discovered previously;" (iii) "fraud, misrepresentation, or misconduct by an opposing party;" (iv) "the judgment is void;" (v) "the judgment has been satisfied, released, or discharged;" or (vi) "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1)-(6).  "Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances."  *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (citation omitted).  The moving party "bears the burden of proving the existence

---

[1] However, the Court did not award attorney's fees to Plaintiff.  In this limited respect, Plaintiff's Motion to Dismiss was denied.  8/8/23 MDO at 19-20, 23 (Dkt. 49).

**MEMORANDUM DECISION AND ORDER - 3**

of a justification for Rule 60(b) relief." *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988). The disposition of a Rule 60(b) motion is committed to "the sound discretion of the district court." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

      1.    Rule 60(b)(4)

Under Rule 60(b)(4), a court may grant relief from a final judgment upon a showing that "the judgment is void." Fed. R. Civ. P. 60(b)(4). A judgment is not void simply because a party believes it is erroneous. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or opportunity to be heard." *Id*. at 271; *see also United States v. Berke*, 170 F.3d 882, 883 (9th Cir. 1999) (recognizing that a "final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound, or acted in a manner inconsistent with due process of law."). In considering allegations of a jurisdictional defect, the generally accepted standard is that relief under Rule 60(b)(4) should be reserved "only for the exceptional case in which the court that rendered the judgment lacked even an arguable basis for jurisdiction." *United Student Aid Funds*, 559 U.S. at 271.

      2.    Rule 60(b)(6)

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60(b). Fed. R. Civ. P. 60(b)(6); *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005). The Rule "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id*. (internal quotations omitted). Thus, to receive relief under Rule

**MEMORANDUM DECISION AND ORDER - 4**

60(b)(6), a party must establish "both injury and circumstances beyond [her] control that prevented [her] from proceeding in a proper fashion." *Id*. (internal quotations omitted).  The "extraordinary circumstances" standard is intended to avoid a mere "second bite at the apple." *In re Pac. Far E. Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989).

**B.    Rule 12**

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  A defendant may move to dismiss a complaint under Rule 12 for any one of several specified grounds, including (i) lack of subject matter jurisdiction, (ii) lack of personal jurisdiction, (iii) improper venue, (iv) insufficient process, (v) insufficient service of process, (vi) failure to state a claim upon which relief can be granted, and (vii) failure to join a party under Rule 19.  Fed. R. Civ. P. 12(b)(1)-(7).

1.    Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Federal courts "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id*. at 377 (internal citations omitted).  Subject matter jurisdiction is required; it cannot be forfeited or waived.  "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Rule 12(b)(1) authorizes a court to dismiss claims for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  "Rule 12(b)(1) jurisdictional attacks can be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal

jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A party making a facial attack does not submit supporting evidence with the motion because jurisdiction is challenged based solely on the pleadings.  *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  A court must assume the facts alleged in the complaint to be true and construe them in the light most favorable to the nonmoving party.  *Id*.

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.  In ruling on a party's factual attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id*. The movant may "rely on affidavits or any other evidence properly before the court," and the party opposing the motion must then "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

2.    Rule 12(b)(2)

A court cannot adjudicate claims against a defendant over whom it has no jurisdiction. Rule 12(b)(2) provides for the dismissal of claims where a court lacks personal jurisdiction over a defendant.  Fed. R. Civ. P. 12(b)(2).  The plaintiff bears the burden of establishing that the exercise of personal jurisdiction is proper.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  To establish personal jurisdiction, the plaintiff must show that "the statute of the forum confers personal jurisdiction over the nonresident defendant" and that the exercise of jurisdiction conforms with the federal constitutional principles of due process.  *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987).

Where the motion to dismiss is based on written materials, and where an evidentiary hearing has not been conducted, the plaintiff needs to establish only a prima facie showing of

jurisdictional facts to withstand the motion. *Wells Cargo, Inc. v. Transp. Ins. Co.*, 676 F. Supp. 2d 1114, 1118 (D. Idaho 2009) (citing *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995)). The court must take the plaintiff's uncontroverted allegations in their complaint as true and resolve factual disputes in affidavits in the plaintiff's favor. *Id*. (citing *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002)).

Absent a federal statute governing personal jurisdiction, federal courts apply the law of the state where the district court sits. *Yahoo! v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). "Because Idaho's long-arm statute . . . allows a broader application of personal jurisdiction than the Due Process Clause, the Court need look only to the Due Process Clause to determine personal jurisdiction." *Hill v. Union Pacific Railroad Co.*, 362 F. Supp. 3d 890, 895 (D. Idaho 2019) (citing *Wells Cargo*, 676 F. Supp. 2d at 1119 ("Thus, under Idaho law, the jurisdictional analysis and federal due process analysis are the same.")).

