**EXHIBIT N**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Idaho

| | |
|---|---|
| REBECCA SCOFIELD )<br>*Plaintiff* )<br>v. )<br>ASHLEY GUILLARD )<br>*Defendant* ) | Civil Action No. 3:22-CV-00521-REP |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: University of Idaho, c/o Office of the General Counsel
Administration Bld. Rm 127, 875 Perimeter Drive MS3158, Moscow, ID 83844

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached

| Place: electronically: wendy.olson@stoel.com<br>Mail: Stoel Rives LLP, 101 S. Capitol Blvd, Suite 1900<br>Boise, ID 83702 | Date and Time:<br>08/18/2023 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/13/23

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____<br>Signature of Clerk or Deputy Clerk | | /s/ Wendy J. Olson<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Rebecca Scofield, who issues or requests this subpoena, are:
Wendy Olson, Stoel Rives LLP, 101 S. Capitol Blvd, Suite 1900, Boise, ID 83702, wendy.olson@stoel.com, (208) 389-9000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:22-CV-00521-REP

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 3:22-cv-00521-REP   Document 63-17   Filed 01/12/24   Page 4 of 8

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A – DOCUMENTS TO BE PRODUCED

## DEFINITIONS

The following terms shall have the meanings stated below:

1. "University of Idaho," "you," "your," and "yours" means the University of Idaho and any of its respective officers, employees, attorneys, agents, affiliates, or assigns acting or purporting to act on your behalf.

2. "Person" means any natural person, sole proprietorship, partnership, business, joint venture, limited liability company, corporate entity, association, subsidiary, trust, governmental body, or agency, and each of them, and all past and present officers, agents, employees, or other persons purporting to act on such person's behalf.

3. "Communications" shall mean any transmission of words, thoughts, or information between or among two or more persons, and includes, but is not limited to, spoken words, conversations, conferences, correspondence, discussions, talks, reports, emails, text messages, and chat messages, whether transmitted in person or by any electronic device such as telephone, computer, or radio, and/or by Documents.

4. The term "data" means any document or any oral or other type of communication of which you have knowledge.

5. "Documents" is synonymous in meaning and equal in scope to its usage in Federal Rule of Civil Procedure 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or any designated tangible things, or entry onto land or other property.

6. The terms "refer to," "reflect(s)," or "relate(s) to" shall mean constituting, comprising, containing, consisting of, evidencing, setting forth, proposing, showing, disclosing, describing, discussing, explaining, summarizing, concerning, reflecting, referring to, relating to, authorizing, regarding, in regard to, or being in any way pertinent to the specified subject matter, either directly or indirectly.

**INSTRUCTIONS**

1. Please produce all Documents and Communications electronically with logical document breaks, as searchable, with load files enabling review in common litigation databases like Relativity, and with metadata including author, recipient, file name, regarding/subject line, date created, and date edited/modified.

2. If any requested Documents or Communications cannot be produced in full, produce to the extent possible, specifying each reason for your inability to produce the remainder and stating whatever information, knowledge, or belief you do have concerning the unproduced portion.

3. Please ensure all responsive Documents and Communications are processed and produced with all hidden text (e.g., track changes, speaker's notes, hidden rows or columns, comments, markups, notes, etc.) and formulas exposed, expanded, and extracted and rendered in the TIFF image.

## PRODUCTION REQUESTS

1.	Please produce all Documents and Communications indicating that Professor Rebecca Scofield ever taught a class at the University of Idaho that was taken by students Ethan Chapin, Kaylee Goncalves, Xana Kernodle, Madison Mogen, or Jack DuCoeur.

2.	Please produce all Documents and Communications related to any formal investigation the University of Idaho conducted related to the statement made by Defendant Ashley Guillard that Professor Rebecca Scofield had an inappropriate relationship with Kaylee Goncalves.

3.	Please produce all Documents and Communications related to any formal investigation the University of Idaho conducted related to the statement made by Defendant Ashley Guillard that Plaintiff Rebecca Scofield was involved with the murders of Ethan Chapin, Kaylee Goncalves, Xana Kernodle, and Madison Mogen.



OFFICE OF GENERAL COUNSEL
Administration Building 127
875 Perimeter Drive MS 3158
Moscow ID 83844-3158

208-885-6125
counsel@uidaho.edu

August 18, 2023

Via E-mail to wendy.olson@stoel.com

Wendy Olson
Stoel Rives LLP
101 S. Capitol Blvd, Suite 1900
Boise ID 83702

RE: *Rebecca Scofield v. Ashley Guillard*, U.S. District Court for the District of Idaho, 3:22-CV-00521-REP

Dear Ms. Olson,

This correspondence is in response to the Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action issued by you in the above referenced matter and served upon the University of Idaho. The response to each Production Request is as follows:

1. Please produce all Documents and Communications indicating that Professor Rebecca Scofield ever taught a class at the University of Idaho that was taken by students Ethan Chapin, Kaylee Goncalves, Xana Kernodle, Madison Mogen, or Jack DuCoeur.
    - The University of Idaho has no record of Ethan Chapin, Kaylee Goncalves, Xana Kernodle, Madison Mogen, or Jack DuCoeur having taken any classes at the University of Idaho which were taught by Professor Rebecca Scofield.
2. Please produce all Documents and Communications related to any formal investigation the University of Idaho conducted related to the statement made by Defendant Ashley Guillard that Professor Rebecca Scofield had an inappropriate relationship with Kaylee Goncalves.
    - The University of Idaho has no record of any formal investigation conducted related to the statement made by Defendant Ashley Guillard that Professor Rebecca Scofield had an inappropriate relationship with Kaylee Goncalves.
3. Please produce all Documents and Communications related to any formal investigation the University of Idaho conducted related to the statement made by Defendant Ashley Guillard that Plaintiff Rebecca Scofield was involved with the murders of Ethan Chapin, Kaylee Goncalves, Xana Kernodle, and Madison Mogen.
    - The University of Idaho has no record of any formal investigation conducted related to the statement made by Defendant Ashley Guillard that Plaintiff Rebecca Scofield was involved with the murders of Ethan Chapin, Kaylee Goncalves, Xana Kernodle, and Madison Mogen.

Sincerely,

Kim M. Rytter
Deputy General Counsel

MOSCOW   BOISE   COEUR D'ALENE   IDAHO FALLS   STATEWIDE RESEARCH AND EXTENSION

To enrich education through diversity, the University of Idaho is an equal opportunity/affirmative action employer.