Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Elijah M. Watkins, ISB No. 8977
*elijah.watkins@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>        Plaintiff,<br><br>   v.<br><br>ASHLEY GUILLARD,<br><br>        Defendant. | Case No. 3:22-cv-00521-REP<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Defendant Ashley Guillard has put forth zero evidence to rebut the facts set forth in Plaintiff Rebecca Scofield's amended motion for partial summary judgment. Ms. Guillard sets forth no facts contesting that she published statements that Professor Scofield murdered four University of Idaho students and that Professor Scofield was having an affair with one of them (in fact, she makes similar and even more inflammatory assertions about Professor Scofield). These statements are defamatory per se. Ms. Guillard puts forth no facts that give rise to any inference that her statements are true. They are not. Professor Scofield's undisputed declaration is sufficient to prove the falsity of Ms. Guillard's statements. Summary judgment as to liability is appropriate.

**ARGUMENT**

The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Professor Scofield met this burden in her amended motion for partial summary judgment. She put forth evidence to prove every element of her defamation claims against Ms. Guillard. Dkt. 63-2 at 10-17.

Professor Scofield set out facts showing that Ms. Guillard published defamatory statements about her on Tik Tok. Ms. Guillard repeatedly claimed that Professor Scofield orchestrated the murder of four students, *id.* at 10; SOF ¶¶ 11-17, 19, 20-42, and that Professor Scofield had an affair with one of the victims. Dkt. 63-2 at SOF ¶¶ 25-28, 31, 40. Professor Scofield set forth facts sufficient to prove Ms. Guillard's statements were defamatory per se.

Ms. Guillard's statements unambiguously imputed to Professor Scofield "conduct constituting a criminal offense" that "would be . . . punishable by imprisonment in a state or federal institution." *Siercke v. Siercke*, 167 Idaho 709, 719–20, 476 P.3d 376, 386–87 (Idaho 2020). They also unambiguously ascribed to her "conduct, characteristics or a condition that would adversely affect [her] fitness for the proper conduct of [her] lawful business, trade or profession," Restatement (Second) of Torts § 573, or "imputes serious sexual misconduct to another," *id.* § 574. *See Yoakum v. Hartford Fire Ins. Co.*, 129 Idaho 171, 180, 923 P.2d 416, 425 (Idaho 1996) (recognizing that statements are defamatory per se if they "impute to the plaintiff either a criminal offense, a loathsome disease, a matter incompatible with his trade, business, profession, or office, or serious sexual misconduct" (citing Restatement (Second) of Torts §§ 570–74)).

Once the moving party has satisfied its burden, the non-moving party must go beyond the pleadings and designate by affidavits, depositions, answers to interrogatories, or admissions on

file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp.,* 477 U.S. at 324. An issue of fact is "genuine" if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. A fact is "material" if it may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).

A party opposed to summary judgment must establish a dispute of material facts using actual evidence. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986). The opponent "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* The party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505 (1986).

The mere suggestion that facts are in controversy is not sufficient to defeat summary judgment. *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Neither conclusory nor speculative testimony in affidavits and moving papers is sufficient. *Id.* Instead, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c). "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

Ms. Guillard has not met her burden. It is undisputed that Ms. Guillard has accused Professor Scofield (repeatedly and in multiple forums) of a quadruple homicide and of having an affair with a student. Under *Anderson v. Liberty Lobby, Inc.,* the burden shifts to Ms. Guillard. In her opposition, Ms. Guillard was required to go beyond the pleadings and designate by affidavits,

depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp*, 477 U.S. at 324. Ms. Guillard did not do so.

Instead, Ms. Guillard simply set out an unsupported narrative falsely alleging in even more inflammatory detail that Professor Scofield had been having an affair with one of the murdered students and hired another student to kill her and the others to cover it up. Dkt. 65 at 2-7. Indeed, Ms. Guillard added even more unsupported facts alleging activity by the person hired to commit the murders. *Id.* at 6-7. Her new narrative is not supported by any affidavits, depositions, answers to interrogatories, or admissions on file. It is simply a fantastical story based on a series of false statements by Ms. Guillard.

Ms. Guillard brings forth no facts that show she did not make the defamatory statements. Nor does she even argue they are not defamatory. She argues instead that her defamatory statements are true because she received them in a tarot card reading and she believes they are true. Dkt. 65 at 13-14. While truth is a defense to defamation, Ms. Guillard has zero facts to show that her statements are true. Simply believing something is true does not make it so, particularly in the face of actual facts to the contrary.

Ms. Guillard's assertions in the opposition are unsupported by any affidavit, deposition, answer to interrogatories, or admissions on file. Ms. Guillard attaches eight exhibits to her opposition. Even if the Court could properly consider any of them, not a single one establishes a genuine issue of material fact. Not a single part of any of them establishes a fact showing either that Professor Scofield was involved in the murders or that she had an affair with one of the students. Indeed, the only exhibit that bears any relationship to who committed the murders is Exhibit E: the probable cause affidavit that established the basis for arresting Brian Kohberger. But not one word of that affidavit suggests in any way that Professor Scofield was involved. To

the contrary, it shows only that there is probable cause that Brian Kohberger alone committed the murders.

Ms. Guillard argues that Professor Scofield has the burden to prove falsity. That is incorrect. Under Idaho law, truth is an affirmative defense to defamation for which Ms. Guillard has the burden, not Professor Scofield. *Baker v. Burlington Northern, Inc.*, 99 Idaho 688, 690, 587 P.2d 829, 831 (1978).

Even if Professor Scofield had the burden to prove falsity, she has done so here. **Professor Scofield stated in her signed declaration that she did not know any of the murdered students, did not have an affair with K.G., was not in Moscow when the murders occurred and was not involved in the murders. Scofield Decl., ¶¶ 4-12. Professor Scofield's statements in her sworn declaration are undisputed. They prove that Ms. Guillard's defamatory statements are false. Ms. Guillard puts forward no facts that in any way refute anything that Professor Scofield stated in her declaration.**

Finally, in her Responses to Requests for Admission and in her opposition to Plaintiff's original motion for summary judgment, Ms. Guillard suggested that she would soon obtain facts to support her false statements. She repeatedly pointed out that discovery was not closed, and that she had subpoenaed information from the University of Idaho. But now discovery is closed, and it is undisputed that no such facts have been produced. **SOF at ¶¶ 2, 19-24. There is simply no evidence that supports Ms. Guillard's fantastical story.**

This Court should grant partial summary judgment as to liability on each of Professor Scofield's claims.

DATED:  February 16, 2024.

STOEL RIVES LLP


/s/ Wendy J. Olson
Wendy J. Olson
Elijah M. Watkins
Cory M. Carone

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2024, I served a copy of the foregoing via CM/ECF

on the Registered Participant as follows:

Ashley Guillard
msashleyjt@gmail.com

/s/ Wendy J. Olson
Wendy J. Olson