Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Elijah M. Watkins, ISB No. 8977
*elijah.watkins@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: 208.389.9000
Facsimile: 208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>        Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>        Defendant. | Case No. 3:22-cv-00521-REP<br><br>**REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD PUNITIVE DAMAGES** |

Defendant Ashley Guillard has no facts to support her extreme and outrageous assertions that Plaintiff Rebecca Scofield had an affair with a student and then planned, initiated, ordered, and executed the murder of four University of Idaho students. In the face of overwhelming evidence to the contrary, Ms. Guillard has continued to make and participate in YouTube videos repeating these false statements. Indeed, she has participated in a YouTube video repeating her false statements at least once more, on February 8, 2024, since Professor Scofield filed her motion for leave to amend her complaint to add punitive damages. *See* https://www.youtube.com/watch?v=GTeBkEOZwYs.

Ms. Guillard opposes Professor Scofield's motion for leave to amend her complaint to add punitive damages by ignoring her own ongoing conduct and by using the wrong legal standard. Ms. Guillard is undeterred by the facts and by her own failure to produce a single shred of evidence supporting her claims. Punitive damages are necessary to deter her. This Court should grant Professor Scofield's motion and allow her to file an amended complaint to add punitive damages.

## ARGUMENT

To amend a complaint to seek punitive damages, a party must show "a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." I.C. § 6-1604(2). That is a lesser showing than a plaintiff must make to recover punitive damages at trial. To *recover* punitive damages, a plaintiff must show "by clear and convincing evidence, oppressive, fraudulent, malicious or outrageous conduct by the party against whom the claim for punitive damages is asserted." I.C. § 6-1604(1).

In her opposition to Professor Scofield's motion for leave to amend her complaint to seek punitive damages, Ms. Guillard ignores this distinction and gets the standard wrong. Ms. Guillard argues incorrectly that Professor Scofield must, at this stage, meet the standard for recovering punitive damages. Dkt. 66 at 9. Here, the Court must determine only whether Professor Scofield has shown a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages. "The court *shall* allow the motion to amend the pleading if, after weighing the evidence presented, the court concludes that, the moving party has established at such hearing a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages." I.C. § 6-1604(2) (emphasis added).

Contrary to Ms. Guillard's arguments in her opposition, the question at this stage of the proceedings is not whether a plaintiff will succeed at trial on its punitive damage claim or whether

the evidence is uncontroverted. Rather, a claim for punitive damages should be permitted if the plaintiff has shown "a reasonable likelihood [she] could prove by a preponderance of the evidence that the defendant acted oppressively, fraudulently, wantonly, maliciously or outrageously." *Vendelin v. Costco Wholesale Corp.*, 140 Idaho 416, 424, 95 P.3d 34, 42 (2004). Moreover, since the plaintiff need show only a "reasonable likelihood" of establishing its entitlement to punitive damages, a court reviews the evidence "in the light most favorable to plaintiffs, with the benefit of all legitimate inferences without assessing credibility." *Est. of Kane v. Epley's Inc.*, No. 3:15-CV-00105-EJL-REB, 2017 WL 1158242, at *4 (D. Idaho Mar. 28, 2017).

As in her opposition to Professor Scofield's amended motion for partial summary judgment, Ms. Guillard doubles down on her false statements. Although she has zero evidence supporting her fantastical story, she repeats it. In her opposition, Ms. Guillard sets out an unsupported narrative falsely alleging in even more inflammatory detail that Professor Scofield had been having an affair with one of the murdered students and hired another student to kill her and the others to cover it up. Dkt. 66 at 2-7. Ms. Guillard added even more unsupported facts alleging activity by the person hired to commit the murders. *Id.* at 6-7.

