Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ASHLEY GUILLARD,<br><br>　　　　Defendant. | Case No. 3:22-cv-00521-REP<br><br>**OPPOSITION TO DEFENDANT'S MOTION FOR REASSIGNMENT TO A U.S. DISTRICT JUDGE [ECF 75]** |

## TABLE OF CONTENTS

**Page**

I. BACKGROUND ....................................................................................................... 1

II. LEGAL STANDARD ................................................................................................ 2

III. ARGUMENT ............................................................................................................. 3

    A.    This case was properly assigned to Judge Patricco. ............................. 3

    B.    Ms. Guillard's motion provides no justification for her request, falling well short of the required showing of extraordinary circumstances. ...................................................................................... 4

    C.    Even if the Court were to consider arguments that Ms. Guillard made in other filings, it should still deny her motion for reassignment. ........................................................................................ 4

IV. CONCLUSION .......................................................................................................... 6

After more than 18 months of litigation before United States Magistrate Judge Raymond E. Patricco, Defendant Ashley Guillard moves to reassign this case to a United States District Judge. Ms. Guillard must support her request with a showing of extraordinary circumstances. She failed to do so. Her motion offers no justification for reassignment. The motion should thus be denied. Even if the Court were to consider the arguments made in Ms. Guillard's separate Motion to Alter or Amend Judgment (ECF 77)[1] that Judge Patricco is biased, her motion for reassignment should still be denied. Ms. Guillard's disagreement with Judge Patricco's ruling on summary judgment is not a basis for reassignment, and the record shows that Judge Patricco has been more than fair to Ms. Guillard throughout this litigation.

## I. BACKGROUND

In November 2022, four students at the University of Idaho were murdered at a home near campus. ECF 1, ¶ 5. Ms. Guillard took this tragedy as an opportunity to post sensationalist content online to attract clicks and make money. ECF 20, p. 13, ¶ 32. Based on her alleged use of "spiritual practice, psychic abilities, [and] metaphysical tools [] including Tarot Cards," ECF 50-1, p. 2, she posted "over one hundred TikTok videos" about the murders, ECF 20, p. 14, ¶ 38. The gist of her many videos was that Plaintiff Rebecca Scofield, a professor at the University of Idaho, had a same-sex affair with one of the murdered students and then "planned, initiated, ordered, and executed the murder of [the] four" students to cover up the affair. ECF 50-1, p.1; *see also* ECF 1, ¶¶ 15–26; ECF 20, p. 10, ¶¶ 13–15.

---

[1] Plaintiff will oppose that motion in a separate memorandum.

OPPOSITION TO DEFENDANT'S MOTION FOR REASSIGNMENT TO A U.S. DISTRICT JUDGE [ECF 75] - 1

Ms. Guillard's statements about Professor Scofield are false. ECF 63-24, p. 2, ¶¶ 4–8. In an effort to make Ms. Guillard stop her actions and avoid litigation, Professor Scofield sent Ms. Guillard two cease-and-desist letters. ECF 63-2, p. 6, ¶¶ 37–38. Ms. Guillard read the letters and continued to make false statements about Professor Scofield. *Id.* at pp. 6–7, ¶¶ 39–40. Left with no other options to stop Ms. Guillard from making false statements, Professor Scofield sued for defamation in December 2022.

The case was initially assigned to Judge Patricco, and it remained with Judge Patricco after both parties consented "to have a United States Magistrate Judge conduct any and all proceedings in this case, including the trial, and order the entry of a final judgment." ECF 17 (Professor Scofield's consent); ECF 17-1 (Ms. Guillard's consent). The parties actively litigated the matter before Judge Patricco for nearly 18 months. One week after Judge Patricco granted Professor Scofield's motion for partial summary judgment, Ms. Guillard filed her present request to reassign the case to a United States District Judge. ECF 74; ECF 75.

## II.  LEGAL STANDARD

With the parties' consent and authorization from the District Court, a United States Magistrate Judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Once a matter has been referred to a United States Magistrate Judge, the Magistrate Judge's authority may be vacated upon a party's motion only if there is a showing of extraordinary circumstances. 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3). A party's motion to vacate a referral to a United States Magistrate Judge must be decided by

OPPOSITION TO DEFENDANT'S MOTION FOR REASSIGNMENT TO A U.S. DISTRICT JUDGE [ECF 75] - 2

a United States District Judge. *Branch v. Umphenour*, 936 F.3d 994, 1003 (9th Cir. 2019) ("[O]nly a district judge may rule on a motion to withdraw consent to the jurisdiction of a magistrate judge under section 636(c)(4).") The extraordinary circumstances standard under 28 U.S.C. § 636(c)(4) and Rule 73(b)(3) "is a high bar that is difficult to satisfy," as it "is intended to prevent [ ] gamesmanship." *Branch*, 936 F.3d at 1003. (quotation omitted). "Neither mere dissatisfaction with a magistrate judge's decision, nor unadorned accusations that such decisions reflect judicial bias, will suffice." *Id.*

### III.  ARGUMENT

This case was properly referred to a United States Magistrate Judge, and Ms. Guillard has failed to show extraordinary circumstances justify reassigning the case to a United States District Judge. After referring this motion to a United States District Judge, the Court should deny Ms. Guillard's motion.

