Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>            Plaintiff,<br><br>    v.<br><br>ASHLEY GUILLARD,<br><br>            Defendant. | Case No. 3:22-cv-00521-REP<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT (ECF 77)** |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND .............................................................................................................. 1

III. LEGAL STANDARD ...................................................................................................... 1

IV. ARGUMENT .................................................................................................................. 2

    A.    Ms. Guillard's motion is procedurally improper because the Court has not entered a final judgment. ....................................................... 3

    B.    The Court did not commit a manifest error by finding Ms. Guillard liable for defamation. ................................................................... 4

    C.    The Court does not lack jurisdiction to adjudicate a defamation claim. ............................................................................................................ 5

    D.    The Court has properly exercised diversity jurisdiction over this case. ............................................................................................................. 6

    E.    The Court has not violated Ms. Guillard's right to a fair tribunal. ......................................................................................................... 7

    F.    The Court did not manifestly err in finding that Professor Scofield could seek punitive damages at trial. .............................................. 8

    G.    Ms. Guillard's defamatory statements were not privileged. ..................... 9

V. CONCLUSION ................................................................................................................ 9

## I. INTRODUCTION

Defendant Ashley Guillard seeks reconsideration of the Court's order granting partial summary judgment in favor of Plaintiff Rebecca Scofield and allowing Plaintiff to seek punitive damages. Ms. Guillard's arguments are both meritless and a bald attempt to relitigate decided issues. She thus falls well short of the high burden for reconsideration. The Court should deny her motion.

## II. BACKGROUND

By now, the Court is well familiar with the facts of this case. In November 2022, four students were tragically murdered at the University of Idaho in Moscow, Idaho. Before and after the arrest of Bryan C. Kohberger for the murders, Defendant Ashley Guillard stated, numerous times, that Plaintiff Rebecca Scofield, a professor at the University of Idaho, had an inappropriate affair with a student and then participated in the four murders to cover up the affair. After Ms. Guillard ignored two cease-and-desist letters, Professor Scofield sued Ms. Guillard for defamation. When discovery ended, the Court granted partial summary judgment in favor of Professor Scofield, finding Ms. Guillard liable for defamation and leaving it for a jury to decide the amount of damages. ECF 74. The Court also granted Professor Scofield leave to seek punitive damages. *Id.* Ms. Guillard now moves under Federal Rule of Civil Procedure 59(e) to alter or amend judgment. ECF 77.

## III. LEGAL STANDARD

"There are four basic grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) to present newly discovered or previously unavailable evidence; (3) to prevent manifest

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT (ECF 77) - 1

injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Venti v. Xerox Corp.*, No. 1:21-cv-00131-DKG, 2023 WL 7135149 (D. Idaho Oct. 30, 2023). A "manifest injustice" is "an error in the trial court that is direct, obvious, and observable." *Id.* at *1 (internal quotation marks and citation omitted). "A manifest error of fact or law must be one that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Id.* (internal quotation marks and citation omitted). "[A] Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (internal quotation marks and citation omitted). "The moving party bears the burden of establishing grounds for relief under Rule 59(e)." *Id.* at *2. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Id.* (internal quotation marks and citation omitted).

## IV. ARGUMENT

Ms. Guillard appears to argue that reconsideration is warranted either to correct a manifest error of law or to prevent a manifest injustice. ECF 77, p. 2. Although Ms. Guillard's arguments are numerous and often overlapping, they appear to boil down to six points:

1. The Court erred in finding Ms. Guillard liable for defamation because Professor Scofield failed to establish that Ms. Guillard's statements

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT (ECF 77) - 2

> were false or relatedly because Ms. Guillard relied on her "spiritual investigation."
>
> 2. The Court lacked jurisdiction to find Ms. Guillard liable for defamation because only a criminal court could determine whether Professor Scofield participated in the four murders.
>
> 3. The Court lacked jurisdiction to find Ms. Guillard liable for defamation because Professor Scofield is not entitled to more than $75,000 in damages.
>
> 4. The Court violated Ms. Guillard's right to a fair tribunal.
>
> 5. The Court erred in allowing Professor Scofield to seek punitive damages because Ms. Guillard did not act with a bad state of mind.
>
> 6. The Court erred in finding Ms. Guillard liable for defamation because Ms. Guillard's false statements were privileged.

Ms. Guillard's arguments fail under any standard, let alone the high burden needed to obtain relief under Rule 59(e). The Court should deny Ms. Guillard's motion.

