Ashley Guillard
msashleyjt@gmail.com
3262 Westheimer Rd. 942
Houston, TX 77098
Telephone: 337.372.3181

Pro Se

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>Defendant. | Case No. 3:22-cv-00521-REP |

**DEFENDANT ASHLEY GUILLARD'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION FOR REASSIGNMENT TO A DISTRICT JUDGE (ECF 75)**

In accordance with provisions of 28 U.S.C. 636(c)(4), Fed. R. Civ. P. 73(b), District of Idaho General Order No. 237 and General Order No. 324, Defendant Ashley Guillard's (Guillard) requests that the reference of the case to the Magistrate Judge be vacated and the reassignment of the case to a District Judge is supported. Reference of civil matters to Magistrate jurisdiction is contingent on the consent of all parties. This voluntary consent may be vacated. Specifically, pursuant to United States District Court for the District of Idaho:

If a party wishes to file a request for reassignment, you will file your request in paper form. You can send it to the court by mail or you may email them to consents@id.uscourts.gov. Upon receipt of your request for reassignment, your case will be reassigned to a United States District Judge. A request for reassignment will be entered onto the docket, however,

no document is attached. The docket text will not indicate who filed the request so the confidentiality of the filing party remains[1].

Guillard followed the directions of the Court by emailing the provided form to request for reassignment to a District Judge to consents@id.uscourts.gov. This motion process (DKT. 75) for reassignment to a District Judge does not align with the Court's statement and procedure. Nor does it align with 28 U.S.C. 636(c)(2), Fed. R. Civ. P. 73(b). First the motion was filed with the document attached exposing that Guillard requested reassignment (DKT. 75). Next, the motion allows for Guillard's voluntary withdrawal of her consent to proceed before a Magistrate Judge to be opposed. Both actions violate the provisions of 28 U.S.C. 636(c)(2), Fed. R. Civ. P. 73(b), District of Idaho General Order No. 237 and General Order No. 324.

## I. RELEVANT BACKGROUND

On November 13, 2022 four University of Idaho students were murdered. At the request of a TikTok user Guillard conducted a spiritual investigation consisting of tarot readings, oracle readings, and public information to determine the motive and causes of their deaths. Guillard's spiritual investigation revealed that the Plaintiff, Professor Rebecca Scofield (Scofield), ordered their murders and executed it with the help of a male student. Guillard reported the information she received to the relevant Federal Bureau of Investigation tipline. She also reported her findings on TikTok.

On December 21, 2022 Scofield filed a lawsuit against Guillard for Defamation. The case was assigned to Chief Magistrate Judge Patricco. All parties consented to magistrate jurisdiction (DKT 17). During the litigation of the case Guillard continuously expressed her concerns with the violation of her Constitutional right to a fair trial and judicial impartiality due to Patricco's inability

---

[1] https://www.id.uscourts.gov/district/attorneys/Magistrate_Judge_Consent.cfm

to be impartial exemplified by his continuously mocking and ill statements about her spiritual beliefs and practices. See DKT. 50, and the motion hearing held on April 16, 2024 (DKT. 73). Guillard's concerns were denied and ignored. On June 6, 2024 Patricco granted the Plaintiff's Motion for Partial Summary Judgment despite the Plaintiff's complete failure to meet all of the required elements for defamation (DKT. 74). Additionally Patricco made false statements about Guillard in the Order (DKT. 74), made several manifest errors of law and made statements that are outside of his jurisdiction and legal authority. Guillard then requested to reassign the case to a District Judge (DKT. 75) and filed a Motion to Alter/Amend the judgment (DKT. 77).

## II.  LEGAL STANDARD

Guillard's request to vacate the magistrate jurisdiction is supported by of 28 U.S.C. 636(c)(4), Fed. R. Civ. P. 73(b), District of Idaho General Order No. 237, General Order No. 324, and District of Idaho local rules and procedures (see footnote 1). The Defendant's request is not "gamesmanship". Instead, the reassignment request is to prevent the continuous violation of her constitutional right to fair and impartial judicial proceedings, to prevent an unnecessary appeal to the United States Court of Appeals for the Ninth Circuit, and to prevent the continuously violation of judicial authority and jurisdictional boundaries (as stated more fully in DKT. 77). Therefore, the Defendant's reassignment request meets the extraordinary circumstance standard pursuant to *Branch v. Umphenour, (9th Cir. 2019).*

## III.  ARGUMENT

As mentioned in the opening statement Guillard followed the directions provided by the Court[2] to request reassignment to a United States District Judge. Guillard also used the document provided by the Court to request reassignment to a District Judge (DKT. 75). As a pro-se litigant

---

[2] https://www.id.uscourts.gov/district/attorneys/Magistrate_Judge_Consent.cfm

the Court is a trusted source of information and direction. Guillard emailed the request to consents@id.uscourts.gov. The Court did not follow its own directions by attaching the request for reassignment document to DKT. 75. Ergo, exposing Guillard as the party who made the request. The Plaintiff's argument in subsections B and C of DKT. 80 fail because the Court, based on the instructions and the Court provided form, did not request justification at this stage of the reassignment process.

Additionally, the Plaintiff's argument in subsection C of DKT. 80 fails because Guillard is not alleging Judge Patricco has been unfair altogether, instead she argues that Patricco's bias is based on his lack of ability to be impartial regarding the plausibility of her spiritual beliefs and practices. Patricco made specific statements demeaning the Defendant's spiritual beliefs and practices i.e. calling them "arguably so baseless, delusional, fanciful, lacking common sense and implausible" see DKT. 49. His bias is the basis of many of his decisions to include his interference with Guillard's discovery attempt (see DKT. 49 and DKT. 55). Patricco also went beyond his constituted authority alleging in an Order (DKT. 74) that Scofield is not guilty or was not involved in the murder of the four University of Idaho students; and alleging that Kohberger is guilty before his opportunity for trial. Patricco also made several critical legal errors to include granting the Plaintiff's Motion for Partial Summary Judgment without meeting the basic elements of a defamation claim (see DKT.77 for further details). Not to mention, Patricco rendered judgments when the Court lacks jurisdiction. Based on the aforementioned, the Defendants request for reassignment to a District Judge meets the extraordinary circumstance standard that warrants vacating the referral from magistrate jurisdiction.

## IV. CONCLUSION

The Court should correct any errors to the instructions and procedures for request for reassignment to a District Judge, refer Guillard's motion to a United States District Judge, GRANT the motion for reassignment to a District Judge, and correct all errors made by Judge Patricco.

DATED: July 16, 2024.

/s/ Ashley J. Guillard
Ashley J. Guillard
Pro-Se Litigant

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2024, I served a copy of the foregoing via CM/ECF on the Registered Participants as follows:

Cory M. Carone: cory.carone@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

Wendy J. Olson: wendy.olson@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com.

DATED: July 16, 2024.

/s/ Ashley J. Guillard
Ashley J. Guillard
Pro-Se Litigant
