Ashley Guillard
msashleyjt@gmail.com
3262 Westheimer Rd. 942
Houston, TX 77098
Telephone:  337.372.3181

Pro Se

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>Defendant. | Case No. 3:22-cv-00521-REP |

**DEFENDANT ASHLEY GUILLARD'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT (ECF 77)**

**I.  INTRODUCTION**

Defendant Ashley Guillard's (Guillard) Motion to Alter or Amend the Courts order (DKT. 74) granting partial summary judgment and allowing the Plaintiff to amend the Complaint to add punitive damages is meritorious and supported by Rule 59(e) of the Federal Rules of Civil Procedure. The Plaintiff's opposition to the motion is an attempt to continue to obstruct and compromise justice for her selfish gain.

**II.  BACKGROUND**

On November 13, 2022 four University of Idaho students were murdered. At the request of a TikTok user Guillard conducted a spiritual investigation consisting of tarot readings, oracle

readings, and public information to determine the motive and causes of their deaths. Guillard's spiritual investigation revealed that the Plaintiff, Professor Rebecca Scofield (Scofield), ordered their murders and executed it with the help of a male student. Guillard reported the information she received to the relevant Federal Bureau of Investigation tipline. She also reported her findings on TikTok. On December 21, 2022 Scofield filed a lawsuit against Guillard for Defamation. Despite the Plaintiff's failure to prove by a preponderance of the evidence each element of a defamation claim in Idaho, the Court granted the Plaintiff's motion for summary judgment (DKT.74). To prevent further injustice, constitutional violations and harm, Defendant Guillard filed a Rule 59(e) motion to alter and amend the judgment (DKT. 77). See DKT. 77 for a more detailed background.

### III. LEGAL STANDARD

Guillard's Rule 59(e) motion meets the legal standard as established by Venti v. Xerox Corp D., Idaho (2023). Guillard's motion shows more than a mere disagreement with the Court's decision. Instead, it is clear that the Court completely ignored the defamation standard established by Idaho Jury Instruction 4.82, went beyond its constituted authority and jurisdiction, and allowed personal religious beliefs and bias to interfere with Guillard's constitutional right to an impartial tribunal. As a result the Court under magistrate tutelage made several manifest errors of law, manifest errors of fact, and caused manifest injustice to Guillard's detriment.

### IV. ARGUMENT

First (regarding Plaintiff's argument A), Guillard's motion is not procedurally improper. A Rule 59(e) motion must be filed no later than 28 days after the entry of the judgment; giving the Court the opportunity to immediately correct its own mistakes. Rule 59(e) and Rule 60 does not require that the judgment be final. Second (regarding Plaintiff's argument B), Guillard's argument

goes beyond mere disagreement (see DKT. 77 and DKT. 84). Additionally, the Plaintiff has yet to provide any evidence that Guillard made false statements, and that she knew the statements were false. Instead, the Plaintiff sought to use the civil proceedings to manipulate the civil court into determining that she is not guilty of the murder of the four students. Instead of litigating the elements of the defamation claims against the Defendant, the Court focused on finding Scofield not guilty of murder. Again, going beyond its authority and completely ignoring the proper application of Idaho defamation laws. See DKT. 82 pgs. 4-5, the Plaintiff also focused on arguing that she is not guilty of murdering the four students instead of proving her defamation claims against Guillard. Third (regarding Plaintiff's argument C), the Court lacks jurisdiction of the murder of the four students. Therefore, the Court does not have the authority to determine Scofield's innocence or guilt of murder.

Fourth (regarding Plaintiff's argument D), the Plaintiff has not suffered any damages. It is beyond a legal certainty that Scofield has not suffered any damages because she did not suffer reputational harm, did not suffer job loss or loss of wages, and she has not provided any evidence of severe mental distress. Instead, the Plaintiff argued that her damages consisted of the voluntary purchase of an alarm system worth $400 and over the counter sleeping aids (see DKT.10). Scofield has not provided any evidence supporting her claim for damages to date. It is clear beyond a legal certainty that diversity jurisdiction is improper because the Plaintiff has not suffered $75,000 in damages. The Complaint must promptly be dismissed.

Fifth (regarding Plaintiff's argument E), as stated more fully in DKT. 77 and DKT. 84, the Court violated Guillard's right to tribunal impartiality and discriminated against her based on her spiritual practices and beliefs. It is evidenced by the Courts continuous mocking of her spiritual beliefs (referring to her spiritual beliefs as baseless, implausible, lacks common sense, fanciful and

more). Additionally, the Court falsely claimed Guillard admitted to defamation. The transcript of the hearing (DKT. 73) proves that Guillard specifically said "no" when the Court asked. Sixth (regarding Plaintiff's argument F), the Court blatantly ignored Idaho Code § 6-1604, again discriminating against Guillard for her spiritual beliefs and practices; by allowing for punitive damages to be added to the Complaint (despite the fact that the Plaintiff did not prove that Guillard acted maliciously). Instead, the Court erroneously ruled that Guillard's faith and belief in her spiritual practices and its messages amounted to malice. Punitive damages in this case is improper and an impediment to justice. Lastly (referring to Plaintiff's argument G), the Defendant's statements are privileged against defamation claims due to Qualified Privilege and Absolute Privilege as stated in DKT. 77 pgs. 17-18 because they were made in an attempt to help solve the murder of the four students during judicial proceedings and preparation.

## V.  CONCLUSION

Defendant Ashley Guillard's Motion to Alter or Amend Judgment (DKT. 77) is meritorious and exceeds the high burden of reconsideration. It is in the best interest of justice for the reassignment of the case to a District Judge, to Alter or Amend Judgment (DKT. 77), render the entire litigation void, to dismiss the Complaint (DKT. 1) with prejudice, and to punish the Plaintiff and her legal counsel with sanctions due to the filing of the frivolous complaint (DKT. 1).

DATED: July 18, 2024.

/s/ Ashley J. Guillard
Ashley J. Guillard
Pro-Se Litigant

DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO ALTER        4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2024, I served a copy of the foregoing via CM/ECF on the Registered Participants as follows:

Cory M. Carone: cory.carone@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

Wendy J. Olson: wendy.olson@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com.

DATED: July 18, 2024.

/s/ Ashley J. Guillard
Ashley J. Guillard
Pro-Se Litigant
