UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>Defendant. | Case No. 3:22-cv-00521-REP<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant Ashley Guillard's Motion for Reassignment (Dkt. 75). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motions on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons stated below, the Court denies Guillard's motion to reassign her case to the District Court.

### I.  BACKGROUND

This case arises out of the tragic murder of four University of Idaho students in Moscow, Idaho. Following the murders, Guillard posted videos on social media alleging, based on her clairvoyant abilities, that Plaintiff Rebecca Scofield had a romantic relationship with one of the students and was involved in the murders. After Guillard refused to cease and desist posting information about Scofield, Scofield filed this defamation case against Guillard. (Dkt. 1).

The Clerk of the Court randomly assigned the case to a Magistrate Judge. After Scofield appeared, the parties were notified, in accordance with the District of Idaho General Order No. 324, that a Magistrate Judge had been assigned to conduct all proceedings in the case, including any trial and the entry of a final judgment, if both parties consented. (Dkt. 11). Thereafter, both parties filed written consents to the Magistrate Judge conducting all proceedings. (Dkts. 17, 17-1).

As the case proceeded, the Magistrate Judge ruled on numerous matters. For example, because Guillard had initially failed to timely respond to Scofield's complaint, the Clerk of the Court entered a default against Guillard. (Dkt. 5). After Guillard responded and Scofield moved for a default judgment, the Magistrate Judge granted Guillard's motion to set aside the entry of default and gave her an additional twenty-one days to respond to Scofield's complaint. (Dkt. 18). Thereafter, the Magistrate Judge ruled on several other motions, including Scofield's motions to dismiss Guillard's counterclaims, to quash summons to Scofield's counsel, to quash a subpoena, and for sanctions against Guillard. (Dkts. 49, 55).

Eventually, Scofield moved for partial summary judgment and for leave to file a claim for punitive damages. (Dkts. 63, 64). After hearing oral argument, the Magistrate Judge found Guillard had defamed Scofield and granted Scofield's motion for partial summary judgment. (Dkt. 74 at p. 20). Further, the Magistrate Judge ruled Scofield had established a reasonable likelihood of proving, by clear and convincing evidence, that Guillard's conduct supported a punitive damages award. (*Id.* at pp. 21-22).

In response to the Magistrate Judge's decision, Guillard filed a "Request for Reassignment to a U.S. District Judge," which is a form document posted on the Court's website. (Dkt. 75). This

**MEMORANDUM DECISION AND ORDER - 2**

document requests that the reference to the Magistrate Judge be vacated and that the case be reassigned to a District Judge under 28 U.S.C. § 636(c)(4) and Rule 73(b) of the Federal Rules of Civil Procedure. (Dkt. 75). At the same time, Guillard also filed a motion under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the judgment. (Dkt. 77). Specifically, Guillard requests that the Court "reverse" the Magistrate Judge's rulings granting partial summary judgment for Scofield and allowing Scofield to assert a punitive damages claim. (*Id.*).

The Magistrate Judge referred Guillard's request for a reassignment to a District Judge and, "to the extent necessary," her Rule 59(e) motion. (Dkt. 87). In support, the Magistrate Judge relied on Ninth Circuit authority that only a District Judge may rule on a request for a reassignment. *See Branch v. Umphenour*, 936 F.3d 994, 1003 (9th Cir. 2019) ("[O]nly a district judge may rule on a motion to withdraw consent to the jurisdiction of a magistrate judge under [§] 636(c)(4)."). Thereafter, the Clerk of the Court randomly assigned the pending motion to this Court.

