Ashley Guillard
msashleyjt@gmail.com
3262 Westheimer Rd, 942
Houston, TX 77098
337.372.3181

Pro-Se Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>Defendant. | Case No. 3:22-cv-00521-REP<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S RULE 60(b)(2) MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT (DKT. 74)** |

## I.     INTRODUCTION

As supported by law Defendant Ashley Guillard (Guillard) respectfully moves the Court for relief from the Order Granting Partial Summary Judgment (DKT. 74). Newly received evidence derived from credible sources establishes beyond dispute that 1) Guillard's Tik-Tok videos regarding Scofield and the murder of the four University of Idaho students at 1122 King Road in Moscow Idaho (the quadruple homicide) are substantially true; 2) Guillard's remaining Tik-Tok videos regarding the quadruple homicide have not been proven to be false; and 3) There are several outstanding issues of material facts due to the complexity of this civil case and the connection to the criminal case of State of Idaho v. Bryan C. Kohberger, Ada County Case No. CR-01-24-31665.

The third and fourth elements of a defamation claim requires that the published *information was false; and that the defendant knew it was false, or reasonably should have known that it was false* (Idaho Jury Instruction 4.82).[1] Evidence supports that Guillard's videos regarding the quadruple homicides are true; Plaintiff Rebecca Scofield (Scofield) fails to meet the falsity requirement of a defamation claim in Idaho. Additionally, because Guillard's Tik-Tok videos have already proven to be accurate and supported by the evidence; Guillard's claircognizant abilities, oracle card readings, and tarot card readings are plausible, consistently reliable, and must be taken seriously. Plaintiff Rebecca Scofield has not proven that Guillard defamed her. There are also several outstanding issues of material facts. The Court must reverse the decision and order (DKT. 74), DENY the Plaintiff's Motion for Partial Summary Judgment (DKT. 63) and DENY the Plaintiff's Motion for Leave to Amend the Complaint to Add Punitive Damages (DKT. 64).

## II.    BACKGROUND

November 13, 2022, four University of Idaho (UIdaho) students: Kaylee Goncalves (K.G.), Ethan Chapin (E.C.), Xana Kernodle (X.K.), and Madison Mogen (M.M.) (collectively referred to as the "four students"), were tragically murdered in Moscow Idaho.[2] The case garnered nationwide attention on social media and the news media. On November 18, 2022, The City of Moscow Idaho requested public assistance with the homicide case.[3] Social media users and thousands of true crime afficionados expressed eagerness for the case to be solved. At the request of a Tik-Tok user, on November 27, 2022, Guillard, began using spiritual means: intuition, claircognizant abilities, tarot cards, and oracle cards to investigate the cause of the quadruple homicide (referred to as a spiritual or psychic investigation). The psychic investigation discerned that the four students were

---

[1] See also *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), and *Time Inc. v. Hill*, 385 U.S. 411 (1967).
[2] https://www.ci.moscow.id.us/CivicSend/ViewMessage/message/186660
[3] https://www.ci.moscow.id.us/CivicSend/ViewMessage/message/187171

the victims of a murder plotted by a history teacher who co-planned, hired and executed the murders with a male student. Guillard conducted tarot card and oracle card readings on the staff listed on the UIdaho's history webpage. The tarot card and oracle card readings on Plaintiff Rebecca Scofield, who was listed as the Chair and Associate Professor of the UIdaho History Department, revealed that she planned the murders and made a choice between two male students to execute the murders. It also revealed that Scofield had a secret affair with one of the victims; and her motive to have the students killed was to silence them to keep her secret affair from being exposed. Guillard published the results of the spiritual investigation on Tik-Tok and reported the information to the FBI tip-line tipline@ci.moscow.id.us (see DKT. 66 Exhibit A).

