Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>    Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>    Defendant. | Case No. 3:22-cv-00521-REP<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION (DKT. 92)** |

## TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................ 1

III. LEGAL STANDARD .................................................................................................... 2

IV. ARGUMENT ................................................................................................................. 3

    A.    The evidence Ms. Guillard cites should not alter the Court's decision to grant partial summary judgment in favor of Professor Scofield. ........................... 3

    B.    Ms. Guillard improperly relies on evidence she could have been obtained earlier. ................................................................................................................... 6

    C.    The Court should proceed with scheduling a trial on damages. ........................... 9

V. CONCLUSION ............................................................................................................... 9

## I. INTRODUCTION

For the third time, Defendant Ashley Guillard asks the Court to revisit a prior decision. Dkts. 50, 77, 92. But "court's opinions 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Portfolio FB-Idaho, LLC v. FDIC*, No. 1:10-cv-377-BLW, 2011 WL 901176 (D. Idaho Mar. 14, 2011) (citation omitted). Ms. Guillard's current request for reconsideration—like all her others—is meritless. After failing to show that the Court's decision to grant partial summary judgment in favor of Plaintiff Rebecca Scofield was a clear error or manifestly unjust, Dkt. 89, Ms. Guillard now argues she has new evidence that warrants revisiting summary judgment. Ms. Guillard's motion fails for at least two reasons: (1) the evidence she submits does not affect the Court's prior reasoning, and (2) the evidence she submits could have been discovered previously. The Court should deny Ms. Guillard's motion and proceed with scheduling trial on damages.

## II. BACKGROUND

Professor Scofield is a professor at the University of Idaho. Dkt. 89, p. 1. After four students were tragically murdered in November 2022, Ms. Guillard posted numerous videos on TikTok and YouTube falsely stating that Professor Scofield: (1) had an extramarital, same-sex, romantic affair with a victim, and (2) ordered the four murders to cover up the affair. *Id.* Ms. Guillard ignored cease-and-desist letters, so Professor Scofield sued her for defamation. *Id.* In June 2024, the Court held Ms. Guillard is liable to Professor Scofield for defamation and allowed Professor Scofield to seek punitive damages. Dkt. 74. The parties are awaiting a trial setting to determine the amount of damages Ms. Guillard owes Professor Scofield. Dkts. 74 & 91. Ms. Guillard does not want to go to trial, so she has repeatedly sought to relitigate decided issues. Dkts. 50, 77, 92.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION (DKT. 92) - 1

## III.  LEGAL STANDARD

Ms. Guillard moves under Rule 60(b). That rule allows a party to seek relief when there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).[1] "'[R]econsideration is an extraordinary remedy,'" thus "'motions for reconsideration are generally disfavored and may not be used to present new arguments or evidence that could have been raised earlier.'" *LaKamp v. Runft*, No. 1:20-cv-544-DCN, 2024 WL 1621972, at *3 (D. Idaho April 15, 2024) (citations omitted). If a movant can demonstrate the discovery of new evidence not previously available, the movant must show that the new facts are "'of a strongly convincing nature to induce the court to reverse its prior decision.'" *Brost v. City of Boise*, No. 1:07-cv-120-EJL, 2008 WL 11350103, at *1 (D. Idaho June 2, 2008) (citation omitted).[2] Put differently, to prevail on a motion for reconsideration "because of newly discovered evidence, the movant must show the evidence (1) existed at the time of the trial or proceeding at which the ruling now protested was entered; (2) could not have been discovered through due diligence; and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Crandall v. Seagate Tech.*, Case No. 1:10-cv-128-MHW, 2011 WL 2604732, at *2 (D. Idaho June 30, 2011).

---

[1] As she did previously, Professor Scofield maintains that Ms. Guillard's motion is procedurally improper because the challenged decision is not a final judgment.

[2] Professor Scofield cites cases decided under Rule 59(e) even though Ms. Guillard moves under Rule 60(b) because "the difference between a motion brought under Federal Rule of Civil Procedure 59(e) and one brought pursuant to Rule 60(b) is one largely of timing rather than substance." *McGiboney v. Corizon*, No. 1:18-CV-00529-DCN, 2022 WL 204364, at *3 (D. Idaho Jan. 24, 2022).

## IV. ARGUMENT

The Court should deny Ms. Guillard's motion because: (1) the evidence she cites does not change the Court's holding that Ms. Guillard defamed Professor Scofield, and (2) she could have previously obtained the evidence she now cites.

