UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>    Plaintiff,<br><br>vs.<br><br>ASHLEY GUILLARD,<br><br>    Defendant. | Case No.: 3:22-cv-00521-REP<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**DEFENDANT'S RULE 60(b)(2) MOTION FOR RECONSIDERATION OF PARTIAL SUMMARY JUDGMENT**<br><br>**(Dkt. 92)** |

Pending before the Court is Defendant's Rule 60(b)(2) Motion for Reconsideration of Partial Summary Judgment (Dkt. 92). Because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion will be decided on the record and without oral argument. As discussed more fully below, the Motion is denied.

### I. BACKGROUND

This case arises out of the tragic murder of four University of Idaho students in November 2022. Plaintiff Rebecca Scofield is a professor at the University of Idaho. She alleges that, despite never meeting any of these students or being involved with their murders in any way, Defendant Ashley Guillard posted numerous TikTok (and later YouTube) videos falsely claiming that Plaintiff (i) had an extramarital, same-sex, romantic affair with one of the victims; and then (ii) ordered the four murders to prevent the affair from coming to light. Plaintiff sent cease-and-desist letters to Defendant in the following days and weeks. When Defendant did not stop, Plaintiff initiated this action. Plaintiff asserts two defamation claims against Defendant: one is premised upon the false statements regarding Plaintiff's involvement

**MEMORANDUM DECISION AND ORDER - 1**

with the murders themselves, the other is premised upon the false statements regarding Plaintiff's romantic relationship with one of the murdered students.

On June 6, 2024, the Court granted Plaintiff's Amended Motion for Partial Summary Judgment (the "MDO"). *See* 6/6/24 MDO at 8-20 (Dkt. 74). On the issue of liability for Plaintiff's two defamation claims against Defendant, the Court concluded that Plaintiff sufficiently demonstrated the absence of any genuine issue of material fact relating to the falsity of Defendant's statements about her. *Id*. at 17-18 (after citing evidence, stating: "This is powerful evidence at the summary judgment stage. It not only substantiates Plaintiff's argument that Defendant's statements about her are false, it also highlights the complete lack of any corroborating support for Defendant's statements."). Under Rule 56, this shifted the burden to Defendant to dispute that claim by setting forth facts showing that there is a genuine issue for trial relating to whether her statements about Plaintiff are true. In relying only on her spiritual investigation into the murders, however, the Court concluded that Defendant did not satisfy her burden. *Id*. at 18-20 ("As a result, Defendant's psychic intuition, without more, cannot establish a genuine dispute of material fact to oppose Plaintiff's summary judgment efforts."). The Court therefore concluded that "the totality of the evidence reveals that there is no genuine dispute as to any material fact that Defendant defamed Plaintiff." *Id*. at 20.

Also on June 6, 2024, the Court granted Plaintiff's Motion for Leave to Amend Complaint to Add Punitive Damages. *Id*. at 20-22. In permitting a claim for punitive damages, the Court concluded that Plaintiff "established a reasonable likelihood of proving, by clear and convincing evidence, that Defendant's conduct in accusing Plaintiff of an affair with a student before ordering that student's and three other students' murders was oppressive, fraudulent, malicious, and/or outrageous." *Id*. at 21. The extent of Plaintiff's damages, if any, remains an issue for trial.

**MEMORANDUM DECISION AND ORDER - 2**

Defendant then moved for "reconsideration, alteration, or amendment" of the Court's June 6, 2024 MDO pursuant to Rule 59(e). *See* Mot. to Alter or Am. J. (Dkt. 77). Defendant specifically argued that the MDO (i) "was based upon a manifest error of law or fact"; (ii) "should be amended to prevent manifest injustice and an impediment to justice due to the lack of judicial impartiality"; and (iii) "erroneously allows for excessive damages." *Id*. at 2. These reasons, according to Defendant, warranted the wholesale dismissal of the case under Rule 12(h)(3). *Id*. at 1-2. The Court disagreed and denied Defendant's Motion. *Id*. at 6-16 (in response to Defendant's particular arguments, concluding that the MDO did not violate the First Amendment; the Court has subject matter jurisdiction, properly resolved Plaintiff's defamation claims, and has not violated Defendant's right to a fair tribunal; Idaho law permits a claim for punitive damages; and Defendant's defamatory statements are not privileged).

