Ashley Guillard
msashleyjt@gmail.com
3262 Westheimer Rd, 942
Houston, TX 77098
337.372.3181

Pro-Se Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>          Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>          Defendant. | Case No. 3:22-cv-00521-REP<br><br>**DEFENDANT'S OBJECTIONS TO MAGISTRATE'S DECISION AND ORDER ON MAY 30. 2025 (DKT 96)** |

Defendant, Ashley Guillard (Guillard), pursuant to Federal Rules of Civil Procedure Rule 72(a), 28 U.S.C. § 636(b)(1), and District Local Rule 72.1(b)(1), files this Objection to Chief U.S. Magistrate Judge Raymond E. Patricco Memorandum Decision and Order on May 30, 2025 (DKT. 96).

## I.    INTRODUCTION

This civil case presents a conflict of weighing the fundamental constitutional right of the freedom of expression, and the moral or legal duty of citizens to publicly report a crime that is a matter of public safety, against alleged defamation of character. This case also presents an issue of a conflict of interest between this civil case and the criminal case of the State of Idaho v. Bryan C. Kohberger, Ada County Case No. CR-01-24-31665 (referred to as "the criminal case"). Guillard believes that the State is prosecuting the wrong suspect for the four counts of Murder in the First

Degree for the murder of the four students. Moscow Police Department stated on December 27, 2022, that they did not believe Guillard's statement, that Plaintiff Rebecca Scofield (Scofield) ordered the murder of the four University of Idaho students found dead on November 13, 2022, in Moscow Idaho. A non-dissemination order was issued in the criminal case and evidence is being withheld from the public. However, in 2025, through pre-trial motions in the criminal case some evidence has been revealed i.e., text message extractions from the surviving roommates and the grand jury transcript. Nearly all the evidence that has been revealed to the public substantiates Guillard's account of the murder of the four students.

Guillard submitted a public records request for the evidence in the criminal case that she believes substantiates her claims that Scofield is an accomplice in the murder of the four students (see DKT. 95). Ada County has not released those records to Guillard, nor have they complied with the Public Records Act, Idaho Statute 74-102, that requires them to grant or deny the request within 3 days. The evidence that potentially affirms Defendant Ashley Guillard's defense of truth is non-disclosed and being withheld from the public and Guillard by Ada County in the State of Idaho (the State). This causes an issue of material facts in this civil defamation case. It also causes a due process issue for Guillard because this U.S. District Court, under the tutelage of Chief Magistrate Judge Raymond E. Patricco, required Guillard to provide evidence that Scofield ordered the murder of the four students; the evidence is being withheld by Ada County.

## II. STANDARD OF REVIEW

Pursuant to 28 USC §636(b)(1), FRCP Rule 72(a), and District Local Rule 72.1(b)(1):

*"Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or*

> *specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."*

The district judge may also consider sua sponte any order by a magistrate judge found to be clearly erroneous or contrary to law (Local Rule 72.1(b)). Additionally, written objections and the subsequent review by a District Judge may also be necessary for appeal. *"A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order…"*. Guillard submitted a Rule 60(b)(2) Motion for Reconsideration, based on newly received evidence, of the Order Granting the Plaintiff a Partial Summary Judgment, and the Order Granting the Plaintiff Leave to Amend The Complaint To Add Punitive Damages (DKT. 92). The motion was denied by the Magistrate Judge on March 30, 2025 (DKT. 96). Pursuant to Rule 72 Guillard now files written objections within 14 days of the order.

### III.    LEGAL STANDARD FOR RULE 72

FRCP Rule 72 and LR 72.1 requires that all objections to the Magistrate Judge's Report and Recommendation (or Order) be both timely and specific. Pursuant to Rule 46 *"When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection."* Accordingly, the Defendant's objections are set forth below in accordance with those requirements.

