UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>    Plaintiff,<br><br>vs.<br><br>ASHLEY GUILLARD,<br><br>    Defendant. | Case No.: 3:22-cv-00521-REP<br><br>**ORDER RE: DEFENDANT'S OBJECTIONS TO MAGISTRATE'S DECISION AND ORDER ON MAY 30, 2025**<br><br>**(Dkt. 97)** |

Pending before the Court is Defendant Ashley Guillard's "Objections to Magistrate's Decision and Order on May 30, 2025" (Dkt. 97). For the reasons that follow, Defendant's Objections are misplaced.

**DISCUSSION**

Plaintiff Rebecca Scofield initiated this action against Defendant on December 21, 2022. *See* Compl. (Dkt. 1). Pursuant to 28 U.S.C. § 636(c)(1), the parties filed consents to magistrate judge jurisdiction on April 16, 2023. *See* 4/24/23 Notice (Dkt. 17) (attaching the parties' executed consent forms). Over one year later, Defendant filed a "Request for Reassignment to a U.S. District Judge." *See* Request (Dkt. 75). Construing Defendant's Request as a motion to withdraw consent, the undersigned referred the Request to a U.S. District Judge. *See Branch v. Umphenour*, 936 F.3d 994, 1003-04 (9th Cir. 2019) ("Only a district judge may rule on a motion to withdraw consent to the jurisdiction of a magistrate judge. …. [T]he district judge should consider whether [the requesting party] has shown either 'good cause' or 'extraordinary circumstances' [to withdraw consent].").

ORDER - 1

On November 13, 2024, U.S. District Court Judge Amanda K. Brailsford denied Defendant's Request, reasoning in part:

> In summary, Guillard has failed to establish any extraordinary circumstances justifying reassignment of this case to a District Court. The record does not show the Magistrate Judge was biased in any manner towards Guillard. Instead, the timing of Guillard's motion to withdraw her consent and her Rule 59(e) motion – filed shortly after the Magistrate Judge granted Scofield partial summary judgment and leave to assert a punitive damages claim – indicates Guillard's real motivation is to avoid the Magistrate Judge's rulings. Guillard's only recourse to challenge those rulings, however, is an appeal following a final judgment.

*See* 11/13/24 MDO at 7-8 (Dkt. 59). Relevant here, the import of Judge Brailsford's decision was that the parties' previous consent to magistrate judge jurisdiction remained, and continues to remain, intact.

On March 15, 2025, Defendant filed a "Motion for Reconsideration of Partial Summary Judgment," relating to the Court's above-referenced June 6, 2024 Memorandum Decision and Order ("MDO") granting partial summary judgment in Plaintiff's favor and allowing Plaintiff to assert a punitive damages claim. *See generally* Second Mot. for Recon. (Dkt. 92) (arguing that newly discovered evidence – revealed in a parallel criminal proceeding in state court – substantiates statements made by Defendant).[1] The undersigned denied that Motion on May 30, 2025. *See* 5/30/25 MDO at 5 (Dkt. 96) ("Even assuming that Defendant's reconsideration efforts are procedurally proper, and that the referenced evidence is both newly discovered and admissible, Defendant's Motion suffers from a fatal flaw: the evidence does not change the disposition of the case.").

Now, via the at-issue Objections, Defendant requests that a U.S. District Judge consider her latest objections and "reverse the Decision and Order of the Magistrate Judge (Dkt. 96),

---

[1] Defendant previously moved for "reconsideration, alteration, or amendment" of the Court's June 6, 2024 MDO. *See generally* Mot. to Alter or Am. J. (Dkt. 77). The Court denied that Motion on February 4, 2025 (Dkt. 89).

**ORDER - 2**

DENY the Plaintiff's Motion for Summary Judgment and DENY the Plaintiff's Request for Leave to Amend the Complaint to Add Punitive Damages." Objs. at 3, 12 (Dkt. 97) (emphasis in original). In support of this request, Defendant relies upon Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1), and District Local Civil Rule 72.1(b)(1). *See id*. at 1-3.

Critically, however, this authority applies only to matters *referred* to a U.S. Magistrate Judge by a U.S. District Judge pursuant to 28 U.S.C. § 636(b). Because the undersigned's jurisdiction was *consented to* upfront by the parties pursuant to Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c) (*see supra*) – and this is not an action *referred* to the undersigned by a U.S. District Judge – Defendant's referenced authority is inapplicable and Defendant may not engage in what amounts to an appeal of the undersigned's May 30, 2025 MDO to a U.S. District Judge. *See, e.g.*, *CPC Patent Tech. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 804 n.1 (9th Cir. 2022).

Rather, following the consent of the parties (as in this case), "an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court." 28 U.S.C. § 636(c)(3); *see also* Fed. R. Civ. P. 73(c) (same); 11/13/24 MDO at 7 (in denying Defendant's Request (*supra*), Judge Brailsford stating: "If Guillard disagrees with the Magistrate Judge's rulings, the proper method to challenge them is by appealing. In this case, Guillard must file that appeal with the Ninth Circuit – once the judgment is final.") (citing 28 U.S.C. § 636(c)(3)); Not. of Assign. (Dkts. 11 & 17) ("An appeal from a judgment entered by a United States Magistrate Judge will be directly to the United States Court of Appeals for the Ninth Circuit in the same manner as an appeal from any other judgment of this District Court.") (citing 28 U.S.C. § 636(c); Fed. R. Civ. P. 73).

Defendant's Objections are therefore procedurally improper. There is no opportunity to "object" to the undersigned's May 30, 2025 MDO, short of an appeal to the Ninth Circuit. In

**ORDER - 3**

this respect, Defendant is directed to Rule 54 of the Federal Rules of Civil Procedure and Title II of the Federal Rules of Appellate Procedure ("Appeal From a Judgment or Order of a District Court").  Additionally, owing to the interlocutory nature of the undersigned's June 6, 2024, February 4, 2025, and May 30, 2025 MDOs, Defendant is advised to consult 28 U.S.C. § 1292 (addressing appeal of interlocutory orders).  *See, e.g.*, *Carpenters Southwest Administrative Corp. v. Coordinated Delivery & Installation Inc.*, 2013 WL 3872116, at *9 (C.D. Cal. 2013) (discussing how an order establishing liability but not damages is not a final order).

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Ashley Guillard's "Objections to Magistrate's Decision and Order on May 30, 2025" (Dkt. 97) are REJECTED.

DATED:  June 17, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**ORDER - 4**