UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>    Plaintiff,<br><br>vs.<br><br>ASHLEY GUILLARD,<br><br>    Defendant. | Case No.  3:22-cv-00521-REP<br><br>**ORDER SETTING TRIAL** |

The Court has resolved all motions to date. Discovery is closed and the case is ready for trial.

IT IS HEREBY ORDERED that the following deadlines and procedures shall govern the remainder of this litigation:

1. <u>TRIAL DATE</u>: A four-day jury trial is set for **Tuesday, February 24, 2026, beginning at 9:00 a.m. (Pacific) in Coeur d'Alene, Idaho.**[1] Unless otherwise ordered, trial on the first day will include two 15-minute breaks, a one-hour lunch, and will end at 5:00 p.m. Beginning on day two, the Court will follow a compressed trial day, which shall begin at 8:30 a.m. and end at 3:00 p.m., with two 15-minute breaks.

2. <u>PRE-TRIAL CONFERENCE DATES</u>: A pre-trial conference is scheduled to take place at **10:00 a.m. (Mountain) on February 5, 2026**, to discuss and resolve insofar as possible (1) the legal issues remaining in the case, (2) evidentiary issues, (3) trial logistics, including exhibits and witness lists, and (4) any other matters pertaining to the trial. On or before

---

[1] Plaintiff's Complaint was brought in the Moscow, Idaho Division, and demanded a jury trial. There is no longer a federal courthouse in Moscow, Idaho. Therefore, unless otherwise ordered by the Court or agreed by the parties, the jury trial will take place in Coeur d'Alene, Idaho.

**ORDER SETTING TRIAL - 1**

**January 29, 2026**, the parties shall communicate and reach agreement on as many items as possible – including stipulations related to the parties' proposed exhibits. This should include stipulations on foundation or other evidentiary matters, even if there is disagreement as to whether a document should be admitted into evidence, based upon relevancy issues. The parties shall be prepared to discuss with the Court those items over which counsel and party disagree. **The pretrial conference will be held via zoom. Counsel and party to receive video link via separate notification.** Persons granted remote access to proceedings are reminded of the general prohibition under federal law and Local Rule 83.1 against photographing, recording, and rebroadcasting of court proceedings. <u>**A second, in-person pre-trial conference is scheduled to take pace at 10:00 a.m. (Pacific) on February 23, 2026, to discuss any outstanding issues ahead of trial**</u>.

3. <u>DAUBERT MOTIONS</u>: Rule 702 motions shall be filed with the Court by **September 2, 2025**. Responses to any Rule 702 motions shall be filed with the Court by **September 16, 2025, (or within 14 days of the filing of a Rule 702 motion, whichever is earlier)**. Replies to any Rule 702 motions shall be filed with the Court by **September 23, 2025 (or within seven days after the filing of any response to a Rule 702 motion, whichever is earlier).**

4. <u>WITNESS LISTS</u>:[2] The parties shall exchange witness lists and file copies of these lists with the Court on or before **October 7, 2025**. The witness lists shall contain the information listed in FRCP 26(a)(3)(A) & (B) and shall include a full summary, not just the subject, of the witnesses' expected testimony.

5. <u>EXHIBIT LISTS AND EXHIBITS</u>:[1] All exhibit lists shall be filed with the Court by **October 7, 2025**. No later than that same date, the parties shall exchange all trial exhibits, but shall not

---

[2] Instructions for formatting the witness and exhibits lists can be found on the Court's website at: https://id.uscourts.gov/district/judges/patricco/Trial_Procedures.cfm

**ORDER SETTING TRIAL - 2**

provide them to the Court until the following dates. By **February 16, 2026**, the week before trial, counsel and party shall provide the Court with a copy of the exhibits, <u>in electronic form,</u> for the Court's personal use during the trial. On or before the morning of trial, counsel and party shall submit a set of original, pre-marked exhibits in a binder. The exhibit lists shall follow the guidelines set out in Local Rule 16.3(f) to the extent it is not inconsistent with this Order. The exhibit list shall be prepared on the form provided by the Deputy Clerk, with sufficient copies for the Judge, the Deputy Clerk, and the Staff Attorney.

    a. Exhibit numbers 1 through 499 shall be reserved for Plaintiff's exhibits. Exhibit numbers 500–999 shall be reserved for Defendants' exhibits. Exhibit numbers 1000+ shall be reserved for joint exhibits.

    b. Counsel and party shall review their exhibits, determine any duplication, and jointly mark and stipulate to the admission of those exhibits that both sides intend to offer and rely upon.

6. <u>JURY INSTRUCTIONS</u>: All proposed jury instructions shall be filed with the Court by **October 7, 2025**. The proposed jury instructions shall follow the guidelines set out in Local Rule 51.1. Additionally, counsel and party shall email a clean copy of their proposed jury instructions to the Court in Microsoft Word format at <u>rep_orders@id.uscourts.gov</u>.

