# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD, <br><br> Plaintiff, <br><br> vs. <br><br> ASHLEY GUILLARD, <br><br> Defendant. | Case No.: 3:22-cv-00521-REP <br><br> **ORDER RE: VENUE** |

A four-day jury trial is set to begin on February 24, 2026. Within its August 12, 2025 Order Setting Trial, the undersigned noted that, "unless otherwise ordered by the Court or agreed by the parties, the jury will take place in Coeur d'Alene, Idaho." Order at 1, n.1 (Dkt. 100). That same day, the Court informally reached out to the parties to determine whether they preferred to hold the trial in Boise, Idaho instead. Plaintiff soon thereafter stipulated to having the trial in Boise. Defendant did not immediately respond. On August 20, 2025, the Court emailed Defendant, stating:

> As of now, the Court is inclined to hold the trial in Boise, Idaho. Ms. Guillard, please let me know by August 27, 2025, if you oppose the trial taking place in Boise. In the event you do not respond, the Court will understand that you do not oppose the trial taking place in Boise.

Defendant responded later that day, stating that she "stipulates to have the trial in Houston, Texas, Federal District Court for the Southern District of Texas, pursuant to 28 U.S.C. § 1404a." Defendant did not otherwise indicate a preference for trial in either Boise or Coeur d'Alene by August 27, 2025.

**ORDER RE: VENUE - 1**

The trial will take place in Boise, Idaho. To begin, as the Court has already held, "venue is proper in this district." *Scofield v. Guillard*, 2023 WL 7496739, at *9 (D. Idaho 2023) (considering 28 U.S.C. § 1391(b)(2) in context of Defendant's Motion to Dismiss: "Here, owing to Defendant's alleged defamatory statements, Plaintiff claims to have suffered damage to her reputation, career, and mental health – all occurring in Idaho. Because there is no basis to conclude that the alleged defamation was felt anywhere other than in Idaho, venue is likewise proper in Idaho and in this district.").

Moreover, General Order No. 158 indicates that the Court reserves the right to try a case within this District in any of its Divisions. *See* Gen. Order No. 158 ("Unless otherwise ordered by the Court, cases that have venue in one of the above calendar areas will be assigned by the clerk upon the filing of the complaint, petition or indictment to the appropriate calendar area. *The Court reserves the right to try the case in any calendar area*.") (emphasis added). District of Idaho Local Civil Rule 3.1 adopts this same convenience-based rationale. *See* Dist. Idaho Loc. Civ. R. 3.1 ("Cases that have venue in one of the above divisions will be assigned by the Clerk upon the filing of the complaint or petition to the appropriate division, *unless otherwise ordered by the presiding judge.*") (emphasis added).

Here, Plaintiff does not oppose trial taking place in Boise. Neither does Defendant, at least as between Coeur d'Alene and Boise. To be sure, Boise is likely considerably more convenient to Defendant than Coeur d'Alene is, given the need for Defendant to travel from Houston, Texas for the upcoming trial. For these reasons, as well as the Court's General Order No. 158 and Local Civil Rule 3.1, the Order Setting

**ORDER RE: VENUE - 2**

Trial (Dkt. 100) is hereby amended to reflect that (i) a four-day jury trial is set for Tuesday, February 24, 2026, beginning at 9:00 a.m. (Mountain) in Boise, Idaho; and (ii) the second, in person pre-trial conference is scheduled to take place at 10:00 (Mountain) on February 23, 2026 in Boise, Idaho.  All other deadlines remain in-effect unless otherwise ordered.

    IT IS SO ORDERED.



DATED:  September 2, 2025

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**ORDER RE: VENUE - 3**