Ashley Guillard
msashleyjt@gmail.com
3262 Westheimer Rd, 942
Houston, TX 77098
337.372.3181

Pro-Se Defendant

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>                    Plaintiff,<br><br>        v.<br><br>ASHLEY GUILLARD,<br><br>                    Defendant. | Case No. 3:22-cv-00521-REP<br><br>**DEFENDANT ASHLEY GUILLARD'S MEMORANDUM IN SUPPORT OF RULE 702 MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY AND EVIDENCE OF REBECCA BOHN, MA AND REBECCA J. TALLENT DKT. 102** |

### I.        INTRODUCTION

Defendant Ashley Guillard (Guillard) respectfully moves the Court to exclude the expert testimony of Plaintiff Rebecca Scofield's "expert" witnesses Rebecca Bohn, MA and Rebecca Tallent. The aforementioned expert testimonies fail to meet the requirements of Federal Rules of Evidence Rule 702. Additionally, considering the testimonies are immensely exaggerated and fabricated, it is reasonable to determine that the Plaintiff and alleged experts intentionally fabricated their testimonies to manipulate the Court and the jury to help Scofield fraudulently obtain jurisdiction and fraudulently obtain a judgment with a large amount for damages. For the reasons above Guillard moves the Court to exclude both testimonies of Rebecca Bohn, MA and Rebecca Tallent.

## II.    BACKGROUND

On November 13, 2022, four University of Idaho (UIdaho) students: Kaylee Goncalves (K.G.), Ethan Chapin (E.C.), Xana Kernodle (X.K.), and Madison Mogen (M.M.) (collectively referred to as the "four students"), were tragically murdered in Moscow Idaho. November 27, 2022, at the request of a TikTok user, Guillard used her claircognizant abilities, with the assistance of tarot cards and oracle cards, to get answers, and to help law enforcement solve the murders of the four students. During what she coined a "spiritual investigation" Guillard discerned that the students were murdered due to a targeted hit, ordered by a history teacher, Rebecca Scofield, and executed by the ex-boyfriend of victim K.G. The motive was to murder K.G. before she left Idaho to prevent the exposure of an affair between the Plaintiff, a University of Idaho Professor, and victim K.G., a University of Idaho student. Guillard also discerned intricate details of the events that occurred the night of the murders. Guillard published the findings on her TikTok channel – about 100 minutes of content amongst approximately 100 sixty second videos within a month. Of those videos were about 7 minutes of videos regarding Rebecca Scofield. Guillard also sent several tips to the FBI tip line on December 10, 2022, December 14, 2022, and December 16, 2022.

On December 12, 2022, Guillard received an email from Wendy J. Olson with Stoel Rives LLP that was sent on December 8, 2022. Two demand letters dated November 28, 2022, and dated December 8, 2022, were attached to the email. Guillard did not respond to the demands in the letters because she believed that her statements regarding the four murders and Scofield's involvement were substantially true. On December 21, 2022, Scofield filed a Complaint for defamation against Guillard (DKT. 1). On January 12, 2024, Scofield filed a Motion for Partial Summary Judgment (DKT. 63) and a Motion for Leave to Amend the Complaint to add Punitive Damages (DKT. 64). The Court granted both motions (DKT. 74). On March 15, 2025, Guillard

MEMORANDUM IN SUPPORT OF RULE 702 MOTION IN LIMINE TO EXCLUDE    2
EXPERT TESTIMONY

filed a Motion for Reconsideration of docket 74 based on newly received evidence pursuant to FRCP Rule 60(b)(2). The Court denied the motion for reconsideration and ordered to proceed to trial solely on damages (DKT. 96). The Court set a deadline for Rule 702 Motions for September 2, 2025 (DKT. 100). Now before the Court is Defendant Ashley Guillard's Motion to Exclude Expert Testimony of Rebecca Bohn, MA and Rebecca J. Tallent (DKT 102).

