Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>            Plaintiff,<br><br>    v.<br><br>ASHLEY GUILLARD,<br><br>            Defendant. | Case No. 3:22-cv-00521-REP<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 702 MOTION IN LIMINE TO EXCLUDE TESTIMONY AND EVIDENCE OF REBECCA BOHN, MA AND REBECCA J. TALLENT (DKT 102)** |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND........................................................................................................... 1

III. LEGAL STANDARD.................................................................................................. 3

IV. ARGUMENT............................................................................................................... 4

      A.      DR. TALLENT'S TESTIMONY IS ADMISSIBLE........................................... 4

            1.      DR. TALLENT IS QUALIFIED. ............................................................ 4

            2.      DR. TALLENT'S OPINIONS ARE RELIABLE. .................................... 5

            3.      DR. TALLENT'S OPINIONS ARE RELEVANT................................... 6

      B.      MS. BOHN'S TESTIMONY IS ADMISSIBLE. .................................................. 6

            1.      MS. BOHN CAN TESTIFY AS A PERCIPIENT FACT
                 WITNESS. ................................................................................................ 6

            2.      EVEN IF THE COURT CONSIDERS MS. BOHN AN EXPERT
                 WITNESS, SHE SHOULD BE ALLOWED TO TESTIFY. .................... 7

                 A.      MS. BOHN IS QUALIFIED............................................................ 7

                 B.      MS. BOHN'S OPINIONS ARE RELIABLE.............................. 8

                 C.      MS. BOHN'S OPINIONS ARE RELEVANT............................. 8

V. CONCLUSION............................................................................................................. 9

## I. INTRODUCTION

Plaintiff Rebecca Scofield has disclosed Rebecca Tallent and Rebecca Bohn as expert witnesses she will call to testify at trial. Dr. Tallent has decades of experience in journalism and public relations. Drawing on that experience, Dr. Tallent will testify about how Defendant Ashley Guillard's defamatory statements about Professor Scofield have damaged her professional reputation in academia. Ms. Bohn, Professor Scofield's treating mental health provider, is a percipient witness who was disclosed as an expert out of an abundance of caution. Ms. Bohn has decades of experience as a psychotherapist. She has been Professor Scofield's treating mental health provider for more than two years. Drawing on that experience and her treatment of Professor Scofield, Ms. Bohn will testify that Professor Scofield suffers from PTSD that will require a lifetime of mental health treatment. The Court should allow Dr. Tallent and Ms. Bohn to testify, as they are both well qualified by education and experience to offer their opinions. Their opinions are reliable because they draw on their wealth of knowledge and experience. And their opinions are relevant, as they will help the jury determine how Professor Scofield has been damaged and thus provide an adequate remedy. Accordingly, the Court should deny Ms. Guillard's motion because the testimony at issue is admissible under Federal Rule of Evidence 702.

## II. BACKGROUND

Ms. Guillard has repeatedly published false statements that Professor Scofield had an affair with a student and orchestrated the murders of four students to cover up the affair. Accordingly, Professor Scofield has sued Ms. Guillard for two counts of defamation (one for the false statements about the affair and another for the false statements about the murders). Dkt. 76. The Court entered summary judgment in favor of Professor Scofield as it relates to liability, leaving for trial only the amount of damages (compensatory and punitive) Ms. Guillard owes Professor Scofield. Dkt. 74. That trial will begin February 24, 2026. Dkt. 100.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE (DKT. 102) - 1

Professor Scofield has disclosed two expert witnesses she may call at trial to support her claim for damages. Declaration of Wendy J. Olson in Support of Plaintiff's Opposition to Defendant's Rule 702 Motion in Limine to Exclude Testimony and Evidence of Rebecca Bohn, MA and Rebecca J. Tallent ("Olson Decl."), Ex. A. The first witness is Rebecca Tallent. Dr. Tallent has a Bachelor of Arts degree in Journalism, a Master of Education degree in higher education with a journalism emphasis, and a Doctor of Education degree in higher education, classroom teaching, and mass communications. *Id.*, Ex. A p. 8. Dr. Tallent is an Associate Professor Emerita at the University of Idaho, where she has taught in the School of Journalism and Mass Media since 2006. *Id.* Prior to her experience at the University of Idaho, Dr. Tallent taught at other educational institutions and had other non-academic experiences in public relations and community outreach. *Id.*, Ex. A p. 8-9. She has also developed courses, given presentations, published written works, and received prestigious awards related to journalism, public relations, or both. *Id.*, Ex. A p. 10-14.

