Ashley Guillard
msashleyjt@gmail.com
3262 Westheimer Rd, 942
Houston, TX 77098
337.372.3181

Pro-Se Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>   Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>   Defendant. | Case No. 3:22-cv-00521-REP<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO RULE 702 MOTION TO EXCLUDE EXPERT TESTIMONY AND EVIDENCE OF REBECCA BOHN, MA AND REBECCA J. TALLENT (DKT. 103)** |

## I.   INTRODUCTION

Defendant Ashley Guillard (Guillard) respectfully moves the Court to exclude the "expert" testimony of Rebecca Bohn, MA and Rebecca J. Tallent. Ms. Bohn's "expert" testimony and diagnosis that Plaintiff Rebecca Scofield (Scofield) has lifelong Post Traumatic Stress Disorder (PTSD) is factually improper, and a blatant attempt to fabricate damages to mislead the Court and the Jury to award Scofield millions of dollars. Likewise, Dr. Tallent's expert testimony also fabricates and exaggerates extreme damages that do not exist for Scofield; attempting to mislead the Court and the Jury into awarding Scofield millions of dollars. Both testimony's lack in facts, are not supported by the evidence, are obviously biased, and do not meet the requirements of Rule 702 and applicable case laws. The law requires the Court to exclude the expert testimony of

Rebecca Bohn and Rebecca J. Tallent due to the complete failure of each expert witness to meet the required elements of Rule 702 and applicable case laws to include Daubert v. Merrell Dow Pharmaceuticals, Inc., 113 S. Ct. 2786 (1993). This motion is supported by the memorandum in support, the attached exhibits, Federal Rules of Evidence Rule 702, and applicable case laws.

## II.    BACKGROUND

On December 21, 2022, Scofield filed a Complaint for defamation against Guillard (DKT. 1). After not receiving a response to the complaint within 21 days, Scofield filed a Motion for Entry of Default on January 19, 2023 (DKT. 4). Defendant Ashley Guillard filed an Answer to the Complaint on February 16, 2023 (DKT. 7). On February 17, 2023, Scofield filed a Motion for a Default Judgment (DKT. 10). The motion for a default judgment sought "at least $1,863,304" alleging Guillard's "false statements" caused Scofield's promotions, leadership capabilities, and salary increases at the University of Idaho to be jeopardized. Scofield also alleged that Guillard: 1) Jeopardized her publication of book manuscripts, book chapters and articles that were pending review. 2) Jeopardized Scofield's ability to collaborate with co-authors. 3) Limited Scofield's ability to perform new studies and new work regarding LGBTQ populations. 4) Caused Scofield severe mental distress due to receiving *"hate mail"* from *"anti-education groups"* who oppose her work on the LGBTQ community at the University of Idaho. On April 26, 2023, the Court denied Scofield's Motion for a Default Judgment of $1,863,304 or more (DKT. 18). On May 8, 2023, Scofield began receiving therapy from Rebecca Bohn, MA (DKT 102 Exhibit A) receiving a diagnosis of "severe lifelong PTSD requiring life-long treatment". On January 12, 2024, Scofield filed a Motion for Partial Summary Judgment (DKT. 63) and a Motion for Leave to Amend the Complaint to add Punitive Damages (DKT. 64). The Court granted both motions (DKT. 74). On March 15, 2025, Guillard filed a Motion for Reconsideration of docket 74 based on newly received

evidence pursuant to FRCP Rule 60(b)(2). The Court denied the motion for reconsideration and ordered to proceed to trial solely on damages (DKT. 96). The Court set a deadline for Rule 702 Motions for September 2, 2025 (DKT. 100). On September 2, 2025, Defendant Ashley Guillard filed a Motion to Exclude Expert Testimony of Rebecca Bohn, MA and Rebecca J. Tallent (DKT 102). Plaintiff Rebecca Scofield filed a Response to the Motion opposing it on September 16, 2025. Guillard now files this Reply to the Response on September 23, 2025.

### III.  LEGAL STANDARD

In Daubert the Court charged trial judges with the responsibility of acting as gatekeepers to exclude unreliable expert testimony. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 113 S. Ct. 2786 (1993). Rule 702 requires that (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case. The Plaintiff also cites United States v. Bendawald, No. 1:23-cr-00281-DCN, 2025 WL 2494547, at *12 (D. Idaho Aug. 29, 2025), which requires that expert testimony is relevant to the facts of the case.

### IV.  ARGUMENT

Dr. Rebecca Tallent's exaggerated, fabricated and unfairly prejudiced opinion is not relevant to Scofield's defamation case. First, despite her education and experience, Tallent completely failed to provide any evidence, data, facts to support that Guillard caused Scofield any reputational harm. Nor did she provide sufficient facts or data that shows a causality that despite Scofield's lack of damages that she will incur future damages. None of the examples Dr. Tallent provided supports her claim that Scofield will suffer a century of reputational harm and damages because they do not align the facts of Scofield's case and are completely irrelevant to it. The testimony is also unreliable because it begins with the lie that Scofield has already suffered

REPLY TO RESPONSE:  RULE 702 MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY   3

damages caused by Guillard. Instead, Guillard provided evidence that Scofield has not suffered reputational harm nor damages. Dr. Tallent's testimony does not consider the facts of Scofield's case: 1) The University of Idaho did not punish Professor Scofield due to Guillard's statements. 2) The University of Idaho's chapter of the American Federation of Teachers, the Idaho Federation of Teachers, and the National Legal Aid Committee with the American Federation of Teachers gave Scofield financial assistance for attorney's fees. 3) Students at the University of Idaho and the general public also gave Scofield $22,741 in financial donations to support her. 4) Scofield has not suffered any damages due to Guillard's statements. 5) Over tens of thousands of social media comments show support for Scofield.

