**PLAINTIFF'S REQUESTED**

**INSTRUCTION NO. 1**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Authority:** Modified Version of the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 1.4.

GIVEN            _____
REFUSED          _____
MODIFIED         _____
COVERED          _____
OTHER            _____

**PLAINTIFF'S REQUESTED**

**INSTRUCTION NO. 2**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers, or Ms. Guillard when she is acting in her capacity as her own representative, have agreed; and

4.      any facts that I may instruct you to accept as proved.

**Authority**: Modified Version of the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 1.9.

GIVEN          _____
REFUSED        _____
MODIFIED       _____
COVERED        _____
OTHER          _____

## PLAINTIFF'S REQUESTED

## INSTRUCTION NO. 3

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers, or Ms. Guillard when she is acting in her capacity as her own representative, are not evidence. The lawyers are not witnesses, and Ms. Guillard is not a witness unless she is testifying from the witness stand. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, other than when Ms. Guillard testifies, your memory of them controls.

(2)     Questions and objections by lawyers, or Ms. Guillard when she is acting in her capacity as her own representative, are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority**: Modified Version of Manual of Model Civil Jury Instructions for the District Courts

of the Ninth Circuit, Instruction 1.10.

GIVEN          _____
REFUSED        _____
MODIFIED       _____
COVERED        _____
OTHER          _____

**PLAINTIFF'S REQUESTED**

**INSTRUCTION NO. 4**

There are rules of evidence that control what can be received into evidence. When a lawyer, or Ms. Guillard when acting in her capacity as her own representative, asks a question or offers an exhibit into evidence and a lawyer or Ms. Guillard on the other side thinks that it is not permitted by the rules of evidence, that lawyer or Ms. Guillard may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Authority**: Modified Version of Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 1.13.

GIVEN          _____
REFUSED        _____
MODIFIED       _____
COVERED        _____
OTHER          _____

### PLAINTIFF'S REQUESTED

### INSTRUCTION NO. 5

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

      (1)     the opportunity and ability of the witness to see or hear or know the things testified to;

      (2)     the witness's memory;

      (3)     the witness's manner while testifying;

      (4)     the witness's interest in the outcome of the case, if any;

      (5)     the witness's bias or prejudice, if any;

      (6)     whether other evidence contradicted the witness's testimony;

      (7)     the reasonableness of the witness's testimony in light of all the evidence; and

      (8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authority**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 1.14.


GIVEN        _____
REFUSED     _____

MODIFIED    _____
COVERED    _____
OTHER    _____

**PLAINTIFF'S REQUESTED**

**INSTRUCTION NO. 6**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**Authority**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 1.16.

GIVEN          _____
REFUSED        _____
MODIFIED       _____
COVERED        _____
OTHER          _____

**PLAINTIFF'S REQUESTED**

**INSTRUCTION NO. 7**

From time to time during the trial, it became necessary for me to talk with the attorneys or Ms. Guillard out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Authority**: Modified Version of Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 1.20.

GIVEN          _____
REFUSED        _____
MODIFIED       _____
COVERED        _____
OTHER          _____

**PLAINTIFF'S REQUESTED**

**INSTRUCTION NO. 8**

Ashley Guillard is representing herself in this trial. This fact must not affect your consideration of the case. Self-represented parties and parties represented by an attorney are entitled to the same fair consideration.

Because Ms. Guillard is acting as her own lawyer, you will hear her speak at various times during the trial. She may make an opening statement and closing argument and may ask questions of witnesses, make objections, and argue legal issues to the court. I want to remind you that when Ms. Guillard speaks in these parts of the trial, she is acting as her own advocate, and her words are not evidence. The only evidence in this case comes from witnesses who testify under oath on the witness stand or by deposition and from exhibits that are admitted into evidence. When a self-represented party testifies, you should treat this testimony just as you would the testimony of any other witness.

**Authority**: Modified Version of Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 1.22.

GIVEN          _____
REFUSED        _____
MODIFIED       _____
COVERED        _____
OTHER          _____

**PLAINTIFF'S REQUESTED**

**INSTRUCTION NO. 9**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Authority**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 1.12.

GIVEN         _____
REFUSED       _____
MODIFIED      _____
COVERED       _____
OTHER         _____

**PLAINTIFF'S REQUESTED**

**INSTRUCTION NO. 10**

You have testimony from Rebecca Tallent and Rebecca Bohn who testified about their opinions and the reasons for those opinions. This opinion testimony is allowed, because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

**Authority**: Modified Version of Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 2.13.

GIVEN          _____
REFUSED        _____
MODIFIED       _____
COVERED        _____
OTHER          _____

**PLAINTIFF'S REQUESTED**

**INSTRUCTION NO. 11**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 3.1.

GIVEN          _____
REFUSED        _____
MODIFIED       _____
COVERED        _____
OTHER          _____

**PLAINTIFF'S REQUESTED**

**INSTRUCTION NO. 12**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**Authority**: Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 3.2.

GIVEN           _____
REFUSED         _____
MODIFIED        _____
COVERED         _____
OTHER           _____

**PLAINTIFF'S REQUESTED**

**INSTRUCTION NO. 13**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Authority**: Modified Version of Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 3.3.

