Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: 208.389.9000
Facsimile: 208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>       Plaintiff,<br><br>  v.<br><br>ASHLEY GUILLARD,<br><br>       Defendant. | Case No. 3:22-cv-00521-REP<br><br>**MOTION FOR ENTRY OF PROTECTIVE ORDER** |

Plaintiff Rebecca Scofield ("Plaintiff") moves this Court for entry of a protective order in the form submitted as **Exhibit A**, which is based on the model protective order available on the Court's website and attached as **Exhibit B**.

Generally, the public is permitted "access to litigation documents and information produced during discovery." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (citations omitted). However, if good cause exists, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (quoting Fed. R. Civ. P. 26(c)(1)). When considering a motion for a non-stipulated

protective order, a court proceeds in two steps. *Health Freedom Def. Fund, Inc. v. US Freedom Flyers, Inc.*, No. 4:23-CV-00380-AKB, 2025 WL 1573525, at *6 (D. Idaho June 4, 2025). First, a court must determine if a "particularized harm will result from disclosure of information to the public." *Id.* (quoting *In re Roman Cath. Archbishop*, 661 F.3d at 424); *see also Moore v. Battelle Energy All., LLC*, No. 4:21-CV-00230-CRK, 2023 WL 1767391, at *4 (D. Idaho Feb. 3, 2023) ("party must demonstrate good cause that information to be produced in discovery is confidential or warrants protection"). Second, if such harm will result from disclosure, then the court proceeds to balance "the public and private interests to decide whether [maintaining] a protective order is necessary." *In re Roman Cath. Archbishop*, 661 F.3d at 424 (citation omitted). District courts "have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted." *Heitkoetter v. Domm*, No. 1:22-CV-0368-AWI-BAM, 2023 WL 122041, at *5 (E.D. Cal. Jan. 6, 2023) (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

Here, Plaintiff seeks a protective order to protect her from the public dissemination or disclosure of confidential and personally sensitive information for a limited amount of time. As this Court is aware, summary judgment has already been granted as to the Defendant's liability under Plaintiff's defamation claims. *See* Dkt. 77; *see also* Dkt. 98. Trial on the issue of damages is set for February 24, 2026. *See* Dkts. 100, 101. In preparation for trial, this Court ordered the parties to exchange all trial exhibits. *See* Dkt. 100 ¶ 5. Some of the exhibits that Plaintiff intends to rely on, and thus that need to be exchanged, are Plaintiff's medical and financial records. These records contain sensitive personal and financial information in them. To protect this information from public disclosure, Plaintiff inquired whether Defendant would be willing to stipulate to the

MOTION FOR ENTRY OF PROTECTIVE ORDER - 2

entry of a protective order. *See* Declaration of Wendy J. Olson in Support of Motion for Protective Order, Ex. A. With no explanation, Ms. Guillard refused. *Id.*

Nevertheless, a protective order is warranted in this case, especially at this point in time. This Court routinely enters protective orders like the one Plaintiff requests to protect confidential and personally sensitive information, such as medical and financial records. *See, e.g.*, *Moore*, 2023 WL 1767391, at \*4; *Venti v. Xerox Corp.*, No. 1:21-CV-00131-DKG, 2022 WL 3446104, at \*6 (D. Idaho Aug. 17, 2022) (maintain the confidentiality of confidential financial information); *see also Barrington v. United Airlines, Inc.*, 339 F.R.D. 644, 647 (D. Colo. 2021) (issuing a protective order to designate as confidential "personal, personnel, employment, private, medical, or other information" of any party). Indeed, Federal Rule of Civil Procedure 5.2 requires the protection of certain personal information regardless of a protective order. As discussed, Plaintiff intends to disclose certain exhibits that contain such information.

Public dissemination of this confidential and personally sensitive information will certainly result in harm regardless of the particular circumstances of a case. However, a protective order is especially warranted here due to the nature of the claims, the public interest in both this case and the underlying tragedy that occurred at the University of Idaho, the Defendant's use of and large following on social media platforms, and Defendant's unexplained and unwarranted refusal to agree to this District's sample protective order with no alterations made to it. *See* Olson Decl., ¶ 1. Indeed, Defendant has already made social media posts discussing this case and earlier publicly posted Plaintiff's cease and desist letter on TikTok. *Id.* at ¶ 2; *see also* Dkt. 63-16; Dkt. 64-4, Ex. R.

Moreover, Plaintiff's interest in safeguarding the confidentiality of sensitive information prior to trial clearly outweighs any minimal and temporary impact on the public's right of access.

MOTION FOR ENTRY OF PROTECTIVE ORDER - 3

Importantly, any limitation on public disclosure is short-lived. As trial approaches, Plaintiff will seek to admit each exhibit into evidence, at which point the Court will be asked to make individualized determinations regarding whether sealing is warranted for each specific document. This process ensures that any confidentiality designation will be subject to judicial scrutiny and resolved within a matter of months. Conversely, the potential harm that Plaintiff will likely suffer due to pretrial public disclosure will be irreparable and permanent, and will only compound the harm Plaintiff has already suffered due to Defendant's defamatory statements.

Plaintiff submits its proposed protective order as **Exhibit A**. It contains no material changes from the District of Idaho Model Protective Order, *see* **Exhibit B**, attached, and includes provisions for Defendant to challenge any confidential designations prior to trial, if Defendant does not want to wait until February for an individualized ruling.

For these reasons, Plaintiff respectfully requests that the Court enter Plaintiff's proposed protective order.

DATED:  October 9, 2025.

STOEL RIVES LLP

/s/ *Wendy J. Olson*
Wendy J. Olson
Cory M. Carone

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, I served a copy of the foregoing via CM/ECF on

the Registered Participant as follows:

Ashley Guillard
msashleyjt@gmail.com

/s/ *Wendy J. Olson*
Wendy J. Olson