Wendy J. Olson, ISB No. 7634
wendy.olson@stoel.com
Cory M. Carone, ISB No. 11422
cory.carone@stoel.com
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>           Plaintiff,<br><br>     v.<br><br>ASHLEY GUILLARD,<br><br>           Defendant. | Case No. 3:22-cv-00521-REP<br><br>**PLAINTIFF'S MOTION IN LIMINE** |

### I.  INTRODUCTION

The Court has already determined that Defendant Ashley Guillard defamed Plaintiff Rebecca Scofield when Ms. Guillard published online numerous false statements asserting that Professor Scofield had an affair with a student and then orchestrated the murder of four students to cover up the affair. The only issue left for trial is the amount of damages Professor Scofield should be awarded. Yet Ms. Guillard's past conduct suggests she will use trial as a platform to make a mockery of the murders by continuing to make her outrageous and baseless statements about Professor Scofield. Given the Court's decision on summary judgment, any efforts by Ms. Guillard to present the "truth" of her defamatory statements are irrelevant to the issues to be tried.

PLAINTIFF'S MOTION IN LIMINE - 1

Accordingly, the Court should enter an order prohibiting Ms. Guillard from presenting any evidence or argument related to the "truth" of whether Professor Scofield had an affair with a victim or orchestrated the four murders.

## II.  BACKGROUND

As the Court well knows by now, this case arises out of the tragic murder of four University of Idaho students in November 2022. Dkt. 74, p. 1. Following the murders, Ms. Guillard published numerous videos online asserting that Professor Scofield had an affair with one of the victims and orchestrated the murders of the four students to cover up the affair. *Id.* at pp. 10–12. Throughout this litigation, Ms. Guillard has often repeated her outrageous and false statements in her pleadings. *E.g.*, Dkt. 32, 65, 66, 77-1, 92-1. When granting partial summary judgment in favor of Professor Scofield, the Court determined that Ms. Guillard's statements were false and defamatory per se. *See* Dkt. 74. Accordingly, the only issue remaining for trial is the amount of damages that should be awarded to Professor Scofield. *Id.*

## III.  LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *Rush v. Weinstein*, No. 1:18-CV-00073-REP, 2022 WL 1127898, at *1 (D. Idaho Apr. 15, 2022) (citation omitted). Although motions in limine are not expressly authorized under the Federal Rules of Civil Procedure or the Federal Rules of Evidence, they "are well-recognized in practice and by case law." *Id.* "The key function of a motion in limine is to 'exclude prejudicial evidence before the evidence is actually offered.'" *Id.* (citation omitted). Trial courts have "broad discretion" when deciding motions in limine. *Id.*

Motions in limine typically raise challenges to evidence on the grounds of relevance or unfair prejudice. *Id.* "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining

the action." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. Even if evidence is relevant, the Court may exclude the evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## IV. ARGUMENT

Ms. Guillard has made a spectacle of the tragic and brutal murders of four young students at the University of Idaho to gain attention for herself on the internet. While Ms. Guillard's conduct started on TikTok, she has regularly used these judicial proceedings as a platform to make additional outrageous and false statements about the victims and Professor Scofield—all without a shred of evidentiary support. *E.g.*, Dkt. 32, 65, 66, 77-1, 92-1. The upcoming trial is *only* about the amount of damages to award Professor Scofield. *See* Dkt. 74. The trial is *not* about whether Ms. Guillard's statements about Professor Scofield are true; the Court has already held they are not. *Id.* Nonetheless, Ms. Guillard's past conduct suggests it is likely she will try to use trial to repeat her baseless assertions that Professor Scofield had an affair with one of the victims and orchestrated the murders to cover up the affair. Any "evidence" or argument to that effect has no bearing on the facts to be determined on trial, and even if it did, any probative value would be far outweighed by the danger of confusing the issues that the jury needs to decide, misleading the jury about what is at issue in trial, and introducing undue delay and a waste of time. As a result, the "evidence" or argument is inadmissible under Federal Rules of Evidence 402 and 403.

Ms. Guillard should not be afforded at trial *any* more opportunities to harm Professor Scofield or disrespect the four victims. Accordingly, the Court should enter an order prohibiting any evidence or argument related to the false assertion that there is any truth to Ms. Guillard's false statements about Professor Scofield.

PLAINTIFF'S MOTION IN LIMINE - 3

## V.  CONCLUSION

The Court should grant Professor Scofield's Motion in Limine and enter an order prohibiting Ms. Guillard from offering any evidence or argument that her false statements about Professor Scofield were true.

DATED:  October 13, 2025.

STOEL RIVES LLP

/s/ *Wendy J. Olson*
Wendy J. Olson
Cory M. Carone

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2025, I served a copy of the foregoing via CM/ECF on the Registered Participant as follows:

    Ashley Guillard
    msashleyjt@gmail.com

                                      /s/ Wendy J. Olson
                                      Wendy J. Olson