# EXHIBIT I: SUBPOENA TO META PLATFORMS

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Idaho

| | |
|---|---|
| REBECCA SCOFIELD *Plaintiff* v. ASHLEY GUILLARD *Defendant* | ) ) ) ) Civil Action No. 3:22-cv-00521-REP ) ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Meta Platforms, INC., DBA Facebook, Instagram and WhatsApp
C/o Registered Agent: Corporation Services Company, 251 Little Falls Drive, Wilmington, New Castle, DE, 19808

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached.

| Place: Electronically (preferred) MSASHLEYJT@GMAIL.COM PICK UP: 251 Little Falls Drive, Wilmington, New Castle 19808 | Date and Time: 07/31/2023 by 5:00 pm CST |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/13/2023

**United States Courts
District of Idaho
ISSUED
Laura McInnes
on Jul 13, 2023 3:23 pm**

OR _____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Ashley Guillard
_____, who issues or requests this subpoena, are:

Ashley Guillard, 3262 Westheimer Rd, 942, Houston TX 77098, MSASHLEYJT@GMAIL.COM, (337) 372-3181

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:22-cv-00521-REP

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

Print     Save As...     Add Attachment     Reset

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# DOCUMENTS TO BE PRODUCED

# DEFINITIONS

The following terms shall have the meanings stated below:

1. "Meta Platforms, Inc.", "you," "your," and "yours" means Meta Platforms, INC, Facebook, Facebook Inc., WhatsApp, Instagram, and any of its respective stakeholders, officers, employees, attorneys, agents, subsidiaries, holding companies, affiliates, or others acting or purporting to act on your behalf.

2. "Guillard" means Defendant and Counterclaimant Ashley Guillard.

3. "Professor Scofield" means Plaintiff and Counter Defendant Rebecca Scofield.

4. "Rebecca Scofield" Facebook account means active and deleted accounts, to include but not limited to active, deleted, archived and any other user data, messages, communication, status updates, friends lists, associations, chat, pictures, audio messages, videos, Facebook Messenger accounts, Facebook Messenger user data, Facebook Messenger messages, Instagram user data, Instagram messages, Instagram accounts, WhatsApp user data, WhatsApp messages, WhatsApp phone call history, WhatsApp text messages, WhatsApp voice data; that is or may be associated with the name Rebecca Scofield, lives in Moscow Idaho, married to John Carlsen with any phone number and email address to include but not limited to (208) 365-7360. This includes Facebook account associated with the following link https://www.facebook.com/rebecca.scofield.73.

5. "Kaylee Goncalves" Facebook account means the account associated with the following link: https://www.facebook.com/kaylee.goncalves or any account purporting to be Kaylee Goncalves.

1

6. "Alpha Phi Sorority" Facebook Profile means the account associated with the following link: https://www.facebook.com/idahoalphaphi or any account purporting to be Alpha Phi Sorority at the University of Idaho 604 Elm Street, Moscow, ID 83843.

7. "Murders" means the murders of University of Idaho Students Ethan Chapin, Kaylee Goncalves, Xana Kernodle, and Madison Mogen at the on or about November 13, 2022, in Moscow Idaho.

8. "Litigation" means case no. 3:22-cv-00521-REP filed in the United States District Court for the District of Idaho. A copy of the complaint is attached as Exhibit B. A copy of the countercomplaint is attached as Exhibit C.

9. "Person" means any natural person, any business entity, employees, or other persons purporting to act on such person's behalf.

10. "Communications" shall mean any transmission of words, or information between or among two or more people, and includes, but is not limited to, audio messages, Facebook Messenger messages, text messages, emails, conversations, conferences, correspondence, discussions, reports, chat messages, videos, media, GIFs, emojis, whether transmitted in person or by any electronic device such as telephone, computer, electronic devices, or radio, and/or by documents.

11. The term "data" means any user data, document, oral communication, written communication or other type of communication and data you have knowledge of.

12. The term "date" means the exact day, month, and year or, if not, the best available dates (including relationship to other events).

13. "Documents" is synonymous in meaning and equal in scope to its usage in Federal Rule of Civil Procedure 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings,

images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form" or any designated tangible things, or entry onto land or other property.

