Ashley Guillard
msashleyjt@gmail.com
3262 Westheimer Rd, 942
Houston, TX 77098
337.372.3181

Pro-Se Defendant

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| STATE OF IDAHO, | Case No. CR01-24-31665 |
| Plaintiff, | **ASHLEY GUILLARD'S MOTION FOR ACCESS TO NON-DISCLOSED RECORDS** |
| v. | |
| BRYAN C. KOHBERGER, | |
| Defendant. | |

COMES NOW Ashley Guillard (Guillard), Pro-Se Litigant in a related case: Civil Case Scofield v. Guillard, Case No. 3:22-cv-00521-REP, United States District Court for the District of Idaho; and member of the public; and respectfully moves the Court for access to the records in the case of the State of Idaho v. Bryan C. Kohberger, Case No. CR01-24-31665 (referred to as the State's case). Several of the nondisclosed records in the State's case provide evidence that substantiates Guillard's affirmative defense of absolute truth in the aforementioned civil case for defamation. However, the records in the State's case are withheld from the public due to the non-

ASHLEY GUILLARD'S MOTION FOR ACCESS TO NON-DISCLOSED RECORDS   1

dissemination order.[1] Without access to the records Guillard's ability to provide evidentiary proof of her statements are limited, causing an impediment to due process for Ashley Guillard.

## I. SYNOPSIS OF THE BACKGROUND

Using her claircognizant abilities, investigative skills, and tools, Guillard hypothesized the details of the murder of the four University of Idaho Students found dead on November 13, 2022, in Moscow Idaho. Beginning November 22, 2022, Guillard posted several videos on social media revealing what she hypothesized was the killers' motives, identifying characteristics of the killers, and the events that led up to the death of the students. Guillard also emailed her tips to the Federal Bureau of Investigation (FBI) tip line. During Guillard's claircognizant investigation (also known as a psychic investigation), she discerned that 1) Rebecca Scofield (Scofield), a Professor at the University of Idaho, ordered a hit on the students to hide a romantic affair that she had with one of the female victims Kaylee Goncalves; 2) K.G.'s ex-boyfriend, Jack DuCoeur, was hired to kill the students; 3) the evening of the murders Scofield hired someone else to ensure the hit was executed because it was taking longer than expected; 4) the last minute hit man (later discerned to be Bryan Kohberger (Kohberger)) was rejected by the original hit man because he did not want to relinquish control nor share the expected financial compensation; 5) Kohberger left without executing the crimes; 6) Scofield and Jack DuCoeur would set Kohberger up to take the fall for the crimes; and 7) specific activities of the victims and surviving roommates that occurred the evening of the murders.

December 21, 2022, Scofield sued Guillard for defamation of character after failed "Cease and Desist" attempts. Guillard contends that the information she discerned using her claircognizant abilities are substantially true. Her defense against defamation includes truth, and privilege.

---

[1] https://coi.isc.idaho.gov/docs/CR29-22-2805/011823+Amended+Nondissemination+Order.pdf

Kohberger was arrested for Burglary and four counts of Murder in the First Degree for the murder of the four students on December 30, 2022. Scofield and her attorney, Wendy Olson, began making false statements about Guillard in Idaho District Court, the news media, and social media; publishing false statements that: 1) Guillard made false statements knowing they are false; 2) Guillard made intentional false statements about the murder of the four students for money and clout; 3) Guillard intended to profit from the death of the four students for financial gain; and 4) alluded that Guillard is mentally ill with "fantastical" thoughts; and 5) psychic abilities are "implausible". Scofield and Attorney Wendy Olson continued making those false statements to date. The Federal District Court under the tutelage of Chief U.S. Magistrate Judge Raymond E. Patricco also deemed claircognizance as "implausible"; using the "implausibility" of psychic abilities and esoteric tools as a deciding factor in the Courts decisions on the case. On June 6, 2024, the U.S. District Court granted the Plaintiff's Amended Motion for Partial Summary Judgment (DKT. 63) and the Plaintiff's a Motion for Leave to Amend the Complaint to Add Punitive Damages (DKT. 64) (see DKT. 74).[2] The partial summary judgment was granted due to Guillard inability to produce evidence despite the evidence being in the custody of the State of Idaho, and non-disclosed. Now before the U.S. District Court is the Defendants 60(b)(2) Motion for Reconsideration of DKT. 74, Partial Summary Judgment, based on newly received evidence.

