Ash Is God <msashleyjt@gmail.com>

## RE: Public Records Request from Ashley Guillard
2 messages

**counsel** <counsel@uidaho.edu>  Thu, Sep 4, 2025 at 10:49 AM
To: "MSASHLEYJT@GMAIL.COM" <MSASHLEYJT@gmail.com>

Dear Ashley Guillard,

The University received your public records request on August 29, 2025.

Per Idaho Code § 74-103(2), the University will respond to your request within 35 working days of its receipt. Accordingly, the University will respond on or before October 21, 2025.

Should you have any questions in the meantime, do not hesitate to contact me via email.

Respectfully,

University of Idaho Counsel

**From:** University of Idaho <noreply-qualtrics@uidaho.edu>
**Sent:** Friday, August 29, 2025 7:24 PM
**To:** counsel <counsel@uidaho.edu>
**Subject:** Public Records Request from Ashley Guillard

Public Records Request from Ashley Guillard

If you have any questions about this form or email, please contact your web coordinator.

Download as PDF

# Response Summary:

(All fields must be completed per Idaho Code §74-102(4))

### Q2. Full name

Ashley Guillard

### Q4. Company/Organization (if this is a personal request leave blank)

N/A

### Q7. Mailing address

3262 Westheimer Rd 942

### Q8. City

Houston

### Q9. State

TX

### Q12. Zip

77098

### Q10. Email address

MSASHLEYJT@GMAIL.COM

### Q11. Telephone number

337-372-3181

### Q17. Please specify a specific date range for when the records sought were created.

2018-2022

**Q13. Please indicate the subject matter and records you are requesting, along with any additional information you have to help us locate the records. This additional information could include the identification of the department that (or person who) created the records, specific key words to search for if you are requesting electronic records, etc. Please be as specific as possible.**

1) Please provide a record stating the names of Advisors for Kaylee Goncalves, Ethan Chapin, Xana Kernodle and Madison Mogen; and the corresponding dates.

2) Please provide a record detailing funds Kaylee Goncalves received from the University of Idaho.

**Q14. By checking the box below you indicate that you understand and agree to the following terms.**

· I understand that under Idaho Code § 74-102(10)(b)(i) I may be charged actual copying costs for any additional pages over one hundred (100) pages that are copied in response to my request. I also understand that under Idaho Code §74-102(10)(b)(ii) I may be charged actual labor costs associated with deleting nonpublic information if the records I request contain nonpublic information that must be redacted. Finally, I understand that under Idaho Code §74-102(10)(b)(iii) I may be charged for actual labor costs beyond the first two (2) person hours associated with locating and copying the records I request.*

*Fees will not be charged if the requester demonstrates that examining or copying the public records: (1) is likely to contribute significantly to the public's understanding of the operations or activities of the government; and (2) Is not primarily in the individual interest of the requester; and (3) the requester has insufficient financial resources to pay such fees.

---

## Embedded Data:

N/A

---

**counsel** <counsel@uidaho.edu>  Tue, Oct 21, 2025 at 4:49 PM
To: "MSASHLEYJT@GMAIL.COM" <MSASHLEYJT@gmail.com>

Ashley Guillard,

The University of Idaho is in receipt of your public records request. The request you submitted through our University on-line portal generated the email request to our office as indicated below.

In your request, you sought the following records:

> *1) Please provide a record stating the names of Advisors for Kaylee Goncalves, Ethan Chapin, Xana Kernodle and Madison Mogen; and the corresponding dates.*
>
> *2) Please provide a record detailing funds Kaylee Goncalves received from the University of Idaho.*

The Idaho Public Records Act limits the ability of a requester to obtain records in certain circumstances. Accordingly, your request is denied.

Idaho Code section 74-115(3) provides that the chapter [Idaho Public Records Act] shall not be available to supplement, augment, substitute or supplant discovery procedures in any other federal, civil or administrative proceeding.

This office has knowledge of an existing civil proceeding that is currently active in the U.S. District Court for the District of Idaho as a result of communications with a Party to that action (Case No. 22-cv-00521-REP).  Consequently, there is a reasonable concern that your request relates to activities or individuals with which you are involved in active litigation, and/or relates to records material thereto; and furthermore, concern that you are seeking records from the University through a public records request for the prohibited purpose to supplement, augment, substitute or supplant discovery procedures therein. If that is the case, we are required to deny the request.  Accordingly, based on the information we have your request is denied.  If the information the University has related to this denial of your public records request as described above is incorrect or you would like to make any other formal representation, please let us know in writing.

Additionally, upon review of your request, it is also partially denied in that the requested records are exempt from disclosure under the Idaho Public Records Act.

The statutory authority for the denial is Idaho Code § 74-104(1), which exempts from disclosure any "public record exempt from disclosure by federal or state law or federal regulations to the extent specifically provided for by such law or regulation."

The law and regulations governing the Gramm-Leach-Bliley Act (GLBA) at 15 USC 6801 *et seq*. and its governing regulations at 16 CFR Part 313 is the basis for this exemption.  The stated purpose of the GLBA is that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information (*See* 15 USC 6801).  That federal law prohibits a financial institution either, directly or through any affiliate, from disclosing to a third party any nonpublic personal information, unless such financial institution provides a notice to the consumer with an opportunity to direct otherwise.  Such notice to the consumer is required by the financial institution only if it has determined that it is necessary to exercise an exception to the general prohibition under the Act.   Additionally, institutions of higher education that are significantly engaged in financial activities, such as lending funds to consumers, are considered financial institutions under the GLBA and are subject to its requirements.

The record that you requested in this instance is personally identifiable financial information and was used by the University (financial institution) as part of the student's funding or financial aid determination.  As such it is nonpublic personal information about a consumer under GLBA. Accordingly, it may not be disclosed without authorization from the consumer.

Your request was reviewed by an attorney in the University of Idaho General Counsel's Office. The sole remedy for a denial is set forth in Idaho Code § 74-115(1), pursuant to which a person aggrieved by the denial of a request may institute proceedings in the Second Judicial District of Idaho (the county where

the records or some part thereof are located) to compel disclosure. The petition contesting the decision must be filed within one hundred eighty (180) calendar days from the date of this notice.

For your information, the University of Idaho public records request policies can be found in the Faculty Student Handbook (FSH 6520) and the Administrative Procedures Manual (APM 65.03).

If you have any questions regarding this matter, please direct them to counsel@uidaho.edu in accordance with university policy.

Thank you.

[Quoted text hidden]