UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>        Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>        Defendant. | Case No. 3:22-cv-00521-REP<br><br>**DEFENDANT ASHLEY GUILLARD'S MEMORANDUM IN SUPPORT OF MOTION FOR A CONTINUANCE OF TRIAL** |

## I.      INTRODUCTION

Defendant Ashley Guillard (Guillard) respectfully motions the Court for a Continuance of trial pursuant to Federal Rules for Civil Procedure (FRCP) Rule 6(b) and Local Rules of Civil Practice (LR) Rule 6.1(b). Guillard needs more time to prepare for trial due to unexpected witness testimony of Rebecca Bohn, MA, and miscommunication of a previous challenge of subject matter jurisdiction (DKT. 104). Defendant Guillard also requests time for an interlocutory appeal, if her 12(b)(1) Motion to Dismiss (DKT. 117) is denied by the Court. Guillard attempted to stipulate with the Plaintiff for a continuance. The Plaintiff opposed the motion for a continuance.

## II.      RELEVANT BACKGROUND

On January 12, 2024, Scofield filed a Motion for Partial Summary Judgment (DKT. 63) and a Motion for Leave to Amend the Complaint to add Punitive Damages (DKT. 64). The Court granted both motions (DKT. 74). On March 15, 2025, Guillard filed a Motion for Reconsideration of Docket 74 based on newly received evidence pursuant to FRCP Rule 60(b)(2). The Court denied the motion for reconsideration and ordered to proceed to trial solely on damages (DKT. 96). The Court set a deadline for Rule 702 Motions for September 2, 2025 (DKT. 100). On September 2, 2025, Defendant Ashley Guillard filed a Motion to Exclude Expert Testimony of Rebecca Bohn,

MA, and Dr. Rebecca J. Tallent (DKT 102). Plaintiff Rebecca Scofield filed a Response to the Motion opposing it on September 16, 2025 (DKT. 103). Guillard replied to the response on September 23, 2025 (DKT. 104); also challenging the amount in controversy and jurisdiction. On January 23, 2026, The Court granted in part and denied in part the Defendant's Motion to Exclude the Expert Testimony and Evidence of Rebecca Bohn, MA, and Rebecca J. Tallent (DKT. 113). February 5, 2026, the Defendant filed a Rule 12(b)(1) Motion to Dismiss For Want Of Subject Matter Jurisdiction (DKT. 117). On February 5, 2026, a pre-trial hearing was held (DKT. 116). The Court ordered expedited responses and replies to the Defendants Motion to Dismiss and anticipated Motion for a Continuance; all by February 13, 2026 (DKT. 118). Guillard now files the Motion for a Continuance (DKT. 120).

### III.  LEGAL STANDARD

Pursuant to Local Rule 6.1 When by these rules or by notice given thereunder an act is required or allowed to be done at or within a specified time, the Court, for cause shown, may at any time, with or without motion or notice, order the period be shortened or extended. (b) Requests for Trial Continuance. All requests to vacate, continue, or reschedule a trial date must be in the form of a written motion, must be approved by the client, and must state the specific reason(s) for the requested continuance. Pursuant to Rule 6(b)(1) When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

### IV.  ARGUMENT

The Plaintiff partnered with Rebecca Bohn, MA and Dr. Rebecca Tallent to claim fabricated mental health damages and to provide false testimony of actual damages. Defendant

Guillard argued that Dr. Tallent's and Bohn's testimony and evidence be excluded from trial for failure to meet the requirements of Federal Rule of Evidence 702 (DKT. 102). Guillard also challenged the Courts jurisdiction during her Reply to the Plaintiff's Response to the Daubert motion (DKT. 104). The Court took 4 months to render an order denying in part and granting in part Guillard's Rule 702 motion to exclude. The Order did not address Guillard's challenge to subject matter jurisdiction. See DKT. 113.

Guillard, representing herself pro-se, did not recognize the deficiencies in her initial challenge to subject matter jurisdiction in DKT. 104. Additionally, Guillard did not expect her exercise of patience, waiting four months for the Court to order on the motion to exclude, to result in a 12(b)(1) Motion to Dismiss for Want of Subject Matter Jurisdiction less than 30 days before trial (DKT. 117). The Court mitigated the timing of DKT. 117 by expediting the response and reply time. However, if the Court finds that the circumstances meet the excusable neglect standard, pursuant to Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), Guillard would like the opportunity for an interlocutory appeal if the well plead motion (DKT. 117) is denied.

## V.    CONCLUSION

Defendant Ashley Guillard moves the Court for a continuance of trial if it is necessary and in the interest of justice. Obviously, if Guillard's Motion to Dismiss for Want of Subject Matter Jurisdiction (DKT. 117) is granted, this motion for a continuance is moot. Otherwise, if an interlocutory appeal is not warranted, Guillard will comply with the current trial schedule.

DATED: February 6, 2026

/s/ Ashley J. Guillard  
Ashley J. Guillard  
Pro-Se Litigant

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2026, I served a copy of the foregoing via CM/ECF on the Registered Participants as follows:

Cory M. Carone: cory.carone@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

Wendy J. Olson: wendy.olson@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com.

DATED: February 6, 2026.

/s/ Ashley J. Guillard  
Ashley J. Guillard  
Pro-Se Litigant