Wendy J. Olson, ISB No. 7634
wendy.olson@stoel.com
Cory M. Carone, ISB No. 11422
cory.carone@stoel.com
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: 208.389.9000
Facsimile: 208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>　　　　Defendant. | Case No. 3:22-cv-00521-REP<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANT'S RULE 12(B)(1) MOTION TO DISMISS FOR WANT OF SUBJECT-MATTER JURISDICTION** |

## INTRODUCTION

Defendant Ashley Guillard asks this Court for a third time to dismiss Professor Rebecca Scofield's defamation claims for lack of subject matter jurisdiction, again contending that Professor Scofield has not demonstrated damages of more than $75,000. As it did the first two times (ECF Nos. 59, 89), this Court should deny Ms. Guillard's motion to dismiss. Because Professor Scofield's allegation of damages in her complaint was made in good faith, because Ms. Guillard again attempts to argue the merits of Professor Scofield's damages, and because Ms. Guillard again fails to show to a legal certainty that the claim is really for less than the jurisdictional

amount, *Maine Cmty. Health Options v. Albertsons Companies, Inc.*, 993 F.3d 720, 723 (9th Cir. 2021), her motion must again be denied.

## ARGUMENT

Federal courts have original jurisdiction over cases where complete diversity exists between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a). Professor Scofield alleged in her Complaint that the amount in controversy exceeds $75,000. ECF No. 1, ¶ 3. Professor Scofield further alleged in her Complaint that beginning on November 24, 2022, Ms. Guillard posted TikTok videos falsely stating that Professor Scofield had ordered the murders of four University of Idaho students and that she did so to cover up a same-sex relationship with one of the students. *Id.* at ¶¶ 15-21, 25-28, 32. Professor Scofield alleged that Ms. Guillard's false statements damaged her reputation, caused her severe emotional distress, caused her to fear for her life and the lives of her family members, and that she incurred certain specific costs to increase security. *Id.* at ¶¶ 34-35.

For purpose of diversity jurisdiction, "the sum claimed in the complaint controls if the claim is apparently made in good faith. It must appear *to a legal certainty* that the claim is really for less than the jurisdictional amount to justify dismissal." *Maine Cmty. Health Options*, 993 F.3d at 723. This standard is deferential to plaintiffs and makes it very difficult to dismiss a complaint on the ground that it does not meet the jurisdictional amount requirement. *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

This Court has twice before rejected Ms. Guillard's motions to dismiss on the ground that Professor Scofield's complaint does not satisfy the jurisdictional amount, rejecting her arguments that evidence or information adduced after the Complaint was filed shows that Professor Scofield

MEMORANDUM IN OPPOSITION TO DEFENDANT'S RULE 12(B)(1) MOTION TO
DISMISS FOR WANT OF SUBJECT MATTER JURISDICTION - 2
151967942.1 0079747-00001

has not, in fact, been damaged in an amount exceeding $75,000. ECF No. 59 at 10-12; ECF No. 89 at 8-9.

Here, Ms. Guillard raises no new arguments. She first contends, again, that Professor Scofield's claim of damages in excess of $75,000 was made in bad faith because she did not suffer damage to her professional career or reputation. ECF No. 117-1 at 4-6. In support of this argument, Ms. Guillard states that after filing her complaint, Professor Scofield has successfully raised money for her legal expenses and that faculty, students, and professional organizations support her. *Id.* For the reasons set out by the Court in its prior orders, ECF No. 59 at 10-12; ECF No. 89 at 9, these arguments remain inadequate. They remain merit-based arguments that Ms. Guillard may seek to make at trial regarding the proper amount of damages the jury should award.

Ms. Guillard next contends that Professor Scofield's mental health damages amount set out in her motion for default judgment was fabricated and that her diagnosis of Post Traumatic Stress Disorder ("PTSD") is fabricated. ECF No. 17-1 at 6-9.[1] She argues that it is impossible for Professor Scofield to suffer PTSD as a result of defamatory statements. *Id.* at 9. These arguments, too, go to the merits of Professor Scofield's damages. Ms. Guillard is free to contest the evidence showing the extent of emotional harm she caused to Professor Scofield, and to argue that the evidence is inadequate to prove that Professor Scofield has PTSD, or any other diagnosable mental health condition as a result of Ms. Guillard's defamatory TikToks, but that does not provide a basis for this Court to dismiss the Complaint for lack of subject matter jurisdiction. As the Court noted in both of its prior orders,

> Here, Defendant's TikTok videos accuse Plaintiff of not only having an

---

[1] Ms. Guillard also argues that Professor Scofield cannot prove her default judgment amount of $1 million under Idaho Code § 72-451, which deals with proof of psychological injury under Idaho worker's compensation statute. ECF No. 117-1 at 9. Professor Scofield does not seek worker's compensation damages. This statute and argument are irrelevant.

