Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: 208.389.9000
Facsimile: 208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>           Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>           Defendant. | Case No. 3:22-cv-00521-REP<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR CONTINUANCE** |

## INTRODUCTION

Defendant Ashley Guillard asks this Court to continue a trial set to begin a mere 18 days after she filed her motion. She does so on the grounds that she needs for time to prepare for a trial set six months earlier, on the grounds that she needs more time to prepare to examine a witness she has known about for more than two years, and on the grounds that she mistakenly filed her (meritless) third motion to dismiss for subject matter jurisdiction later than required. This Court should reject Ms. Guillard's last-ditch attempt to further delay these proceedings. Professor Scofield brought her claims more than three years ago. ECF No. 1. She has withstood Ms.

Guillard's repeated attempts to delay the proceedings through repetitive motions to dismiss, motions to reassign this case, motions to reconsider rulings, and other pleadings lacking merit. On August 12, 2025, this Court entered an order setting trial for February 24, 2026. ECF No. 100. No grounds exist to continue that trial, particularly at this late stage.

## BACKGROUND

Professor Scofield filed her complaint on December 21, 2022, bringing two defamation claims. ECF No. 1. This Court granted Professor Scofield's amended motion for summary judgment on June 6, 2024. ECF No. 74. In that intervening time, Ms. Guillard served no discovery on Professor Scofield. She served two third-party subpoenas, one on Meta seeking Professor Scofield's social media information. This Court granted a motion to quash portions of that subpoena, and Ms. Guillard did not further pursue the other information she sought from Meta. Professor Scofield also filed a notice of expert disclosure identifying Rebecca Bohn as a witness on November 6, 2023. Ms. Guillard did not file any defense expert disclosure and did not seek to depose or obtain any discovery related to Ms. Bohn.

Since this Court granted Professor Scofield's amended motion for summary judgment, Ms. Guillard has filed: two motions seeking reassignment of this case to a district court judge (ECF Nos. 75, 81), two motions for this Court to reconsider or alter or amend its summary judgment ruling (ECF No. 77, 92), and objections to this Court's order denying one of her motions to reconsider (ECF No. 97). Resolution of those motions took a year from the time this Court granted Professor Scofield's motion for summary judgment as to liability.

On August 12, 2025, this Court set trial for February 24, 2026, along with various deadlines for pretrial filings. ECF No. 100. Ms. Guillard filed a motion to exclude Professor Scofield's experts on September 2, 2025. ECF No. 102. Ms. Guillard did not make any of the required pretrial

disclosures, including witness and exhibit lists, or file any pretrial pleadings. She informed Professor Scofield's counsel that she objected to entry of a protective order but filed no objection to Professor Scofield's motion for a protective order. ECF Nos. 110, 110-4. Ms. Guillard moved to continue the trial on February 6, 2026 (ECF No. 120), eighteen days before trial and not having made a single required pretrial disclosure.

## ARGUMENT

Ms. Guillard's motion to continue the trial in this case comes far too late. Trial has been set for six months. Ms. Guillard had adequate notice of Rebecca Bohn being called as a witness and the subject matter of her testimony. She has twice previously moved to dismiss for lack of subject matter jurisdiction (ECF Nos. 59, 89). That she has done so a third time (ECF No. 117) does not warrant a continuance. And a continuance based on an interlocutory appeal is both premature and unlikely to succeed. The Court should deny Ms. Guillard's motion to continue.

Whether to continue trial is in the broad discretion of the trial court. *United States v. Garrett*, 179 F.3d 1143, 1145 (1999); *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985). In exercising that discretion, the court must consider: (1) the extent of the defendant's diligence in readying the defense prior to the date set for hearing; (2) the likelihood that the need for a continuance could have been met if the continuance had been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party, including its witnesses; and (4) the extent to which the defendant might have suffered harm as a result of the denial. *United States v. Pope*, 841 F.2d 954, 956 (1988).

Here, no factor warrants this Court exercising its discretion to continue trial. The first factor weighs heavily against Ms. Guillard. This case has been pending for more than three years. Trial was set six months ago. Ms. Guillard has exercised no diligence in preparing for trial. She

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR CONTINUANCE- 3
151969746.1 0079747-00001

conducted no discovery to obtain information from Professor Scofield. She has made no pretrial disclosures or filings. She has known that Professor Scofield intends to call Rebecca Bohn as a witness since November of 2023, more than two years, but now purports to not be ready to examine her. Ms. Guillard made no effort to depose Ms. Bohn or obtain other discovery regarding her.

The second factor also weighs against Ms. Guillard. The purpose of a continuance cannot be met. She can no longer seek discovery as the discovery deadlines have long passed. Plus, she has filed a motion to dismiss for lack of subject matter jurisdiction that addresses significant information about Post Traumatic Stress Disorder (ECF No. 117-1 at 7-9), the diagnosis Ms. Bohn made of Professor Scofield and about which she will testify. Ms. Guillard is of course free to use this information to attempt to cross-examine Ms. Bohn. No continuance is necessary.

In addition, the purpose of a continuance cannot be met for Ms. Guillard's pending motion to dismiss for lack of subject matter jurisdiction. ECF No. 117. It is the third time she has made such a motion, and the Court has denied the other two. ECF Nos. 59 89. There is no reason to think this time will be any different.

The third factor weighs heavily against Ms. Guillard. Professor Scofield and the Court would be significantly inconvenienced by continuance of a trial set six months ago. Professor Scofield and her counsel have spent significant resources preparing for trial and arranged their schedules to appear at and conduct the trial. For Professor Scofield's counsel, that is to the exclusion of other work. They have subpoenaed witnesses who likewise have scheduled to appear at this trial, some of whom will have to fly or drive from northern Idaho or eastern Washington to appear at trial in Boise. Professor Scofield anticipates that the Court's calendar likewise would be significantly disrupted by rescheduling a trial set six months ago.

The final factor does not weigh in Ms. Guillard's favor. To the extent she is harmed by a denial of the motion, the harm is of her own making. She simply did not prepare. And her motion to dismiss for lack of subject matter jurisdiction will be resolved before trial. It has been rejected repeatedly, lacks merit, and provides no basis for a continuance.

Because the favors this Court is to consider in deciding a motion to continue weigh against a continuance here, this Court should exercise its discretion to deny Ms. Guillard's motion to continue the trial.

## CONCLUSION

Ms. Guillard has employed a variety of delay tactics throughout this litigation. It is time for them to end. This Court should deny Ms. Guillard's motion to continue, and trial should proceed as scheduled on February 24.

DATED: February 9, 2026.

STOEL RIVES LLP

/s/ *Wendy J. Olson*
Wendy J. Olson
Cory M. Carone

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2026, I served a copy of the foregoing via CM/ECF on the Registered Participant as follows:

    Ashley Guillard
    msashleyjt@gmail.com

                                       /s/ Wendy J. Olson
                                       Wendy J. Olson