UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

REBECCA SCOFIELD,

               Plaintiff,

    v.

ASHLEY GUILLARD,

               Defendant.

Case No. 3:22-cv-00521-REP

**DEFENDANT'S REPLY TO MEMORANDUM IN OPPOSITION TO MOTION FOR CONTINUANCE AND REPLY TO MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

## I.      INTRODUCTION

Defendant Ashley Guillard (Guillard) motioned the Court for a Continuance of trial pursuant to Federal Rules for Civil Procedure (FRCP) Rule 6(b) and Local Rules of Civil Practice (LR) Rule 6.1(b) (DKT. 120). Guillard also motions the Court for a dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3) for want of subject matter jurisdiction (DKT. 117). Plaintiff Rebecca Scofield opposes the motion for continuance alleging that Guillard motion for a continuance is too late and an attempt to delay trial without merit. Scofield ignores the fact that 1) Scofield submitted false testimony and evidence to support her claim for 10 years of damages. 2) Scofield submitted false testimony and evidence to support her false claim for mental health damages. Guillard addressed Scofield's perjurious fabricated damage claims at the time that the Court required (see DKT. 102). Scofield lied about having actual damages and lied about having mental health damages, Post Traumatic Stress Disorder, due to Guillard Tik-Tok videos because she does not have any damages to support her claim for defamation. Without false evidence for damages The Court does not have jurisdiction and Scofield does not have a valid defamation claim. Therefore, this motion to dismiss for want of subject matter jurisdiction is necessary. Additionally, if the Court allows Scofield to use the fabricated evidence for mental health damages to be used to

determine damages over $75,000, against Idaho law i.e. ID Code § 72-451 (2025) and against laws prohibiting perjury and fraudulent evidence to be used i.e. I.C. 18-5401, I.C. 18-5403, 18 U.S.C. § 1623, and the 14th Amendment of the US Constitution; it has acted beyond its limited authority. Ergo, the motion to continue is also necessary so that Guillard may file an interlocutory appeal to prevent the Court from acting outside of its limited jurisdiction.

## II.    RELEVANT BACKGROUND

On January 12, 2024, Scofield filed a Motion for Partial Summary Judgment (DKT. 63) and a Motion for Leave to Amend the Complaint to add Punitive Damages (DKT. 64). The Court granted both motions (DKT. 74). On March 15, 2025, Guillard filed a Motion for Reconsideration of Docket 74 based on newly received evidence pursuant to FRCP Rule 60(b)(2). The Court denied the motion for reconsideration and ordered to proceed to trial solely on damages (DKT. 96). The Court set a deadline for Rule 702 Motions for September 2, 2025 (DKT. 100). On September 2, 2025, Defendant Ashley Guillard filed a Motion to Exclude Expert Testimony of Rebecca Bohn, MA, and Dr. Rebecca J. Tallent (DKT 102). Plaintiff Rebecca Scofield filed a Response to the Motion opposing it on September 16, 2025 (DKT. 103). Guillard replied to the response on September 23, 2025 (DKT. 104); also challenging the amount in controversy and jurisdiction. On January 23, 2026, The Court granted in part and denied in part the Defendant's Motion to Exclude the Expert Testimony and Evidence of Rebecca Bohn, MA, and Rebecca J. Tallent (DKT. 113). February 5, 2026, the Defendant filed a Rule 12(b)(1) Motion to Dismiss For Want Of Subject Matter Jurisdiction (DKT. 117). On February 5, 2026, a pre-trial hearing was held (DKT. 116). The Court ordered expedited responses and replies to the Defendants Motion to Dismiss and anticipated Motion for a Continuance; all by February 13, 2026 (DKT. 118). On February 6, 2026

Guillard filed the Motion for a Continuance (DKT. 120). The Plaintiff responded on February 9, 2026. The Defendant now replies to the response on February 11, 2026.

### III.    LEGAL STANDARD

Subject matter jurisdiction is a serious matter that can be challenged at any time under Federal Rule of Civil Procedure 12(h)(3). Courts are obligated to ensure they have proper jurisdiction. Pursuant to Rule 6(b)(1) When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

### IV.    ARGUMENT

**A.    The Motion to Dismiss Has Merit: Scofield Cannot Use Fabricated Evidence to Obtain Subject Matter Jurisdiction**

Scofield argues that Guillard's protest of Scofield's alleged lifelong mental health damage claims go to the merits of the Complaint and should be argued and cross examined in Court before the jury. Scofield fails in this response because as Guillard established in the Motion to Dismiss, pursuant to ID Code § 72-451 (2025): *Any permanent impairment or permanent disability for psychological injury recognizable under the Idaho worker's compensation law must be based on a condition sufficient to constitute a diagnosis using the terminology and criteria of the American psychiatric association's* (APA) *diagnostic and statistical manual of mental disorders* (DSM-5). Scofield lacks in this requirement. As previously argued, according to the APA and DSM-5, Scofield cannot be diagnosed with PTSD from Guillard's TikTok videos and allegations because defamation or alleged defamation is not a traumatic event. Next, the PTSD diagnosis was not made by a psychologist or psychiatrist duly licensed to practice in the jurisdiction in which treatment is

REPLY TO RESPONSE TO MOTION TO DISMISS AND CONTINUANCE                    3

rendered required by ID Code § 72-451 (2025). This is not an argument to be determined by the jury. It is a legal and medical fact that Scofield does not have a proper PTSD diagnosis and cannot be compensated for it. The 14th Amendment explicitly connects citizens to their states, stating that all persons born or naturalized in the US are citizens of the United States "and of the State wherein they reside," establishing their subjection to state jurisdiction. The jury cannot determine that the Rule of Law does not apply to Scofield. Under the 14th Amendment of the US Constitution Scofield must abide by ID Code § 72-451 (2025) because she is an Idaho Citizen.

