UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>Plaintiff,<br><br>vs.<br><br>ASHLEY GUILLARD,<br><br>Defendant. | Case No.: 3:22-cv-00521-REP<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS FOR WANT OF SUBJECT-MATTER JURISDICTION (Dkt. 117)**<br><br>**DEFENDANT'S MOTION FOR A CONTINUANCE OF TRIAL (Dkt. 120)** |

Before the Court are (i) Defendant's Rule 12(b)(1) Motion to Dismiss for Want of Subject-Matter Jurisdiction ("Motion to Dismiss") (Dkt. 117); and (ii) Defendant's Motion for a Continuance of Trial ("Motion to Continue") (Dkt. 120).  Because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motions will be decided on the record and without oral argument.  As discussed more fully below, both motions are denied.

I. **BACKGROUND**

This case arises out of Defendant Ashley Guillard's publication of numerous Tik Tok and YouTube videos in late 2022 accusing Plaintiff Rebecca Scofield, a professor at the University of Idaho, of having an extramarital relationship with one of the victims of the November 2022 University of Idaho homicides and of orchestrating the murders to conceal that alleged relationship.  Plaintiff sent cease-and-desist letters to Defendant, and when Defendant refused to retract her statements, Plaintiff initiated this action on December 21, 2022 asserting two claims for defamation.

**MEMORANDUM DECISION AND ORDER - 1**

On June 6, 2024, the Court granted Plaintiff's Amended Motion for Partial Summary Judgment as to liability, concluding that "there is no genuine dispute as to any material fact that Defendant defamed Plaintiff." 6/6/24 MDO at 20 (Dkt. 74). The Court also granted Plaintiff leave to amend to seek punitive damages, finding a reasonable likelihood that Plaintiff could establish the requisite standard. *See id*. at 20-22. As a result, liability is no longer at issue, and the only remaining question for trial is the amount of damages, if any, to which Plaintiff is entitled.

On August 12, 2025, the Court set this matter for a four-day jury trial beginning February 24, 2026. *See* Order Setting Tr. (Dkt. 100). In advance of trial, Defendant filed a Motion to Exclude Plaintiff's experts pursuant to Federal Rule of Evidence 702. *See generally* Mot. to Exclude (Dkt. 102). On January 23, 2026, the Court granted the motion in part and denied it in part, permitting Plaintiff's treating mental health provider to testify regarding her treatment and diagnosis, and allowing limited testimony from Plaintiff's reputational expert. *See generally* 1/13/26 MDO (Dkt. 113).

Despite the trial date having been in place for nearly six months, and after years of litigation, Defendant filed the instant Motion to Dismiss on February 5, 2026 – within one month of trial and just before the February 5, 2026 pre-trial conference. In that motion, Defendant primarily argues that Plaintiff cannot, as a matter of law, establish damages exceeding $75,000 and therefore that diversity jurisdiction under 28 U.S.C. § 1332 is lacking. *See* Mem. ISO MTD at 4-7, 9-10 (Dkt. 117-1). Defendant also raises two non-jurisdictional arguments: (i) that it is impossible for Plaintiff to get post-traumatic stress disorder ("PTSD") from defamatory statements; and (ii) that punitive damages are not available at trial. *See id*. at 7-9, 10-13.

The following day, on February 6, 2026, Defendant filed the Motion to Continue. In support, Defendant contends that she requires additional time to prepare for trial, that she seeks

**MEMORANDUM DECISION AND ORDER - 2**

to pursue an interlocutory appeal if the Motion to Dismiss is denied, and that, representing herself *pro se*, she did not anticipate the procedural posture of the case following the Court's prior rulings. *See generally* Mem. ISO Mot. to Continue (Dkt. 120).

Plaintiff opposes both motions. Plaintiff maintains that, as the Court has already recognized on multiple occasions, subject matter jurisdiction was properly invoked at the time of filing; that Defendant's arguments improperly conflate the merits of damages with the jurisdictional inquiry; and that Defendant's eleventh hour motions do not justify dismissal or further delay of a case already pending for more than three years. *See generally* Opps. to MTD and Mot. to Continue (Dkts. 121-122).

