UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| REBECCA SCOFIELD, | Case No. 3:22-cv-00521-REP |
|---|---|
| Plaintiff, | **DEFENDANT ASHLEY GUILLARD'S WITNESS LIST & FULL SUMMARY OF TESTIMONY** |
| v. | |
| ASHLEY GUILLARD, | |
| Defendant. | |

## I. INTRODUCTION

Pursuant to Rule 602 witnesses may only testify to matters they have direct, personal knowledge of. Defendant Ashley Guillard intends to testify as a Lay Witness (or Fact Witness) in this capacity. She has first-hand knowledge of the events. Guillard testimony is in accordance with Idaho Rules of Evidence (I.R.E.) Rule 701 (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Guillard also intends to testify as a Character Witness and introduce evidence to support her testimony on her motive, reputation, personality, and behavior. Third, Guillard intends to testify as a Rebuttal Witness to testify to another's character for truthfulness or untruthfulness pursuant to I.R.E. 608. Guillard does not intend to introduce any other witnesses outside of herself.

## II. BACKGROUND

On December 21, 2022, Scofield filed a Complaint for defamation against Guillard (DKT. 1). Defendant Ashley Guillard filed an Answer to the Complaint on February 16, 2023 (DKT. 7). On January 12, 2024, Scofield filed a Motion for Partial Summary Judgment (DKT. 63) and a Motion for Leave to Amend the Complaint to add Punitive Damages (DKT. 64). The Court granted

both motions (DKT. 74). On March 15, 2025, Guillard filed a Motion for Reconsideration of docket 74 based on newly received evidence pursuant to FRCP Rule 60(b)(2). The Court denied the motion for reconsideration and ordered to proceed to trial solely on damages (DKT. 96). The Court set a deadline for the parties to exchange witness lists and file copies of these lists with the Court on or before October 7, 2025. The Plaintiff filed her witness list under seal, DKT. 105, on October 7, 2025. Guillard was not served a copy of DKT. 107. Pacer does not provide electronic access to sealed documents. Guillard was not served a copy of the Plaintiff's witness list, DKT. 107, by mail. February 5, 2026, the Defendant filed a Rule 12(b)(1) Motion to Dismiss For Want Of Subject Matter Jurisdiction (DKT. 117). On February 5, 2026, a pre-trial hearing was held (DKT. 116). The Court ordered expedited responses and replies to the Defendants Motion to Dismiss and anticipated Motion for a Continuance; all by February 13, 2026 (DKT. 118). On February 6, 2026, Guillard filed the Motion for a Continuance (DKT. 120). The Plaintiff responded on February 9, 2026 (DKT. 121 and DKT. 122). The Defendant replied to the response on February 11, 2026 (DKT. 123). The Court denied the Motion for a Continuance and the Defendant's Motion to Dismiss (DKT. 124) on February 15, 2026. On February 22, 2026, Guillard requested a copy of Scofield's sealed witness list. Guillard now files her witness list on February 22, 2026. Pre-trial conference is scheduled on February 23, 2026, in Boise. Jury Trial is set for 2/24/2026 09:00 AM in Boise.

### III.     LEGAL ARGUMENT

District Local Rule Civ 16.3 requires that the parties must, not less than thirty (30) calendar days prior to the date on which the trial is scheduled to commence, provide to the other parties and promptly file with the Court, other than solely for impeachment, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom

the party may call if the need arises. Federal Rule of Civil Procedure 26(a)(2), parties must disclose the names, addresses, and telephone numbers of witnesses, identifying those they expect to call and those they may call if necessary. Idaho Rule of Civil Procedure 37(c)(1) dictates that failure to disclose expert witnesses as required by Rule 26 can result in their exclusion at trial. The Court may grant a witness the ability to testify after the deadline if there is good cause. Additionally, there is no prejudice to the Plaintiff because the Defendant does not have any witnesses outside of herself. Guillard has not received the Plaintiff's witness list either. Presumably the Plaintiff may have multiple witnesses. Guillard's ability to testify as her own witness is critical to ensure a fair trial.

## IV. ARGUMENT

### A. Summary Of Witness Testimony

Guillard's lay witness testimony is crucial to assist the fact finders in determining the Defendant's motive for the alleged defamatory statements. Guillard will testify to her state of mind and that she acted with good faith. Guillard will also testify to the reasons she did not comply with the cease and desist; and to the events in her life that shaped her behavior. Guillard will testify that she did not make an intentional false statement. Guillard also intends to provide trial exhibits that confirms her witness testimony.

Guillard's character witness testimony is crucial to assist the fact finders in determining if punitive damages are appropriate. Defendant Ashley Guillard will testify to her belief that she was seeking the truth regarding the murder of the four University of Idaho student to help solve the case. That she was acting with the intent to assist in a matter of public safety, to warn the public and to trigger the police for a proper investigation. Guillard also intends to provide trial exhibits that confirms her character witness testimony.

Guillard's rebuttal witness testimony will attack the character and biases of the Plaintiff's witnesses. Guillard's rebuttal witness testimony is crucial to assist the fact finders in assessing the credibility of the Plaintiff's witnesses. Guillard also intends to provide trial exhibits that confirms her rebuttal witness testimony.

**B.      The Court Should Allow Guillard to File A Witness List and to Present Witnesses**

Guillard was and is a pro-se litigant in several civil cases and appeals during this litigation. See Ashley Guillard vs. Metro Greenway et al, case no. 4:23-cv-02013, and subsequent appeal with the United States Court of Appeals for the Fifth Circuit case no. 24-20260. See also active case Guillard vs. USA case no. 1:25-cv-01197-ZNS. Guillard also owns and operates a business, Ashley Guillard, LLC and is a mother. Guillard did not ignore the Courts deadline to file a witness list with ill intent. Guillard prioritized the steps required to file a motion to dismiss instead because she believed the Plaintiff fraudulently fabricated damages to obtain jurisdiction. See DKT. 102 and DKT. 117. Guillard also intended to interlocutory appeal the Court's decision regarding Subject Matter Jurisdiction (see DKT. 120). The Court denied both motions. Guillard now intends to file all required documents before the beginning of trial. To include amended documents after she receives the Plaintiff's witness list, if needed.

## V.      CONCLUSION

Guillard would like to proceed with trial as scheduled. Guillard requests that the Court allows her to file and present witnesses, trial exhibits, file a trial brief, make edits to proposed jury instructions, make changes to the proposed special verdict form, make changes to the proposed voir dire and to make any necessary edits after receiving the Plaintiff's witness list. Without these changes there is an extreme threat of a mistrial due to due process violations.

DATED: February 22, 2026

/s/ Ashley J. Guillard
Ashley J. Guillard
Pro-Se Litigant

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2026, I served a copy of the foregoing via CM/ECF on the Registered Participants as follows:

Cory M. Carone: cory.carone@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

Wendy J. Olson: wendy.olson@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com.

DATED: February 22, 2026.

<u>/s/ Ashley J. Guillard</u>
Ashley J. Guillard
Pro-Se Litigant