UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>             Plaintiff,<br><br>      v.<br><br>ASHLEY GUILLARD,<br><br>             Defendant. | Case No. 3:22-cv-00521-REP<br><br>**DEFENDANT ASHLEY GUILLARD'S PROPOSED JURY INSTRUCTIONS** |

Defendant Ashley Guillard respectfully requests the following Jury Instructions to be taken into consideration in addition to the Plaintiff's proposed jury instructions (DKT. 107).

### Damages—Mitigation

The plaintiff Rebecca Scofield has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant Ashley Guillard has the burden of proving by a preponderance of the evidence:

First, that the plaintiff Rebecca Scofield failed to use reasonable efforts to mitigate damages; and

Second, the amount by which damages would have been mitigated.

**Authority:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 5.3.

### Punitive Damages

You are not required to award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Punitive damages are awarded only in rare cases of extremely reckless, malicious, or fraudulent conduct, requiring proof by "clear and convincing" evidence.

The evidence submitted for punitive damages must be: (1) admissible at trial; and (2) "sufficient" to support an award of punitive damages.

The word "sufficient" means that the claim giving rise to the request for punitive damages must be legally cognizable and the evidence presented must be substantial. In this case defamation was already decided. For punitive damages against Ashley Guillard, the plaintiff Rebecca Scofield must prove by clear and convincing evidence that Ashley Guillard made an intentional false statement.

**Authority:** Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction 5.5. See, *e.g.*, *Coughlin v. Tailhook Ass'n,* 112 F.3d 1052, 1056 (9th Cir. 1997). Idaho Code § 6-1604. The Supreme Court of the State of Idaho In Davis v. Blast Properties, Inc. (2024).

## Mental Health Damages

For psychological accidents and injuries, "Post traumatic stress injury", the legal definition is tied directly to medical standards.

"Post-traumatic stress injury" means a disorder that meets the diagnostic criteria for post-traumatic stress disorder or post-traumatic stress injury specified by the American psychiatric association's diagnostic and statistical manual of mental disorders, fifth edition revised, or any successor manual promulgated by the American psychiatric association.

For compensation the PTSD diagnosis must be made by a psychologist or psychiatrist duly licensed to practice in the jurisdiction in which treatment is rendered required

**Authority:** Idaho Code Section 72-451 (2025)

DATED: February 24, 2026

/s/ Ashley J. Guillard
Ashley J. Guillard
Pro-Se Litigant

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2026, I served a copy of the foregoing via CM/ECF on the Registered Participants as follows:

Cory M. Carone: cory.carone@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

Wendy J. Olson: wendy.olson@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com.

DATED: February 24, 2026.

/s/ Ashley J. Guillard
Ashley J. Guillard
Pro-Se Litigant
