UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>           Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>           Defendant. | Case No. 3:22-cv-00521-REP<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO EXCUSE JUROR #13 FOR CAUSE** |

## I.    INTRODUCTION

Jurors must be fair and impartial, if a juror allows religious prejudice to influence their verdict, it constitutes misconduct, as they are required to base decisions solely on evidence and law. Generally, expressing religious beliefs does not inherently establish that a juror cannot fulfill their duty. However, Juror #13 first expressed that being Catholic prevents her ability to be fair and impartial. She also referred to Guillard's spiritual practice as witchcraft used as a negative connotation expressing disdain and bias based on Guillard's spiritual beliefs. Juror #13 then stated, at the request of the Court, that she can base decisions solely on evidence and law. However, her actions in the Court, using body language through-out the trial to affirm or suggest agreeance with Plaintiff Rebecca Scofield, suggests that Juror #13 cannot be fair and impartial.

## II.    BACKGROUND

On February 24, 2026, the trial by jury commenced in this civil case solely to determine damages. The prospective jurors then underwent questioning by the judge to detect biases. During this time, Juror #13 expressed that she was biased and could not render a fair decision for Guillard because Juror #13 is Catholic. She also referred to Guillard's tarot readings and spiritual practice as witchcraft. Defendant Ashley Guillard raised the concern of Juror #13's bias against Guillard

and implication that she is a witch to the Court. The Plaintiff argued in favor of keeping Juror #13. The Court allowed Juror #13 to affirm that she could be impartial and decided not to excuse her for cause. Juror #13 was selected as a Juror. Trial commenced. Now before the Court is a motion to excuse Juror #13 for cause and misconduct.

### III.  LEGAL ARGUMENT

The Sixth and Fourteenth Amendments of the United States Constitution entitles defendants to an impartial jury, requiring the removal of biased jurors. Federal Rules of Civil Procedure Rule 47(c) permits the Court to excuse a juror for good cause during trial or deliberation. All challenges for cause or favor, whether to the array or panel or to individual jurors, shall be determined by the court pursuant to 28 U.S. Code § 1870. It is the Courts order that the Jurors are fair, impartial, able to follow the law and court instructions, and base decisions on the governing laws and evidence.

### IV. ARGUMENT

Juror #13 has expressed bias against Ashley Guillard several times beginning in the process of jury selection. First, she has prior knowledge of the case. The juror claimed to already know details about the case from Tik-Tok and pretrial publicity. She stated that she can set that knowledge aside to be impartial. However, again during jury selection, Juror #13 made an impartial statement that Guillard practices witchcraft. This also implies that she had a preconceived negative opinion about Guillard prior to trial that Guillard is a witch, Juror #13 also stated that she cannot be fair and impartial because her religion is Catholicism. Although she changed her mind and stated she could be impartial her actions in Court have proved that she continues to act with negative intentions, bias, and prejudice towards Guillard because Guillard uses tarot cards, oracle cards and believes in esoteric spirituality. Her head nod to Plaintiff Rebecca Scofield implies she

**MEMORANDUM IN SUPPORT OF MOTION TO EXCUSE JUROR #13**                2

has the intent to help or align in agreement with Professor Scofield without hearing all the evidence in the case and without considering the laws. Non-verbal positive contact between Scofield and Juror #13 has continued since the first contact. She comes in makes eye contact with Plaintiff Rebecca Scofield and reaffirms her. This is highly inappropriate, against the rules that requires that Jurors are fair, impartial and base decisions on the evidence, law, and facts of the case. Juror #13's religious bias against Guillard and motive to align with the Plaintiff without hearing all the evidence in the case is a violation of Defendant Ashley Guillard's right to a fair and impartial jury. It is in the interest of justice to have Juror #13 immediately excused.

## V.   CONCLUSION

Defendant Ashley Guillard respectfully moves the Court to excuse Juror #13 for good cause, pursuant to Federal Rules of Civil Procedure Rule 47(c), due to extreme bias, misconduct and the inability to be impartial. Guillard personally witnessed the Jurors misconduct with Plaintiff Rebecca Scofield. If biased Juror #13 is not removed, it directly threatens the constitutional right to a fair and impartial trial, leading to the possibility of a mistrial if discovered early, or grounds for a successful appeal.

DATED: February 27, 2026

/s/ Ashley J. Guillard
Ashley J. Guillard
Pro-Se Litigant

**MEMORANDUM IN SUPPORT OF MOTION TO EXCUSE JUROR #13**   3

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2026, I served a copy of the foregoing via CM/ECF on the Registered Participants as follows:

Cory M. Carone: cory.carone@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

Wendy J. Olson: wendy.olson@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com.

DATED: February 27, 2026.

/s/ Ashley J. Guillard<br>
Ashley J. Guillard<br>
Pro-Se Litigant