UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY GUILLARD,<br><br>Defendant. | Case No. 3:22-cv-00521-REP<br><br>**DEFENDANT ASHLEY GUILLARD'S MEMORANDUM IN SUPPORT OF RULE 60(b)(3) MOTION FOR RELIEF OF JUDGMENT (DKT. 149) DUE TO FRAUD** |

## I.      INTRODUCTION

This memorandum in support provides supporting arguments and evidence that Professor Rebecca Scofield (Scofield) and Attorney Wendy J. Olson committed several acts of fraud by presenting fabricated evidence under oath, misrepresenting medical records as evidence under oath, Scofield lied under oath during witness testimony several times, and presented witnesses that also lied under oath. Federal Rule of Civil Procedure 60(b)(3) allows a court to relieve a party from a final judgment, order, or proceeding due to fraud, misrepresentation, or misconduct by an opposing party. The rule covers various forms of dishonesty by an opposing party, including misrepresentation, hiding evidence, fabricating evidence, and lying under oath (perjury). A motion based on fraud under Rule 60(b)(3) must be made no more than one year after the entry of the judgment or order. Defendant Ashley Guillard filed this motion within 30 days of the judgment. Guillard shows, by clear and convincing evidence, that the fraud or misconduct occurred and that it prevented Guillard from having a fair trial in the proper jurisdiction.

## II.      BACKGROUND

On November 13th, 2022, four University of Idaho students were murdered near campus in Moscow Idaho. With no arrests at the time on November 22, 2022, A community member asked

MEMO IN SUPPORT OF RULE 60(b)(3) MOTION FOR RELIEF OF JUDGMENT          1

Ashley Guillard to conduct tarot readings on the murders to get information on who killed the students and why. By November 23rd, 2022, Guillard began conducting tarot and oracle card readings (readings) on who, what, when where and why the murders occurred. She discovered, through the readings that one of the students had a relationship with Plaintiff Rebecca Scofield. The message of the readings also revealed that Scofield ordered the murder of the four students. Guillard received 2 demand letters to cease and desist content regarding Professor Scofield and to retract her statements on December 12, 2022. Guillard responded on social media that she did not have to cease and desist her content because she is telling the truth and protected by the Substantial Truth Doctrine of the 1st Amendment of the United States Constitution.

On December 21, 2022, Scofield filed a Complaint with 2 claims, Assault Libel & Slander, in Federal District Court for the District of Idaho under diversity jurisdiction. On February 17, 2023, Scofield filed a Motion for a Default Judgment (DKT. 10). The motion for a default judgment sought "at least $1,863,304" alleging Guillard's "false statements" caused Scofield's promotions, leadership capabilities, and salary increases at the University of Idaho to be jeopardized. Scofield also alleged that Guillard: 1) Jeopardized her publication of book manuscripts, book chapters and articles that were pending review. 2) Jeopardized Scofield's ability to collaborate with co-authors. 3) Limited Scofield's ability to perform new studies and new work regarding LGBTQ populations. 4) Caused Scofield severe mental distress due to receiving "hate mail" from "anti-education groups" who oppose her work on the LGBTQ community at the University of Idaho. On April 26, 2023, the Court denied Scofield's Motion for a Default Judgment of $1,863,304 or more (DKT. 18). On January 12, 2024, Scofield filed a Motion for Partial Summary Judgment (DKT. 63) and a Motion for Leave to Amend the Complaint to add Punitive Damages (DKT. 64). The Court granted both motions (DKT. 74). On March 15, 2025, Guillard

filed a Motion for Reconsideration of Docket 74 based on newly received evidence pursuant to FRCP Rule 60(b)(2). The Court denied the motion for reconsideration and ordered to proceed to trial solely on damages (DKT. 96). February 24, 2026, to February 27, 2026, the Jury Trial was held on damages only. Despite not having any evidence to support it, the jury rendered a verdict of 2.5 million in compensatory damages and 7.5 million in punitive damages.

### III.    LEGAL STANDARD

Idaho Rules of Civil Procedure 60(b) and Federal Rules of Civil Procedure 60(b)(3) allows a court to relieve a party from a final judgment, order, or proceeding due to fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. Pursuant to FRCP 60(c)(1) A motion under Rule 60(b) must be made within a reasonable time; for reason (3) no more than a year after the entry of the judgment or order or the date of the proceeding. It is illegal to intentionally lie about damages in court, as this constitutes perjury if done under oath or fraudulent misrepresentation in civil proceedings. Providing false information regarding injuries, damages, or financial losses can lead to severe criminal and civil penalties. In Idaho, A party damaged by perjury in a civil case can sue for damages, such as fraud.

### IV.    ARGUMENT

Rebecca Scofield's Complaint is founded upon the foundational lie that she was damaged by Ashley Guillard. Beginning with DKT. 1 Scofield falsely claimed to have damages exceeding $75,000. By DKT. 10 Scofield falsely claimed to have "at least $1,863,304" alleging Guillard's "false statements" caused Scofield's promotions, leadership capabilities, and salary increases at the University of Idaho to be jeopardized. By DKT. 103, Scofield continued to lie about professional damages; filing documents of her attempt to continue to lie about having 10 years professional financial damages through the expert testimony of Dr. Rebecca Tallent. The Court

MEMO IN SUPPORT OF RULE 60(b)(3) MOTION FOR RELIEF OF JUDGMENT         3

accepted Scofield's damage claims as true and its decisions and orders were all influenced by Scofield's foundational false claims of damages. Additionally, the jury were also influenced by Scofield's foundational false claims of damages as reflected by the verdict for 2.5 million dollars in compensatory damages that do not exist. Without Scofield's false evidence, false documents, blatant lies in Court filings, perjurious testimony and the perjurious testimony of her witnesses Scofield does not have a valid case for damages nor defamation against Guillard.

