Ashley Guillard
msashleyjt@gmail.com
3262 Westheimer Rd, 942
Houston, TX 77098
337.372.3181

Pro-Se Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>            Plaintiff,<br><br>    v.<br><br>ASHLEY GUILLARD,<br><br>            Defendant. | Case No. 3:22-cv-00521-REP<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEYS FEES (DKT. 151) AND RESPONSE TO PLAINTIFF'S MOTION FOR COSTS (DKT. 152)** |

## I.    INTRODUCTION & LEGAL STANDARD

The Court should DENY Plaintiff Rebecca Scofield's Motion for Attorney's Fees (DKT. 151) because it is not in the best interest of justice, the Plaintiff acted in bad faith during trial and the litigation, and analysis of the totality of the circumstances deems a request for any amount of attorney's fees unreasonable. The Court should DENY Plaintiff Rebecca Scofield's Motion for Costs (DKT. 152) because Scofield and her witness, Rebecca Bohn, MA acted in bad faith and used improper tactics to win the case (i.e. perjury). The Idaho Supreme Court in Hoffer v. Shappard, 160 Idaho 870, 380 P.3d 681 (2016), held that attorney fees available to a prevailing party under I.C. § 12-121 will be awarded in any case when "justice so requires."  A court may deny fees if the party seeking them acted vexatiously, oppressively, or in bad faith during the litigation. Courts now analyze the totality of the situation rather than just the merits. Even if a

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR  ATTORNEYS FEES          1

statute allows fees, the Court has the discretion to deny them if a party's request is unreasonable or if the litigation did not warrant such an award. Hoffer v. Shappard (2016) also allows for more discretion in evaluating the financial positions of parties, which can lead to denials for the "prevailing" party if the circumstances justify it.

## II.     ARGUMENT

**A.     The Plaintiff Acted in Bad Faith**

Rebecca Scofield's Complaint is founded upon the foundational lie that she was damaged by Ashley Guillard (Guillard). The truth is that Guillard did not cause Scofield any damages. Beginning with DKT. 1 Scofield falsely claimed to have damages exceeding $75,000. By DKT. 10 Scofield falsely claimed to have "at least $1,863,304" alleging Guillard's "false statements" caused Scofield's promotions, leadership capabilities, and salary increases at the University of Idaho to be jeopardized. By DKT. 103, Scofield continued to lie about professional damages; filing documents of her attempt to continue to lie about having 10 years professional financial damages through the expert testimony of Dr. Rebecca Tallent. It is a fact that Scofield did not lose any job opportunities nor promotions, her boss and the administration at The University of Idaho did not believe Guillard's statements about Scofield's involvement with a student nor the murders and that Scofield received satisfactory job ratings, was promoted, and received pay increases several times since Guillard's statements. See the witness testimony of Sean Quinlan, the Dean of the College of Letters, Arts, and Social Sciences, testified under oath as a witness for Scofield.

The entire litigation was an attempt for Scofield to use the Court to gain damages that do not exist. In addition to the lie that she was professionally damages Scofield also falsely attributed her health concerns to Guillard. For example, Scofield falsely attributed her alleged nerve damage to Guillard's TikTok videos likely with knowledge that her alleged nerve damage is a symptom of

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR  ATTORNEYS FEES          2

diabetes. Scofield failed to disclose evidence that she has diabetes. Instead, Margie Scofield, Rebecca Scofield's mother, testified that her daughter has diabetes. Scofield intentionally withheld this vital information and evidence to support her lie that she received nerve damage from a TikTok video instead of her health condition of high blood sugar and diabetes in which nerve damage is a symptom of. Rebecca Bohn, MA also acted in bad faith by committing perjury during her witness testimony. In addition to making ridiculous and obviously frivolous statements during trial, i.e. that Ashley Guillard killed Rebecca Scofield and that electronic communication over the phone is in person communication, Bohn also lied under oath attempting to justify Scofield's false diagnosis of PTSD before eventually admitting that Scofield cannot get PTSD from a TikTok video. See Witness Testimony of Rebecca Bohn. Scofield also lied about being investigated by the University of Idaho due to Guillard claims. It is a fact that the General Counsel for the University of Idaho confirmed that Scofield was not investigated at all. See the witness testimony of Kim Rytter, the General Counsel and Chief Compliance Officer for the University of Idaho.

Idaho Supreme Court in Hoffer v. Shappard (2016) allows the Court to DENY a request for costs and attorney's fees when the prevailing party acted in bad faith. Fabricating damages, committing perjury and withholding evidence are acts of bad faith. The Court should deny Scofield's requests for costs and attorney's fees.

