Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>          Plaintiff,<br><br>   v.<br><br>ASHLEY GUILLARD,<br><br>          Defendant. | Case No. 3:22-cv-00521-REP<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES** |

**INTRODUCTION**

Plaintiff Rebecca Scofield seeks her reasonable attorney fees under Idaho Code § 12-121 because Defendant Ashley Guillard defended the case against her frivolously, unreasonably and without foundation. Ms. Guillard could have avoided all liability and the now $10 million verdict against her simply by stopping making false statements that Professor Scofield orchestrated the murder of four University of Idaho students and did so because she had been having an affair with one of the murdered female students. She did not. Instead, Ms. Guillard took Professor Scofield's

cease and desist letters, feigned putting them on her toilet paper holder, and in a TikTok video said that Professor Scofield and her lawyers could "kiss my A**."

Having lost as to liability on summary judgment because she could produce no facts supporting her false statements, having $10 million in damages awarded to Professor Scofield following a jury trial because she could produce no facts rebutting Professor Scofield's evidence of damages and insisted that she was able to make her false statements without any facts to support them, Ms. Guillard here simply continues to harass and malign Professor Scofield. In her effort to avoid an award of attorney fees, Ms. Guillard alleges fraud, presentation of false evidence, and the absence of a fair trial. Just as no facts supported Ms. Guillard's false statements about Professor Scofield's involvement in the murders, no facts support her allegations of fraud or misconduct by Professor Scofield, the witnesses called on her behalf, or her counsel. An award of attorney fees in the amount of $163,719.10 is appropriate.

## ARGUMENT

In diversity jurisdiction cases, substantive state law on attorney fees applies. *MRO Communications, Inc. v. American Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999) ("In an action involving state law claims, we apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule."); *see also* Fed. R. Civ. P. 54(d)(2)(B)(i),(ii). Under Idaho Code § 12-121 "the judge may award reasonable attorney fees to the prevailing party or parties when the judge finds that the case was brought, pursued, or defended frivolously, unreasonably or without foundation." Attorney fees are appropriate under this standard when "the losing party's position is so plainly fallacious as to be deemed frivolous, unreasonable, or without foundation." *Doble v. Interstate Amusements, Inc.*,

160 Idaho 307, 308-09, 372 P.3d 362, 363-64 (2016)(citations omitted)(internal quotation marks omitted).

### A.  Ms. Guillard Misapplies the Standard for an Award of Attorney Fees.

Ms. Guillard does not directly dispute the standard by which this Court is to assess whether an award of attorney fees to Professor Scofield is appropriate or reasonable. Instead, she attempts to turn it on its head. She cites a different Idaho Supreme Court case, *Hoffer v. Shappard*, 160 Idaho 868, 380 P.3d 681 (2016), for the proposition that an award of attorney fees is not warranted because Professor Scofield and her counsel pursued the case vexatiously, oppressively, or in bad faith. Dkt. 155 at 1-2. She then argues that Professor Scofield committed fraud throughout the litigation and that her counsel made discriminatory statements. *Id.* at 2-5. But *Hoffer* stands for no such proposition. Rather, the Court in *Hoffer* awarded attorney fees to the prevailing party on appeal. *Hoffer*, 160 Idaho at 883. Ms. Guillard's entire argument ignores that Professor Scofield – not Ms. Guillard – is the prevailing party.

In addition, the Court in *Hoffer* grappled with the appropriate standard for an award of attorney fees under the then-existing version of Idaho Code § 12-121 and Idaho Rule of Civil Procedure 54(e)(1). At the time *Hoffer* was decided, only Rule 54(e)(1) included the language allowing an award of fees only when an action was pursued frivolously, unreasonably, and without foundation. After *Hoffer* was decided, the Idaho Legislature amended Idaho Code § 12-121 to also include the "pursued frivolously, unreasonably, and without foundation" language. *See First Bank of Lincoln v. Land Title of Nez Perce Cty., Inc.*, 165 Idaho 813, 823, 452 P.3d 835, 845 (2019). That is precisely the standard Professor Scofield asks this Court to apply.

Moreover, neither the course of proceedings in this case nor the evidence at trial supports Ms. Guillard's assertion that Professor Scofield committed fraud or that her counsel made

discriminatory statements. Ms. Guillard's arguments are contrary to the evidence and to the jury's verdict. That Ms. Guillard disagreed with Professor Scofield's evidence does not make it fraudulent. And to the extent she disagrees with Professor Scofield's or any other witness's characterization of Professor Scofield's health conditions, she had full access to Professor Scofield's exhibits containing her medical records and could have used them to cross-examine any witness. With the exception of Rebecca Bohn, she chose not to. Ms. Guillard's allegations that Professor Scofield's counsel made discriminatory statements in closing equally lack support. Indeed, she cites no specific statement that she contends was discriminatory. At trial, Ms. Guillard admitted that she had no facts to support her statements that Professor Scofield orchestrated the murders or did so because she was having a relationship with one of the murdered female students. That was the evidence regardless of what spiritual beliefs Ms. Guillard had or did not have. Argument regarding that evidence was entirely appropriate.

Finally, Ms. Guillard's insistence on arguing fraud in her opposition to Professor Scofield's motion for attorney fees only underscores that she defended the claims against her frivolously, unreasonably, and without foundation. An award of attorney fees is appropriate.

**B. Professor Scofield's Request for Attorney Fees is Reasonable and Not Excessive**.

Ms. Guillard argues that Professor Scofield's request for attorney fees is excessive because Professor Scofield was not actually damaged and because Professor Scofield did not need to hire counsel to pursue her claims against Ms. Guillard, a pro se defendant. Dkt. 155 at 5. That is not the standard by which the Court is to assess the reasonableness of an attorney fees award. Rather, as set forth in Professor Scofield's Memorandum in Support of Motion for Attorney Fees (Dkt. 151-1), the reasonableness of Professor Scofield's fees is established by the factors set out in Idaho Rule of Civil Procedure 54(e)(3). Dkt. 151-1 at 8-11. Other than a passing reference to the relative

REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES - 4
152733562.1 0079747-00001

skills of Professor Scofield's trial counsel and paralegal, Ms. Guillard makes no effort to analyze, address, or rebut Professor Scofield's arguments regarding the application of the Rule 54(e)(3) factors. It remains that, as set out in Professor Scofield's Memorandum in Support of Motion for Attorney Fees and the accompanying Affidavit of Wendy J. Olson, Professor Scofield's requested fees of $163,719.10 are reasonable and appropriate.

## CONCLUSION

For the reasons set forth above and in Professor Scofield's Memorandum in Support of Motion for Attorney Fees (Dkt. 151-1), this Court should award $163,719.10 in attorney fees to Professor Scofield.

DATED:  April 23, 2026.

STOEL RIVES LLP


/s/Wendy J. Olson
Wendy J. Olson
Cory M. Carone

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2026, I served a copy of the foregoing via CM/ECF on

the Registered Participant as follows:

Ashley Guillard
msashleyjt@gmail.com


/s/ Wendy J. Olson
Wendy J. Olson