Wendy J. Olson, ISB No. 7634
*wendy.olson@stoel.com*
Cory M. Carone, ISB No. 11422
*cory.carone@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID  83702
Telephone:  208.389.9000
Facsimile:  208.389.9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>             Plaintiff,<br><br>   v.<br><br>ASHLEY GUILLARD,<br><br>             Defendant. | Case No. 3:22-cv-00521-REP<br><br>**MEMORANDUM IN OPPOSITION TO DEFENDANT'S RULE 60(b)(3) MOTION FOR RELIEF OF JUDGMENT (DKT 149) DUE TO FRAUD [DKT 153]** |

**INTRODUCTION**

More than three years after Plaintiff Rebecca Scofield filed two defamation claims against Defendant Ashley Guillard (Dkt. No. 1), and 20 months after this Court entered summary judgment on both of those claims as to liability (Dkt. No. 74), a jury on February 27, 2026, awarded Professor Scofield $10 million in damages. Throughout the litigation, Ms. Guillard repeatedly sought to delay its outcome with multiple repetitive motions to dismiss, motions for the Court to reconsider its rulings, and motions to have the case reassigned to a different judge. *See, e.g.*, Dkt. Nos. 50, 75, 77, 81, 92, 97. Indeed, her final motion to dismiss and a motion to continue came just more than two weeks before trial was to begin. Dkt. Nos. 117, 120. After a jury resoundingly rejected

Ms. Guillard's arguments and attempts to suggest Professor Scofield did not suffer any damages, this Court entered final judgment on the jury's verdict on March 5, 2026. Dkt. No. 149.

Thirty-one days after this Court entered judgment, Ms. Guillard again seeks a different outcome. On April 6, 2026, she filed a motion under Federal Rule of Civil Procedure 60(b)(3) for relief from judgment (Dkt. 153) arguing that Professor Scofield obtained her verdict through fraud, false testimony, and misconduct during counsel's closing argument. That same day, she filed a Notice of Appeal. (Dkt. 154). Ms. Guillard's Rule 60(b)(3) motion is unsupported by the facts and the law. It is also untimely because it was not filed within 28 days, as required by Federal Rule of Appellate Procedure 4(a)(4)(A)(vi) and Federal Rule of Civil Procedure 59. This Court lacks jurisdiction to consider it.

## LEGAL STANDARD

Federal Rule of Appellate Procedure 4(a)(4)(A)(vi) requires a party to file its Rule 60 motion for relief from judgment within 28 days from entry of judgment in order for a district court to consider the Rule 60 motion where the Notice of Appeal was filed after the Rule 60 motion, but before the motion was decided. *See* F.R.A.P. 4(a)(4)(A)(vi)(requiring a Rule 60 motion to be filed within the time limits for a Rule 59 motion for the district court to retain jurisdiction while the appeal is pending); Fed.R.Civ.P. 59(b) ("a motion for a new trial must be filed no later than 28 days after the entry of judgment); *see also Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1064 (9th Cir. 2002); *Kelley v. St. Paul Fire & Marine Ins. Co.,* 856 F.2d 194 (6th Cir. 1888) (the filing of a Notice of Appeal, where an untimely Rule 59(e) motion was pending, "acted to divest jurisdiction from the district court").

152733323.1 0079747-00001

Rule 60(b)(3) permits a losing party to move for relief from judgment on the basis of "fraud, ... misrepresentation, or other misconduct of an adverse party." Fed.R.Civ.P. 60(b)(3). To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense. *DeSaracho v. Custom Food Mach., Inc.,* 206 F.3d 874, 880 (9th Cir. 2000)(citation omitted). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *In re M/V Peacock*, 809 F.2d 1403, 1405 (9th Cir. 1987)(citation omitted).

