Ashley Guillard
msashleyjt@gmail.com
3262 Westheimer Rd, 942
Houston, TX 77098
337.372.3181

Pro-Se Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA SCOFIELD,<br><br>    Plaintiff,<br><br>  v.<br><br>ASHLEY GUILLARD,<br><br>    Defendant. | Case No. 3:22-cv-00521-REP<br><br>**REPLY TO MOTION IN OPPOSITION TO DEFENDANT'S RULE 60(b)(3) MOTION FOR RELIEF OF JUDGMENT (DKT 149) DUE TO FRAUD [DKT 153]** |

## I.  INTRODUCTION

Professor Rebecca Scofield (Scofield) and Attorney Wendy J. Olson committed several acts of fraud by presenting fabricated evidence under oath, misrepresenting medical records as evidence under oath, Scofield lied under oath during witness testimony several times, and presented witnesses that also lied under oath. Federal Rule of Civil Procedure 60(b)(3) allows a court to relieve a party from a final judgment, order, or proceeding due to fraud, misrepresentation, or misconduct by an opposing party. Plaintiff's Motion in Opposition (DKT. 160) presents additional lies to mislead the court with fabricated testimony that Guillard attempted delay the Courts outcome by defending herself; instead of admitting that Scofield and her Attorney's committed fraud by filing and presenting false evidence to the Court and Jury. Furthermore, DKT. 153 is a Rule 60(b)(3) Motion to Set Aside Judgment not a Rule 59 Motion. Guillard filed a timely

DEFENDANT'S REPLY TO MOTION IN OPPOSITION           1

Notice of Appeal (DKT. 154) because she did not seek to reset or pause the deadline for filing a notice of appeal as promulgated by Federal Rule of Appellate Procedure 4(a)(4)(A)(vi). DKT. 153 was filed prior to the Notice of appeal DKT. 154. The Court has jurisdiction to consider the motion.

## II.   LEGAL STANDARD AND ARGUMENT

**A.   Scofield's Argument that Ms. Guillard's Rule 60(b)(3) Motion is Not Timely and this Court Lacks Jurisdiction to Consider It Is Erroneous.**

The Motion to Set Aside the Judgment (DKT. 153) was filed prior to the Notice of appeal (DKT. 154). Federal Rule of Appellate Procedure 4 does not divest the Court of Jurisdiction of post-judgment motions simply because an appeal was filed. Instead, the intent of FRAP 4 is to pause or reset the timing to file a Notice of Appeal over specific, timely filed post-trial motions. Guillard does not seek to reset the filing of the appeal, hence the filing of DKT. 154. While a notice of appeal generally divests the district court of jurisdiction, FRAP 4(a)(4) and 4(b) dictate that the district court retains jurisdiction to decide certain post-judgment motions, such as for relief from judgment. Guillard did not seek a new trial. Instead, Guillard sought FRCP Rule 60 relief from the Judgment because Professor Rebecca Scofield and Attorney Wendy J. Olson obtained the judgment by committing several acts of fraud. A motion based on fraud under Rule 60(b)(3) must be made no more than one year after the entry of the judgment or order. Defendant Ashley Guillard filed this motion within 30 days of the judgment.

**B.   There is Substantial Evidence that Supports Ms. Guillard's Rule 60(b)(3) Motion.**

The Plaintiff's argument that Guillard does not have evidence of fraud is another one of the Plaintiff's lies. First, Guillard did object to the relevancy of Scofield's medical records in trial. Judge Patricco allowed Scofield to present evidence from Gritman Medical Center - Moscow Family Medicine Clinic that are payment receipts from Jacques M. Bouchard MD/QCC099475,

DEFENDANT'S REPLY TO MOTION IN OPPOSITION                                   2

Robin A. Sautter MD/DTC147008, Rachel Carnes DNP/QCC104954, Ronald F. Baldwin MD/WSC049436 and Mark Mitchell Roubidoux NP/QCC090861 (exhibits 31, 32, 34, and 36). The evidence was admitted by Judge Patricco after Scofield falsely claimed she has nerve damage that stemmed from Guillard's TikTok videos. Scofield also likely lied under oath that her Primary Care Doctor diagnosed her with nerve damage caused by Tik-Tok videos. Despite the obvious ridiculousness of the statements the Court allowed it. However, Scofield did not disclose that she had Diabetes; withholding evidence that the nerve damages she claims to have is a known symptom of diabetes. Scofield's diabetes diagnosis was not revealed until the testimony of Margie Scofield, Rebecca Scofield's mother. Guillard was not given the opportunity to provide expert testimony or medical research refuting the claim that Scofield got Diabetes from a Tik-Tok video as testified by Scofield's mother. Nor was Guillard given the opportunity to research and present evidence that nerve damage is a symptom of diabetes.

None of Scofield's claims are supported by medical research and evidence. Scofield's claim to have Post Traumatic Stress Disorder from Tik-Tok videos is not supported by medical evidence, The American Psychological Association (APA), nor The Diagnostic and Statistical Manual of Mental Disorders, 5th Edition (DSM-5). Scofield's claim to have nerve damage from Tik-Tok videos is also a lie that is not supported by medical research nor evidence. Rebecca Scofield and her Attorney's Wendy J. Olson and Cory M. Carone presented the false medical evidence fraudulently. It is common sense that a blood sugar disease like diabetes is derived from high blood sugar not a Tik-Tok video. It is also easily researched that nerve damage (neuropathy) is primarily caused by diabetes, physical trauma, autoimmune diseases, infections, and toxins.

DEFENDANT'S REPLY TO MOTION IN OPPOSITION                                    3

## C.       CONCLUSION

The Plaintiff, Professor Rebecca Scofield, lied about having damages, presented false evidence in Court to the judge and jury, filed fabricated medical records falsely portraying as damages related to this case and presented witnesses who also lied under oath to fabricate damages. Under FRCP 60, Guillard filed the motion within 1 year of the entry of the judgment. The Court has jurisdiction to respond.

DATED: May 11, 2026

/s/ Ashley J. Guillard
Ashley J. Guillard
Pro-Se Litigant

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2026, I served a copy of the foregoing via CM/ECF on the Registered Participants as follows:

Cory M. Carone: cory.carone@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com;

Wendy J. Olson: wendy.olson@stoel.com, docketclerk@stoel.com, tracy.horan@stoel.com.

DATED: May 11, 2026.

<u>/s/ Ashley J. Guillard</u>
Ashley J. Guillard

Pro-Se Litigant