The Due Process Clause of the Fourteenth Amendment requires that a nonresident defendant have sufficient "minimum contacts" with the forum state so that notions of "fair play and substantial justice" are not offended. *Id*. (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Under federal law, personal jurisdiction can be either general or specific. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Co.*, 137 S. Ct. 1773, 1776 (2017).

A court may exercise general jurisdiction only when a defendant is "essentially at home" in the forum state. *Ford Motor Co. v. Mont. Eighth Jud. Dist.*, 141 S. Ct. 1017, 1024 (2021). General jurisdiction is properly exercised by a state when the defendant has contacts with the forum that are so "continuous and systematic" as to render the defendant "essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). "[O]nly a limited set of affiliations with a forum will render a defendant amenable to [general] jurisdiction there." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). "For an individual, the paradigm forum for the

**MEMORANDUM DECISION AND ORDER - 7**

exercise of general jurisdiction is the individual's domicile[.]" *Bristol-Myers Squibb Co.*, 137 S.

Ct. at 1779-80.

A court has specific jurisdiction over a defendant "if the controversy is sufficiently

related to or arose out of the defendant['s] contacts with the forum." *Omeluk v. Langsten Slip &*

*Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995). In other words, specific jurisdiction depends

on the quality and nature of the defendant's contacts with the forum state in relation to the cause

of action. *Lake*, 817 F.2d at 1421. The Ninth Circuit analyzes specific jurisdiction by utilizing a

three-part test: (i) the non-resident defendant must purposefully direct her activities or

consummate some transaction with the forum or resident thereof, or perform some act by which

she purposely avails herself of the privilege of conducting activities in the forum, thereby

invoking the benefits and protections of its laws; (ii) the claim must be one which arises out of or

relates to the defendant's forum-related activities; and (iii) the exercise of jurisdiction must

comport with fair play and substantial justice, i.e., it must be reasonable. *Yahoo! Inc.*, 433 F.3d

at 1205-06. The plaintiff has the burden of satisfying the first two prongs. *Lake*, 817 F.2d at

1421. If satisfied, the burden then shifts to the defendant to demonstrate unreasonableness.

*Boschetto v. Hansing*, 539 F.3d 1101, 1016 (9th Cir. 2008).

3.   Rule 12(b)(6)

The purpose of a motion to dismiss brought pursuant to Rule 12(b)(6) is to test the legal

sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of

sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901

F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to

**MEMORANDUM DECISION AND ORDER - 8**

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendant[ ] ha[s] violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## III. DISCUSSION

### A.   The Court Has Subject Matter Jurisdiction

Federal courts have original jurisdiction over cases where complete diversity exists between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Here, Plaintiff alleges that "[j]urisdiction is proper under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000." Compl. at ¶ 3 (Dkt. 1). Defendant disagrees. She argues that, while the parties may be citizens of different states, her TikTok videos claiming that Plaintiff had an affair with a student and then ordered the murder of four students to cover up the affair did not actually cause Plaintiff to suffer *any* damages. Mem. ISO

**MEMORANDUM DECISION AND ORDER - 9**

MTD at 5-9 (Dkt. 50-1).  According to Defendant, without damages, there is no legitimate amount in controversy and, thus, no diversity jurisdiction which (i) renders the Court's August 8, 2023 Memorandum Decision and Order void under Rule 60(b)(4), and (ii) warrants the dismissal of Plaintiff's defamation claims against her under Rule 12(b)(1).  *Id.*  Defendant's argument is without merit.

Here, Defendant essentially brings a facial challenge to Plaintiff's Complaint: that Plaintiff's allegations, even when taken as true, fail to show that the amount in controversy exceeds $75,000.  Defendant points to the fact that Plaintiff neither lost her job nor was prevented from advancing in her field.  Mem. ISO MTD at 6 (Dkt. 50-1) ("Defendant . . . did not harm [Plaintiff's] reputation.  In fact, [Plaintiff's] reputation increased positively as proven by news media, social media, and her Go Fund Me fundraising campaign.").  Defendant also questions the extent of Plaintiff's alleged "severe mental distress" and, relatedly, how Defendant could have even caused such injuries when it was Plaintiff who "killed the four University of Idaho students" in the first instance and nobody believed in "the power of the tarot and [Defendant's] psychic abilities" anyway.  *Id.* at 7-8.