To provide some support for her assertion that she did not act wantonly or maliciously and that she was simply trying to help law enforcement in Idaho "solve" the murders, Ms. Guillard attaches to her opposition a December 10, 2022, email that she represents she sent to the FBI tipline and that sets out the same false story upon which Professor Scofield sues for defamation. Dkt. 66, Ex. A.[1] She argues that the email shows that she was making a noble effort to assist law enforcement. *Id.*, at 9-10. Notably, the email Ms. Guillard argues was her "noble effort" was sent:

---

[1] Ms. Guillard did not disclose this email, or any other documents, during discovery, despite being served with Requests for Production. She thus should not be allowed to rely on this "evidence" that she wrongfully withheld.

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD
PUNITIVE DAMAGES - 3

(1) well after Ms. Guillard had published multiple TikTok videos falsely stating that Professor Scofield had orchestrated the murders and that she did so to cover up an affair she had with one of the victims, Dkt. 64-4, Exs. E-L; and (2) well after Ms. Guillard had received two cease and desist letters from Professor Scofield's counsel. *Id.*, Exs. A, B. Rather than demonstrating any effort to assist law enforcement by providing a legitimate tip, the email supports Professor Scofield's motion for leave to amend to include punitive damages. It shows that despite being informed on multiple occasions that her statements were false, Ms. Guillard persisted in making them. The email corroborates other evidence showing that Ms. Guillard committed a "bad act," and had a sufficiently "bad state of mind." *Hall v. Farmers Alliance Mut. Ins. Co.*, 145 Idaho 313, 319, 179 P.3d 276, 282(2008) (quoting *Myers v. Workmen's Auto Ins. Co.*, 140 Idaho 495, 503, 95 P.3d 977, 985 (2004)). The email shows that Ms. Guillard continued to make statements that were false "with an understanding of or disregard for [their] likely consequences." *Seiniger Law Off., P.A. v. N. Pac. Ins. Co.*, 145 Idaho 241, 249, 178 P.3d 606, 614 (2008) (citation omitted).

As Professor Scofield pointed out in her memorandum in support of her motion for leave to amend, dkt. 64-3 at 3-4, 6-7, Ms. Guillard has made even more false statements since Professor Scofield filed her Complaint. Ms. Guillard has attempted to capitalize on the notoriety of her false claims about Professor Scofield by appearing on YouTube videos repeating her false statements, asserting there is evidence to back them up, and then failing to ever seek in discovery or produce such evidence. *Id.* That is because no such evidence exists. Moreover, these false statements on YouTube, all of which occurred well after Ms. Guillard's email "tip" to the FBI, also came well after the Moscow Police Department issued a statement that Professor Scofield was not involved. *Id.* at 3. The timing strongly demonstrates Ms. Guillard's "bad state of mind." It shows that Ms. Guillard's ongoing false statements about Professor Scofield were made with "malice, oppression,

REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD PUNITIVE DAMAGES - 4

122303310.1 0079747-00001

fraud or gross negligence." *Seiniger Law Off., P.A.* at 250, 178 P.3d at 615 (citation omitted).

Finally, allowing Professor Scofield to amend her complaint to add punitive damages serves the primary purpose behind an award for punitive damages. It may be the only thing that will deter Ms. Guillard from making ongoing false statements about Professor Scofield where Ms. Guillard has no facts to support her statements and where Professor Scofield has demonstrated the statements are false. *See Walston v. Monumental Life Ins. Co.*, 129 Idaho 211, 221, 923 P.2d 456, 466 (1996) ("In general, the primary purpose behind an award for punitive damages is to deter similar conduct from happening again in the future."). Nothing else to date has even remotely prompted Ms. Guillard to correct her behavior.

The Court should grant Professor Scofield's motion for leave to amend her Complaint to add punitive damages.

DATED: February 16, 2024.

        STOEL RIVES LLP

        /s/ Wendy J. Olson
        Wendy J. Olson
        Elijah M. Watkins
        Cory M. Carone

        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on February 16, 2024, I served a copy of the foregoing via CM/ECF on the Registered Participant as follows:

    Ashley Guillard
    msashleyjt@gmail.com

    /s/ Wendy J. Olson
    Wendy J. Olson