**A.     This case was properly assigned to Judge Patricco.**

A full time United States Magistrate Judge may conduct all proceedings in a civil matter if designated by the District Court to do so and upon the consent of all parties. 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73(a). Both conditions were met here. The United States District Court for the District of Idaho has authorized United States Magistrate Judges "to exercise jurisdiction to conduct all proceedings and to order the entry of final judgment in civil cases." District of Idaho General Order No. 324 dated January 16, 2018. Both parties in this case consented "to have a United States Magistrate Judge conduct any and all proceedings in this case, including the trial, and order the entry of a final judgment." ECF 17 (Professor Scofield's consent);

OPPOSITION TO DEFENDANT'S MOTION FOR REASSIGNMENT TO A U.S. DISTRICT JUDGE [ECF 75] - 3

ECF 17-1 (Ms. Guillard's consent). Accordingly, Judge Patricco has properly presided over this case.

**B.  Ms. Guillard's motion provides no justification for her request, falling well short of the required showing of extraordinary circumstances.**

Once a matter has been assigned to a United State Magistrate Judge, a party's motion to reassign the case to a United States District Judge may be granted only upon a showing of extraordinary circumstances. 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3); *West v. Bennett*, No. CV06-51-S-LMB, 2009 WL 837647, at *2 (D. Idaho Mar. 26, 2009). When deciding whether Ms. Guillard has made the required showing, the Court should consider only the reasons provided in Ms. Guillard's present motion. District of Idaho Local Rule 7.1(b)(1) (requiring a party to include in its opening briefing "all of the reasons and points and authorities relied upon by the moving party"). Ms. Guillard's motion is a bald request for reassignment. ECF 75. She provides no justification in her request. *Id.* She has thus failed to make the required showing of extraordinary circumstances. The Court should deny her motion.

**C.  Even if the Court were to consider arguments that Ms. Guillard made in other filings, it should still deny her motion for reassignment.**

In her separate Motion to Alter or Amend Judgment, Ms. Guillard argues that Judge Patricco has "robbed [Ms. Guillard] of her right to an impartial tribunal," "impeded upon Guillard's right to an impartial tribunal," and demonstrated "personal bias towards [Ms. Guillard] and her spiritual beliefs." ECF 77-1, pp. 14–15. The basis for Ms. Guillard's attacks against Judge Patricco is that the judge granted Professor Scofield's motion for summary judgment. ECF 77-1, pp. 14–16. The Court should not consider the arguments in Ms. Guillard's Motion to Alter or Amend Judgment

OPPOSITION TO DEFENDANT'S MOTION FOR REASSIGNMENT TO A U.S. DISTRICT JUDGE [ECF 75] - 4

because those arguments were not made in this present motion to reassign. District of Idaho Local Rule 7.1(b)(1) (requiring a party to include in its opening briefing "all of the reasons and points and authorities relied upon by the moving party").

If, however, the Court is inclined to consider the arguments made in Ms. Guillard's Motion to Alter or Amend Judgment, Ms. Guillard's dissatisfaction with Judge Patricco's ruling in favor of Professor Scofield does not constitute extraordinary circumstances that justify reassigning this case. *West*, 2009 WL 837647, at *2 ("A disagreement with the Court's ruling is not an extraordinary circumstance that would warrant vacating a referral."). And despite Ms. Guillard's dissatisfaction with Judge Patricco's most recent decision, the record shows that Judge Patricco has been more than fair to Ms. Guillard. Judge Patricco, for example, set aside Ms. Guillard's default over Professor Scofield's objection, ECF 18, denied Professor Scofield's request for attorney's fees incurred to challenge Ms. Guillard's baseless counterclaims, ECF 49, denied Professor Scofield's motion for sanctions, ECF 55, and sua sponte granted Ms. Guillard additional time to answer Professor Scofield's requests for admission, over Professor Scofield's objection and after Professor Scofield incurred the expense of briefing a summary judgment motion based on those admissions, ECF 61. Those favorable rulings for Ms. Guillard further show that Judge Patricco is not biased against her. *See West*, 2009 WL 837647, at *2. The Court should thus deny Ms. Guillard's motion to reassign, even if the Court considers the arguments in her separate Motion to Alter or Amend Judgment.

OPPOSITION TO DEFENDANT'S MOTION FOR REASSIGNMENT TO A U.S. DISTRICT JUDGE [ECF 75] - 5

## IV.  CONCLUSION

The Court should refer Ms. Guillard's motion to reassign to a United States District Judge. The District Judge should then deny Ms. Guillard's motion because she failed to show that extraordinary circumstances justify her request.

DATED:  July 2, 2024.

STOEL RIVES LLP


/s/ Wendy J. Olson
Wendy J. Olson
Cory M. Carone

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2024, I served a copy of the foregoing via CM/ECF on the Registered Participant as follows:

Ashley Guillard
msashleyjt@gmail.com

                                        /s/ Wendy J. Olson
                                        Wendy J. Olson