**A.     Ms. Guillard's motion is procedurally improper because the Court has not entered a final judgment.**

Ms. Guillard moves for relief under Federal Rule of Civil Procedure 59(e). ECF 77, p. 2; ECF 77-1, pp. 6, 19. Rule 59(e) allows a party to seek relief after entry of judgment. Here, the Court has not yet entered a final judgment because the amount of damages still needs to be determined. *United States v. King Mountain Tobacco Co., Inc.*, 899 F.3d 954, 959 (9th Cir. 2018) ("[A] money judgment lacks finality when it

fails to specify either the amount of money due the plaintiff or a formula by which the amount of money could be computed in mechanical fashion." (internal quotation marks and citation omitted)). Accordingly, Ms. Guillard's motion is procedurally improper and should be denied.

**B.    The Court did not commit a manifest error by finding Ms. Guillard liable for defamation.**

Ms. Guillard offers meandering complaints about the Court's decision that she is liable for defamation, but her argument appears to be some combination of the following points: (1) Professor Scofield did not prove the falsity of Ms. Guillard's statements, (2) Ms. Guillard's statements were properly based on her spiritual research, and (3) Professor Scofield has not established damages. In other words, Ms. Guillard's motion "is simply a disagreement with the Court's conclusion that [Professor Scofield is] entitled to summary judgment under Rule 56. Such a disagreement is a matter for appeal, not reconsideration." *Fletcher v. Idaho Dep't of Corr.*, No. 1:18-cv-00267-BLW, 2021 WL 650278 (D. Idaho Feb. 1, 2021). The Court should thus deny Ms. Guillard's motion.

To the extent the Court wishes to revisit Ms. Guillard's arguments, her arguments misstate or misunderstand the Court's decision. The Court did not require Ms. Guillard to prove the truth of her statements, nor did the Court discriminate against Ms. Guillard's spiritual beliefs. Instead, the Court—applying the summary judgment standard—held that Professor Scofield had carried her burden of establishing that Ms. Guillard's statements were false through (1) Professor Scofield's declaration that she did not have an affair with a student or participate in the

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT (ECF 77) - 4

murders, (2) the University of Idaho's response to a subpoena indicating that it had no suspicion of Professor Scofield's involvement in the murders, (3) the Moscow Police Department's statement that it did not suspect Professor Scofield of participating in the murders, and (4) the probable cause affidavit in the criminal proceedings against Bryan Kohberger that made no mention of Professor Scofield. ECF 74, pp. 17–18.[1] The Court then gave Ms. Guillard the opportunity to rebut Professor Scofield's evidence, and—again applying the summary judgment standard—found that Ms. Guillard failed to provide any specific evidence to support her denials. ECF 74, pp. 18–19. And while the Court left the amount of damages to the jury, the Court properly noted that Professor Scofield need not even show damages because Ms. Guillard's statements are defamatory per se. ECF 74, pp. 12–13.

Ms. Guillard has offered no authority suggesting that the Court's decision was incorrect, let alone in complete disregard of controlling law. The Court should thus deny Ms. Guillard's motion.

**C.     The Court does not lack jurisdiction to adjudicate a defamation claim.**

Ms. Guillard next complains that "the Court cannot use the civil tribunal process to decide Scofield innocent or guilty [sic] of murder. Nor is it in this Court's authority to rule Mr. Kohberger guilty of murder." ECF 77-1, p. 9. Ms. Guillard's argument again misstates or misunderstands the Court's decision. As is within its authority, the Court applied the summary judgment standard under Federal Rule of

---

[1] Because the Court held that Professor Scofield carried her burden, it is inconsequential whether Ms. Guillard did or did not agree that her statements were defamatory.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ALTER OR AMEND
JUDGMENT (ECF 77) - 5

*Civil* Procedure 56, finding that Professor Scofield submitted sufficient evidence to carry her burden of establishing that Ms. Guillard's statements were defamatory and that Ms. Guillard failed to submit sufficient evidence to create a genuine issue of material fact. ECF 74, pp. 17–19. The Court did precisely what it is supposed to do under the applicable civil rule. Ms. Guillard's motion should thus be denied.

### D. The Court has properly exercised diversity jurisdiction over this case.

Ms. Guillard next complains that Professor Scofield has alleged insufficient damages to invoke the Court's diversity jurisdiction. The Court already meticulously addressed this issue back in November 2023, ECF 59, pp. 9–12, and Ms. Guillard offers nothing new to contradict the Court's earlier reasoning.

As the Court previously explained: "In a diversity case originally filed in federal court, the sum claimed in the complaint controls if the claim is apparently made in good faith. It must appear to a *legal certainty* that the claim is really for less than the jurisdictional amount to justify dismissal." *Maine Cmty. Health Options v. Albertsons Cos., Inc.*, 993 F.3d 720, 723 (9th Cir. 20021) (internal quotation marks and citation omitted). The "legal certainty" test permits a district court to dismiss the case for lack of jurisdiction only if it is obvious on the face of the complaint that the suit cannot involve the necessary amount. *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010). This standard "makes it very difficult to secure a dismissal of a case on the ground that it does not appear to satisfy the jurisdictional amount requirement." *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015) (internal quotation marks and citation omitted). Just three situations meet the legal certainty standard: (i) "when the terms of a contract limit the plaintiff's

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT (ECF 77) - 6

possible recovery"; (ii) "when a specific rule of law or measure of damages limits the amount of damages recoverable"; and (iii) "when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." *Id.* (internal quotation marks and citation omitted).