## II.   ANALYSIS

As Guillard acknowledges, both parties voluntarily consented to the Magistrate Judge proceeding in this case. (Dkt. 84 at p. 2) (conceding "[a]ll parties consented to the magistrate jurisdiction."); (Dkts. 17, 17-1) (executed consent forms). Shortly after the Magistrate Judge issued its decision on summary judgment and punitive damages, however, Guillard filed the form request document—"Request for Reassignment to a United States District Judge"—which she obtained from the Court's website. That form, however, is not intended for the purpose of reassigning a District Judge to a case *after* the parties have already consented. Rather, the website expressly states that a reassignment will occur after the Clerk of the Court receives the request *if* the parties "have not already consented" and that "[o]nce you have consented to Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 3**

jurisdiction[,] you cannot later request reassignment to a District Judge" using the form. *Magistrate Judge Consent*, District of Idaho, https://www.id.uscourts.gov/district/judges/Magistrate_Judge_Consent.cfm (last visited November 1, 2024).[1]

Nonetheless, the Court construes Guillard's reliance on the form as a motion to withdraw her consent to the Magistrate Judge's jurisdiction under 28 U.S.C. § 636(c)(4) and Rule 73(b)(3). Because Guillard apparently misunderstood the form's purpose, she did not file a brief in support of her request to withdraw her consent. To the extent she complains about the Magistrate Judge, those arguments are either made for the first time on reply (Dkt. 84) or in her brief in support of her Rule 59(e) motion (Dkt. 77-1). In accordance with the federal courts' practice of liberally construing pro se filings, the Court considers those arguments for purposes of resolving Guillard's motion to withdraw her consent. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . .").

A party does not have an absolute right to withdraw her consent to proceed before a Magistrate Judge. *Savoca v. United States*, 199 F. Supp. 3d 716, 720 (S.D.N.Y. 2016). Section 636, however, provides that "the court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge." 28 U.S.C. § 636(c)(4). Similarly, Rule 73 provides that "on its own for good cause—or

---

[1]  Guillard argues the Clerk of the Court should have filed her request for reassignment under seal. (Dkt. 84 at pp. 1, 3-4). No authority, however, supports Guillard's assertion that a party's motion for reassignment after all parties have consented should remain confidential. To the extent Guillard relies on the Court's website as support for her assertion, she misconstrues that information.

**MEMORANDUM DECISION AND ORDER - 4**

when a party shows extraordinary circumstances—the district judge may vacate a referral[2] to a magistrate judge under this rule." Fed. R. Civ. P. 73(b)(3).

The Ninth Circuit has noted the extraordinary circumstances standard is a high bar, which is difficult to satisfy and intended to prevent gamesmanship. *Branch*, 936 F.3d at 1004. "Neither mere dissatisfaction with a magistrate judge's decision, nor unadorned accusations that such decisions reflect judicial bias, will suffice." *Id.*; *see also Seabourne Cruise Line Ltd. v. Goldring*, No. 2:22-CV-00999-DGE-BAT, 2022 WL 17582499, at *2 (W.D. Wash. Dec. 12, 2022) ("The case law is clear that dissatisfaction with a magistrate judge's rulings, absent other evidence, is not sufficient to vacate consent."); *Milhous v. Metro. Gov't of Nashville & Davidson Cnty.*, 221 F.3d 1335, at *1 (6th Cir. 2000) (unpublished table decision) ("[N]o 'extraordinary circumstances' were shown here but, rather, the plaintiff simply was displeased with the magistrate's rulings on the motions to dismiss."). Further, an appeal—not a reassignment—is the appropriate avenue to address any alleged erroneous rulings. *Savoca*, 199 F. Supp. 3d at 721.

Guillard's primary challenge to the Magistrate Judge proceeding in this case appears to be her concern that his impartiality is impaired and that he is biased against her. In support of this challenge, Guillard contends that "due to [the Magistrate Judge's] personal lack of belief in Guillard's spiritual practices[,] i.e., claircognizance, intuition, tarot card and oracle card reading,

---

[2] Although both the statute and the rule mention "reference" or "referral" to the Magistrate Judge, neither party challenges the application of this authority for purposes of determining whether a party may withdraw her voluntary consent to the Magistrate Judge. The Ninth Circuit has implicitly construed the authorities as applying to such a determination. *Branch v. Umphenour*, 936 F.3d 994, 1002 n.6 (9th Cir. 2019). Accordingly, this Court, likewise, applies these authorities to determine whether Guillard may withdraw her consent.

[he] acted in a way that impeded upon Guillard's right to an impartial tribunal." (Dkt. 77-1 at p. 14); (*see also id.* at p. 15) ("[The Magistrate Judge's] lack of impartiality and inherent bias regarding Guillard's spiritual practices and its plausibility impeded upon his ability to judge the case without bias.").