On December 12, 2022, Guillard received two demand letters dated November 8, 2022, and December 8, 2022, by email from the Plaintiff's attorney Wendy Olson. The letters demanded that Guillard "*cease and desist false and defamatory statements regarding Professor Rebecca Scofield.*" Guillard refused to comply with the demand letter because she contends that the information, she published regarding the homicides is substantially true. On December 21, 2022, the Plaintiff filed a Complaint with two defamation claims against Defendant Ashley Guillard: one alleges false statements regarding Plaintiff's involvement with the murders themselves, the other alleges false statements regarding Plaintiff's romantic relationship with Kaylee Goncalves (see DKT. 1). On December 30, 2022, Bryan C. Kohberger was arrested for Burglary and four counts of Murder in the First Degree for the murder of the four students.[4] See State of Idaho v. Bryan C. Kohberger, Ada County Case No. CR-01-24-31665. The State of Idaho proceeded to Seal and Redact the case evidence, records, and information regarding the homicides; and issued a Non-

---

[4] https://coi.isc.idaho.gov/docs/CR29-22-2805/123022+Notice+-+Defendant+Arrested+in+Foreign+Jurisdiction.pdf

MEMORANDUM IN SUPPORT OF DEFENDANT'S RULE 60(b)(2) MOTION                    3

dissemination Order prohibiting the dissemination of evidence, opinions on the merits, character, credibility, and any other matter regarding the homicides.[5]

Defendant Guillard, pro-se, did not immediately respond to Plaintiff's Complaint by the January 17, 2023, deadline. As a result, Plaintiff moved for an entry of default against Defendant on January 19, 2023 (DKT. 4). A Clerk's Entry of Default was entered and mailed to Defendant on January 27, 2023 (DKT. 5). On February 16, 2023, Defendant filed an answer to the complaint (DKT. 6) and moved to set aside the entry of default (DKT. 7). Plaintiff opposed Defendant's motion to set aside the entry of default and filed a Motion for a Default Judgment of $1,863,304 (DKT. 9 & DKT. 10). On April 24, 2023, the parties consented to proceed before a magistrate judge (DKT. 17). Thereafter, on April 26, 2023, the Court granted Defendant's Motion to Set Aside Entry of Default, denied Plaintiff's Motion for Default Judgment as moot, and ordered Defendant to respond to Plaintiff's Complaint within 21 days (DKT. 18). On May 16, 2023, Defendant filed her Answer, Affirmative Defenses, and Counterclaims to Complaint. (DKT. 20). Defendant affirmatively asserted 11 counterclaims against both Plaintiff and her legal counsel. On June 6, 2023, Plaintiff moved to dismiss Defendants' counterclaims against her (DKT. 22). A week later, Plaintiff moved to quash the summonses for her counsel, arguing that their issuance was procedurally improper (DKT. 25) (arguing counsel were not proper parties under either Rule 13 or 14). Defendant opposed each of these motions (DKT. 35 & DKT. 36). In an August 8, 2023, Memorandum Decision and Order, the Court granted Plaintiff's Motion to Dismiss the Defendant's counterclaims against Plaintiff and granted Plaintiff's Motion to Quash (DKT. 49). On August 21, 2023, Defendant requested that the Court's August 8, 2023, Memorandum Decision

---

[5] https://coi.isc.idaho.gov/docs/CR29-22-2805/010323+Nondissemination+Order.pdf

and Order be set aside under Rules 60(b)(4) & (6). The Court denied Defendant's Motion in its entirety on November 13, 2023 (DKT. 59).

On July 13, 2023, Defendant Ashley Guillard issued a subpoena to Meta Platforms, Inc. to produce documents and information regarding the Plaintiff's social media activity with UIdaho students, connection to the four students, and alleged co-conspirators (see DKT. 52 Exhibit A). On July 27, 2023, Plaintiff filed a Motion to Quash or Modify the subpoena to Meta Platforms, Inc. (DKT. 48). On October 6, 2023, the Court granted the Motion to Quash the Summons to Meta Platforms, Inc. (DKT. 55) and informed Meta Platforms, Inc. not to comply with the subpoena.