A.  **The evidence Ms. Guillard cites should not alter the Court's decision to grant partial summary judgment in favor of Professor Scofield.**

When the Court granted Professor Scofield's partial Motion for Summary Judgment, it "concluded that Defendant defamed Plaintiff when she publicly accused her of having an inappropriate same-sex romantic affair with a student, and then engineering that student's murder, along with three other students, to cover up the relationship because those accusations had no basis in fact." Dkt. 89, pp. 6–7. The Court reached that conclusion by applying Rule 56's standard. It first found that Professor Scofield satisfied her burden of showing she was entitled to summary judgment by presenting affirmative evidence "demonstrating that she had nothing to do with any of the students or their murders." *Id.* at p. 11. "[T]his shifted the burden to Defendant to dispute that claim by setting forth facts showing that there is a genuine issue for trial relating to whether her statements about Plaintiff are true." *Id.* The Court concluded Ms. Guillard "did not satisfy her burden," thus summary judgment was appropriate. *Id.*

Ms. Guillard's current motion does nothing to disrupt the Court's prior reasoning. To start, she has failed to establish how her cites to URL addresses in the Bryan Kohberger prosecution constitute admissible evidence. Although the filings in Mr. Kohberger's case may be judicially noticed, the evidence cited in those filings cannot. *See Witzke v. Idaho State Bar*, 643 F. Supp. 3d 1093, 1104 (D. Idaho 2022) ("'Specifically, the Court may judicially notice the existence of another court's decision—which includes the stated reasoning of the authoring court as well as the date of the decision—and other filings made in the case, *but not the facts recited in that decision*

*or other filings*.'" (citation omitted; emphasis added)). Nor can the accuracy of the evidence cited in the filings be unquestioned, as Mr. Kohberger and the State are litigating the admissibility of evidence in that proceeding. *See* Fed. R. Evid. 201(b)(2). Ms. Guillard's failure to establish admissibility in this proceeding is alone enough to preclude the relief requested here, as "[o]nly admissible evidence may be considered in ruling on a motion for summary judgment." *Reece v. Pocatello/Chubbuck Sch. Dist. No. 25*, 713 F. Supp. 2d 1222, 1228 (D. Idaho 2010).

But even if the evidence cited were admissible, it does not affect the Court's analysis. The evidence Ms. Guillard presents fits roughly into three buckets: (1) evidence related to the white Hyundai Elantra purportedly seen near the crime scene, (2) evidence related to the victims and their roommates' activities around the times of the murders and the subsequent investigation, and (3) physical evidence that purportedly exculpates Bryan Kohberger. None of that evidence even remotely suggests Professor Scofield had an affair with a student or orchestrated the murders.

Starting with the evidence about the white Hyundai Elantra, Ms. Guillard's argument is premised on a misrepresentation to the Court. She says Professor Scofield "admitted to having access to a White Hyundai Elantra during the night of the quadruple murder of the four students." Dkt. 92-1, p. 9. That representation is false. Ms. Guillard solely cites a Request for Admission that Professor Scofield directed to Ms. Guillard. Dkt. 92-1, p. 19 n.17 (citing Dkt. 63, Ex. A, p. 4). The Request for Admission asked Ms. Guillard to admit she never stated Professor Scofield had access to a white Hyundai Elantra until *after* law enforcement publicly stated they were looking for information about such a vehicle. Dkt. 63-4, p. 4 (RFA 12). Directing a Request for Admission to Ms. Guillard is not an admission by Professor Scofield of anything. Yet Ms. Guillard's response to that discovery request proves she revised her false story about Professor Scofield as law enforcement released information, undermining Ms. Guillard's claim to any so-called

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION
(DKT. 92) - 4

clairvoyance. She learned about the white Elantra at the same time as everybody else. She had no special insight about the vehicle's purported involvement in the murders, nor does she have *any* evidence linking Professor Scofield to a white Elantra.

Moving next to the evidence about the victims and their roommates' conduct and the subsequent investigation, Ms. Guillard's presentation of evidence is irrelevant. She suggests it is somehow pertinent that the surviving roommates were "afraid the night of the murders and decided to take refuge together," that a victim's dog was "around but separate from the victims," that one of the victims broke up with her boyfriend before the murders, that the victims were killed in different rooms, and that law enforcement arrested a suspect. Dkt. 92-1, pp. 7–11. It is hard to fathom what Ms. Guillard views as surprising about two college girls being afraid when their roommates were murdered and they saw a man wearing a black mask, a dog being in the house, a college girl breaking up with her boyfriend, people being in their own bedrooms at night, or law enforcement arresting a suspect after a quadruple murder. Those purported facts do nothing to suggest Ms. Guillard has any special, mystical powers. And in any event, they do nothing to prove—or even suggest—that Professor Scofield had an affair with a victim or orchestrated the murders.