Now, via the pending Motion, Defendant again moves to have the Court reconsider its June 6, 2024 MDO – this time, pursuant to Rule 60(b). *See* Mot. for Recon. (Dkt. 92). Defendant claims that newly discovered evidence (in the form of filings in a related state court criminal proceeding) "provides factual support that substantiates the Tik-Tok videos [Defendant] posted regarding the murder of the four University of Idaho students . . . ." *Id*. at 1. Defendant maintains that she cannot be found liable for defamation because this newly discovered evidence proves that she was telling the truth in these Tik-Tok videos, or otherwise highlights outstanding issues of material fact that precludes summary judgment. *Id*. at 1-2. Plaintiff again opposes Defendant's latest Motion in its entirety. *See generally* Opp. to Mot. for Recon. (Dkt. 93). These arguments are considered below.

## II. LEGAL STANDARD

Under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding for the following reasons: (i) "mistake, inadvertence, surprise, or excusable neglect;" (ii) "newly

**MEMORANDUM DECISION AND ORDER - 3**

discovered evidence that, with reasonable diligence, could not have been discovered previously;" (iii) "fraud, misrepresentation, or misconduct by an opposing party;" (iv) "the judgment is void;" (v) "the judgment has been satisfied, released, or discharged;" or (vi) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). "Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005) (citation omitted). The moving party "bears the burden of proving the existence of a justification for Rule 60(b) relief." *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988).

Here, Defendant relies on Rule 60(b)(2) when she claims that newly discovered evidence exists that "corroborates the truth and accuracy" of her statements about Plaintiff's involvement in the November 2022 murders. Mem. ISO mot. for Recon. at 6 (Dkt. 92-1). "Relief from [an order] on the basis of newly discovered evidence is warranted if (i) the moving party can show the evidence relied on in fact constitutes newly discovered evidence within the meaning of Rule 60(b); (ii) the moving party exercised due diligence to discover this evidence; and (iii) the newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1136 (9th Cir. 2022) (quoting *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003)).

The disposition of a Rule 60(b) motion is committed to "the sound discretion of the district court." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

### III. DISCUSSION

Defendant argues that newly discovered evidence – revealed in a parallel criminal proceeding in state court – tracks statements made in her earlier Tik Tok videos about various circumstances surrounding the murders. For example, Defendant claims that newly discovered evidence confirms her statements about (i) how the surviving roommates were afraid the night of

**MEMORANDUM DECISION AND ORDER - 4**

the murders; (ii) a dog being in the house at the time of the murders; (iii) a break-up involving one of the victims and her boyfriend; (iv) the four victims being located in two different rooms; and (v) the imminence of an arrest. Mem. ISO Mot. for Recon. at 7-11 (Dkt. 92-1). From this, Defendant contends that the perceived synergy between her psychic intuition and the newly discovered evidence not only validates her separate statements about Plaintiff's role in the murders and relationship with one of the victims, but also highlights how her theories about the murders have never been proven false, and therefore her absolute defense of truth against Plaintiff's defamation claims remains plausible. *Id*. at 7-14.

Plaintiff counters that Defendant's arguments are procedurally improper because the June 6, 2024 MDO is not a final judgment. Opp. to Mot. for Recon. at 2, n.1 (Dkt. 93). Plaintiff additionally argues that the evidence Defendant's cites is not admissible and, regardless, does not affect the Court's analysis. *Id*. at 3-6. Plaintiff lastly questions Defendant's diligence, arguing that she was already aware of most of the evidence she now relies upon in her Motion (i.e., the evidence is not new at all), but did nothing to formally obtain it during discovery or otherwise make any effort to incorporate it into her summary judgment briefing. *Id*. at 6-8.[1] The Court agrees with Plaintiff.