### IV.    OBJECTIONS TO THE MAGISTRATE'S DECISION AND ORDER (DKT. 96).

First, Under Rule 56, to succeed in a motion for summary judgment, a movant must show 1) that there is no genuine dispute as to any material fact, and 2) that the movant is entitled to

judgment as a matter of law. Second, an award of punitive damages requires a bad act and a bad state of mind. See Todd v. Sullivan Const. LLC, 146 Idaho 118, 123, 191 P.3d 196, 201 (2008). "The defendant must (1) act in a manner that was an extreme deviation from reasonable standards of conduct with an understanding of – or disregard for – the likely consequences and must (2) act with an extremely harmful state of mind, described variously as with malice, oppression, fraud, or outrageousness." See Myers v. Workmen's Auto Ins. Co., 140 Idaho 495, 501, 95 P.3d 977, 983 (2004); see also O'Neil, 118 Idaho at 265, 796 P.2d at 142. Lastly, "Relief from [an order] on the basis of newly discovered evidence is warranted if (i) the moving party can show the evidence relied on in fact constitutes newly discovered evidence within the meaning of Rule 60(b); (ii) the moving party exercised due diligence to discover this evidence; and (iii) the newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case." Trendsettah USA, Inc. v. Swisher Int'l, Inc., 31 F.4th 1124, 1136 (9th Cir. 2022) (quoting Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003)).

**A.    The Evidence Changes the Disposition of The Case**

Guillard's involvement with the case of the murder of the four students and the plaintiff began on November 23, 2022, when she began using esoteric means: intuition, claircognizant abilities, tarot cards, and oracle cards to investigate the cause of the quadruple homicide; at the request of a Tik-Tok user. Using those esoteric means Guillard discerned the location of the bodies, the location, conversation and activities of the roommates, the general location of the dog, the events that occurred before the victims' deaths, the motive, the involvement of two potential hitmen, and a teacher who ordered the murders. Because Guillard obtained the information from a priori knowledge, Guillard did not have evidence. Through-out the entire litigation the Plaintiff took advantage of this by mocking Guillard for her spiritual beliefs and practices, and falsely stated

that Guillard *made statements knowing they are false for money and clout, capitalizing off the tragedy and community's pain*. This was repeated in every docket the Plaintiff filed in this complaint. Chief Magistrate Judge Patricco joined in on mocking Guillard by referring to Guillard's esoteric practice, abilities, and derived information as *implausible, conclusory, unverifiable, and arguably so outrageous as to be clearly baseless and, thus, implausible*. See DKT. 49 pg. 9. Now that Guillard provided evidence that the disclosed evidence in the criminal trial proves she made accurate assessments regarding the homicides Judge Patricco minimized Guillard's accurate insights as "*random coincidences and happenstance*" (see pgs. 5-6 of DKT. 96). Despite the judge's attempt to minimize Guillard the fact remains that the States disclosed evidence supports Guillard's hypothesis.

On November 30, 2022,[1] and December 9, 2022,[2] Guillard accurately discerned that the surviving roommates heard everything, hid together because they felt it was better than being alone, were afraid, did not attempt to change the circumstances, heard homicide victim Xana Kernodle crying, offered the victim help, but ultimately decided to wait together until "they" came to rescue them lead them out of difficulty and keep them safe. Guillard discerned this even though on November 30, 2022, Moscow Police Department issued a press release updating the public on the "known facts" surrounding the homicides. It stated that the detectives believe that the two surviving roommates were asleep during the homicides and "*did not wake up until later that morning.*"[3] The evidence continued to be non-disclosed from the public until February 24, 2025, when the State of Idaho filed a motion to admit the text messages of D.M. and the testimony from

---

[1] https://www.youtube.com/shorts/zgzo1z8sb4s
[2] https://www.youtube.com/shorts/KiMZ8nq9TVo and https://www.youtube.com/watch?v=Dp7_C6gaTfc
[3] https://www.ci.moscow.id.us/CivicSend/ViewMessage/message/187987 (see