7. <u>PROPOSED VERDICT FORM:</u> The parties must submit a proposed verdict form with their Proposed Jury Instructions.

8. <u>PROPOSED VOIR DIRE</u>: Proposed voir dire shall be filed with the Court by **October 7, 2025**. Proposed voir dire shall follow the guidelines set out in Local Rule 16.3(e).

9. <u>TRIAL BRIEF</u>: Trial briefs shall be filed with the Court by **October 14, 2025**. Trial briefs shall follow the guidelines set out in Local Rule 16.3(b) to the extent it is not inconsistent with this Order.

**ORDER SETTING TRIAL - 3**

10. <u>MOTIONS IN LIMINE</u>: Motions in limine shall be filed with the Court by **October 14, 2025**. Responses to any motions in limine shall be filed with the Court by **October 21, 2025 (or within seven days of the filing of a motion in limine, whichever is earlier)**. Replies to any motions in limine shall be filed with the Court by **October 28, 2025** (**or within seven days after the filing of any response to a motion in limine, whichever is earlier).**

11. <u>TRIAL PROCEDURES</u>:

    a. The Court will generally control voir dire. Counsel's and party's voir dire will be limited to 30 minutes per side. Counsel and party are cautioned not to repeat questions already asked by the Court or other counsel/party and are advised that the Court will not permit voir dire which appears intended to influence the jury rather than explore appropriate concerns with a juror's ability to be fair and impartial. Ultimately, a jury comprised of eight individuals shall be selected. All jurors selected will deliberate on the verdict. Each party shall be allowed three peremptory challenges during voir dire.

    b. Counsel and party shall exercise good faith in attempting to reach a stipulation on undisputed facts and admission of exhibits.

    c. During trial, the jury will be in the box hearing testimony the entire trial day.

    d. During the time the jury is in the jury box, no argument, beyond one-sentence evidentiary objections, shall be allowed to interrupt the flow of testimony. Almost all objections should be stated in one to three words ("hearsay", "asked & answered", "irrelevant", etc.). Matters that need to be resolved outside the presence of the jury should be brought to the Court's attention as soon as possible, and preferably prior to the issue arising during trial so that the Court can consider and decide upon such matters during a recess, or before or after the trial day begins or ends. Where the need for such a hearing cannot be anticipated, the Court may direct the examining counsel or party to

**ORDER SETTING TRIAL - 4**

avoid the objectionable subject and continue on a different line of questioning so that the objection can be argued and resolved at the next recess. To avoid late-night sessions, counsel and party are advised to bring up all anticipated evidentiary questions in their pretrial briefs.

e. Examples of improper objections: "I object to that question, Your Honor, because I am sure that Charlie Witness did not read that document very carefully before he signed it"; or, "I object, Your Honor, because Charlene Witness has already testified that she can't remember". These "speaking objections" would suggest an answer.

f. Counsel and party shall have enough witnesses ready to ensure a full day of testimony and shall communicate with opposing counsel/party and the Court a list of the next day's anticipated witness(es). If witnesses are unavoidably delayed, counsel and party shall promptly notify the Court and opposing counsel/party.

g. When counsel or party announces the name of a witness called to testify, the Court or the clerk will summon the witness forward to be sworn, the clerk will administer the oath and, after the witness is seated, ask the witness to state her or his name and spell her or his last name for the record. I will then indicate to counsel/party that she or he may inquire of the witness.

h. Please do not address parties or witnesses (including your own) by her or his first name unless such familiarity is clearly appropriate, and is not likely to be offensive to the witness or any juror. In case of doubt, don't.

i. Your clients and your witnesses should be instructed that they should always refer to you and opposing counsel/party by last names.

j. You are responsible to advise your client, your witnesses and everyone associated with your client to avoid all contact with the jurors. This prohibition includes seemingly

**ORDER SETTING TRIAL - 5**

innocuous behavior like riding on an elevator with a juror, saying hello to a juror, or even acknowledging the juror's presence.

12. ON-THE-CLOCK: As of now, Plaintiff is allocated 50% of the trial time and Defendant is allocated 50% of the trial time, which will be determined once jury selection is complete. The Court will keep track of the time each party uses, and will adjust the number of total hours expected for trial, based upon what happens at trial each day. The Court will provide reports to counsel and party at the end of each trial day, regarding counsel's/party's use of time, and, where applicable, any adjustments to the total and allocated hours. The clock is running on a party conducting opening statement, direct, cross, objections that are unsuccessful, and closing argument.

13. SETTLEMENT: The parties are ordered to notify the Court on or before **January 30, 2026** that the case has either settled or will definitely go to trial. The parties are once again encouraged to discuss the possibility of participating in a judicial settlement conference or mediation. If the parties wish to proceed with a judicial settlement conference, be aware that coordinating a settlement conference judge's schedule to participate in a settlement conference is extremely difficult; therefore, the parties must attempt to schedule a settlement conference well in advance of any impacted deadlines.



DATED:  August 12, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**ORDER SETTING TRIAL - 6**