### III.    LEGAL STANDARD

In Daubert the Court charged trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony. See *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 113 S. Ct. 2786 (1993). Rule 702 provides judges with the following framework for determining the admissibility of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Additionally, the admissibility of all expert testimony is governed by the principles of Rule 104(a) which requires that the pertinent admissibility requirements are met by a preponderance of the evidence. See Bourjaily v. United States , 483 U.S. 171 (1987). The purpose of the judge's role of gatekeeping of expert witness testimony is to be more watchful of experts who exaggerate the conclusions. The Court must prevent inadmissible evidence from being suggested to the jury by any means (see Rule 103). Admitting inadmissible evidence, to include the testimonies of Rebecca

Bohn, MA and Rebecca J. Tallent, causes a violation of due process for Defendant Ashley Guillard (Guillard) which requires a fair trial. See Rule 102 and U.S. Const. amend. XIV § 1.

## IV.    ARGUMENT

The "expert testimony" of Rebecca Bohn, MA and Rebecca J. Tallent fails to meet the standard as established by Rule 702, Daubert and Rule 104(a) and should not be admitted as evidence nor suggested to the jury.

### A.    Rebecca Bohn, MA's Expert Witness Testimony Fails To Meet Rule 702(a), (b), (c), and (d)

Rebecca Bohn, MA "expert" testimony is based on her alleged credentials as a psychotherapist for 23 years. She claims to have a Masters of Arts in Counseling Psychology. Based on the resume she provided: Rebecca Bohn, MA (Bohn) is not an expert on any specific mental health condition, Bohn is not a doctor nor is she in the process of completing any PhD programs, Bohn cannot prescribe medication and Bohn has not conducted any clinical trials or research studies to challenge the current standards provided by the National Institute of Mental Health. The Court may find that Bohn may be considered as an expert in general mental health counseling based on her education and experience. However, Bohn is not an expert beyond the scope of general mental health counseling and cannot diagnose post-traumatic stress disorder outside the parameters of mental health guidelines.

Rebecca Bohn, MA claims to have provided mental health services to Plaintiff Rebecca Scofield beginning May 8, 2023 (see Exhibit A). Bohn diagnosed Scofield with lifelong Post Traumatic Stress Disorder (PTSD). Id. However, Scofield's alleged PTSD diagnosis does not align with the diagnostic standards for PTSD provided by the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (DSM-5) (see Exhibit B). Post-Traumatic

Stress Disorder is chronic fear to a perceived threat, causing the body to remain in a fight-or-flight response (Exhibit C). This psychological trauma stems from a qualifying traumatic event. According to the DSM-5 the following is the diagnostic criteria for Posttraumatic Stress Disorder:

> Exposure to actual or threatened death, serious injury, or sexual violence in one (or more) of the following ways: 1) Directly experiencing the traumatic event(s). 2) Witnessing, in person, the event(s) as it occurred to others. 3) Learning that the traumatic event(s) occurred to a close family member or close friend. In cases of actual or threatened death of a family member or friend, the event(s) must have been violent or accidental. 4) Experiencing repeated or extreme exposure to aversive details of the traumatic event(s) (e.g., first responders collecting human remains; police officers repeatedly exposed to details of child abuse). Note: Criterion A4 does not apply to exposure through electronic media, television, movies, or pictures, unless this exposure is work related.

Guillard's tarot and oracle card readings, posted on TikTok as videos, that discerned that Scofield ordered the murder of the four University of Idaho students and was romantically involved with victim Kaylee Goncalves fails to meet the PTSD diagnostic criteria of a qualifying traumatic event. Even in the case of PTSD unspecified F43.10[1], there must be a qualifying traumatic event. Alleged defamation on social media is not a traumatic event; neither is actual defamation on social media. Additionally, the diagnostic criteria A4 specifically states that repeated exposure to aversive details of the traumatic event does not include electronic media except for example law enforcement who must view aversive details, as in human remains, via electronic media. Based on established PTSD

---

[1] An ICD-10 code is part of the International Classification of Diseases, 10th Revision, a standardized diagnostic and procedure coding system created by the World Health Organization. F43.10 is a code from the ICD-10 for Unspecified PTSD.

diagnostic guides (DSM-5 and ICD-10), the American Psychiatric Association, and the World Health Organization, it is not possible for Scofield to have PTSD from a non-traumatic event.