Based on her "training and experience working in the fields of journalism and public relations," Dr. Tallent has concluded "Ms. Guillard's false statements have damaged Professor Scofield's brand as a researcher and a teacher." *Id.*, Ex. A p. 7. Dr. Tallent's conclusion is based on her opinion that "Ms. Guillard's use of social media and the internet to publish her false statements significantly increases the impact on Professor Scofield's reputation." *Id.* The reason why is online "false statements can be accessed instantly . . . without a competing accurate narrative" and "many consumers of social media fail to take any steps to determine whether information they obtain on the internet is true." *Id.* As a result, Dr. Tallent opines that Ms. Guillard's statements:

- "may cause other academics to doubt Professor Scofield's research because of their perception that she has been in trouble," which "may affect her ability to receive promotions;"

- "will damage Professor Scofield's reputation among students, who may spread the statements, even if they are false, resulting in fewer students taking her classes, and potentially impacting the department in which she teaches;"

- "have the capacity to negatively affect Professor Scofield's ability to publish her work, which also could affect her career opportunities."

*Id.*, Ex. A p. 7. Dr. Tallent opines that it could take Professor Scofield "up to a full generation, or forty years, to restore her reputation." *Id.*, Ex. A p. 6.

The second witness is Rebecca Bohn. Ms. Bohn is a Licensed Mental Health Counselor with a Master of Arts in Counseling Psychology. *Id.*, Ex. A p. 19. She has worked as a psychotherapist or mental health professional since 1990, and she began treating Professor Scofield in May 2023. *Id.*, Ex. A p. 18. While treating her, Ms. Bohn diagnosed Professor Scofield with Post Traumatic Stress Disorder based on Ms. Bohn's training and experience. Cite *Id.*, Ex. A p. 18. She also concluded that "Professor Scofield will continue to need therapy services throughout her lifetime based on the mental health conditions she developed as a result of" Ms. Guillard's statements. *Id*.

Ms. Guillard seeks to exclude both Dr. Tallent and Ms. Bohn's testimony. Dkt. 102. Professor Scofield now opposes that motion.

### III.  LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of testimony by an expert witness. "Under Federal Rule of Evidence 702, expert testimony is admissible only when that expert is

qualified, and the opinion is both relevant and reliable." *United States v. Bendawald*, No. 1:23-cr-00281-DCN, 2025 WL 2494547, at *12 (D. Idaho Aug. 29, 2025). "As 'gatekeepers,' district courts must be satisfied: (1) that the expert is qualified to render the proffered opinion; (2) the opinion is reliable; and (3) the testimony assists the jury in its function as fact finder. The proponent of expert testimony bears the burden of establishing its admissibility." *Id.*

## IV.  ARGUMENT

The Court should deny Ms. Guillard's motion in full because Dr. Tallent's and Ms. Bohn's testimony is admissible.

Dr. Tallent is qualified to render her proffered opinions, as she has more than 50 years of relevant experience in the fields of journalism, public relations, and academia. Her opinions are reliable because they are based on her significant experience and expertise. Her opinions are relevant, as they explain the scope and the severity of reputational harm Ms. Guillard has inflicted on Professor Scofield. That reputational harm will then help the jury decide how much in damages to award.

Ms. Bohn is offering percipient fact witness testimony based on her treatment of Professor Scofield, but in any event, she is qualified based on her education in psychotherapy and over 30 years of experience in the field. Her opinions are reliable, as they are based on her training, experience, and examination of Professor Scofield. She is Professor Scofield's treating mental health provider. And her opinions are relevant because they demonstrate the harm Ms. Guillard's false statements cause, which will help the jury decide an appropriate amount of damages to award.