Instead of using the facts of Scofield's defamation case, Dr. Tallent completely fabricated a narrative that does not exist and then drew an unsubstantiated opinion based on that false narrative. Dr. Tallent's testimony is a blatant lie, unreliable, unreasonable, does not match the facts of Scofield's case, lacks principles, methods of analyzing data and does not properly align reliable analytical principles to the facts of Scofield's case regarding damages. Tallent's testimony does not meet the legal standards for expert testimony. This goes beyond mere disagreement that is typically cured by false examination because her testimony fails to meet the requirements of Rule 702; it cannot be cross examined. The Court must exclude Dr. Tallent's testimony.

Ms. Rebecca Bohn's "expert" testimony is also egregiously exaggerated, fraudulent, an incorrect application of mental health standards, and a false alignment of Scofield's mental health issues onto Guillard. First. Ms. Bohn's opinion does not reflect her education nor training on mental health. Guillard provided evidence that Ms. Bohn's education and standards provides guidance and facts that are contrary to her diagnosis that Rebecca Scofield has PTSD due to defamatory statements. The case law the Plaintiff mentions, Hardy, 2025 WL 2051775, requires

that expert opinions are based on specialized knowledge and experience. First, Ms. Bohn, lacks specialized knowledge in the field of Post Traumatic Stress Disorder. She admits that her education and experience is limited to counseling on general behavioral health issues. Furthermore, to diagnose patients, Ms. Bohn must follow the guidelines provided in the mental health industry, the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (DSM-5). Ms. Bohn is a therapist. It is impossible for Guillard to be responsible for Scofield's PTSD diagnosis according to the DSM-5 and the American Psychiatric Association. Bohn cannot change and lower the diagnostic standards of PTSD for Rebecca Scofield.

For Ms. Bohn to diagnosis a patient with PTSD due to alleged defamatory statements the DSM-5 diagnostic standards would have to change. To change the DSM-5 the American Psychiatric Association (APA), with a DSM Steering Committee and APA Board of Trustees are required to rigorously review of proposals, public comments, and expert evaluation by scientific and clinical committees. APA leadership evaluates the proposal along with sufficient evidence, considers public comment and makes a final decision. Afterwards, the APA's Assembly and Board of Trustees must approve the proposed change. In this process the APA Division of Research is involved as well as the DSM Steering Committee, Review Committees, Scientific Review Committee and Clinical and Public Health Committee. Ms. Bohn cannot come up with her own standards, change and lower the diagnostic requirements for PTSD. By diagnosing Rebecca Scofield with PTSD due to alleged defamatory statements Ms. Bohn went against all the experts in her field with specialized knowledge in PTSD and Psychology. Ms. Bohn also went against the standards provided to her by the APA, the DSM Steering Committee, Review Committees, Scientific Review Committee and Clinical and Public Health Committee and scientific evidence related to PTSD. Not only is Ms. Bohn's testimony and false PTSD diagnosis for Rebecca Scofield

REPLY TO RESPONSE:  RULE 702 MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY   5

erroneous, it is also malpractice and illegal. Ms. Bohn's expert testimony is not reliable, not professional, nor does it align with the facts of the case. The Court must exclude Ms. Bohn's expert testimony. Additionally, the Court should punish the Plaintiff for presenting false evidence in Court and committing Fraud on the Court.

## V.   CONCLUSION

Rebecca Scofield has not suffered any damages due to Guillard's statements. Scofield has not provided any evidence to prove damages caused by Guillard. Instead, Scofield sought nearly $2,000,000 or more in a motion for a default judgment falsely alleging that she suffered reputational harm, falsely alleging that she lost or was in danger of losing promotions, leadership positions and pay increases at her job at the University of Idaho. Scofield falsely alleged that she lost publishing opportunities due to Guillard and falsely attributed hate mail she received from "anti-education homophobic communities" to Guillard. When Scofield did not receive a default judgment of $1,863,304 or more (DKT. 10 and DKT.18). She furthered her lies and fabricated damages by summoning the help of Rebecca Bohn, MA and Dr. Rebecca Tallent who then wrote fabricated expert statements to help her obtain unwarranted damages. The public and the Court must question what else Scofield has lied about regarding this case considering she's lied since the onset of the civil complaint; and worked very hard to lie about damages.

Fraud on the Court is a serious crime. It undermines the Court, The United States Constitution, Due Process and the Judicial system. The Court should exclude the expert testimony of Rebecca Bohn, MA and Dr. Rebecca Tallent. Additionally, the fake PTSD diagnosis, false evidence (the recurring mental health sessions for PTSD falsely attributed to Guillard) and the fabrication of damages provided by Rebecca Bohn, Rebecca J. Tallent, Rebecca Scofield and attorney Wendy J. Olson, contributed to Scofield fraudulently obtaining jurisdiction for Scofield's

REPLY TO RESPONSE:  RULE 702 MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY                                                                                         6

defamation claims. Therefore, the entire case is void and invalid from the beginning, void ab initio. The entire case is a nullity and legally treated as though it never happened. The court must dismiss the case due to a lack of subject-matter jurisdiction. See FRCP Rule 12(h)(3). The issue of subject matter jurisdiction cannot be waived. At any point in the proceedings—before, during, or even after a final judgment has been entered the Court must dismiss the case due to a lack of subject matter jurisdiction. Id.

DATED September 23, 2025

/s/ Ashley J. Guillard
Ashley J. Guillard
Pro-Se Litigant

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2025, I served a copy of the foregoing via CM/ECF on the Registered Participants as follows:

Cory M. Carone: cory.carone@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

Wendy J. Olson: wendy.olson@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com.

DATED: September 23, 2025.

/s/ Ashley J. Guillard
Ashley J. Guillard
Pro-Se Litigant