GIVEN           _____
REFUSED        _____
MODIFIED      _____
COVERED       _____
OTHER           _____

## PLAINTIFF'S REQUESTED

## INSTRUCTION NO. 14

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

**Authority**: Modified Version of Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 3.5.

GIVEN          _____
REFUSED        _____
MODIFIED       _____
COVERED        _____
OTHER          _____

**PLAINTIFF'S REQUESTED**

**INSTRUCTION NO. 15**

The court has decided to accept as proved the fact that: (1) Ashley Guillard stated that Rebecca Scofield had an inappropriate romantic relationship with a college student and orchestrated the murder of four students at the University of Idaho to cover up the relationship, (2) Ms. Guillard's statements about Professor Scofield were false, and (3) Ms. Guillard's false statements about Professor Scofield defamed Professor Scofield. You must accept those facts as true.

**Authority**: Modified Version of Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 2.3.

GIVEN _____
REFUSED _____
MODIFIED _____
COVERED _____
OTHER _____

**PLAINTIFF'S REQUESTED**

**INSTRUCTION NO. 16**

Professor Scofield has the burden of proving the amount of damages she suffered because of Ms. Guillard's false statements that Professor Scofield had an inappropriate romantic relationship with a college student and orchestrated the murder of four students at the University of Idaho to cover up the relationship.

**Authority**: Modified Version of Idaho Civil Jury Instructions ("IDJI") 4.82 – Elements of defamation – general case

GIVEN        _____
REFUSED      _____
MODIFIED     _____
COVERED      _____
OTHER        _____

**PLAINTIFF'S REQUESTED**

**INSTRUCTION NO. 17**

The plaintiff has the burden of proving compensatory damages by a preponderance of the evidence. Compensatory damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

- The harm to Professor Scofield's professional reputation;

- The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

- The reasonable value of necessary medical care, treatment, and services received to the present time;

- The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;

- The reasonable value of earnings and professional opportunities lost up to the present time;

- The reasonable value of earnings and professional opportunities that with reasonable probability will be lost in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authority**: Modified Version of Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instructions 5.1 and 5.2.

GIVEN          _____
REFUSED        _____
MODIFIED       _____
COVERED        _____
OTHER          _____

**PLAINTIFF'S REQUESTED**

**INSTRUCTION NO. 18**

When a party has the burden of proving damages by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim of damages is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Authority**: Modified Version of Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 1.6.

GIVEN        _____
REFUSED      _____
MODIFIED     _____
COVERED      _____
OTHER        _____

**PLAINTIFF'S REQUESTED**

**INSTRUCTION NO. 19**

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as mental and emotional pain and suffering are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money that may be caused by future inflation.

**Authority**: Modified Version of Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 5.4.

GIVEN          _____
REFUSED        _____
MODIFIED       _____
COVERED        _____
OTHER          _____

**PLAINTIFF'S REQUESTED**

**INSTRUCTION NO. 20**

If Professor Scofield proves by clear and convincing evidence that Ms. Guillard's false statements that Professor Scofield had an inappropriate romantic relationship with a college student and orchestrated the murder of four students at the University of Idaho to cover up the relationship were an extreme deviation from reasonable standards of conduct and that these acts were performed by the defendant with malice, fraud, oppression, wantonness, or gross negligence, you may, in addition to any compensatory damages to which you find the plaintiff entitled, award to plaintiff an amount which will punish the defendant and deter the defendant and others from engaging in similar conduct in the future.

**Authority**: Modified Version of IDJI 9.20 - Punitive damages

GIVEN          _____
REFUSED        _____
MODIFIED       _____
COVERED        _____
OTHER          _____

**PLAINTIFF'S REQUESTED**

**INSTRUCTION NO. 21**

When a party has the burden of proving punitive damages by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the damages are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Authority**: Modified Version of Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 1.7.

GIVEN            _____
REFUSED          _____
MODIFIED         _____
COVERED          _____
OTHER            _____

**PLAINTIFF'S REQUESTED**

**INSTRUCTION NO. 22**

Punitive damages are not a matter of right, but may be awarded in the jury's sound discretion, which is to be exercised without passion or prejudice. The law provides no mathematical formula by which such damages are to be calculated, other than any award of punitive damages must bear a reasonable relation to the actual harm done, to the cause thereof, to the conduct of the defendant, and to the primary objective of deterrence.

**Authority**: Modified Version of IDJI 9.20 - Punitive damages

GIVEN        _____
REFUSED      _____
MODIFIED     _____
COVERED      _____
OTHER        _____

**PLAINTIFF'S REQUESTED**

**INSTRUCTION NO. 23**

You have been permitted to hear evidence pertaining to defendant's wealth and financial condition. This evidence was admitted for your consideration only with reference to the question of punitive damages in light of all other evidence before you if you determine that such an award should be made in this case.

**Authority**: Modified Version of IDJI 9.20.5 - Punitive damages

GIVEN _____
REFUSED _____
MODIFIED _____
COVERED _____
OTHER _____