14. The term "including" is used to highlight the type of communications, correspondence, and information requested; not to be construed as limiting the Interrogatory.

15. The terms and phrases "refer(s) to," "reflect(s)," or "relate(s) to" shall mean constituting, comprising, containing, consisting of, evidencing, setting forth, proposing, showing, disclosing, describing, discussing, explaining, summarizing, concerning, reflecting, referring to, relating to, authorizing, regarding, in regard to, or being in any way pertinent to the specified subject matter, either directly or indirectly.

16. "Jack DuCoeur" Facebook user account means the account associated with the following link: https://www.facebook.com/jack.ducoeur.33 , any account purporting to be Jack DuCoeur, any account created using the same or similar user data to include email address, phone number, and any connected accounts; to include but not limited to Facebook Messenger, Instagram, WhatsApp, Facebook, Inc., and its affiliate platforms.

17. "Friends" or "connections" mean any current and previous accounts on the subjects Facebook friends list, messenger contacts, messenger inbox, messenger archives, messenger deleted messages, messenger history, messenger chat, any user account communicating in any way with the subject on Facebook, Instagram, Messenger, and WhatsApp.

## INSTRUCTIONS

1. All requests seek information from June 1, 2021, to the present.

2. Please produce all documents, data, information, electronically stored information and communications electronically.

3. Please produce all documents, data, information, electronically stored information and communications electronically with logical document breaks, as searchable, with load files enabling review in common litigation databases, and with metadata including author, recipient, file name, subject, date created, and date edited/modified.

4. If any requested documents, information and/or communications cannot be produced in full, produce to the extent possible. Please specify the reason for your inability to produce the full product and state the information, knowledge, or belief you do have concerning the unproduced portion.

5. Please ensure all responsive documents and communications are processed and produced with all hidden text (e.g., track changes, speaker's notes, hidden rows or columns, comments, markups, notes, etc.) and formulas exposed, expanded, and extracted and rendered in the TIFF image.

## PRODUCTION REQUESTS

1. Please produce all messages on Rebecca Scofield's Facebook Messenger account and direct message from any of her connected Instagram Accounts from June 1, 2021, to the present.

2. Please produce all connections, to include the "friends" list and any deleted or unfriended accounts on Rebecca Scofield's Facebook page from June 1, 2021, to the present.

3. Please produce all communication (including deleted communication) between Rebecca Scofield and any University of Idaho Students to include but not limited to Kaylee Goncalves, Madison Mogen, Xana Kernodle and Jack DuCoeur from June 1, 2021, to the present.

4. Please produce any communications indicating or suggesting that Counter Defendant Rebecca Scofield has or has attempted to delete, remove, hide, or otherwise restrict access to content posted on her Facebook accounts or any connected accounts like Instagram from June 1, 2021, to the present.

5. Please produce any communications indicating or suggesting that Counter Defendant Rebecca Scofield has or has attempted to delete, remove, hide, or otherwise restrict access to Messages in her Facebook Messenger account from June 1, 2021, to the present.

6. On all of Rebecca Scofield's accounts: Facebook, Facebook Messenger, Instagram, and WhatsApp, please produce any communications that mention "Ashley Guillard", "Ashley Taylor", "@ashleyisinthebookoflife", "@ashisgod" and "TikTok".

7. On all of Rebecca Scofield's accounts: Facebook, Messenger, Instagram, WhatsApp, and connected accounts please produce any communications that mention Ashley Taylor, Ashley, "@ashleyisinthebookoflife", "@ashisgod", "TikTok", Ashley Guillard, Rebecca Scofield, the

5

Affair, the Murders, the Litigation, mental illness, contact information, contact address and location.

8. Please produce any communications indicating or suggesting that Counter Defendant Rebecca Scofield has or has attempted to delete, remove, hide, or otherwise restrict access to her connections, messages, contacts with, communication with any University of Idaho Students, to include but not limited to Kaylee Goncalves, Madison Mogen, Xana Kernodle, Dylan Mortensen, Bethany Funke, and Jack DuCoeur from June 1, 2021, to the present.