## II.  STANDARD

Pursuant to Public Records Act Idaho Statute 74-102 (1) *Every person has a right to examine and take a copy of any public record of this state and there is a presumption that all public records in Idaho are open at all reasonable times for inspection except as otherwise expressly provided by statute.* In the State's case against Mr. Kohberger, the non-dissemination

---

[2] Scofield v. Guillard Case No: 3:22-cv-00521-REP, DKT. 74

order supposedly protects Mr. Kohbergers right to a fair trial, exempting the record from public disclosure pursuant to 74-124 of Idaho's Public Records Act. However, the sealing of the record impedes upon Guillard's right to a fair trial because the sealed records support her affirmative defense of truth in the federal civil case for defamation. Guillard requested the case manager in the state's criminal case for access to the sealed records by email. The email was ignored. The record is being improperly withheld from Guillard. Pursuant to Idaho's Public Records Act, Idaho Statute 74-102 (4):

> *Whenever it is made to appear by verified petition to the district court of the county where the records or some part thereof are situated that certain investigative records are being improperly withheld from a member of the public, the court shall order the officer or person charged with withholding the records to disclose the investigative record or show cause why he should not do so. The court shall decide the case after examining the record in camera, papers filed by the parties, and such oral argument and additional evidence as the court may allow. If the court finds that the public official's decision to refuse disclosure is not justified, he shall order the public official to make the record public.*

Public Records Act, Idaho Statute 74-102 (4), allows for Guillard to motion the Court for access to the sealed documents.

### III.    ARGUMENT

**A. Specific Confidential Public Records That Prove Guillard's Affirmative Defense of Truth**

1. **AT&T phone records for Mr. Kohberger (AV000228):** Guillard hypothesized that Mr. Kohberger was called to 1122 King Road, Moscow, ID 83843 on a whim as a plan B option to ensure that the murder of the students was executed; and to offer guidance and assistance.

The state's evidence, AT&T phone records for Mr. Kohberger (AV000228), offers evidence that supports Guillard's affirmative defense of substantial truth. It connects the person who ordered the hit on the students to the homicides. Guillard believes that person to be Rebecca Scofield.

2. **Discover financial records for K.G. (AV000256) and Elan Financial records for K.G.; T-Mobile phone records for K.G. (AV000345):** Guillard hypothesized that victim Kaylee Goncalves had a romantic relationship with a history professor, Rebecca Scofield. The state's evidence, 33-page Discover financial records for K.G. (AV000256), K.G.'s Elan Financial records, and phone records offers evidence that supports Guillard's affirmative defense of truth. It connects Rebecca Scofield to victim Kaylee Goncalves.

3. **Jack DuCoeur's Interview with law enforcement on 11/13/2022 & phone records:** Guillard hypothesized that Kaylee Goncalves and Jack DuCoeur's (J.D.) relationship ended; that Scofield hired J.D. to commit the murders a few weeks prior to the homicides; that J.D. and Scofield planned the murders together; that J.D. lived near Kaylee Goncalves; J.D. informed Scofield that Kaylee Goncalves was in town; and J.D. spent time with the victims, and the dog Murphy the evening of the murders. The state's evidence, Jack DuCoeur's (DuCoeur) interview with law enforcement, and DuCoeur's phone records, offers evidence that supports Guillard's affirmative defense of truth.

4. **Surviving Roommate, D.M., text message extraction, the 911 call and interview with law enforcement:** Guillard hypothesized that the surviving roommates heard commotion before the homicides; there was an unexpected visitor; the roommates saw Xana Kernodle crying and offered to help her; that the roommates heard everything the evening of the homicides and knew what was occurring; took a risk to come together to avoid being alone;

were afraid and hid to protect themselves; didn't call 911 immediately because they were complicit to avoid getting themselves in legal trouble; and waited a while before they were rescued by friends. Additionally, Guillard hypothesized that Kohberger came to the scene of the crime to ensure the execution of the murders but did not commit any of the murders. The state's evidence, D.M., text message extraction, the 911 call and D.M. law enforcement interview, and B.F. interview with law enforcement offers evidence that supports Guillard's affirmative defense of truth.