MEMORANDUM IN OPPOSITION TO DEFENDANT'S RULE 12(B)(1) MOTION TO DISMISS FOR WANT OF SUBJECT MATTER JURISDICTION - 3
151967942.1 0079747-00001

improper relationship with a student, but then masterminding the murder of four students to keep that relationship a secret. Plaintiff alleges that these videos are defamatory and that she suffered actual injuries to her life, career, and mental health as a result. . . . Without weighing in on the merits of these claims it is not unreasonable for Plaintiff to seek damages that compensate her for these alleged injuries. Nor is it inconceivable that such damages exceed $75,000 depending on the nature and extent of those alleged injuries. That the parties dispute the facts informing these aspects of Plaintiff's case are not resolved here, but instead must be determined by the trier-of-fact based upon the evidence.

ECF No. 59 at 12; ECF No. 89 at 9.

Moreover, Ms. Guillard's arguments fundamentally misunderstand the scope of damages available for Professor Scofield's defamation claims and the kinds of evidence necessary to prove such damages. "Indeed, the more customary types of actual harm inflicted by defamatory falsehood include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering. Of course, juries must be limited by appropriate instructions, and all awards must be supported by competent evidence concerning the injury, although there need be no evidence which assigns an actual dollar value to the injury." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974); *see also Wiemer v. Rankin*, 117 Idaho 566, 574 (1990) (citing *Gertz* with approval). Professor Scofield intends to introduce significant competent evidence of the impairment of reputation, standing in the community, personal humiliation and mental anguish and suffering caused by Ms. Guillard's false statements.

Finally, under the guise of her third motion to dismiss for lack of subject matter jurisdiction, Ms. Guillard asks this Court to revisit its prior rulings on punitive damages and summary judgment as to liability. She argues that because Professor Scofield cannot meet all of the elements of a defamation claim and cannot prove that Ms. Guillard acted with actual malice, Professor Scofield cannot recover punitive damages. ECF No. 117-1 at 10-13. For the reasons set forth above and in the Court's earlier rulings, subject matter jurisdiction was adequately pled in Professor Scofield's

Complaint, and all arguments regarding what Professor Scofield will prove at trial go to the amount of damages—the merits. In addition, this Court previously found that Professor Scofield "established a reasonable likelihood of proving, by clear and convincing evidence, that Defendant's conduct in accusing Plaintiff of an affair with a student before ordering that student's and three other students' murders was oppressive, fraudulent, malicious, and/or outrageous." ECF No. 74 at 21. That is the standard for a plaintiff to be able to seek punitive damages. I.C. § 6-1604(1); *Magee v. J.R. Simplot Co.*, 2021 WL 2917044, at *14 (D. Idaho 2021). Thus, the Court properly allowed Professor Scofield to amend her Complaint to seek punitive damages. ECF No. 74 at 22.

As part of her challenge to Professor Scofield's ability to seek punitive damages, Ms. Guillard also contends that Professor Scofield will not be able to prove by clear and convincing evidence that Ms. Guillard's statements were false and that because Ms. Guillard believed her statements were true, Professor Scofield will not be able to prove she acted with actual malice. ECF No. 117-1 at 11-12. The first of Ms. Guillard's arguments is precluded by both this Court's partial summary judgment ruling (ECF No. 74) and by this Court's order granting Professor Scofield's motion in limine (ECF No. 113 at 13). The Court already has determined, as a matter of law, that Ms. Guillard's statements were false and defamatory. ECF No. 74. Thus, evidence or argument that Ms. Guillard's statements were true is precluded. ECF No. 113 at 13.

Evidence that Ms. Guillard *believed* her false statements to be true goes to the merits of Professor Scofield's punitive damages claim. At the punitive damages stage, "a court views all evidence in the movant's favor without assessing credibility or resolving factual disputes and asks whether a reasonable jury could award punitive damages." *Davis v. Blast Props., Inc.*, 2023 WL 1737311, at *3 (D. Idaho 2023). In allowing Professor Scofield to amend her Complaint to seek

punitive damages, this Court properly determined that she met that standard. ECF No. 74 at 21. Ms. Guillard remains free to argue to the jury that the evidence does not support an award of punitive damages, but her arguments here do not support dismissing the Complaint for lack of subject matter jurisdiction and she may not argue that her statements were true.

## CONCLUSION

For the reasons set forth above and in this Court's prior orders (ECF Nos. 59, 89), this Court should again dismiss Ms. Guillard's third motion to dismiss for lack of diversity subject matter jurisdiction.

DATED: February 9, 2026.

STOEL RIVES LLP

/s/ *Wendy J. Olson*
Wendy J. Olson
Cory M. Carone

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2026, I served a copy of the foregoing via CM/ECF on the Registered Participant as follows:

Ashley Guillard
msashleyjt@gmail.com

                                            /s/ Wendy J. Olson
                                            Wendy J. Olson