As of date Scofield has not provided any evidence of actual damages, nor mental health damages admissible in Court. Even in response to the Motion to Dismiss (DKT. 117), Scofield has not provided any indication of clear and convincing evidence to support a claim for punitive damages, actual damages, nor mental health damages. Additionally, Scofield cannot use a false diagnosis nor fabricated actual damages to obtain jurisdiction as it violates the Due Process Clause of the 14th Amendment and Article III, Section 2 of the US Constitution.

**B.    The Motion to Continue Pending an Interlocutory Appeal is Necessary: The Rule of Law Also Applies to Scofield**

Through-out the litigation Scofield's requests continued to be granted regardless of her complete failure to meet bare minimum standards. First, Rebecca Bohn, MA diagnosed Scofield with lifelong PTSD despite Scofield's complete failure to meet the bare minimum medical standard of a traumatic event as required by the APA and DSM-5. Second, the Court allowed Scofield to use Rebecca Bohn, MA, a psychotherapist, as an Expert Witness allowing the PTSD diagnosis into evidence despite Idaho laws, i.e. ID Code § 72-451 (2025), that prevent PTSD damages and diagnosis from unqualified individuals. Third, the Court allowed Scofield to introduce evidence and argue for lifelong mental health PTSD damages despite the medical fact

that Scofield's diagnosis does not abide by the bare minimum APA guidelines. Ergo, does not meet the requirements of Federal Rules of Evidence Rule 702.[1] Fourth, the Court granted Scofield a summary judgment for defamation despite Scofield's complete failure to provide any evidence that she meets element 2 of a defamation claim. Scofield admits that after 3 years of the filing of the complaint and years after discovery, Scofield only "intends" to submit evidence that she meets element 2 of a defamation claim. See DKT. 121 which states "*Professor Scofield intends to introduce significant competent evidence of the impairment of reputation, standing in the community, personal humiliation...".* The alleged evidence should have been introduced at the Summary Judgment Phase yet despite her complete failure to submit any evidence that supports she meets element 2 of a defamation claim the Court granted Scofield a summary judgment for defamation. Fifth, the same applies to element 4 of the defamation claim. Element 4 of a defamation claim in Idaho requires that the defendant made an intentional false statement. Scofield did not provide any evidence that Guillard made an intentional false statement yet the Court granted Scofield's summary judgment for defamation. See DKT. 74.

For these reasons a continuance to allow for an interlocutory appeal is necessary to prevent irreparable harm, correct immediate injustice before a final judgment, and to challenges the court's authority to hear the case. Scofield is NOT above the law. Guillard is also an United States Citizen that is equally protected by the law and entitled to due process, fair and just legal proceedings, as guaranteed by the 14th Amendment of the US Constitution. Scofield is bound by the Rule of Law.

---

[1] *Daubert* set forth a non-exclusive checklist for trial courts to use in assessing the reliability of scientific expert testimony. The specific factors explicated by the *Daubert* Court are (1) whether the expert's technique or theory can be or has been tested—that is, whether the expert's theory can be challenged in some objective sense, or whether it is instead simply a subjective, conclusory approach that cannot reasonably be assessed for reliability; (2) whether the technique or theory has been subject to peer review and publication; (3) the known or potential rate of error of the technique or theory when applied; (4) the existence and maintenance of standards and controls; and (5) whether the technique or theory has been generally accepted in the scientific community. See Daubert v. Merrell Dow Pharmaceuticals, Inc. (1993).

REPLY TO RESPONSE TO MOTION TO DISMISS AND CONTINUANCE                    5

Perhaps it will take an appeal to ensure that Scofield is held to the legal standards that applies to Idaho Citizens and United States Citizens.

## V.    CONCLUSION

The Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Scofield does not have admissible damages over $75,000. Scofield is not above the law. Due process of law ensures fair treatment and legal rights for all individuals, preventing arbitrary government action by requiring adherence to established rules and procedures under the U.S. Constitution's Fifth and Fourteenth Amendments. Strict adherence to the law requires that Scofield be DENIED the ability to present fabricated unlawful evidence of severe mental health damages, DENIED the ability to present fabricated speculative actual damages and DENIED punitive damages. Strict adherence to the law also requires Scofield to be sanctioned for claiming false damages, presenting false documents for damages and subornation of perjury. The Court must also DISMISS the Plaintiff's case for want of jurisdiction. If the Court cannot hold Scofield accountable to the Rule of Law the Motion to Continue must be GRANTED and an interlocutory appeal of the Motion to Dismiss permitted to prevent irreparable harm, correct immediate injustice before a final judgment, and to challenges the court's authority to hear the case.

DATED: February 11, 2026

/s/ Ashley J. Guillard
Ashley J. Guillard
Pro-Se Litigant

REPLY TO RESPONSE TO MOTION TO DISMISS AND CONTINUANCE                    6

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2026, I served a copy of the foregoing via CM/ECF

on the Registered Participants as follows:

Cory M. Carone: cory.carone@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

Wendy J. Olson: wendy.olson@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com.

DATED: February 11, 2026.

/s/ Ashley J. Guillard
Ashley J. Guillard

Pro-Se Litigant