## II. DISCUSSION

### A. Defendant's Motion to Dismiss (Dkt. 117)

Defendant's Motion to Dismiss advances three arguments. First, Defendant contends that the true amount in controversy does not exceed $75,000 and therefore that this Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332. Second, Defendant challenges the legitimacy of Plaintiff's PTSD diagnosis, arguing that it is medically and legally impossible and cannot support emotional distress damages. Third, Defendant asserts that punitive damages are categorically unavailable because, according to her, Plaintiff cannot satisfy the requisite elements as a matter of law. Each of these arguments is without merit.

#### 1. Defendant's Amount-In-Controversy Argument Fails

Defendant argues that the Court lacks diversity jurisdiction because, in her view, Plaintiff cannot recover more than $75,000 in damages. Mem. ISO MTD at 4-7, 9-10 (Dkt. 117-1). That argument misconstrues both the governing standard and the procedural posture of the case.

Federal courts have original jurisdiction where there is complete diversity of citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

**MEMORANDUM DECISION AND ORDER - 3**

costs." 28 U.S.C. § 1332(a).  For purposes of determining jurisdiction, "the sum claimed in the complaint controls if the claim is apparently made in good faith," and dismissal is appropriate only if it appears "to a legal certainty" that the claim is really for less than the jurisdictional amount.  *See Maine Cmty. Health Options v. Albertsons Cos., Inc.*, 993 F.3d 720, 723 (9th Cir. 2021).  This is a deferential standard that does not permit a court to weigh evidence or resolve factual disputes concerning damages at the jurisdictional stage.  *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

Defendant's instant motion is, notably, not the first time she has raised this challenge.  As Plaintiff highlights, Defendant has twice before moved to dismiss for lack of subject-matter jurisdiction based on the amount in controversy.  Opp. to MTD at 2-3 (Dkt. 121) (citing 11/13/23 MDO (Dkt. 59), 2/4/25 MDO (Dkt. 89)).  On both occasions, the Court rejected Defendant's argument that post-Complaint developments or disputed facts concerning damages established to a legal certainty that Plaintiff could not recover more than $75,000.  *See* 11/13/23 MDO at 11-12 (Dkt. 59); 2/4/25 MDO at 8-9 (Dkt. 89).  The present motion raises no new jurisdictional theory; it simply reasserts the same merits-based objections to Plaintiff's damages that the Court has already declined to treat as jurisdictional defects.

This case is now in an even more advanced posture than when Defendant's prior motions were denied.  Liability has already been established as a matter of law.  *See* 6/6/24 MDO at 20 (Dkt. 74).  The only remaining issue for trial is whether, and to what extent, Plaintiff has been damaged.  Defendant's renewed attempt to repackage factual disputes over the extent of Plaintiff's professional, reputational, and emotional harm as a jurisdictional bar misunderstands the difference between the merits and subject-matter jurisdiction.

To be sure, in ruling on Defendant's Motion to Exclude, the Court expressly recognized that disputes over the existence and extent of Plaintiff's damages are issues for the jury.  In

**MEMORANDUM DECISION AND ORDER - 4**

limiting Dr. Tallent's testimony, the Court explained that Plaintiff "remains free to argue reputational harm based on admissible evidence at trial," and that Defendant "*may attempt to undercut that claim by pointing out how Plaintiff's 'career and reputation remain unscathed*.'" 1/23/26 MDO at 7 (Dkt. 113) (quoting Def.'s Mem. ISO Mot. to Exclude at 8 (Dkt. 102-1) (emphasis added)). That is the function of a damages trial. Whether Plaintiff has been damaged, and in what amount, is a factual question for the trier of fact, not a jurisdictional question to be resolved on the eve of trial.

At bottom, Defendant asks this Court to do what it has already declined to do twice before: weigh competing evidence and determine that Plaintiff cannot, as a matter of legal certainty, recover more than $75,000. The governing standard does not permit such an inquiry. Because Plaintiff's damages allegations were not made in bad faith, and because it does not appear to a legal certainty that her claims fall below the jurisdictional threshold, diversity jurisdiction properly exists. Defendant's amount-in-controversy argument provides no basis for dismissal.

      2.     <u>Defendant's PTSD-Related Argument Fails</u>

Defendant next argues that Plaintiff's PTSD diagnosis is invalid because, in her view, defamation cannot constitute a qualifying traumatic event. Mem. ISO MTD at 7-9 (Dkt. 117-1). Even if taken at face value, this argument does not implicate subject-matter jurisdiction. It is, instead, a challenge to the nature, causation, and extent of Plaintiff's alleged emotional distress damages. These are issues that go squarely to the merits and must be resolved by the jury.