**A.    Scofield Lied Under Oath and Presented False Evidence for Professional Damages**

During trial Sean Quinlan, the Dean of the College of Letters, Arts, and Social Sciences, testified under oath as a witness for Scofield. He testified that he is Professor Rebecca Scofield's boss. He also testified that Scofield did not lose any job opportunities nor promotions. He testified that he did not believe Guillard's statements about Scofield's involvement with a student nor the murders. In fact, he testified that Scofield received satisfactory job ratings, was promoted, and received pay increases several times since Guillard's statements. Rebecca Scofield's lies about financial professional damages of over $1,000,000 through-out the litigation, from 2022-2025 and during trial in 2026 were perjurious. Scofield's attempt to procure the expert witness testimony of Rebecca Tallent to fabricate 100 years of professional damages to Scofield's career was Subornation of Perjury and fraud. Additionally, Scofield lied under oath about being investigated by the University of Idaho due to Guillard's statements. During trial Kim Rytter, the General Counsel and Chief Compliance Officer for the University of Idaho, testified as a witness called by Rebecca Scofield. He testified that Scofield was not investigated.

**B.    Scofield Fraudulently Filed Medical Records and Bills to Misrepresent Damages**

Scofield, testified under oath, that she received nerve damages in her legs due to Guillard's Tik-Tok video. She also filed those medical records as evidence and presented them to the jury.

MEMO IN SUPPORT OF RULE 60(b)(3) MOTION FOR RELIEF OF JUDGMENT          4

See Exhibits 31, 32, 34, and 36. Except there is no medical evidence or support that she can get nerve damage from a Tik-Tok video. However, according to the U.S. Centers For Disease Control And Prevention, diabetic nerve damage, or diabetic neuropathy, is a common complication caused by chronically high blood sugar. Scofield's mother, Margie Scofield. testified as a witness on behalf of Rebecca Scofield. She testified that Scofield has been diagnosed with diabetes, a fact that Scofield omitted from her testimony. It is far more likely that Scofield's doctor connected her alleged nerve damage to her diagnosis of diabetes rather than Guillard's TikTok video. Instead, Scofield lied under oath, in witness testimony, that she got nerve damage from Guillard's TikTok videos. Scofield also fraudulently filed her medical records and bills (exhibits 31, 32, 34, and 36) as evidence for damages.

**C.    Rebecca Bohn, MA, Scofield's Witness, Also Lied Under Oath**

The Court deemed Rebecca Bohn; MA as eligible to be an expert witness. See DKT. 113. Therefore, according to the Court,  Rebecca Bohn, MA is competent and responsible for her statements under oath. To justify Scofield's mental health damages and claims for Post Traumatic Stress Disorder, Scofield called Rebecca Bohn, MA as a witness. During her testimony Rebecca Bohn, MA lied under oath several times. Scofield's diagnosis of PTSD does not align with the DSM-5. The Diagnostic and Statistical Manual of Mental Disorders, 5th Edition (DSM-5) is the standard classification of mental disorders used by mental health professionals, published by the American Psychiatric Association (APA). To justify Scofield's PTSD diagnosis Bohn made several false claims under oath: 1) She claimed that Guillard killed Rebecca Scofield even though Scofield is alive. 2) She pretended not to know the difference between in person contact and electronic media. 3) Bohn changed which criteria Scofield met to justify her diagnosis. Finally, Bohn admitted that Scofield cannot get PTSD from a Tik-Tok video. Therefore, Scofield's claims

for PTSD from Tik-Tok videos is a lie. Scofield's self-reported and self-claimed PTSD diagnosis is an attempt to fabricate damages and to falsely claim damages from Guillard.

**D.    In Closing Statements Attorney Wendy J. Olson Asked the Jury to Discriminate Against Ashley Guillard**

During her closing argument, Wendy J. Olson, asked the jury to punish Guillard, on behalf. of all "psychics" for our spiritual beliefs because "we can say anything if we believe it". The jury followed her request by punishing Guillard with 7.5 million in punitive damages without any evidence that Guillard made an intentional false statement with malicious intent. In fact, Guillard provided evidence that she did not make any statements about Scofield with ill intent or knowledge of its falsity. It is more likely that the jury sought to punish Guillard based on her spiritual beliefs as requested by Attorney Wendy J. Olson. This is a direct violation of the jury instructions and of Guillard's due process.

## V.    CONCLUSION

This case appears to be a 2026 rendition of the Salem Witch Trials in 1692. Guillard was targeted and punished for her spiritual beliefs and false evidence, perjurious witnesses, and fabricated damages were used to render a verdict of 10 million dollars against her. Her practices were even referred to as witchcraft. Scofield filed the Complaint against Guillard even though she lacked any damages. Therefore, she had to lie and fabricate damages to justify the Court's subject matter jurisdiction and to receive financial compensation from Guillard. Defendant Ashley Guillard (Guillard) respectfully motions the Court for a relief of Final Judgment, DKT. 149, due to fraud. The Plaintiff, Professor Rebecca Scofield, lied about having damages, presented false evidence in Court to the judge and jury, filed fabricated medical records falsely portraying as damages related to this case and presented witnesses who also lied under oath to fabricate damages.

DATED: April 6, 2026

/s/ Ashley J. Guillard
Ashley J. Guillard

Pro-Se Litigant

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2026, I served a copy of the foregoing via CM/ECF on the Registered Participants as follows:

Cory M. Carone: cory.carone@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

Wendy J. Olson: wendy.olson@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com.

DATED: April 6, 2026.


/s/ Ashley J. Guillard
Ashley J. Guillard

Pro-Se Litigant