**B.      Unreasonable Verdict & Unreasonable Request for Attorney's Fees & Cost**

Courts now analyze the overall situation rather than just the merits. Even if a statute allows fees, Courts have the discretion to deny them if, for instance, a party's request is unreasonable or if the litigation did not warrant such an award. Scofield did not present any evidence to support a verdict for 10 million dollars. The jury did present evidence of jury bias. See DKT. 145 which also includes a letter from Juror #5 indicating that a large verdict in favor of the

Plaintiff was already decided before Guillard had an opportunity to be heard. There was no evidence to suggest that Guillard acted with malicious intent. Instead, Guillard provided evidence, an excerpt from her series Solving Mysterious Deaths which entailed her purpose for using her esoteric knowledge and abilities to solve cases, her tip to the FBI tip-line, her numerous attempts to get evidence to support her statements and evidence that some of her statements aligned with the evidence in public record. On the contrary Scofield had no evidence that Guillard acted maliciously. It is more likely that the jury sought to punish Guillard based on her spiritual beliefs as requested by Attorney Wendy J. Olson in closing statements. Not to mention, Juror #13 admitting that she is a biased Catholic and that sees Guillard as a practitioner of witchcraft. This is a direct violation of the jury instructions and of Guillard's due process. The verdict is completely unreasonable, does not align with the facts of the case and is now a matter on appeal (see DKT. 154). It is also in itself evidence of jury bias. Therefore, the Court is permitted to DENY the Plaintiff an award for costs and attorney's fees.

## C.      An Award for Attorney's Fees Would Be A Miscarriage of Justice

Idaho Supreme Court allows for more discretion in evaluating the financial positions of parties, which can lead to denials for the "prevailing" party if the circumstances justify it. Guillard is a disabled combat veteran. She testified that her income is primarily compensation from the Department of Veteran Affairs. Guillard minimized costs by representing herself. On the other hand Scofield had the financial support of donations from strangers in the amount of $22,741. Additionally, according to Scofield Go Fund Me, *the University of Idaho chapter of the American Federation of Teachers, the Idaho Federation of Teachers, and the national legal aid committee with the American Federation of Teachers have all moved forward with contributions to Dr. Scofield's legal fees, providing a significant amount of financial support.* Therefore, Scofield has

not provided any evidence of actual damages, nor has she lost any money from this lawsuit because other people and organizations paid for her legal fees. The University of Idaho chapter of the American Federation of Teachers, the Idaho Federation of Teachers, and the national legal aid committee with the American Federation of Teachers are large organizations. Guillard is a core-middle class individual. Coupled with the facts that Scofield did not need to file this lawsuit on December 21, 2022, because she was not damaged, Scofield perjured the Court and presented false evidence of damages, there's evidence of jury bias and Scofield's attorney's fees and costs were paid for by other people and large organizations; the Court should DENY the Plaintiff's requests for fees and costs.

**D.      Unreasonable or Excessive Requests For Fees & Costs**

The requested attorney's fees are unreasonable and excessive. First, Scofield was not damaged by Guillard and Guillard represented herself pro-se. Hiring Attorney Wendy Olson was not necessary. Olson claims her attorney's fees are reflective of her experience and knowledge which appears to be substantial. Guillard does not have a law degree nor professional legal experience. It was not necessary to hire a legal team, such as that provided by Attorney Wendy Olson. Additionally, the amounts requested for paralegal work and the fees for subpar assistant work provided by Cory Carone is also excessive. Scofield made unnecessary choices. It is not reasonable to then seek Guillard to pay for those unnecessary choices. Additionally, Rebecca Bohn, MA perjured the Court to provide false evidence of PTSD. The court should DENY the Plaintiff's motions for attorney's fees and costs.

### III.      CONCLUSION

The Court should exercise its discretion in this case to DENY the Plaintiff an award for Attorney's fees and costs. First, Scofield, her attorney's and witnesses acted in bad faith. Second,

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR  ATTORNEYS FEES       5

the verdict is evidence of jury bias, does not align with the facts of the case and will likely be overturned on appeal. Third, based on the totality of the circumstances an award for attorney's fees and costs is not in the best interest of justice.

DATED: April 9, 2026

/s/ Ashley J. Guillard

Ashley J. Guillard

Pro-Se Litigant

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2026, I served a copy of the foregoing via CM/ECF on the Registered Participants as follows:

Cory M. Carone: cory.carone@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

Wendy J. Olson: wendy.olson@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com.

DATED: April 9, 2026.

/s/ Ashley J. Guillard
Ashley J. Guillard
Pro-Se Litigant