## ARGUMENT

**A.      Ms. Guillard's Rule 60(b)(3) Motion is Not Timely and this Court Lacks Jurisdiction to Consider It.**

Ms. Guillard filed her Rule 60(b)(3) motion on April 6, more than 28 days after this Court's March 5 entry of judgment. Thus, Ms. Guillard's Notice of Appeal, also filed on April 6, divests this Court of jurisdiction.

Although Rule 60 requires only that a motion for relief from judgment be filed within a reasonable time and no more than a year after entry of judgment, because Ms. Guillard filed a Notice of Appeal the same day as her Rule 60(b)(3) motion, the timeliness of Ms. Guillard's motion is determined by Federal Rule of Appellate Procedure 4(a)(4)(A)(vi) and Federal Rule of Civil Procedure 59. Appellate Rule 4(a)(4)(A)(vi) provides that

> (4) *Effect of a Motion on a Notice of Appeal.*
> (A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure—and does so within the time allowed by those rules—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
> (i) for judgment under Rule 50(b);
> (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

(iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
(iv) to alter or amend the judgment under Rule 59;
(v) for a new trial under Rule 59; or
(vi) for relief under Rule 60 *if the motion is filed within the time allowed for filing a motion under Rule 59.*

Fed.R.App.P. 4 (emphasis added). Motions under Federal Rule of Civil Procedure 59 must be filed within 28 days of entry of judgment. Fed.R.Civ.P. 59(b).

Here, Ms. Guillard plainly did not file her Rule 60(b)(3) motion within 28 days after entry of judgment, the time allowed for filing a motion under Rule 59. She did so 31 days later. And she filed her Notice of Appeal that same day. Dkt. 154. Thus, her appeal divests this Court of jurisdiction to hear her Rule 60(b)(3) motion.

Where a party does not file a Rule 60(b) motion within 28 days of entry of judgment and then files a Notice of Appeal before the Rule 60(b) motion is ruled on such that the appeal is then-pending, "a district court may only entertain and decide a Rule 60(b) motion if the movant follows a certain procedure, which is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move the [Court of Appeals], if appropriate, for remand of the case." *Carter v. Scribner*, 2007 WL 988065 (unpublished) (citing *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 930 (9th Cir. 2000). Ms. Guillard has not taken either of those steps. She has neither inquired of this Court if it wishes to entertain the motion nor moved in the Ninth Circuit for remand of the case. Her appeal remains pending. Thus, her Rule 60 motion is untimely and this Court should not consider it.

In sum, in light of her Notice of Appeal, Ms. Guillard's Rule 60(b)(3) motion is untimely. This Court lacks jurisdiction to consider it and must therefore deny it.

**B.      No Evidence Supports Ms. Guillard's Rule 60(b)(3) Motion.**

Even if this Court were to consider Ms. Guillard's Rule 60(b)(3) motion – and it should not – the Court should deny the motion. It lacks merit. In her Rule 60(b)(3) motion, Ms. Guillard points to no evidence, let alone any clear and convincing evidence, that Professor Scofield's verdict was obtained through fraud, misrepresentation, or other misconduct. Nor did any of the conduct she complains of prevent her from fully and fairly presenting her defense. *DeSaracho v. Custom Food Mach., Inc.,* 206 F.3d 874, 880 (9th Cir. 2000)(citation omitted). To the contrary, she simply disagrees with the jury's verdict and the inferences and conclusions the jury drew from the evidence presented at trial. That is insufficient to meet the standard demanded by Rule 60(b)(3).

Ms. Guillard first argues that Professor Scofield committed fraud by falsely claiming that her damages exceeded $75,000. She calls this Professor Scofield's foundational lie. Dkt. 153-1 at 3. She alleges that Professor Scofield attempted to assert 10 years of professional damages through the testimony of her expert, Dr. Rebecca Tallent. *Id.* Ms. Guillard also argues that Dr. Tallent's testimony was undermined by the testimony of her dean, Sean Quinlan, and by the testimony of Kim Rytter, the University of Idaho's General Counsel. *Id.* at 4. These arguments are wholly without merit and reflect Ms. Guillard's disagreement with the jury's verdict. The jury heard all of the evidence that Ms. Guillard now alleges disproved Professor Scofield's professional damages and disregarded the inferences and conclusions she asked them to draw from it, as reflected in the jury's award of compensatory damages.