"In a diversity case originally filed in federal court, the sum claimed in the complaint controls if the claim is apparently made in good faith.  It must appear *to a legal certainty* that the claim is really for less than the jurisdictional amount to justify dismissal."  *Maine Cmty. Health Options v. Albertsons Companies, Inc.*, 993 F.3d 720, 723 (9th Cir. 2021) (emphasis in original) (cleaned up).  The "legal certainty" test permits a district court to dismiss the case for lack of jurisdiction only if it is obvious on the face of the complaint that the suit cannot involve the necessary amount.  *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).  This standard "makes it very difficult to secure a dismissal of a case on the ground that it does not appear to satisfy the jurisdictional amount requirement."  *Naffe v. Frey*,

**MEMORANDUM DECISION AND ORDER - 10**

789 F.3d 1030, 1040 (9th Cir. 2015) (cleaned up).  To be sure, just three situations meet the legal certainty standard: (i) "when the terms of a contract limit the plaintiff's possible recovery"; (ii) "when a specific rule of law or measure of damages limits the amount of damages recoverable"; and (iii) "when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction."  *Id*. (cleaned up).

Defendant's arguments most closely align with the third scenario.  Importantly, however, those arguments only represent challenges to what Plaintiff may ultimately recover.  They do not involve any objective, upfront criticism of Plaintiff's claim to damages or, for that matter, the amount of those damages.  As a result, Defendant's arguments represent an attempt to do what the Ninth Circuit has prohibited: "smuggle in merits-based arguments into the jurisdictional inquiry[.]"  *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 (9th Cir. 2020); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 928 (9th Cir. 2019) ("[T]he strength of any defenses indicates the *likelihood* of the plaintiff prevailing; it is irrelevant to determining the amount that is at stake in the litigation.  Arias's argument conflates the amount in controversy with the amount of damages ultimately recoverable") (emphasis in original, cleaned up); *Geographic Expeditions*, 599 F.3d at 1108 (the existence of a valid defense to a claim "does not eliminate federal jurisdiction[.]").  As the Ninth Circuit has cautioned, "if a district court had to evaluate every possible defense that could reduce recovery below the jurisdictional amount the district court would essentially have to decide the merits of the case before it could determine if it had subject matter jurisdiction."  *Geographic Expeditions*, 599 F.3d at 1108.

Here, Defendant's TikTok videos accuse Plaintiff of not only having an improper relationship with a student, but then masterminding the murder of four students to keep that relationship a secret.  Plaintiff alleges that these videos are defamatory and that she suffered actual injuries to her life, career, and mental health as a result.  *See* Opp. to MTD at 3-4 (Dkt.

**MEMORANDUM DECISION AND ORDER - 11**

51).  Without weighing in on the merits of these claims, it is not unreasonable for Plaintiff to

seek damages that compensate her for these alleged injuries.  Nor is it inconceivable that such

damages exceed $75,000 depending on the nature and extent of those alleged injuries.  That the

parties dispute the facts informing these aspects of Plaintiff's case are not resolved here, but

instead must be determined by the trier-of-fact based upon the evidence.  As such, the Court

cannot find to a "legal certainty" that Plaintiff's claims against Defendant are really for less than

$75,000 and simply a procedural maneuver to falsely obtain federal jurisdiction.  Defendant's

Motion is denied in this respect.

## B.    The Court Has Personal Jurisdiction Over Defendant

Defendant argues that the Court does not have personal jurisdiction over her because she

is a resident of Texas and her TikTok videos were "published mostly in Texas and accessed in

several states."  Mem. ISO MTD at 9 (Dkt. 50-1).  Absent personal jurisdiction, she claims, the

Court's August 8, 2023 Memorandum Decision and Order is void under Rule 60(b)(4) and

Plaintiff's defamation claims against her must be dismissed under Rule 12(b)(2).  Defendant's

argument is without merit.

To begin, "personal jurisdiction is a *personal* defense that may be waived or forfeited."

*Mallory v. Norfolk Southern Railway Co.*, 600 U.S. 122, 144 (2023) (emphasis in original).