Here, Ms. Guillard put Professor Scofield's career on the line by stating that she had an inappropriate affair with a student and participated in four murders. Professor Scofield also suffered severe emotional distress. Professor Scofield's request for more than $75,000 in damages is well justified. Ms. Guillard's motion should be denied.

E.   **The Court has not violated Ms. Guillard's right to a fair tribunal.**

Ms. Guillard asserts that the Court has "robbed [Ms. Guillard] of her right to an impartial tribunal," "impeded upon Guillard's right to an impartial tribunal," and demonstrated "personal bias towards [Ms. Guillard] and her spiritual beliefs." ECF 77-1, pp. 14–15. The basis for Ms. Guillard's attacks is that the Court granted Professor Scofield's motion for summary judgment. ECF 77-1, pp. 14–16. Disagreement with the Court's decision is grounds for an appeal, not an attack on the Court's impartiality. By necessity, absent settlement, every case has a winner and a loser. Further, Ms. Guillard's myopic focus on the Court's most recent ruling ignores that the broader record shows the Court has been more than fair to Ms. Guillard. The Court, for example, set aside Ms. Guillard's default over Professor Scofield's objection, ECF 18, denied Professor Scofield's request for attorney's fees incurred to challenge Ms. Guillard's baseless counterclaims, ECF 49, denied Professor Scofield's motion for sanctions, ECF 55, and sua sponte granted Ms. Guillard additional time to answer

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT (ECF 77) - 7

Professor Scofield's requests for admission, over Professor Scofield's objection and after Professor Scofield incurred the expense of briefing a summary judgment motion based on those admissions, ECF 61. There is simply no evidence of bias here. The Court should deny Ms. Guillard's motion.

F. **The Court did not manifestly err in finding that Professor Scofield could seek punitive damages at trial.**

Ms. Guillard's complaints about the Court's decision to allow Professor Scofield to seek punitive damages is nothing more than a disagreement with the Court's decision, and thus Ms. Guillard's motion should be denied. *Venti*, 2023 WL 7135149, at *2 ("A party seeking reconsideration must show more than a disagreement with the Court's decision[.]" (internal quotation marks and citation omitted)). In any event, Ms. Guillard offers nothing suggesting that the Court manifestly erred. As the Court correctly noted, Ms. Guillard repeatedly stated that Professor Scofield had an inappropriate relationship with a student and participated in four murders. ECF 74, pp. 10–12 (collecting examples of Ms. Guillard's statements). The *only* support for Ms. Guillard's alleged belief that her statements were true was her "spiritual investigation," ECF 74, p. 19, and she continued to make her statements after the Moscow Police Department said Professor Scofield was not a suspect and after Bryan Kohberger was arrested for the four murders, ECF 74, p. 21. As the Court correctly observed: "These circumstances combine to demonstrate that Defendant's social media postings were primarily self-serving, motivated by online viral attention, and made with an extremely harmful state of mind given the nature of the statements

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT (ECF 77) - 8

about Plaintiff." ECF 74, pp. 21-22. Accordingly, Professor Scofield is entitled to seek punitive damages, and Ms. Guillard's motion should be denied.

### G. Ms. Guillard's defamatory statements were not privileged.

Ms. Guillard claims that her defamatory statements were privileged because they were made to law enforcement or as part of a judicial proceeding. ECF 77-1, pp. 17-18. Ms. Guillard's assertions are incorrect. As the Court observed, Ms. Guillard made numerous statements on TikTok and YouTube. ECF 74, pp. 10–12 (collecting examples of Ms. Guillard's statements). Those online posts were not made to law enforcement or in a court proceeding. Ms. Guillard's statements were, thus, not privileged. Her motion should be denied.

## V. CONCLUSION

Ms. Guillard's Motion to Alter or Amend Judgment (ECF 77) is procedurally improper and fails to meet the high burden for reconsideration. The Court should deny the motion.

DATED: July 15, 2024.

STOEL RIVES LLP

/s/ Wendy J. Olson
Wendy J. Olson
Cory M. Carone

Attorneys for Plaintiff

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT (ECF 77) - 9

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2024, I served a copy of the foregoing via CM/ECF on the Registered Participant as follows:

Ashley Guillard
msashleyjt@gmail.com

                                        /s/ Wendy J. Olson
                                        Wendy J. Olson