After reviewing the entire record in this case, this Court is unable to locate *any* support for Guillard's accusation that the Magistrate Judge was biased against her. Rather, his rulings are based on the record, rely on applicable and persuasive authorities, and are supported by sound legal reasoning. Further, the Magistrate Judge's interactions with Guillard during the summary judgment oral argument were both polite and patient. Indeed, he even stated that "there may be valid uses to a spiritual intuition and tarot card readings" but that to avoid summary judgment, Guillard needed admissible evidence to establish a genuine issue of material fact. (Dkt. 79 at p. 29, ll. 21-22).

In an attempt to persuade this Court that the Magistrate Judge was biased against her, Guillard misrepresents the record. For example, she asserts the Magistrate Judge's "inability to be impartial [is] exemplified by his continuously mocking and ill statements about her spiritual beliefs and practices." (Dkt. 84 at pp. 2-3). Guillard, however, fails to cite any support in the record for this accusation, and as stated above, the Court has been unable to locate any indication in the record that the Magistrate Judge exhibited any bias.

Further, Guillard states that the Magistrate Judge "made specific statements demeaning [her] spiritual beliefs and practices . . . calling them . . . 'baseless, delusional, fanciful, lacking common sense and implausible.'" (*Id.* at p. 4). To the extent the Magistrate Judge used these terms, however, he was directly quoting Supreme Court authority on the Rule 12(b)(6) standard for

MEMORANDUM DECISION AND ORDER - 6

dismissal of frivolous claims. (Dkt. 49 at p. 6) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). The Magistrate Judge was not characterizing and did not characterize Guillard's beliefs and practices using this language, as Guillard misrepresents.

Moreover, as Scofield notes, the Magistrate Judge has not ruled against Guillard in every instance. Rather, he has frequently ruled in her favor. For example, he set aside the Clerk of the Court's default entry against her despite Scofield's objection and denied Scofield's motion for a default judgment. (Dkt. 18). Further, he denied Scofield's request for attorney fees, denied a motion to sanction Guillard, and sua sponte granted Guillard additional time to respond to Scofield's requests for admission. (Dkts. 49, 55, 61). These rulings contradict Guillard's assertion that the Magistrate Judge was biased against her.

Guillard's other arguments in support of withdrawing her consent are that the Magistrate Judge's rulings are erroneous and that reassignment is necessary to "prevent an unnecessary appeal to the [Ninth Circuit]." (Dkt. 84 at p. 3). Erroneous rulings, however, do not constitute extraordinary circumstances warranting a reassignment. *See Savoca*, 199 F. Supp. 3d at 720. If Guillard disagrees with the Magistrate Judge's rulings, the proper method to challenge them is by appealing. *Id.* at 721. In this case, Guillard must file that appeal with the Ninth Circuit—once the judgment if final. *See* 28 U.S.C. § 636(c)(3) ("Upon entry of judgment in any case [in which the parties consented to the Magistrate Judge], an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of the district court.").

In summary, Guillard has failed to establish any extraordinary circumstance justifying reassignment of this case to a District Court. The record does not show the Magistrate Judge was

**MEMORANDUM DECISION AND ORDER - 7**

biased in any manner towards Guillard. Instead, the timing of Guillard's motion to withdraw her consent and her Rule 59(e) motion—filed shortly after the Magistrate Judge granted Scofield partial summary judgment and leave to assert a punitive damages claim—indicates Guillard's real motivation is to avoid the Magistrate Judge's rulings. Guillard's only recourse to challenge those rulings, however, is an appeal following a final judgment. The Court does not condone Guillard's unsupported disparagement of the Magistrate Judge to obtain a new judge. Because the Court denies Guillard's motion to withdraw her consent to the Magistrate Judge, it does not address her Rule 59(e) motion, which remains pending before the Magistrate Judge.

### III. ORDER

**IT IS ORDERED that:**

1. Guillard's Motion for Reassignment to a District Judge (Dkt. 75) is **DENIED**.

DATED: November 13, 2024

Amanda K. Brailsford
U.S. District Court Judge