On October 10, 2023, the Plaintiff moved for partial summary judgment (DKT. 56) based on *Defendant's complete failure to respond to Plaintiff's earlier-served requests for admission. Id.* Defendant responded to the Motion for Partial Summary Judgment stating *she never received the request for admissions* (DKT. 57). During the status conference on December 7, 2023, the Court gave Defendant Guillard 7 days to respond to the Plaintiffs request for admissions. The Court then allowed for an Amended Motion for Partial Summary Judgment (DKT. 62). Discovery ended December 15, 2023. On January 12, 2024, Plaintiff filed an Amended Motion for Partial Summary Judgment (DKT. 63) as well as a Motion for Leave to Amend the Complaint to Add Punitive Damages (DKT. 64). Defendant opposed to both motions (DKT. 65 and DKT. 66). A motion hearing was held on April 16, 2024 (DKT. 73). On June 6, 2024, the Court granted the Plaintiff's Amended Motion for Partial Summary Judgment (DKT. 63) and the Plaintiff's a Motion for Leave to Amend the Complaint to Add Punitive Damages (DKT. 64) (see DKT. 74).

On June 13, 2024, the Defendant rescinded the consent to proceed before a Magistrate Judge (DKT. 75) motioning for the case to be reassigned to a District Judge. The Plaintiff filed an Amended Complaint (DKT. 76). On June 24, 2024, the Defendant filed DKT. 77, a Motion for

Reconsideration of The Memorandum Decision and Order (DKT. 74) pursuant to Rule 59(e). On November 13, 2024, the Court denied the Defendants Motion to Reassign Case (DKT. 88). On February 4, 2025, (DKT. 89) the Court denied the Defendants Motion for Reconsideration and to Amend/Correct the Memorandum Decision and Order (DKT. 74). Now before the Court is the Defendants 60(b)(2) Motion for Reconsideration of DKT. 74, Partial Summary Judgment, based on newly received evidence.

### III.     LEGAL STANDARD

Pursuant to Rule 60(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reason: (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). In addition, district courts possess the inherent common-law authority to rescind or modify any interlocutory order so long as the court retains jurisdiction over the matter.[6] *The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.*[7] Recent State of Idaho v. Bryan C. Kohberger case documents and evidence filed after Scofield v. Guillard DKT. 74 - Order on Partial Summary Judgment filed on June 6, 2024, and after DKT. 77 - Motion for Reconsideration filed on June 24, 2024, prove that evidence exists that corroborates the truth and accuracy of Guillard's Tik-Tok videos regarding the four homicides and the events that occurred on November 13, 2022. A motion for reconsideration is appropriate and within the legal parameters of Rule 60(b)(2).

---

[6] City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 888-889 (9th Cir. 2001); see also Dreith v. Nu Image, Inc., 648 F.3d 779, 787 (9th Cir. 2011)
[7] Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970)); and DKT. 89.

There are several material evidence and exhibits in State of Idaho v. Bryan C. Kohberger (Case No. CR01-24-31665) that corroborates Guillard's videos regarding the quadruple homicides and Scofield's connection to the quadruple homicides. Pursuant to Wright v. U.S. Postal Services (2004) the Court may take judicial notice of matters of public records.[8] Based on newly received evidence, it is evident that redacted, sealed and suppressed exhibits and evidence exist, that corroborates the statements Guillard made on her Tik-Tok videos. Under Rule 56, to succeed in a motion for summary judgment, a movant must show 1) that there is no genuine dispute as to any material fact, and 2) that the movant is entitled to judgment as a matter of law. Due to the connection of this civil case and the State of Idaho's criminal case against Bryan Kohberger, the existence of evidence that Guillard is telling the substantial truth, and the lack of control and legal authority of Defendant Guillard to gather evidence regarding the quadruple homicides, there are outstanding issues of material facts. Therefore, the motion for Summary Judgment must be denied.