Ending with the evidence that Ms. Guillard argues exculpates Mr. Kohberger, Ms. Guillard's presentation of evidence is again irrelevant. She asserts that a victim had three sets of DNA under her fingernails, there was blood from multiple males found at the crime scene, and that a knife sheath was planted at the crime scene. Dkt. 92-1, pp. 11–13. Professor Scofield does not know the veracity of any of those assertions, or whether they provide admissible exculpatory evidence in the State's case against Mr. Kohberger. Regardless, this case is not about whether Mr. Kohberger committed the murders. As the Court explained last time Ms. Guillard moved for

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION
(DKT. 92) - 5

reconsideration: Although some issues in this case "may have touched upon a matter of criminal concern in a parallel criminal proceeding in state court, the Court never endeavored to apply the elements of the crime of murder and adjudge Plaintiff 'innocent' and Mr. Kohberger 'guilty.'" Dkt. 89, p. 8. Simply put, even if some physical evidence may tend to exculpate Mr. Kohberger, that evidence does not then somehow suggest Professor Scofield had an affair or orchestrated the murders.

Ms. Guillard has failed to prove the Court erred in granting partial summary judgment in favor of Professor Scofield. The Court should thus deny Ms. Guillard's motion.

**B.      Ms. Guillard improperly relies on evidence she could have been obtained earlier.**

"When newly discovered evidence forms the basis of a motion for [re]consideration, it must be evidence 'which by due *diligence could not have been discovered* in time' to obtain alternative relief." *LaKamp*, 2024 WL 1621972, at *5 (emphasis in original) (quoting Fed. R. Civ. P. 60(b)).[3] "The failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'" *Crandall*, 2011 WL 2604732, at *2 (citation omitted); *see also Vasquez v. City of Idaho Falls*, No. 4:16-cv-184-DCN, 2018 WL 1123865, at *3 (D. Idaho March 1, 2018) ("Evidence is only newly discover[ed] if it was in fact previously unavailable—i.e. the party asserting the evidence, acting with reasonable diligence, could not have previously discovered the evidence."). The reason for this rule is a "court's opinions 'are not

---

[3] *See also Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, No. 1:17-CV-00519-DCN, 2020 WL 2841517, at *16 (D. Idaho June 1, 2020) ("With respect to the latter, the Court finds an 'expanded factual record' is not an appropriate basis for reconsideration of a discovery order, where, as here, all of the evidence in the expanded record could have been, but was not, submitted prior to the Sanctions Order."); *Inclusion, Inc. v. Armstrong*, No. 1:09-cv-00634-BLW, 2012 WL 1231855, at *2 (D. Idaho Apr. 12, 2012) ( denying reconsideration in part because "Defendants have not shown, nor do they argue, that the evidence was unavailable or could not have been discovered at the time the parties submitted stipulated facts to the Court.").

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION
(DKT. 92) - 6

intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Portfolio FB-Idaho, LLC*, 2011 WL 901176, at *1 (citation omitted). Accordingly, the parties should make sure the record is fully developed *before* the Court spends "significant time investigating and resolving" the issues in the case. *Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, No. 1:17-CV-00519-DCN, 2020 WL 2841517, at *14 (D. Idaho June 1, 2020).

Ms. Guillard's motion relies on various URL links to filings in the criminal proceedings against Bryan Kohberger. Although some of those filings are from this year, the evidence discussed in those filings is much older. For example, the filings reference: (1) text messages sent on November 13, 2022 by a student living in the house where the murders occurred, (2) a 911 call made on November 13, 2022, (3) an affidavit supporting the request for an arrest warrant for Bryan C. Kohberger filed December 29, 2022, (4) surveillance footage from November 13, 2022 of a vehicle at or near the crime scene (purportedly a white Hyundai Elantra), (5) DNA analysis from fingernail scrapings of another student living at the house where the murders occurred, taken on an unknown date but before Mr. Kohberger was arrested, and (6) blood recovered from the crime scene before December 19, 2022.