Even assuming that Defendant's reconsideration efforts are procedurally proper, and that the referenced evidence is both newly discovered and admissible, Defendant's Motion suffers from a fatal flaw: the evidence does not change the disposition of the case. Absolutely nothing about this evidence suggests that Defendants' statements about Plaintiff are true. That certain of Defendant's psychic insights may have randomly coincided with banal aspects of notorious and

---

[1] Plaintiff's position in this respect may explain Defendant's recent Notice to the Court of Requested Documents (Dkt. 95). There, Defendant notified the Court of her public records request following the state court's denial of her Motion for Access to Non-Disclosed Records in the state criminal action. *Id*.

**MEMORANDUM DECISION AND ORDER - 5**

well-publicized murders is hardly surprising. But this happenstance alone does not legitimize Defendant's perceived clairvoyance, nor can it bridge the gap between Defendant's intuition and the truth – a crucial aspect of Plaintiff's defamation claims against Defendant. Ultimately, the cited evidence is wholly unrelated to Plaintiff;[2] if anything, it underscores that there continues to be no evidence that Plaintiff had an affair with a student or orchestrated the murders to keep that affair secret.

Defendant's insistence about how her theories surrounding the murders have never been proven false is likewise unavailing. She claims that evidence pertaining to three sets of DNA under M.M.'s fingernails, the victims' defensive wounds, and blood at the crime scene from two unidentified males, is not inconsistent with her underlying theory that Plaintiff orchestrated the murders and framed Brian Kohberger (the defendant in the state criminal action) by planting a knife sheath at the crime scene. Mem. ISO of Mot. for Recon. at 11-13 (Dkt. 92-1). But this misses the point. As the Court already stated, this case is not about whether Mr. Kohberger committed the murders. *See* 2/4/25 MDO at 8 (Dkt. 89) ("Though the Court's consideration of those issues may have touched upon a matter of criminal concern in a parallel criminal proceeding in state court, the Court never endeavored to apply the elements of murder and adjudge Plaintiff "innocent" and Mr. Kohberger "guilty.""). Rather, this case is about whether Defendant defamed Plaintiff by repeatedly accusing Plaintiff of an affair with a student before

---

[2] Defendant's attempt to associate Plaintiff with evidence about a white Hyundai Elantra being involved in the murders also falls short. *See* Mem. ISO Mot. for Recon. at 9 (Dkt. 92-1) ("[Defendant] stated on the video that [Plaintiff] had access to a white Hyundai Elantra the night of the murders; and that she drove to the scene of the homicides to ensure the execution of the murders. On January 12, 2024, [Plaintiff] admitted to having access to a white Hyundai Elantra during the night of the quadruple murder of the four students. The State's Exhibit A alleges evidence that a white Elantra was seen near the area of the homicides several times."). Defendant's reliance upon a Request for Admission *from* Plaintiff *to* Defendant to prove this point is not only misplaced, but fails to make the connection Defendant seeks. Based upon the record before the Court, Plaintiff never admitted she had access to a white Hyundai Elantra.

**MEMORANDUM DECISION AND ORDER - 6**

ordering that student's and three other students' murders. On that lynchpin point, the Court concluded that there is no genuine dispute as to any material fact that Defendant did so, regardless of whether Mr. Kohberger – or anyone else – committed the murders. The evidence that Defendant cites in support of her Motion does not change this conclusion because there continues to be no corroborating support for Defendant's statements about Plaintiff.

For these reasons, Defendant's Motion is denied.

## IV.  ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's Rule 60(b)(2) Motion for Reconsideration of Partial Summary Judgment (Dkt. 92) is DENIED.

The parties shall meet and confer to discuss trial dates. After doing so, on or before June 16, 2025, the parties shall file a joint status report with the parties' proposals for trial dates and whether the parties have a mutual interest in participating in a judicial settlement conference.



DATED:  May 30, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 7**