DEFENDANT'S OBJECTIONS TO MAGISTRATE'S ORDER (DKT 96)    5

D.M. and B.F. regarding their conversations with each other on November 13, 2022.[4] The motion reveals some of the contents of a non-disclosed record, D.M. iPhone Extraction. It provides enough information to verify that Guillard was correct that the surviving roommates were not sleeping, knew that something dangerous was happening, were afraid, decided to hide together, specifically stated "*it's better than being alone*", adapted to the circumstances instead of changing it by hiding and waiting a while to call 911. The 911 call transcript non-disclosed by a motion filed on February 24, 2025,[5] provides support that Guillard was correct that the surviving roommates hid until they were rescued and led out of difficulty by "them" (their friends). D.M. interviews with law enforcement are non-disclosed but her interview is mentioned in the probable cause affidavit. It also provides support that Guillard was correct about victim Xana was crying the evening of the murders, that she was offered help and that she ultimately did not receive that help (see footnote 9). On November 29, 2022, December 1, 2022,[6] and December 9, 2022,[7] Guillard accurately discerned the location of the victims' bodies,[8] and the approximate location of the dog Murphy. This is corroborated by the probable cause affidavit,[9] Officer Nunes body camera (non-disclosed) and the non-disclosed autopsy report provided by Spokane County Medical Examiner.

To get to the point, although the State of Idaho has not disclosed all the evidence, the evidence that has been made available supports Guillard's defense of truth. It provides proof that Guillard's esoteric skills are plausible and that she can use her esoteric skills to help the public and law enforcement to solve the quadruple homicide. Using plausible means to get accurate

---

[4] https://coi.isc.idaho.gov/docs/CR01-24-31665/2025/022425-REDACTED-States-Motion-inLimine-RE-Text-Messages-Testimiony.pdf
[5] https://coi.isc.idaho.gov/docs/CR01-24-31665/2025/022425-REDACTED-Motion-inLimine-RE-911-Call.pdf
[6] https://www.youtube.com/shorts/pMS4Zra-8mg
[7] https://www.youtube.com/watch?v=Dp7_C6gaTfc
[8] https://www.youtube.com/shorts/GyWDMnlNLqU
[9] https://coi.isc.idaho.gov/docs/CR29-22-2805/122922+Affidavit+-+Exhibit+A+-+Statement+of+Brett-Payne.pdf

information and to warn the public disputes the allegation that Guillard made false statements knowing they are false. Additionally, attempting to help solve a quadruple homicide with a killer on the loose is not an *act with an extremely harmful state of mind, described variously as with malice, oppression, fraud, or outrageousness*. Magistrate Judge Patricco's decision that Guillard's accurate insights regarding the homicides does not change this conclusion of the summary judgment because "*there continues to be no corroborating support for Defendant's statements about Plaintiff*" is inaccurate and lacks critical thinking. Guillard objects to that statement for several reasons:

1)      This is a civil defamation case, not a criminal homicide case. Guillard does not have to prove that Scofield ordered the murder of the four students. Instead, during the summary judgment argument, Guillard only needs to prove the Plaintiff has not proved by a preponderance of the evidence that Guillard made an intentional false statement. In fact, Scofield has not provided any evidence that Guillard made an intentional false statement. On the contrary, Guillard provided evidence that she has the skill to accurately discern untimely deaths (see Exhibit A, DKT. 57), events, conversations, locations, and activities of the victims using esoteric means. Guillard also provided evidence that she submitted her tips to the FBI tip line to help them solve the murders (see DKT. 66 Exhibit A). Guillard also provided evidence that she was correct even when the information law enforcement released was wrong (i.e., law enforcement stated that the roommates were sleeping during the murders, but the truth is they were up, knew what was going on and heard everything, like Guillard stated). Guillard also provided evidence that "psychics" are recognized by the Federal Government, Central Intelligence Agency, which stated that *it is not required for clairvoyants to be physically present to gather and provide information; yet the information can be helpful to law enforcement cases*. See Exhibit G, DKT. 63. Therefore, Guillard's belief in

herself is not a reckless disregard for the truth. Instead, it is the search for the truth and justice. Pursuant to Idaho Jury Instructions (IDJI) 4.84.5 - Libel or slander per se, the plaintiff must prove by clear and convincing evidence that the defendant knew the information was false or acted with reckless disregard for its truth. The Plaintiff has not provided any evidence that Guillard made an intentional false statement.

2)  Secondly, the withheld and non-disclosed evidence in the criminal case creates an issue of material facts in this civil case. The State of Idaho has all the evidence regarding the murder of the four students. Guillard does not have access to those documents and records. Since all the disclosed evidence, grand jury testimony, 911 call, probable cause affidavit, and the text message extraction supports Guillard's videos regarding the quadruple homicides, it is more likely than not that the remaining non-disclosed evidence has the potential to corroborate Guillard's statements regarding the homicides. Guillard also made the Court aware of specific evidence that the State has not disclosed that potentially proves a connection with Scofield and the victims. See DKT. 95. The magistrate judge's statement that *there continues to be no corroborating support for Defendant's statements about Plaintiff* is false. The support for Guillard's statements is in the control of the State of Idaho. Guillard's request for those documents was ignored by ADA County.