Rebecca Bohn, MA is a Counselor that cannot prescribe medication, and has not done any clinical research. She is not qualified to factually challenge the authorities in her industry. Therefore, Bohn's testimony is not that of an expert; she fails to meet Rule 702(a). Her education and training does not help the trier of fact to understand Scofield's alleged mental health damages of PTSD because she cannot factually determine that Scofield's alleged PTSD is caused by Guillard. Bohn's testimony fails to meet Rule 702(b) because the testimony is not based on sufficient facts or data. Bohn has not provided any facts or data that supports her theory that defamation on electronic media can cause PTSD.  Bohn's testimony fails to meet Rule 702(c) because it does not align with the reliable principles, guides and diagnostic criteria that is established by the American Psychiatric Association and the DSM-5. Bohn's testimony fails to meet Rule 702(d) she is not an expert and her opinion does not reflect a reliable application of the principles and methods to the facts of the case.

Rebecca Bohn, MA's unsubstantiated and fabricated opinion is not that of an expert, it is that of a acquaintance. Bohn's attempt to blame Guillard for Scofield's alleged PTSD is none other than an collaborative attempt of Rebecca Scofield, Rebecca Bohn, MA and Scofield's Attorneys Wendy J. Olson, and Cory M. Carone to manipulate the Court and jury to award Scofield a substantial amount for damages. If Scofield does in fact have PTSD due to the murder of the four University of Idaho Students it likely stems from witnessing the murders or from having a close relationship with one or more of the murder victims according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (DSM-5). Either way, Scofield's mental health issues has nothing to do with the Defendant, Ashley Guillard.

MEMORANDUM IN SUPPORT OF RULE 702 MOTION IN LIMINE TO EXCLUDE     6
EXPERT TESTIMONY

**B.     Rebecca J. Tallent's Expert Witness Testimony Fails To Meet Rule 702(a), (b), (c), and (d)**

Rebecca J. Tallent's (Tallent) "expert" witness testimony (Exhibit A) is biased, not based on facts of the civil case and has already been proven to be false. First, Tallent is Scofield's colleague at the University of Idaho. Her fabricated testimony that Scofield will suffer reputational harm for 100 years or indefinitely due to Guillard's TikTok videos is not fact based. Instead, it is exaggerated, fabricated and an unfairly prejudiced opinion. She is likely providing false testimony in an attempt to help her colleague at the University of Idaho, Professor Rebecca Scofield, prevail in this civil case to be *"the good guy"* and receive a substantial amount for damages. As she stated *"if you are victorious in a defamation lawsuit, you are the good guy.*" See Exhibit A, pg. 7. Additionally her opinion that Scofield will suffer reputational harm in her career as a Professor has already proven to be false.

Tallent compares Scofield's case to an incident at the Three Mile Island nuclear facility in Londonderry Township, Pennsylvania in 1979. The incident at the nuclear facility involves the Unit 2 reactor (TMI-2) accidentally releasing radioactive iodine and gases into the environment. It took over 15 years and over a billion dollars to clean up. Epidemiological studies linked the event to increased rate of cancer in the impacted areas. TMI-1 shut down due to economic reasons in 2019 but plans to restart within the next year or so. See United States Nuclear Regulatory Commission Christopher M. Crane Clean Energy Center (nrc.gov). Rebecca Tallent provided no facts or data to suggest the shutdown of TMC-1 is due to defamation. The TMI-2 incident has no correlation to the facts of this civil defamation case. Tallent also compares Scofield's defamation case and alleged reputational harm to an incident with Tylenol. The Chicago Tylenol Murders were a series of poisoning deaths resulting from Tylenol capsules being laced with potassium

cyanide in 1982. Tylenol has since recovered from the incident. Again, this has nothing to do with and no correlation to the facts of Scofield's defamation case.