### A.    Dr. Tallent's testimony is admissible.

#### 1.    Dr. Tallent is qualified.

A witness can be qualified to testify as an expert based on "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Dr. Tallent's opinions all relate to how false statements

can negatively affect one's professional brand or reputation, particularly in academia. Olson Decl.,

Ex. A p. 7. Dr. Tallent has three degrees that help her uniquely understand those effects: a B.A. in

journalism, an M.Ed. in Community/Junior College Education with a journalism emphasis, and an

Ed.D. in higher education, classroom teaching, and mass communications. *Id*., Ex. A p. 8. She also

has extensive experience, including "50 years of experience working in the fields of journalism,

public relations, and academia" as well as teaching public relations at the University of Idaho from

2006 to 2019. *Id*., Ex. A p. 6. Those decades of education and experience are more than enough to

be qualified to testify as an expert under Rule 702. *E.g.*, *Bendawald*, 2025 WL 2494547, at *13

(finding an expert qualified based on "education and training on the subject matter" and "more

than a decade of first-hand experience"); *Hardy v. Kish*, No. 1:23-cv-00306-BLW, 2025 WL

2051775, at *2 (D. Idaho July 22, 2025) (finding an expert qualified based on over thirty years of

work experience).

### 2.    Dr. Tallent's opinions are reliable.

Trial courts have "discretion to decide how to test an expert's reliability as well as whether

the testimony is reliable, based on the particular circumstances of the case." *Hardy*, 2025 WL

2051775, at *3 (citation omitted) (finding an expert qualified based on over thirty years of work

experience). "An expert's specialized knowledge and experience can serve as the requisite facts or

data on which they render an opinion. . . . Indeed, in some fields experience is the predominant, if

not sole, basis for a great deal of reliable testimony." *Id.* (internal quotation marks and citations

omitted).

Here, Dr. Tallent relies on her "training and experience working in the fields of journalism

and public relations, and in teaching in those fields at the university level to conclude that "Ms.

Guillard's statements have damaged Professor Scofield's reputation to an extent that it may take

up to a full generation, or forty years, to restore her reputation." Olson Decl., Ex. A p. 6. As

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE (DKT. 102) - 5

explained above, Dr. Tallent has decades of relevant experience—both in and outside of academia. Her decades of knowledge about public relations give her a reliable basis to form her conclusions. She has also offered specific examples of how an academic like Professor Scofield can be impacted by Ms. Guillard false statements, as well as how the format Ms. Guillard used to publish her false statements (social media and the internet) can exacerbate the reputational damage she caused. *Id*., Ex. A p. 7. Dr. Tallent's opinions are reliable. To the extent Ms. Guillard merely disagrees with Dr. Tallent or wants to cast aspersions on her credibility, those are fodder for cross examination at trial—not a basis to exclude testimony under Rule 702. *United States v. Babichenko*, No. 1:18-cr-00258-BLW, 2021 WL 780902, at *3 (D. Idaho Mar. 1, 2021) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." (citation omitted)).

### 3.    Dr. Tallent's opinions are relevant.

"Expert testimony is relevant if it will assist the trier of fact to understand the evidence or to determine a fact in issue." *TB Holding Co., LLC v. J&S Siding*, No. 4:22-cv-00307-BLW, 2025 WL 2146164, at *1 (D. Idaho July 29, 2025) (internal quotation marks and citation omitted). Here, the jury will be tasked with determining how much Ms. Guillard's defamatory statements damaged Professor Scofield. Dr. Tallent's expert opinions explain how and to what extent Professor Scofield's professional reputation has been harmed by Ms. Guillard. Dr. Tallent's testimony will thus aid in the jury in determining the appropriate amount of damages to award Professor Scofield. Accordingly, Dr. Tallent's testimony is relevant.

### B.    Ms. Bohn's testimony is admissible.

### 1.    Ms. Bohn can testify as a percipient fact witness.

Treating physicians who testify solely based on observations during the course of treatment are treated as fact witnesses. *See Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 739 (9th Cir. 2021)