5. **Statement of Peace Officer Brett Payne within the County of Latah, State of Idaho & crime scene photos:** Guillard hypothesized that Xana Kernodle and Ethan Chapin were found deceased in the same room but were killed separately; Madison Mogen and Kaylee Goncalves were killed simultaneously and in the same room. The state's evidence, statement from Brett Payne and the crime scene photos, provides evidence that supports Guillard's affirmative defense of truth.

6. **Numerica Bank records for K.G. (hard drive, AV000258, AV000828 and AV000849):** Guillard hypothesized that victim Kaylee Goncalves had a romantic relationship with a history professor, Rebecca Scofield. The financial records offer evidence that supports Guillard's affirmative defense of substantial truth. It connects Rebecca Scofield to victim Kaylee Goncalves.

7. **Autopsy Reports provided by Spokane County Medical Examiner of the Four Students; TikTok user records for X.K., T:** Guillard hypothesized that Kaylee Goncalves was the target; Ethan Chapin was attacked twice, first in a hand-to-hand fight, and a second time taken off guard with a knife; that Ethan Chapin did not immediately succumb to his injuries; that Kaylee Goncalves and Madison Mogen were attacked together

and Xana Kernodle was attacked last. The states evidence, Autopsy Reports provided by Spokane County Medical Examiner, provides support for Guillard's hypothesis and affirmative defense of truth.

8. **DNA evidence M.M., DNA evidence handrail, Evidence report Kohbergers white Elantra:** Guillard hypothesized that although Mr. Kohberger entered the home, he did not commit the murders; and that Jack DuCoeur committed the murders. The coroner reported defensive wounds on some of the victims. The state's DNA evidence under M.M. fingernails and the blood on the handrail provides support for Guillard's hypothesis and affirmative defense of truth. It likely connects the victims to the murderer. The state's evidence regarding Kohbergers vehicle provides support for Guillard's hypothesis and affirmative defense of truth. It shows that there is no DNA evidence in his vehicle linking Mr. Kohberger to the victims. The state's evidence, selfie of Mr. Kohberger, also provides support of a lack of wounds on Mr. Kohberger.

9. **Abandoned white Elantra Found in Oregon:** Guillard hypothesized that Rebecca Scofield had access to a white Elantra the evening of the homicides, that it connects her to the murders, is in someone else's name, and is abandoned. Scofield claims to have been in Oregon the night of the murders. The State of Idaho has unreleased evidence of an abandoned white Elantra found in Oregon. The alleged owner of the vehicle has not been made public. The state's evidence regarding the abandoned white Elantra found in Oregon provides support for Guillard's affirmative defense of truth. It interconnects Scofield to the crime scene.

## B. Due Process Issues

The state's evidence in the criminal case provides support for Guillard's affirmative defense of truth. The state's evidence also proves Guillard's claircognizance and esoteric tools are plausible. Therefore, the State of Idaho is withholding records that proves Guillard 1) did not defame anyone and 2) is a viable witness and 3) is a viable resource of information for true justice in the quadruple homicide case. Withholding Guillard from having access to the evidence creates a due process issue for Guillard because exculpatory evidence, that generally should be public record, is withheld from the public, and Guillard, causing her to endure an unfair civil trial. Not to mention, as a viable witness or resource to the state, Guillard is protected by law from the intimidation tactics used by Scofield and her Attorneys. Idaho Code § 18-2604 bars people from willfully intimidating and obstructing a witness in civil and criminal cases.