The Court has already addressed this issue in substance in its ruling on Defendant's Motion to Exclude vis à vis Ms. Bohn's testimony. There, the Court explained:

> Defendant's unsupported argument that defamation cannot constitute a traumatic triggering event sufficient to support a PTSD diagnosis is ultimately a dispute over diagnostic criteria and causation. Whether

**MEMORANDUM DECISION AND ORDER - 5**

> Plaintiff's experience satisfies the clinical requirements for PTSD are matters on which mental health professions may (or may not) disagree. Such disagreements are appropriately explored through cross-examination and, if Defendant chooses, competing expert testimony. They do not, however, render Ms. Bohn's opinions unreliable for purposes of Rule 702. This is because courts routinely allow expert testimony linking psychological conditions to tortious conduct, including defamation. *See, e.g.*, *Stevens v. Lee*, 2024 WL 729960, at *8 (D. Idaho 2024) ("[W]ith respect to his defamation claim, Stevens may be able to establish – through an expert witness or treatment provider – that the purported diminishment in his congregation caused him to suffer compensable emotional distress."). At bottom, *Daubert* does not require unanimity within a field; nor does it permit the Court to resolve medical disputes that are properly left to the jury.

1/23/26 MDO at 10 (Dkt. 113) (omitting n.2 at 10 (discussing causation)). That ruling speaks to Defendant's latest argument. The Court has already determined that Plaintiff's treating provider is qualified to testify, that her opinions rest on a sufficiently reliable foundation, and that Defendant's objections go to the weight, not admissibility. *See id*. at 8-10.

As the Court has made clear, the upcoming trial is limited to determining whether Plaintiff is entitled to damages and, if so, the amount of those damages. The legitimacy of Plaintiff's PTSD diagnosis and the extent to which Defendant's defamatory statements caused psychological harm are now questions for the jury. Defendant remains free to challenge Plaintiff's evidence through cross-examination and argument, but she cannot convert those merits arguments into a basis for dismissal for lack of jurisdiction. Defendant's PTSD-related argument provides no basis for dismissal.

### 3.     Defendant's Punitive Damages Argument Fails

Defendant's final argument is that punitive damages are not available in this case. Mem. ISO MTD at 10-13 (Dkt. 117-1). Like her PTSD-related argument, this position does not implicate subject-matter jurisdiction. It is a merits-based challenge to the scope of recoverable damages, reserved for the jury's consideration, and therefore provides no basis for dismissal for want of subject-matter jurisdiction. The argument is lacking for other reasons as well.

**MEMORANDUM DECISION AND ORDER - 6**

At the outset, Defendant improperly attempts to relitigate liability. She argues that Plaintiff cannot satisfy the elements of defamation and suggests that the Court erred in concluding that her statements were false and defamatory. *Id*. at 10-13. That issue has already been resolved. *See* 6/6/24 MDO at 8-20 (Dkt. 74); 2/4/25 MDO at 10-13 (Dkt. 89). Liability is not up for reconsideration at this stage because the sole remaining issue for trial is damages.

Defendant then argues that punitive damages cannot be awarded because Plaintiff cannot prove the required elements by clear and convincing evidence. Mem. ISO MTD at 13 (Dkt. 117-1). This argument reflects a misunderstanding about the procedural posture of the case and the governing standards. Punitive damages ultimately require proof by clear and convincing evidence that the defendant's conduct was oppressive, fraudulent, malicious, or outrageous. *See* I.C. § 6-1604. However, the standard for amending a complaint to assert a claim for punitive damages is not the same as the standard for ultimately prevailing at trial. At the amendment stage, a plaintiff need only demonstrate a reasonable likelihood of proving by clear and convincing evidence that the defendant engaged in the requisite conduct. *See Magee v. J.R. Simplot co.*, 2021 WL 2917044, at *14 (D. Idaho 2021). The Court applied that standard in already concluding that Plaintiff may assert a claim for punitive damages. *See* 6/6/24 MDO at 20-22 (Dkt. 74); 2/4/25 MDO at 14-15 (Dkt. 89).

Whether Plaintiff can ultimately meet the clear and convincing evidence standard gets to Defendant's point and is, critically, a separate question. It is one reserved for the jury after presentation of evidence. Defendant is free to argue that the evidence does not rise to that level. But at this pre-trial stage, there is no basis to conclude that punitive damages are categorically unavailable as a matter of law, let alone a basis for the case's outright dismissal.