Ms. Guillard next argues that Professor Scofield fraudulently filed medical records and bills to misrepresent damages, and that her treating mental health provider, Rebecca Bohn, lied under oath*. Id.* at 4-5. Ms. Guillard both mischaracterizes the record and ignores her own failure to contest evidence presented by Professor Scofield at trial. Professor Scofield's medical records

were exhibits at trial. Ms. Guillard had access to them if she wished to cross-examine Professor Scofield about them. Moreover, the testimony was unrebutted that all of Professor Scofield's physical conditions were exacerbated by or began only after Ms. Guillard published her false statements about Professor Scofield. From this unrebutted evidence, the jury concluded that Ms. Guillard's false statements damaged Professor Scofield. The evidence was equally unrebutted that Professor Scofield's mental health conditions arose only after Ms. Guillard published her false statements about Professor Scofield and would not stop when Professor Scofield sent cease-and-desist letters. And would not stop when a different person was arrested, charged, and pleaded guilty to the murders.

The evidence also was unrebutted that Ms. Bohn diagnosed Professor Scofield with Post Traumatic Stress Disorder that was caused by the repeated false statements in Ms. Guillard's published TikTok videos that Professor Scofield orchestrated the murders of the students and did so because she had been having a relationship with one of the murdered female students. Ms. Guillard spent more than two hours cross-examining Ms. Bohn, suggesting that Ms. Bohn's diagnosis departed from the DSM-5 diagnostic criteria. Ms. Guillard's cross examination – and her ongoing assertion that Ms. Bohn did not follow that criteria – does not mean Ms. Bohn lied. To the contrary, Ms. Bohn remained firm in her diagnosis and its cause. Ms. Guillard's characterizations of Ms. Bohn's testimony in her Rule 60(b)(3) motion overstate and misstate Ms. Bohn's testimony. *Id.* at 5. Most significantly, the jury heard both Ms. Bohn's testimony regarding her diagnosis and Ms. Guillard's lengthy and detailed cross-examination. It determined that Ms. Guillard's statements damaged Professor Scofield and awarded compensatory damages for each defamation claim.

Finally, Ms. Guillard contends that Professor Scofield's counsel in her closing asked the jury to discriminate against Ms. Guillard because she is a psychic and to punish her on behalf of all psychics. *Id.* at 6. To the contrary, Professor Scofield's counsel argued that the jury should look at the facts and award both compensatory and punitive damages in part because Ms. Guillard had admitted repeatedly that she did not believe she needed facts and that she knew she had none. The law of defamation requires otherwise. The jury agreed.

If this Court determines it has jurisdiction to consider Ms. Guillard's Rule 60(b)(3) motion, this Court should deny it. It reflects only Ms. Guillard's disagreement with the decision of the jury. She does not carry her burden by clear and convincing evidence. *DeSaracho v. Custom Food Mach., Inc.,* 206 F.3d 874, 880 (9th Cir. 2000)(citation omitted).

## CONCLUSION

For the reasons set forth above, this Court should deny Ms. Guillard's Rule 60(b)(3) motion to set aside the judgment. It is untimely because of her Notice of Appeal. This Court lacks jurisdiction. It also lacks merit. It simply reflects her disagreement with the jury's verdict, not any fraud or misconduct by Professor Scofield.

 DATED:  April 27, 2026.

STOEL RIVES LLP


*/s/Wendy J. Olson*
Wendy J. Olson
Cory M. Carone

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026, I served a copy of the foregoing via CM/ECF on

the Registered Participant as follows:

Ashley Guillard
msashleyjt@gmail.com


/s/Wendy J. Olson
Wendy J. Olson