Even if Defendant arguably preserved the defense within her Answer,[2] she nonetheless forfeited

it when she substantially participated in the litigation without first moving to dismiss under Rule

12(b)(2).  *Argonaut Ins. Co. v. St. Francis Med. Ctr.*, 17 F.4th 1276, 1283 (9th Cir. 2021) ("An

objection to personal jurisdiction, for example, has been forfeited where, after properly

---

[2]  Defendant does not specifically assert lack of personal jurisdiction as an affirmative
defense.  *See* Ans. and Countercl. at 5-7 (Dkt. 20).  In the context of venue, however, she notes
how she is a resident of Texas and that the "publishing of TikTok videos" took place in Texas.
*Id*. at 5-6.

**MEMORANDUM DECISION AND ORDER - 12**

preserving the objection in its answer, a defendant then fully participated in litigation of the merits for over two-and-a-half years without actively contesting personal jurisdiction.") (internal quotation marks and citation omitted).  Indeed, before filing the at-issue Motion, Defendant (i) affirmatively asserted counterclaims against Plaintiff and attempted to add Plaintiff's counsel as parties to the action (Dkts. 20, 23, 26-28); (ii) submitted briefing and made oral argument relative to the merits of those claims in response to Plaintiff's Motion to Dismiss and Motion to Quash (Dkts. 35-36, 47); (iii) participated in the Rule 26(f) conference, stipulated to litigation deadlines moving forward, and filed a Discovery Plan (Dkts. 29, 31); and (iv) pursued discovery from a third party via a subpoena issued under this Court's authority (Dkts. 48-3, 52). Defendant's involvement in these discrete aspects of the case reveal that she has assented to the Court's authority to adjudicate and, correspondingly, forfeited any challenge to the Court exercising personal jurisdiction over her.

Regardless, the Court has personal jurisdiction – specific jurisdiction – over Defendant.[3] Specific jurisdiction applies when the challenged act was purposeful, when the lawsuit arises from that act, and when jurisdiction is reasonable.  *Supra* (citing *Yahoo! Inc.*, 433 F.3d at 1205-06).  Each of these requirements is satisfied here.

    1.    <u>Purposeful Direction</u>[4]

The touchstone purposeful direction requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous or attenuated contacts."  *Burger*

---

[3]  Because Defendant is domiciled in Texas, the Court lacks general jurisdiction over her. *Supra* (citing *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1779-80).  Of course, if Defendant was domiciled in Idaho instead, there would be no subject matter jurisdiction because complete diversity between the parties would not exist.  *Id*. (citing 28 U.S.C. § 1332(a)).

[4]  Purposeful direction, as opposed to purposeful availment, applies here since Plaintiff's claims against Defendant sound in tort, not contract.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

**MEMORANDUM DECISION AND ORDER - 13**

*King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).  To address this concern, "[courts] typically inquire whether the defendant's actions were felt, whether or not the actions themselves occurred within the forum."  *Yahoo! Inc.*, 433 F.3d at 1206 (citing *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)); *see also AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020) ("Where allegedly tortious conduct takes place outside the forum and has effects inside the forum, our circuit has examined purposeful direction using an 'effects test[.]'").  Under the effects test, a defendant purposely directed her activities at the forum if she: (i) committed an intentional act, (ii) expressly aimed at the forum state, (iii) causing harm that the defendant knows is likely to be suffered in the forum state.  *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017); *see also Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) ("It is not required that a defendant be physically present or have physical contacts with the forum, so long as his efforts are 'purposefully directed' toward forum residents.").

Plaintiff's allegations (along with Defendant's own allegations) meet the effects test. First, Defendant admits that she intentionally posted over 100 TikTok videos stating that Plaintiff had a relationship with a student and then ordered the murder of four students to conceal that relationship from the public.  Ans. and Countercl. at 13-14 (Dkt. 20).  Second, these videos specifically accused Plaintiff, a University of Idaho professor and resident of Idaho, of having an affair in Idaho with a University of Idaho student, and then killing that student and three other University of Idaho students in Idaho.  *Id.*; *see also Menken v. Emm*, 503 F.3d 1050, 1059 (9th Cir. 2007) ("The requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.") (internal quotation marks and citation omitted).  Third, taking Plaintiff's allegations as true, Defendant undoubtedly knew that, given that the accusations regarded alleged conduct by Plaintiff in Idaho, and that Plaintiff resides and works in Idaho, any resultant harm would also

**MEMORANDUM DECISION AND ORDER - 14**

take place in Idaho.  *See Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129

(9th Cir. 2010) ("This element is satisfied when defendant's intentional act has foreseeable

effects in the forum.") (internal quotation marks and citation omitted).