## IV.   ARGUMENT

**A.   Newly Discovered Evidence Supports that Guillard's Videos Are the Absolute and Substantial Truth**

On December 9, 2022, Guillard posted a video (Exhibit A)[9] that the surviving roommates (D.M. and B.F.) of the King Road Homicides were afraid the night of the murders and decided to take refuge together, so they won't be alone. Guillard also stated that the roommates adapted to the circumstances to the best of their ability instead of trying to change the circumstances. They waited together until "they" came to rescue them, led out of difficulty, and kept them safe. On February 24, 2025, the State of Idaho (Criminal Case No. CR01-24-31665) filed a motion to admit

---

[8] "In re Ford Motor Co. Bronco II Prods. Liab. Litig., 909 F.Supp. 400, 403 (E.D.La. 1995) ("[T]he Court may take judicial notice of matters of public record."); Chadwick v. Layrisson, 1999 WL 717628, at *2 (E.D.La. Sept. 13, 1999) (same)." Wright v. U.S. Postal Services, No. CIV.A. 04-460-B-M1, 12 n.40 (M.D. La. 2004).
[9] https://youtube.com/shorts/KiMZ8nq9TVo?si=ygmpgwde9UDm0wiC

the text messages of D.M. and the testimony from D.M. and B.F. regarding their conversations with each other on November 13, 2022.[10] The motion included an excerpt from D.M. iPhone extraction (States Exhibit S-1 and States Exhibit 18 from the Grand Jury Record). The text dialogue between the roommates reveals that the early morning hours on November 13, 2022, the surviving roommates were "freaking out". B.F. told D.M. to "Come to my room" and to "run". B.F. sent a text to D.M. at 4:25am "it's better than being alone." After a waiting period of about 6 hours D.M. began reaching out to the victims and others. The motion to admit text messages of D.M., and the 911 call reveals that within 8 hours the surviving roommates were rescued by their friends "H.J." and "E.A." They both came to 1122 King Road. H.J. located the body of one of the victims, instructed the surviving roommates to call 911, and helped them.[11] Guillard's video statements regarding the roommates' activities the night of the homicides matches the states evidence.

On November 30, 2022, Moscow Police Department issued a press release updating the public on the "known facts" surrounding the homicides.[12] The statement claimed that the two surviving roommates "did not wake up until later that morning". Guillard's psychic investigation promulgated on Tik-Tik on November 30, 2022 (Exhibit B),[13] and December 9, 2022 (Exhibit A), discerned that the surviving roommates were not sleeping, heard everything, and that they had an understanding that something dangerous was occurring. D.M. iPhone extraction (States Exhibit S-1) also confirms that Guillard's psychic investigation was correct; the surviving roommates were not sleeping and heard the commotion of the homicides.[14] Guillard's video statement regarding the quadruple homicides matches the State of Idaho's evidence.

---

[10] https://coi.isc.idaho.gov/docs/CR01-24-31665/2025/022425-REDACTED-States-Motion-inLimine-RE-Text-Messages-Testimiony.pdf
[11] https://coi.isc.idaho.gov/docs/CR01-24-31665/2025/022425-REDACTED-Motion-inLimine-RE-911-Call.pdf
[12] https://www.ci.moscow.id.us/CivicSend/ViewMessage/message/187987
[13] https://youtube.com/shorts/zgzo1z8sb4s?si=AL8s05kLsGkEcqPt
[14] https://coi.isc.idaho.gov/docs/CR01-24-31665/2025/022425-REDACTED-States-Motion-inLimine-RE-Text-Messages-Testimiony.pdf

On December 13, 2022, Guillard conducted a psychic investigation regarding the 2011-2013 White Elantra that Moscow PD suspected was connected to the quadruple homicides.[15] She posted the results on Tik-Tok on December 13, 2022, and December 14, 2022 (Exhibit C).[16] Guillard stated on the video that Rebecca Scofield had access to a White Hyundai Elantra the night of the murders; and that she drove to the scene of the homicides to ensure the execution of the murders. On January 12, 2024, Rebecca Scofield admitted to having access to a White Hyundai Elantra during the night of the quadruple murder of the four students.[17] The States Exhibit A alleges evidence that a white Elantra was seen near the area of the homicides several times.[18] On February 24, 2025, Bryan Kohberger's Attorney filed a motion regarding the make and model of the suspects vehicle. The motion introduces the possibility of two separate White Elantras.[19] Guillard's video regarding the white Elantra's connection to the quadruple homicides matches the evidence presented. Guillard's video stating Scofield had access to a white Elantra the night of the quadruple homicides is accurate; Scofield admitted to having access to a white Elantra the night of the quadruple homicides.