Most of this evidence has been at least referenced in media coverage of Mr. Kohberger's prosecution, so Ms. Guillard would have been aware of its existence long before the Court granted summary judgment in favor of Professor Scofield. For example, it was reported almost immediately after the murders that there were surviving roommates and that the criminal investigation started with a 911 call.[4] It was similarly reported early in the investigation that police

---

[4] *E.g.*, Angela Palermo, *Police Don't Think 911 Caller, Roommates Were Killers in U of Idaho Student Stabbings*, Idaho Statesman (Jan. 6, 2023), https://www.idahostatesman.com/news/local/crime/article269010112.html (referencing the two surviving roommates and a 911 call).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION (DKT. 92) - 7

were looking for a white Hyundai Elantra.[5] And the probable cause affidavit was reported on and published shortly after Mr. Kohberger's arrest.[6] Ms. Guillard even cited it in her opposition to summary judgment. Dkt. 65-5.

Despite her awareness of the evidence she now cites, Ms. Guillard did nothing to obtain it (aside from the probable cause affidavit she previously cited, which is thus not new evidence to Ms. Guillard). She failed to serve a single discovery request directed to Professor Scofield. Declaration of Wendy Olson in Support of Plaintiff's Opposition to Defendant's Motion for Reconsideration ("Olson Decl."), ¶ 2. She abandoned her original subpoena directed to Meta Platforms, Inc. Dkt. 55, pp. 3–4. She failed to pursue a modified subpoena directed to Meta Platforms, Inc., even when the Court offered some guidance on how she could do so procedurally. Dkt. 55, pp. 3–4; Olson Decl., ¶ 3. And aside from a subpoena to the University of Idaho, she failed to issue subpoenas to any other person. Olson Decl., ¶ 4. Courts have denied motions for reconsideration when movants have done far more in discovery than Ms. Guillard did here. *Dickinson Frozen Foods, Inc.*, 2020 WL 2841517, at *14, *16 (finding insufficient cause to consider the movant's "belatedly submitted evidence" even when the movant obtained "5,800" documents in response to discovery before the challenged order was issued). Given Ms. Guillard's complete lack of diligence to discover the evidence she now relies on, the Court should deny her motion.

---

[5] *E.g.*, Rebecca Rosenberg, *Idaho Murder Timeline: What We Know About the Slayings of Four Students*, Fox News (Jan. 16, 2023), https://www.foxnews.com/us/university-idaho-murders-timeline-what-know-slaughter-four-students (reporting that on December 7, 2022 investigators started asking for information about a white Hyundai Elantra).

[6] *E.g.*, Michael Ruiz, *Idaho Murders: Veteran Defense Attorney Lays out Case Bryan Kohberger Team Could Make, "Holes" in Affidavit*, Fox News (Jan. 11, 2023), https://www.foxnews.com/us/idaho-murders-veteran-defense-attorney-lays-out-case-bryan-kohberger-team-could-make-holes-in-affidavit.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION (DKT. 92) - 8

**C.     The Court should proceed with scheduling a trial on damages.**

Portions of Ms. Guillard's motion suggest she thinks this case should not proceed until the conclusion of Mr. Kohberger's criminal trial, but it is unclear whether Ms. Guillard is affirmatively asking the Court to delay trial. To the extent her motion does request a delay, the Court should deny that request. Rule 60(b) allows the Court to revisit a prior judgment or order—it is not a vehicle for staying a case or modifying a case schedule. But even if Ms. Guillard's request were procedurally proper, the Court should not further delay trial. Professor Scofield filed her complaint over two years ago, and it is approaching a year since the Court granted partial summary judgment in her favor. At every turn, Ms. Guillard has obstructed forward progress: failing to file a timely answer (Dkt. 5), failing to respond to discovery requests (Dkt. 61), inserting frivolous counterclaims (Dkt. 49), and filing baseless motions challenging this Court's reasoning and authority (Dkts. 50, 77, 92).

Ms. Guillard has no intention of changing her behavior or taking responsibility for her actions. Dkt. 91. The only way Professor Scofield can obtain justice is to complete this litigation, and she deserves the right to do so now. Ms. Guillard has done nothing to suggest Mr. Kohberger's trial—or anything else—will ever change the reality that she disrespected the four students who were murdered and defamed Professor Scofield to gain attention and notoriety on the internet.

## V. CONCLUSION

The Court should deny Guillard's Motion for Reconsideration (Dkt. 92).

DATED: April 7, 2025.

                STOEL RIVES LLP

                /s/ Wendy J. Olson
                Wendy J. Olson
                Cory M. Carone

                Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 7, 2025, I served a copy of the foregoing via CM/ECF on the Registered Participant as follows:

    Ashley Guillard
    msashleyjt@gmail.com

                                   /s/ Wendy J. Olson
                                   Wendy J. Olson