3)  The Plaintiff failed to provide a preponderance of evidence to prove each element of a defamation claim in Idaho. The moving party in a summary judgment has the initial burden of proof. Scofield failed to provide any evidence that Guillard made a false statement knowing it was false. Scofield also failed to provide any irrefutable evidence that Guillard's statements were false. The statement from Moscow Police Department (MPD) that they did not believe "the history professor suing a Tik-Tok user for defamation" is involved with the murder of the four students is hearsay, inadmissible and refutable. MPD also made a statement that "the surviving roommates

were sleeping during the murders and did not wake up until late morning". That statement turned out to be false. Scofield's assertion that she did not teach the four students is also irrelevant. I never accused her of being their teacher. Additionally, Bryan Kohberger was arrested for the murder of the four students. He did not teach the students either. The Plaintiff has no evidence proving Guillard defamed her. Under Rule 56, to succeed in a motion for summary judgment, a movant must show that the movant is entitled to judgment as a matter of law; a judge makes a decision applying the relevant laws to irrefutable evidence. With no admissible evidence that the Defendant made an intentional false statement there is no way that the magistrate judge applied the relevant defamation laws to evidence that does not exist. Instead, Judge Patricco, found Guillard liable for defamation based on his beliefs that clair-cognizance or psychic abilities are implausible. He was wrong and he made an error of law.

4) The Plaintiff made an intentional false statement about damages. Plaintiff alleges that Defendant's Tik-Tok videos harmed her reputation and caused physical injury. Compl. at 2, 8-11 (DKT. 1). Plaintiff claims to have suffered damage to her reputation, career, and mental health. Compl. at 2, 8-11 (DKT. 1); see also Opp. to MTD at 7 (DKT. 51). Plaintiff Rebecca Scofield has not suffered any harm to her reputation nor career. She is supported by the University of Idaho, teachers' union, has not lost her job, has not lost any wages, and has not provided evidence of any mental health issues. She has been deemed a "hero" online (see Plaintiff's GoFundMe). Pursuant to the Plaintiff's GoFundMe page *"the University of Idaho chapter of the American Federation of Teachers, the Idaho Federation of Teachers, and the national legal aid committee with the American Federation of Teachers have all moved forward with contributions to Dr. Scofield's legal fees, providing a significant amount of financial support."*[10] Despite the Plaintiff's lack of

---

[10] https://www.gofundme.com/f/support-dr-rebecca-scofield

DEFENDANT'S OBJECTIONS TO MAGISTRATE'S ORDER (DKT 96)        9

evidence, despite the fact that the Plaintiff lacks damages, despite the fact that the Plaintiff provided no evidence that Guillard made an intentional false statement and despite the fact that the Plaintiff failed to meet all elements of a defamation claim; the Magistrate allowed the Plaintiff permission to amend the complaint to add a request for punitive damages. That is legally improper according to Idaho Supreme Court and Scofield's Attorney Cory Carone:[11] In Davis v. Blast Properties, Inc., the Idaho Supreme Court held that trial courts are required to conduct "a careful examination of the evidence" and determine whether there is a "reasonable probability" that the evidence submitted is (1) admissible at trial, and (2) sufficient to support an award of punitive damages. According to Scofield's Attorney, Cory Carone, reiterating Idaho Supreme Court, *to assess whether the evidence submitted at trial is sufficient to support an award of punitive damages, a trial court must consider (1) whether the claim giving rise to the request for punitive damages is "legally cognizable" and (2) whether there is "substantial" evidence supporting the request for punitive damages. The "legally cognizable" standard is akin to determining whether the movant has properly alleged all the elements of a claim. The substantial evidence standard is akin to the standard courts apply when deciding motions for a directed verdict or a motion for judgment of law*. Applying the standard according to Idaho Supreme Court and Scofield's Attorney Cory Carone, the plaintiff's request for punitive damages should have been denied.