Tallent's opinion that Scofield will suffer Professional harm due to Guillard's allegations against her has already proven to be false. Not only has Scofield's career and reputation remain unscathed, she has also received praise from online communities, strangers, students, family and friends. Scofield has also received support and financial donations from the University of Idaho chapter of the American Federation of Teachers, the Idaho Federation of Teachers, and the national legal aid committee with the American Federation of Teachers. See Exhibit E. Rebecca Tallent's extreme opinion comparing Scofield alleged reputational harm to Tylenol and the TMI nuclear facility is false, disingenuous and so outrageously inaccurate it is reasonable to conclude that her testimony is biased and a strategic attempt to help Rebecca Scofield defraud Guillard out of a substantial amount of money; and to deceive the Court and jury to get a substantial financial judgment ordered against Guillard.

Tallent's expert witness statement fails to provide scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue. The incidents Tallent compared to Scofield's defamation case do not align, compare or make logical sense. Tallent's expert witness statement fails Rule 702(a). Tallent's expert testimony fails to provide sufficient facts or data; it fails to meet the requirements of Rule 702(b). Tallent's expert testimony fails to provide reliable principles and methods; and fails to reflects a reliable application of the principles and methods to the facts of the case. Therefore, Tallent's "expert" testimony fails to meet the requirements of Rule 702(c) and (d). The Court must exclude Rebecca Tallent's expert testimony and prevent it from being presented to the jury.

## V.    CONCLUSION

Rebecca Bohn, MA and Rebecca Tallent both failed to provide any factual basis to come to an unbiased conclusion and witness statement on behalf of Rebecca Scofield. Yet they both suggested the most harsh circumstances for damages. For example, Tallent's testimony alleges that Scofield's reputation is worse off than the Three Mile Island nuclear facility stating she may never recover or it could take 40-100 years; versus TMI-1 who is recovering and restarting after losing billions. Rebecca Bohn improperly diagnosed Scofield with lifelong PTSD and suggested lifelong treatment; inappropriately testifying she is worse off than for example United States Combat Veterans who witness their battle buddies being killed in action but do not have lifelong PTSD. Additionally, Rebecca Tallent falsely testified that Rebecca Scofield would suffer reputational harm in her career as an Academic at the University of Idaho for 100 years yet Scofield has not suffered any harm at the University of Idaho and has been largely supported by staff, students and the University of Idaho. Both opinions fail to align with the facts of the case, the evidence and reality. It is likely that Rebecca, Rebecca and Rebecca collaborated with Scofield's Attorney, Wendy Olson, to provide falsified expert testimony to the Court to help Scofield win a substantial award for damages that do not exist. Neither provided a preponderance of evidence to support their opinions. Neither provided facts that support their opinions. Both opinions are largely inconsistent with the facts of the case. For these reasons as more fully stated above, is in the best interest of justice to exclude the "expert" testimonies of Rebecca Bohn, MA and Rebecca J. Tallent. The Court should GRANT Guillard's Motion to Exclude Expert Testimony And Evidence Of Rebecca Bohn, MA And Rebecca J. Tallent.

DATED: September 2, 2025

/s/ Ashley J. Guillard

Ashley J. Guillard

Pro-Se Litigant

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2025, I served a copy of the foregoing via CM/ECF

on the Registered Participants as follows:

Cory M. Carone: cory.carone@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

Wendy J. Olson: wendy.olson@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com.

DATED: September 2, 2025.

/s/ Ashley J. Guillard
Ashley J. Guillard

Pro-Se Litigant

MEMORANDUM IN SUPPORT OF RULE 702 MOTION IN LIMINE TO EXCLUDE    11
EXPERT TESTIMONY