("A treating physician who is expected to testify regarding opinions 'formed during the course of treatment' need not submit a detailed expert report." (citation omitted)); *Reyna v. Lowe's HIW, Inc.*, No. 1:13-cv-00111-REB, 2015 WL 5142086, at \*5 (D. Idaho Sept. 1, 2015) ("[A] treating physician may [still] testify as to opinions formed during the course of treatment—as a fact witness—without providing an expert report." (second brackets in original)); *Sabo v. Fiskars Bands, Inc.*, No. 2:12-cv-00503-EJL, 2015 WL 12750276, at \*5 (D. Idaho Dec. 4, 2015) ("[T]reating physicians are akin to fact witnesses and may testify as to their diagnosis, treatment, and care of Mr. Sabo at trial as well as their opinions formed during the course of their treatment of Mr. Sabo."). Here, Ms. Bohn will testify that she has treated Professor Scofield, and during the course of that treatment she diagnosed Professor Scofield with PTSD and determined that she will need a lifetime of mental health treatment. Olson Decl., Ex. A p. 18. Accordingly, the Court should allow Ms. Bohn to testify as a fact witness about her diagnosis, treatment, and care of Professor Scofield.

### 2.    Even if the Court considers Ms. Bohn an expert witness, she should be allowed to testify.

#### a.    Ms. Bohn is qualified.

A witness can be qualified to testify as an expert based on "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Ms. Bohn's opinions are that Professor Scofield has PTSD and will require mental health treatment for the rest of her life. Olson Decl., Ex. A p. 18. Ms. Bohn has the training and education required to render those opinions, as she has a Master of Arts in Counseling Psychology and she is a Licensed Mental Health Counselor. *Id.*, Ex. A p. 19. Ms. Bohn also has decades of relevant work experience because she has worked as a psychotherapist since 1990. She is thus qualified to diagnosis Professor Scofield with PTSD and opine on the care Professor Scofield will need. *E.g., Bendawald*, 2025 WL 2494547, at \*13

(finding an expert qualified based on "education and training on the subject matter" and "more than a decade of first-hand experience"); *Hardy*, 2025 WL 2051775, at *2 (finding an expert qualified based on over thirty years of work experience).

      **b.**    **Ms. Bohn's opinions are reliable.**

      Trial courts have "discretion to decide how to test an expert's reliability as well as whether the testimony is reliable, based on the particular circumstances of the case." *Hardy*, 2025 WL 2051775, at *3 (citation omitted) (finding an expert qualified based on over thirty years of work experience). "An expert's specialized knowledge and experience can serve as the requisite facts or data on which they render an opinion. . . . Indeed, in some fields experience is the predominant, if not sole, basis for a great deal of reliable testimony." *Id.* (internal quotation marks and citations omitted).

      Here, Ms. Bohn formed her opinions based on her "training and experience." Olson Decl., Ex. A p. 18. She has also formed her opinions based on the treatment she has provided to Professor Scofield since May 8, 2023. *Id.* Her opinions are reliable. While Ms. Guillard may question the credibility of Ms. Bohn's opinions, those concerns are to be addressed on cross examination. Credibility concerns are not a reason to exclude an expert witness under Rule 702. *Glenn v. B&R Plastics, Inc.*, 326 F. Supp. 3d 1044, 1056 (D. Idaho 2018) ("The focus of the district court's analysis must be solely on principles and methodology, not on the conclusions that they generate." (internal quotation marks and citation omitted)).

      **c.**    **Ms. Bohn's opinions are relevant.**

      "Expert testimony is relevant if it will assist the trier of fact to understand the evidence or to determine a fact in issue." *TB Holding Co., LLC*, 2025 WL 2146164, at *1 (internal quotation marks and citation omitted). Here, the jury will be tasked with determining how much Ms. Guillard's defamatory statements damaged Professor Scofield. Ms. Bohn's expert opinions explain

how much Professor Scofield has been personally harmed by Ms. Guillard. Ms. Bohn's testimony will thus aid the jury in determining the appropriate amount of damages to award Professor Scofield. Accordingly, Ms. Bohn's testimony is relevant.

### V.  CONCLUSION

Professor Scofield asks the Court to deny Ms. Guillard's Rule 702 Motion in Limine to Exclude Expert Testimony and Evidence of Rebecca Bohn, MA and Rebecca J. Tallent (Dkt. 102).

DATED:  September 16, 2025.

STOEL RIVES LLP

/s/ Wendy J. Olson
Wendy J. Olson

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2025, I served a copy of the foregoing via CM/ECF

on the Registered Participant as follows:

Ashley Guillard
msashleyjt@gmail.com

/s/ Wendy J. Olson
Wendy J. Olson