The state's evidence provides evidence of witness tampering and obstruction of justice pursuant to 18 U.S. Code § 1512 and pursuant to Idaho Code § 18-2604[3] in the state's criminal investigation of the murder of the four students because Guillard sent several tips to the FBI tip-line; and those tips are reliable. The civil case was filed to prevent Guillard from using her reliable and plausible gift of claircognizance to provide information and tips to the public and detectives that would help find the true murderers of the four students. More specifically:

> Idaho Code § 18-2604 (3): Any person who, by direct or indirect force, or by any threats to person or property, or by any manner willfully intimidates, influences, impedes, deters, threatens, harasses, obstructs or prevents, a witness, including a child witness, or any person who may be called as a witness or any person he believes may be called as a witness

---

[3] History: [18-2604, added 1985, ch. 174, sec. 2, p. 456; am. 1993, ch. 46, sec. 1, p. 118; am. 1995, ch. 50, sec. 1, p. 117; am. 1996, ch. 272, sec. 18, p. 899.]

in any criminal proceeding or juvenile evidentiary hearing from testifying freely, fully and truthfully in that criminal proceeding or juvenile evidentiary hearing is guilty of a felony.

Idaho Code § 18-2604 (4): Any person who, by direct or indirect force, or by any threats to a person or property, or by any manner willfully intimidates, threatens, or harasses any person because such person has testified or because he believes that such person has testified in any criminal proceeding or juvenile evidentiary hearing is guilty of a felony.

Idaho Code § 18-2604 (5): The fact that a person was not actually prevented from testifying shall not be a defense to a charge brought under subsection (1), (2), (3) or (4) of this section.

Additionally, some of the state's evidence that has been revealed in recent dockets already prove that Guillard's statements regarding the events that occurred the evening of the homicides are true. For example, D.M. text message extraction, D.M. interview with law enforcement as stated on the probable cause affidavit, and the 911 call transcript proves that Guillard's hypothesis about the surviving roommates, location of the victims' bodies, location of the roommates through-out the night, and location of the dog Murphy, is accurate. That qualifies Guillard as a reliable source of information worthy of privilege.

Despite it being a defamation case, the U.S. District Court for the District of Idaho has required Guillard to play "criminal prosecutor" to prove Scofield executed a murder for hire. Except Guillard does not have the infrastructure of a state prosecutor nor the authority to gather evidence to develop a criminal case. The U.S. District Court required Guillard to prove Scofield's connection to the murder of the four students, instead of simply proving she did not defame Scofield by making an intentional false statement. Therefore, it is a legal necessity for Guillard to access the state's evidence to adequately prepare for her civil trial, for due process, to investigate

and uncover relevant information, to address specific claims, and to present evidence that proves her case.

### IV.   CONCLUSION & PROPOSED SOLUTION

The State should provide access to public information in the case of the State of Idaho v. Bryan C. Kohberger Case No. CR01-24-31665, to foster democracy, promote transparency, and ensure accountability. More specifically, the State should provide access to the public information in the case that has been sealed or non-disseminated to Ms. Guillard to ensure adequate due process in her civil case Scofield v. Guillard Case No. 3:22-cv-00521-REP, United States District Court for the District of Idaho. It is also extremely important to protect the due process of Mr. Kohberger. Therefore, if public access to public records creates a due process issue for Mr. Kohberger, Ms. Guillard's access and use of the state's evidence can be under seal and in confidence. The Court should grant Ms. Guillard access to the requested sealed records now or at more appropriate date that does not negatively impact Mr. Kohbergers due process.

DATED May 6, 2025

/s/ Ashley J. Guillard
Ashley J. Guillard
Pro-Se Litigant

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2025, I served a copy of the foregoing via CM/ECF and email on the Registered Participants as follows:

1. Cory M. Carone, Attorney: cory.carone@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

2. Wendy J. Olson, Attorney: wendy.olson@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

3. Anne Taylor, Attorney at Law: info@annetaylorlaw.com;

4. Latah County Prosecuting Attorney: paservice@latahcountyid.gov;

5. Elisa Massoth: legalassistant@kmrs.net;

6. Jeffery Nye, Deputy Attorney General: Jeff.nye@ag.idaho.gov.

DATED: May 6, 2025.

/s/ Ashley J. Guillard
Ashley J. Guillard
Pro-Se Litigant