In sum, liability has already been established. And the Court has already determined that Plaintiff met the threshold standard to pursue punitive damages. Whether the evidence presented

**MEMORANDUM DECISION AND ORDER - 7**

at trial ultimately satisfies the clear and convincing evidence standard remains to be seen. Until then, Defendant's punitive damages argument provides no basis for dismissal.

B.     **Defendant's Motion to Continue (Dkt. 120)**

Defendant also moves to continue the February 24, 2026 trial date, arguing that she requires additional time in light of her recently-filed Motion to Dismiss and her stated desire to pursue an interlocutory appeal should that motion be denied. Mem. ISO Mot. to Continue at 2-3 (Dkt. 120-1). In essence, Defendant contends that the timing of her own jurisdictional motion (one that tracks several similar preceding motions) justifies delaying a trial that has been set for nearly six months in a case that has been pending for years. It does not. For the reasons stated below, the request for continuance is without merit.

A district court has broad discretion in deciding whether to continue trial. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (citation omitted). The Court considers four factors in determining whether to grant a continuance: "(i) the diligence of the moving party prior to seeking the continuance; (ii) whether granting a continuance would serve a useful purpose; (iii) the extent to which granting a continuance would inconvenience the court and the opposing party; and (iv) the potential prejudice." *Bennett v. AT&T Servs., Inc.*, 2021 WL 11669437, at *1 (N.D. Cal. 2021) (citing *Bearchild v. Cobban*, 947 F.3d 1130, 1138 (9th Cir. 2020)). These factors weigh against Defendant.

First, the record reflects Defendant's lack of diligence. Trial was set on August 12, 2025 for February 24, 2026 – more than six months in advance. *See* Order Setting Tr. (Dkt. 100). This case has been pending since December 2022. Liability was resolved in June 2024. *See* 6/6/24 MDO at 20 (Dkt. 74). Defendant waited until February 5, 2026 – less than three weeks before trial and on the day of the pre-trial conference – to file her Motion to Dismiss. The following day, she moved to continue trial. The compressed timeline is the product of

**MEMORANDUM DECISION AND ORDER - 8**

Defendant's own litigation choices.  A party cannot create urgency through late-filed motions and then rely on that urgency as grounds for a continuance.

Second, there is no demonstrated need for a continuance.  Defendant's Motion to Dismiss has been addressed by this Memorandum Decision and Order – and in two previous orders – and lacks merit.  *See supra*.  Moreover, many of the arguments raised in the motion – concerning the amount of damages, the legitimacy of Plaintiff's PTSD diagnosis, and the availability of punitive damages – are merits-based arguments that remain available to Defendant at trial.  *See id*.  Defendant is free to cross-examine witnesses, challenge the weight of the evidence, and argue that Plaintiff has not met her burden.  A continuance is not required for Defendant to present these arguments.

Third, the inconvenience to the Court, the parties, and witnesses would be substantial.  This case has been pending for more than three years.  Trial has been scheduled for over six months.  The Court's calendar has been arranged accordingly.  Plaintiff and her counsel have prepared for trial and have coordinated witness appearances.  Delaying trial at this late stage, particularly in a case that has already endured extensive motion practice and delay, including resolution of multiple motions by Defendant for reconsideration of this Court's orders, would disrupt the court's docket and impose unnecessary costs and burdens on Plaintiff and third-party witnesses.

Fourth, Defendant has not demonstrated cognizable prejudice that would result from proceeding to trial as scheduled.  The legal arguments in her Motion to Dismiss have been addressed above.  Her evidentiary arguments concerning damages, Plaintiff's PTSD diagnoses, and punitive damages remain fully available to her at trial.  To the extent Defendant claims prejudice, it stems from her own strategic decisions, not from any unforeseen development in the case.

**MEMORANDUM DECISION AND ORDER - 9**

In short, trial has been set for many months in a case that has spanned several years. Liability has been resolved and only the issue of damages remains. Defendant has not shown diligence, necessity, or prejudice sufficient to justify postponement. The Motion to Continue is therefore denied.

### III. ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's Rule 12(b)(1) Motion to Dismiss for Want of Subject-Matter Jurisdiction (Dkt. 117) is DENIED; and

2. Defendant's Motion for a Continuance of Trial (Dkt. 120) is DENIED.



DATED: February 15, 2026

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 10**