Because the effects test is met, so too is the purposeful direction requirement for specific

jurisdiction.  Plaintiff has therefore met her burden as to the first prong of the personal

jurisdiction analysis.

      2.    <u>Arise Out of or Relate to Forum Activities</u>

Under the second requirement for specific jurisdiction, the plaintiff's claims must arise

out of or relate to the defendant's forum-related activities.  The Ninth Circuit follows the "but

for" test to make this assessment.  *Menken*, 503 F.3d at 1058.  Hence, Plaintiff must show that

she would not have suffered an injury but for Defendant's forum-related conduct.

Plaintiff's allegations easily meet this standard.  Plaintiff alleges that Defendant's TikTok

videos harmed her reputation and caused physical injury.  Compl. at 2, 8-11 (Dkt. 1).  Assuming

Plaintiff's allegations are true, Plaintiff would not have suffered an injury but for Defendant's

forum-related conduct.

Plaintiff's defamation claims against Defendant clearly arise out of and relate to

Defendant's TikTok videos – conduct that was directed at Plaintiff in Idaho, relating to matters

taking place only in Idaho.  *Supra*.  Plaintiff has therefore met her burden as to the second prong

of the personal jurisdiction analysis.

      3.    <u>Reasonableness</u>

Once the plaintiff establishes the first two requirements for specific jurisdiction, the

forum's exercise of jurisdiction is presumed reasonable unless the defendant "present[s] a

'compelling case' that the exercise of jurisdiction would, in fact, be unreasonable."  *Shute v.

Carnival Cruise Lines*, 897 F.2d 377, 386 (9th Cir. 1990) (quoting *Burger King*, 471 U.S. at

**MEMORANDUM DECISION AND ORDER - 15**

477).  This is the third and final requirement for specific jurisdiction.  To evaluate

reasonableness, courts within the Ninth Circuit weigh: "(i) the extent of the defendant's

purposeful interjection into the forum state's affairs; (ii) the burden on the defendant of

defending in the forum; (iii) the extent of conflict with the sovereignty of the defendant's state;

(iv) the forum state's interest in adjudicating the dispute; (v) the most efficient judicial resolution

of the controversy; (vi) the importance of the forum to the plaintiff's interest in convenient and

effective relief; and (vii) the existence of an alternative forum."  *Freestream Aircraft (Bermuda)

Ltd. v. Aero Law Grp.*, 905 F.3d 597, 607 (9th Cir. 2018) (citation omitted).  A court must

balance all seven factors, as no single factor is dispositive.  *Rio Props., Inc. v. Rio Int'l Interlink*,

284 F.3d 1007, 1021 (9th Cir. 2002).

      Defendant has not seriously attempted to meet this high burden, other than to mention in

passing that she is from Texas and published her TikTok videos from Texas.  Mem. ISO MTD at

9 (Dkt. 50-1).  But that is not enough to render jurisdiction in Idaho ipso facto unreasonable.  To

the contrary, it is reasonable for this Court to exercise jurisdiction over Defendant in this

instance.  As shown above, Plaintiff sufficiently alleges that Defendant purposely injected herself

into Idaho-specific matters through her repeated TikTok videos.  And while Defendant no doubt

will be burdened to some extent with having to defend herself in Idaho, she has done so to this

point without any obvious hassle or impediment.  *See, e.g.*, *Sinatra v. Nat'l Enquirer, Inc.*, 854

F.2d 1191, 1199 (9th Cir. 1988) ("Modern advances in communications and transportation have

significantly reduced the burden of litigating in another [forum].").  There is also no reason to

believe that Texas has a particular interest in this case.  In comparison, given Idaho law's

application to Plaintiff's defamation claims, Idaho has a strong interest in adjudicating the

parties' dispute.  Next, there are likely just as many witnesses – if not more – in Idaho as there

are in Texas, making Idaho the most efficient and convenient forum for Plaintiff.  Finally, the

**MEMORANDUM DECISION AND ORDER - 16**

existence of an alternative forum in Texas is not enough to counter the cumulative weight of the remaining factors.  Weighing all seven factors together, it is reasonable for this Court to exercise specific jurisdiction over Defendant.

In sum, Plaintiff has made a prima facie showing of jurisdictional facts, and all three requirements for specific jurisdiction have been satisfied.  Thus, the Court's exercise of personal jurisdiction over Defendant comports with federal constitutional principles of due process and the Court has personal jurisdiction in this matter.  Defendant's Motion is denied in this respect.