On November 25, 2022, Guillard posted a Tik-Tok video (Exhibit D)[20] stating that the dog, Murphy, was around but separated from the victims and that the dog was fed to keep quiet. December 29, 2022, Officer Brett Payne, Acting Peace Officer within the County of Latah, State of Idaho, filed a sworn statement. The statement reveals that police body camera footage shows

---

[15] https://www.ci.moscow.id.us/CivicSend/ViewMessage/message/188816
[16] https://youtu.be/fdULhtXiVGY?si=aTdDKmM2oVKONX0J
[17] DKT. 63, Exhibit A, pg. 4
[18] https://coi.isc.idaho.gov/docs/CR29-22-2805/122922+Affidavit+-+Exhibit+A+-+Statement+of+Brett-Payne.pdf
[19] https://coi.isc.idaho.gov/docs/CR01-24-31665/2025/022425-Defense-Motion-inLimine-12-RE-Make-Model-Suspect-Vehicle.pdf
[20] https://youtube.com/shorts/F3hOHm6Vm04?si=FqHJJgY6Z5Fhn73c

the dog, Murphy, was around but separate from the victims. He was in K.G. room.[21] Guillard's video statement matches the evidence presented in the homicide case.

November 23, 2022, and December 9, 2022, Guillard posted four Tik-Tok videos (Exhibit E)[22] stating that the University of Idaho killer was broken up with by victim K.G. On January 13, 2023, K.G. parents stated in an interview that K.G. and J.D. broke up a few weeks before the homicides.[23] J.D. interview with law enforcement is sealed. There are outstanding issues of material facts. Guillard's statement has not been proven to be false.

On November 29, 2022, and December 9, 2022, Guillard posted a Tik-Tok video (Exhibit F)[24] stating the victims were separated in two different rooms. December 1, 2022, Guillard posted a Tik-Tok video (Exhibit G)[25] stating victims K.G., and M.M. were murdered in the same room and victims X.K., and E.C. were murdered in the same room. December 9, 2022, Guillard posted a Tik-Tok video (Exhibit H)[26] that X.K. found K.G. and M.M. dead in the same room. On December 9, 2022, Guillard posted a Tik-Tok video (Exhibit H) that J.D. killed E.C. first, K.G. and M.M. together and Xana last. The states sworn statement filed on December 29, 2022, reveals that victims K.G., and M.M. were found murdered in the same room and X.K., and E.C. were found deceased in the same room.[27] Guillard's video statement regarding the quadruple homicides matches the evidence presented in the homicide case.

On December 2, 2022, Guillard posted a Tik-Tok video (Exhibit I)[28] stating that law enforcement would announce J.D. as the suspect or "make an arrest…" regarding the murder of

---

[21] https://coi.isc.idaho.gov/docs/CR29-22-2805/122922+Affidavit+-+Exhibit+A+-+Statement+of+Brett-Payne.pdf
[22] https://youtu.be/P1lXlnpMLMs?si=9lIq95bv90ANDOZT
[23] https://www.youtube.com/watch?v=xGVbqUazri0&t=930s See the 25:27-minute mark
[24] https://youtube.com/shorts/GyWDMnlNLqU?si=KE-WuYA4WLpG1gGS
[25] https://youtube.com/shorts/pMS4Zra-8mg?si=9X-fq_bsA0jyjIBq
[26] https://youtu.be/Dp7_C6gaTfc?si=m46VixmMCmGo4D3q
[27] https://coi.isc.idaho.gov/docs/CR29-22-2805/122922+Affidavit+-+Exhibit+A+-+Statement+of+Brett-Payne.pdf
[28] https://youtube.com/shorts/9CQfAEkVe8Q?si=LWUY_ZrF4fB3O74V

MEMORANDUM IN SUPPORT OF DEFENDANT'S RULE 60(b)(2) MOTION                              10

the four students within 2-4 weeks. A suspect was arrested on December 30, 2022; in exactly four weeks.[29]

The State's evidence corroborates several of Guillard's Tik-Tok videos regarding the King Road homicides. Guillard's claircognizant abilities, tarot and oracle card readings and psychic investigation skills have proven to be accurate, reliable, and plausible.