5) Magistrate Judge Patricco agreed with the Plaintiff that Guillard but *did nothing to formally obtain the evidence providing Scofield's connection to the murders during discovery or otherwise make any effort to incorporate it into her summary judgment briefing.* This statement is blatantly false and facetious. To suggest that Guillard interfere with the State's criminal case by issuing

---

[11] https://www.noticeofappeallawblog.com/2024/09/03/idaho-supreme-court-update-the-court-clarifies-how-to-add-a-request-for-punitive-damages/#:~:text=Idaho%20Code%20§%206%2D1604,deciding%20when%20to%20grant%20leave.

subpoenas to potential witnesses in the criminal case, subpoenaing the phone and financial records of the witnesses and victims and to use the civil discovery process to gather the evidence that the State gathered in its criminal case is facetious. Additionally, Guillard informed the Magistrate in the summary judgment hearing (DKT. 73) as well as her summary judgment briefing that the evidence was in the possession of the State of Idaho and non-disclosed. Not to mention Guillard's attempt to gather evidence by subpoena from social media platform Meta Platforms, Inc. (Meta) was rejected by Meta and quashed by Chief Magistrate Judge Patricco. Meta cooperates with law enforcement in criminal cases not litigants of civil cases. *"A search warrant issued under the procedures described in the Federal Rules of Criminal Procedure or equivalent state warrant procedures upon a showing of probable cause is required to compel the disclosure of the stored contents of any account, which may include messages, photos, comments, and location information."*[12] Furthermore, Magistrate Patricco, armed with the assumption and false belief that clair-cognizance is implausible, warned Guillard that her discovery attempts would be denied (see DKT. 49 page 8-9). He followed through by quashing the subpoena to Meta Platforms. This causes due process issues negatively impacting Guillard. If Guillard is required to prove a crime, that Scofield ordered the murder of the students to hide her affair with one of the victims, Guillard should be granted the authority to gather criminal evidence and authority to access the non-disclosed public records in the criminal case of the State of Idaho v. Bryan C. Kohberger, Ada County Case No. CR-01-24-31665. Guillard has not been granted either authority. Additionally, it is not appropriate to subpoena the witnesses in the states criminal case. Perhaps, it is best to focus on the elements of the civil defamation claim, considering this is a civil case and Guillard is not a criminal prosecutor.

---

[12] https://www.facebook.com/help/494561080557017/

DEFENDANT'S OBJECTIONS TO MAGISTRATE'S ORDER (DKT 96)    11

The Magistrate Judge is focused on the wrong evidence. Guillard has adamantly reminded the Court that the evidence required in this case is for the Plaintiff to prove, by a preponderance of the evidence, that Guillard made an intentional false statement that is defamatory and caused reputational harm and damages. See DKT. 79, pages 31-35. The Plaintiff does not have any evidence that meets the required elements of a defamation claim in Idaho.

## V.     CONCLUSION

For the above reasons, the U.S. District Court should reverse the Decision and Order of the Magistrate Judge (DKT. 96), DENY the Plaintiff's Motion for Summary Judgment and DENY the Plaintiff's Request for Leave to Amend the Complaint to Add Punitive Damages. Additionally, because the Plaintiff never suffered any damages and the Complaint does not meet the requirements for punitive damages in the State of Idaho, the Court should promptly dismiss the Complaint for failing to meet the jurisdictional requirements under the federal diversity statute, 28 U.S.C. § 1332(a)(2), which states that *federal courts have jurisdiction over all civil actions between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds $75,000.* Without actual damages, reputational harm, and punitive damages, the Plaintiff is not entitled to relief. Without any evidence that Guillard made an intentional false statement, the defamation claim fails again. The Court should enter its Order consistent with the Defendant's above objections and DISMISS the Complaint sua sponte for want of jurisdiction and in the best interest of justice.

DATED: June 12, 2025

/s/ Ashley J. Guillard
Ashley J. Guillard
Pro-Se Litigant

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2025, I served a copy of the foregoing via CM/ECF on the Registered Participants as follows:

Cory M. Carone: cory.carone@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

Wendy J. Olson: wendy.olson@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com.

DATED: June 12, 2025.

/s/ Ashley J. Guillard  
Ashley J. Guillard  
Pro-Se Litigant