**C.    Venue Is Proper in This District**

Generally, venue is proper, and an action may be brought, in (i) the district in which any defendant resides; (ii) a district in which a substantial part of the events or omissions giving rise to the claim occurred; or (iii) if neither is available, then any district in which a defendant is subject to personal jurisdiction.  28 U.S.C. §§ 1391(b)(1)-(3).  Plaintiff alleges that venue is proper in this district under section 1391(b)(2) because "a substantial part of the events giving rise to the claims" occurred in Idaho.  Compl. at ¶ 4 (Dkt. 1).  Defendant disagrees.

Defendant argues that, since Plaintiff "claims to not have killed the students, the only event that gave rise to the civil action is the alleged defamation that occurred on social media; published mostly in Texas and accessed in several states."  Mem. ISO MTD at 9 (Dkt. 50-1).  She instead submits that proper venue (assuming subject matter jurisdiction) is in the Federal District Court for the Southern District of Texas and that, under 28 U.S.C. § 1406(a), the action should either be dismissed outright or transferred there.  *Id*. at 9-10, 14.[5]  Defendant's argument fails.

_____

[5]  Defendant additionally claims that the Court's August 8, 2023 Memorandum Decision and Order is void, presumably invoking Rule 60(b)(4) once again.  Mem. ISO MTD at  10 (Dkt. 50-1).  Notably, Defendant does not formally move to dismiss Plaintiff's claims under Rule 12(b)(3) for improper venue.

**MEMORANDUM DECISION AND ORDER - 17**

"The Ninth Circuit has ruled that when determining where a substantial part of the events or omissions giving rise to the claim occurred 'in a tort action, the locus of the injury [is] a relevant factor.'"  *Rodgers v. Color Street LLC*, 2023 WL 4627909, at *5 (D. Idaho 2023) (quoting *Myers v. Bennett L. Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001)).  Here, owing to Defendant's alleged defamatory statements, Plaintiff claims to have suffered damage to her reputation, career, and mental health – all occurring in Idaho.  Compl. at 2, 8-11 (Dkt. 1); *see also* Opp. to MTD at 7 (Dkt. 51).

Because there is no basis to conclude that the alleged defamation was felt anywhere other than in Idaho, venue is likewise proper in Idaho and in this district.  *Rodgers*, 2023 WL 4627909 at *5 ("Thus, the Court assumes Rodgers felt the harm of the allegedly defamatory statements in Idaho*, where she was residing when the statement were made in 2022.  This would mean that a substantial part of the acts, events, or omissions that gave rise to the defamation . . . claim[ ] occurred in Idaho, and venue in Idaho is appropriate with respect to these claims pursuant to [28] U.S.C. § 1391(b)(2)."*) (emphasis added).  That venue may also exist elsewhere does not undo this reality.  Defendant's Motion is denied in this respect.

## D.    Defendant's Disagreement With the Court's August 8, 2023 Memorandum Decision and Order, Without More, Neither Renders It Void Nor Establishes a Lack of Judicial Impartiality

The Court's August 8, 2023 Memorandum Decision and Order dismissed Defendant's counterclaims against Plaintiff and quashed the summonses for Plaintiff's counsel.  *See generally* 8/8/23 MDO (Dkt. 49).  Defendant disagrees with the Order and claims that it is void – this time under Rule 60(b)(6), not Rule 60(b)(4) – because it "is obviously biased, one-sided, lacks in impartiality, and likely maliciously motivated."  Mem. ISO MTD at 10 (Dkt. 50-1).  She lodges the following objections to support her claim: (i) the Court violated her First Amendment Rights by ruling on the plausibility of her tarot card reading and psychic abilities; (ii) the Court

**MEMORANDUM DECISION AND ORDER - 18**

contradicted itself and surpassed its authority when weighing in on the plausibility of Plaintiff's claims; (iii) the Court improperly left open the possibility of future sanctions; and (iv) the Court improperly gauged the parties' interest in settlement negotiations.  *Id*. at 10-12.  Defendant's argument is without merit.

Defendant's disagreement with the Court's analysis is not a basis for reconsideration. *Hanigan v. OpSec Sec., Inc.*, 2023 WL 4847241, at *2 (D. Idaho 2023) ("A party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.") (internal quotation marks and citation omitted); *see also Johnson v. Kijakazi*, 2023 WL 6812552, at *4 (S.D. Cal. 2023) ("A motion for reconsideration cannot be granted merely because [a party] is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent, or because he disagrees with the ultimate decision.").  Moreover, the Court's analysis, and Defendant's disagreement relating thereto, do not support a finding of bias or partiality.  *Mogan v. Sacks, Ricketts & Case, LLP*, 2023 WL 2983577, at *3, n.6 (9th Cir. 2023) ("Any alleged claim of bias 'must stem from an extrajudicial source,' and almost all of Mogan's arguments as to any potential bias arise from his disagreement with the Judge's decisions.") (quoting *Liteky v. United States*, 510 U.S. 540, 554-56 (1994)).