**B.    Newly Unsealed Evidence That Guillard's Videos Have Not Proven to be False**

November 23, 2022, Guillard posted a few Tik-Tik videos (Exhibit E) that there were two killers in the University of Idaho murders. December 5, 2022, Guillard posted Tik-Tok videos (Exhibit J)[30] that Scofield had a choice between two male students to carry out the murders and she ultimately choose one: not B.K. On February 24, 2025, Bryan Kohberger by and through his Attorneys of records filed a motion regarding inconclusive data. The motion revealed the existence of DNA evidence of three different people located on victim M.M. left fingernail that is exculpatory to B.K.[31] The Latah County Coroner confirmed the existence of defensive wounds on the victims.[32]  Additionally, Detectives who investigated the homicides found blood at the crime scene from two unidentified males; exculpatory to B.K.[33] Guillard's theory regarding the killer of the homicides is still plausible and has not been proven to be false. The State of Idaho has not revealed that they intend to identify who the unidentified DNA belongs to.

January 2, 2023, Guillard posted Tik-Tok videos (Exhibit K)[34] that Kohberger was called to the scene of the crime by Rebecca Scofield but ultimately left without committing the murders. On November 13, 2022, D.M. testified that she saw a masked man with bushy eyebrows walking

---

[29] https://coi.isc.idaho.gov/docs/CR29-22-2805/123022+Notice++Defendant+Arrested+in+Foreign+Jurisdiction.pdf
[30] https://youtube.com/shorts/MeVWPSSQ9Yw?si=ZYWB_lZ_eyHR8bfc
[31] https://coi.isc.idaho.gov/docs/CR01-24-31665/2025/022425-Motion-inLimine5-RE-Inconclusive-Data.pdf
[32] https://www.ci.moscow.id.us/CivicSend/ViewMessage/message/187316
[33] https://coi.isc.idaho.gov/docs/CR01-24-31665/2025/022125-Transcript-Redacted-hearing-held-Jan23-2025.pdf (see page 18-19)
[34] https://youtu.be/y0al9XxQLvo?si=N5HmwitdedbJpkxi

towards the back door, and that he walked past her but did not harm her.[35] D.M. text thread also reveals a text message to B.F. sent between 4:22-24 am that she saw a masked man.[36] This text was seemingly sent before D.M. left her room to take refuge with B.F. The State of Idaho contends that B.K. left the scene of the crime at 4:20am. Guillard's theory that B.K. came inside the home of 1122 King Road but did not commit the homicides is still plausible and has not been proven to be false.

On December 9, 2022, Guillard posted a Tik-Tok video (Exhibit H) that X.K. was crying because Ethan was injured. On December 9, 2022, Guillard posted a few Tik-Tok videos (Exhibit H) that D.M. saw victim X.K. alive the night of the murders, promised to get help, but chose to hide with B.F. to protect herself instead of seeking help. D.M. text messages reveal she stopped texting with B.F. at around 4:25 am likely leaving her room to hide with B.F. D.M. made a statement to law enforcement that she heard X.K. crying and a male voice say something to the effect of *it's okay, I'm going to help you*.[37] Guillard's Tik-Tok videos regarding X.K. point of view the night of the homicides is supported by the evidence and have not proven to be false.