In sum, Defendant's disagreement with the Court's adverse rulings may represent a basis for appeal.  They do not, however, justify voiding those rulings or establish any bias whatsoever. Defendant's Motion is denied in this respect.

## E.    The Court Did Not Improperly Judge Defendant's Religious Beliefs

Defendant responded to Plaintiff's defamation claims by going on the offensive, alleging that those claims (as well as statements made by Plaintiff's counsel to the media about those

**MEMORANDUM DECISION AND ORDER - 19**

claims) were themselves defamatory and purposely brought by Plaintiff and her counsel to systematically deprive Defendant of her constitutional rights to free speech and due process. Ans. and Countercl. at 19-38, 45-52, ¶¶ 66-161, 202-243 (Dkt. 20).  Certain of Defendant's counterclaims reflected these beliefs (First, Second, Third, Fourth, Fifth, Eighth, and Ninth Counterclaims), alongside related counterclaims for malicious prosecution and intentional infliction of emotional distress (Sixth, Seventh, Tenth, and Eleventh Counterclaims).  *Id*. at 38-44, 52-59, ¶¶ 162-201, 244-279).  Together, these counterclaims presumed – and depended upon – an alternate version of events surrounding the murder of four University of Idaho students. Namely, that Plaintiff orchestrated the murders, and then colluded with her counsel to bring this action against Defendant to silence her clairvoyant insight into the true extent of Plaintiff's involvement.

The Court's August 8, 2023 Memorandum Decision and Order dismissed Defendant's counterclaims because there was "no objective basis to believe that Plaintiff did the things that Defendant publicly and repeatedly claims she did."  8/8/23 MDO at 7 (Dkt. 49).  Defendant's "intuitive abilities," "spiritual acuity," and "investigative skills" were not enough to allow the Court to infer the existence of a plausible claim against Plaintiff.  *Id*. at 8-10 ("Because the predicate components of Defendant's counterclaims against Plaintiff lack any basis in fact, those counterclaims should not proceed. . . .  At bottom, the Court struggles to accept Defendant's allegations as creating factually plausible counterclaims against Plaintiff.").

Defendant takes issue with the Court's analysis.  She argues that, because the Court "does not have subject matter jurisdiction over the plausibility of spiritual practices," its August 8, 2023 Memorandum Decision and Order is void.  Mem. ISO MTD at 12-13 (Dkt. 50-1) ("The Court intentionally erred in denouncing tarot readings and [Defendant's] spiritual connection as a spiritual practice for the purpose of overstepping the separation of the Church and State as

**MEMORANDUM DECISION AND ORDER - 20**

required by Federal laws and the First Amendment of the United States Constitution."). Defendant's argument cannot succeed.

To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true, that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads sufficient facts to allow the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id*. at 556. Though courts generally construe pro se party filings liberally, a court may dismiss as frivolous, claims that are "clearly baseless" – "a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504, U.S. 25, 33 (1992) ("As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation"). In this context, claims that are clearly baseless are not facially plausible.

Here, Defendant's counterclaims were supported *only* by her spiritual intuition. But intuition – even if summoned by one's spirituality – does not make a legal claim plausible. Otherwise, there would be no standard against which such claims can be tested under Rule 12(b)(6) and asserted First Amendment protections would automatically insulate affirmative claims from dismissal (while conversely protecting actionable conduct as well). This is not the standard, nor can it be. *See, e.g.*, *Counterman v. Colorado*, 600 U.S. 66, 73, 76 (2023) (First Amendment permits restrictions on false statements of fact harming another's reputation: "False and defamatory statements of fact, we have held, have no constitutional value.") (internal quotation marks and citation omitted). At bottom, claims must be based in fact, not conclusory and unverifiable beliefs. With this standard in mind, the Court simply held that, absent

**MEMORANDUM DECISION AND ORDER - 21**

objectively-verifiable factual allegations, Defendant's counterclaims were implausible – nothing more, nothing less.