On January 2, 2023, Guillard posted a Tik-Tok video (Exhibit K)[38] stating "after Kohberger left the crime scene without killing anyone. The killer and R.S. considered Kohberger to be a problem to deal with later because he was a witness to their murder plot." On January 2, 2023, Guillard posted a video (Exhibit K) that Kohberger was being framed for the quadruple homicide. On March 10, 2025, the State of Idaho revealed that the State intends to *introduce evidence/testimony that law enforcement received a "tip", without mention of the source or*

---

[35] https://coi.isc.idaho.gov/docs/CR29-22-2805/122922+Affidavit+-+Exhibit+A+-+Statement+of+Brett-Payne.pdf pgs. 5 & 10
[36] https://coi.isc.idaho.gov/docs/CR01-24-31665/2025/022425-REDACTED-States-Motion-inLimine-RE-Text-Messages-Testimiony.pdf
[37] https://coi.isc.idaho.gov/docs/CR29-22-2805/122922+Affidavit+-+Exhibit+A+-+Statement+of+Brett-Payne.pdf
[38] https://youtu.be/y0al9XxQLvo?si=N5HmwitdedbJpkxi

MEMORANDUM IN SUPPORT OF DEFENDANT'S RULE 60(b)(2) MOTION                    12

*substance of the tip, and that law enforcement then followed up and identified the Defendant (Bryan Kohberger).*[39] On March 10, 2025, the State of Idaho filed a motion. On page 13 of that motion the State infers that based on the defense's expert disclosures that the defense plans to argue that Kohberger is being framed and that *the knife sheath itself could have been planted by the real perpetrator*.[40] Guillard's Tik-Tok videos regarding the framing of B.K. has not proven to be false.

On December 13, 2022, Guillard posted a Tik-Tok video (Exhibit L)[41] that Scofield does not have a valid case for defamation against her because she did not have convincing and substantial evidence that she did not kill the four UofI students. Guillard stated that they needed a different murderer, a thorough investigation into Scofield's connection to the murders by Moscow PD or the FBI, a statement from the MPD or the FBI that Scofield isn't the killer and proof that what Guillard is saying is false. December 2022 an anonymous person gave the FBI a tip accusing Kohberger of the four homicides.[42] On December 19, 2022, the FBI gave Brett Payne of Moscow PD Kohberger's name as a potential suspect.[43] On December 21, 2022, Scofield filed this civil complaint against Guillard. On December 27, 2022, M.P.D. issued a statement: *At this time in the investigation, detectives do not believe the female associate professor and chair of the history department at the University of Idaho suing a Tik-Tok user for defamation is involved in this crime.* Bryan Kohberger was arrested on December 30, 2022.[44] Based on the timing of Guillard's Tik-

---

[39] https://coi.isc.idaho.gov/docs/CR01-24-31665/2025/031025+States+Response+Defendants+Motion+in+Limine+Re+Improper+Expert+Opinion+Testimony.pdf
[40] https://coi.isc.idaho.gov/docs/CR01-24-31665/2025/031025+States+Response+Defendants+Motion+in+Limine+Re+Exclude+IGG+Evidence.pdf
[41] https://youtube.com/shorts/k7MYrq44Vrs?si=pwGoBMLhdkCRto7a
[42] https://coi.isc.idaho.gov/docs/CR01-24-31665/2025/031025+States+Response+Defendants+Motion+in+Limine+Re+Improper+Expert+Opinion+Testimony.pdf
[43] https://coi.isc.idaho.gov/docs/CR01-24-31665/2025/022125-Transcript-Redacted-hearing-held-Jan23-2025.pdf
[44] https://coi.isc.idaho.gov/docs/CR29-22-2805/123022+Notice++Defendant+Arrested+in+Foreign+Jurisdiction.pdf

Tok videos regarding Scofield's connection to the homicides, to include the fact that she had access to a white Elantra the night of the murders, the timing of the civil complaint, and the timing of the anonymous tip connecting B.K. to the crimes; there's a possible connection between Scofield and the person who gave the anonymous tip leading to the arrest of Bryan Kohbergers.