But the Court did not stop there.  It went on to explain how "each of Defendant's counterclaims against Plaintiff is also legally deficient."  8/8/23 MDO at 10-19 (Dkt. 49).  In other words, Defendant's counterclaims were not dismissed only because they were deemed implausible; each counterclaim distinctly failed as a matter of law.  These merits-based shortcomings separately undercut Defendant's argument that the Court's August 8, 2023 Memorandum Decision and Order is void for impermissibly commenting on the plausibility of Defendant's spiritual practices.  Defendant's Motion is denied in this respect.

## F.       Plaintiff Has Stated a Claim for Defamation

Defendant lastly argues that Plaintiff's defamation claims against her should be dismissed because (i) Idaho's judicial privilege covers the statements made in her TikTok videos, and (ii) Plaintiff has not adequately stated a claim for relief.  Mem. ISO MTD at 14-15 (Dkt. 50-1).  Defendant's argument is meritless.

First, Idaho's judicial privilege immunizes a party from civil liability for statements made in the course of judicial proceedings.  *See Berian v. Berberian*, 483 P.3d 937, 946 (Idaho 2020) ("Idaho has long recognized that defamatory statements made in the course of a judicial proceeding are absolutely privileged, even if made with malicious intent or knowledge of their falsity.  The purpose of the judicial privilege is to keep the paths leading to the ascertainment of truth as free and unobstructed as possible.") (internal quotation marks and citations omitted). This privilege sets a low bar, requiring only that the defamatory statement (i) be made in the course of a proceeding, and (ii) have "a reasonable relation the cause of action of that proceeding."  *Dickinson Frozen Foods, Inc. v. J.R. Simplot Co.*, 434 P.3d 1275, 1284 (Idaho 2019).  Defendant's TikTok videos do not satisfy this standard.

**MEMORANDUM DECISION AND ORDER - 22**

To be clear, a judicial proceeding in this context is not limited to trials, but includes "every proceeding of a judicial nature before a court or official clothed with judicial or quasi judicial power." *Malmin v. Engler*, 864 P.2d 179, 182 (Idaho Ct. App. 1993) (quoting *Richeson v. Kessler*, 255 P.2d 707, 709 (Idaho 1953)).  Defendant's TikTok videos were never made in any proceeding that can be understood as judicial in nature.  And while statements made to law enforcement may be subject to a *qualified* privilege, *Berian*, 483 P.3d at 946-48, Defendant's TikTok videos existed independent of any criminal investigation into the murder of the four University of Idaho students.  That is, the allegedly-defamatory statements embedded within Defendant's TikTok videos were not relayed just to law enforcement as part of a discrete criminal investigation into the murders.  Instead, they were effectively disseminated world-wide. That statements may have *also* been communicated to law enforcement does not then immunize them, particularly when no charges have ever been brought against Plaintiff.

Second, Defendant's insistence that Plaintiff "has not proven" her defamation claim misunderstands Plaintiff's burden at this phase of the proceedings.  At the motion to dismiss stage, Plaintiff need not prove anything.  She needs only to allege facts that, if true, plausibly support a claim.  *Supra* (citing *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678).  Plaintiff has done this.  She has alleged that Defendant made false and defamatory statements implicating Plaintiff in a relationship with a student and the murder of four students, that Defendant knew her statements were false, and that Plaintiff was damaged as a result.  Compl. at ¶¶ 15-26, 37-42, 44-48 (Dkt. 1).  These allegations support a defamation claim under Idaho law.  *Clark v. The Spokesman-Review*, 163 P.3d 216, 219 (Idaho 2007); *see also* IDJI 4.82.  A motion to dismiss is not the proper legal mechanism for substantively challenging those allegations.  That is the function of either a motion for summary judgment or, eventually, trial.  Until then, Defendant's Motion is denied in this respect.

**MEMORANDUM DECISION AND ORDER - 23**

## IV. <u>ORDER</u>

Based on the foregoing, IT IS HEREBY ORDERED that Defendant Ashley Guillard's

Motion to Set Aside and Motion to Dismiss (Dkt. 50) is DENIED.[6]

DATED:  November 13, 2023

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

---

[6]  Plaintiff again requests that the Court exercise its inherent power and award attorney's fees to Plaintiff.  Opp. to MTD at 9-10 (Dkt. 51).  For reasons already articulated, the Court declines to sanction Defendant at this time.  *See* 8/8/23 MDO at 19-20 (Dkt. 49); 10/6/23 MDO at 1-3 (Dkt. 55).

**MEMORANDUM DECISION AND ORDER - 24**