State of Idaho v. Bryan C. Kohberger, Ada County Case No. CR-01-24-31665 is on-going. Nearly all the evidence is hidden, sealed, or not made available to the public. Based on the current evidence or likelihood of the existence of evidence, Guillard's videos and theories, derived from her claircognizant abilities, tarot cards and oracle cards, is likely to be accurate; or at that very least are plausible and have not been proven to be false.

**C.   Issues of Material Facts**

The evidence in the State of Idaho vs. Bryan Kohberger (Case No. CR01-24-31665) is not available to the public. Additionally, nearly all the exhibits and evidence has been sealed. There was also a non-dissemination order issued.[45] Defendant Ashley Guillard does not have access to the States discovery. However, as more information is disseminated and made available to the public Guillard's video statements regarding the quadruple homicide aligns with the evidence. Additionally, Scofield has admitted that Guillard is correct: Scofield did have access to a white Elantra the night of the quadruple homicide nearly identical to the white Elantra MPD contends the murder suspect drove. Guillard's absolute defense of truth against the Plaintiffs defamation claims is plausible. Until the evidence regarding the homicides is made available to the public there are issues of material facts in this case. Pursuant to the State of Idaho, in the quadruple homicide case, *discovery has been complicated, dynamic, and constantly evolving as new information comes to light. The State believes it serves the interests of the parties and the Court*

---

[45] https://coi.isc.idaho.gov/docs/CR29-22-2805/010323+Nondissemination+Order.pdf

*for there to be reasonable flexibility to facilitate the development and exchange of relevant information to assist the trial jury.*[46] Due to the connection of the civil case of Scofield v. Guillard and the criminal case of the State of Idaho v. Bryan Kohberger, the same sentiment applies. It is too early for the Court to rule on a summary judgment due to the complexity of the case. It is in the best interest of justice, the parties, and the Court for there to be reasonable flexibility to allow for the development and exchange of relevant information and evidence to assist the trial jury.

## V.  CONCLUSION & PRAYER FOR RELIEF

The Court has erroneously placed the burden of proof - to prove Plaintiff Scofield caused the murder of the four students - on the Defendant (see DKT. 74). However, the evidence regarding the four homicides is controlled by The State of Idaho and is largely sealed and redacted. Hence there are issues of material facts of the case. As evidence regarding the events that took place the night of the murders is made public; Guillard's Tik-Tok videos are consistently proving to be the absolute truth and substantially true; beyond the parameters of a coincidence. Therefore, if it is Guillard's burden to prove that Scofield was involved in the four homicides, it is reasonable for the Court to wait until after the evidence is made available to the public before any judge or jury can make any decisions on the merits of the case.

Guillard's consistent accuracy proves that her videos were not published with malice. Additionally, because evidence supports the accuracy of her claircognizant abilities, she is reasonable to believe that she is capable of getting the truth of the matter. Plaintiff Rebecca Scofield has made several false statements about Guillard. Defendant Ashley Guillard has not made false statements knowing they are false. In fact, many of Guillard's statements are backed

---

[46] https://coi.isc.idaho.gov/docs/CR01-24-31665/2025/031025+States+Response+Defendants+Motion+Leave+File+Additional+Expert+Witness+Disclosures.pdf

by evidence and absolutely true. Additionally, Scofield has not proven by the preponderance of evidence that Guillard defamed her. It is in the best interest of justice that the Order Granting Partial Summary Judgment (DKT. 74) is completely reversed. Defendant Ashley Guillard moves the Court to DENY the Plaintiff's Motion for Partial Summary Judgment (DKT. 63) and DENY the Plaintiff's Motion for Leave to Amend the Complaint to Add Punitive Damages (DKT. 64).

DATED: March 15, 2025

/s/ Ashley J. Guillard<br>
Ashley J. Guillard<br>
Pro-Se Litigant

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2025, I served a copy of the foregoing via CM/ECF on the Registered Participants as follows:

Cory M. Carone: cory.carone@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

Wendy J. Olson: wendy.olson@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com.

DATED: March 15, 2025.

<u>/s/ Ashley J. Guillard</u>
Ashley J. Guillard
Pro-Se Litigant
